1   **SPINELLI, DONALD & NOTT**
    A Professional Corporation
2   J. SCOTT DONALD, SBN: 158338
    JEFFREY CHIAO, SBN: 236781
3   601 University Avenue, Suite 225
    Sacramento, CA 95825
4   Telephone:  (916) 448-7888
    Facsimile:  (916) 448-6888
5
    Attorneys for Defendants
6   ROBERT PUCKETT, SR., CLINT
    DINGMAN, MICHELE HANSON,
7   MELISSA TUELLEDO and HORNBROOK
    COMMUNITY SERVICES DISTRICT
8

9              UNITED STATES DISTRICT COURT

10            EASTERN DISTRICT OF CALIFORNIA

11

12  KIMBERLY R. OLSON,                    Case No.:  2:21-cv-1482-KJM-DMC (PS)

13            Plaintiff,                  **RESPONSE TO OBJECTIONS OF
                                          PLAINTIFF KIMBERLY R. OLSON TO
14      vs.                               FINDINGS AND RECOMMENDATIONS
                                          OF MAGISTRATE JUDGE DENNIS M.
15  ROBERT PUCKETT, SR., CLINT            COTA**
    DINGMAN; MICHELE HANSON;
16  MELISSA TUELLEDO; HORNBROOK           Date:        September 14, 2021
    COMMUNITY SERVICES DISTRICT;          Time:        1:00 p.m.
17  BRUCE'S TOWING/RADIATOR &             Courtroom:   304, 3rd floor
    DISMANTLING; and DOES 1 through 20,   Judge:       Hon. Dennis M. Cota
18  inclusive,

19            Defendants.                 Complaint Filed: August 18, 2021
                                          Trial Date:  TBD
20

21

22

23

24

25

26

27

28

SPINELLI, DONALD
& NOTT

                                    1
RESPONSE TO OBJECTIONS OF PLAINTIFF KIMBERLY R. OLSON TO FINDINGS AND
RECOMMENDATIONS OF MAGISTRATE JUDGE DENNIS M. COTA

## I.    INTRODUCTION

For the past seven years, Plaintiff Olson has unleashed a barrage of litigation against various public officials, governmental entities, and private individuals.  Plaintiff Olson has filed, in propria persona, the following seven (7) unsuccessful actions in the Superior and Appellate Courts of Siskiyou County:

Siskiyou Co. Superior Court, Trial Court Final Judgments Against Olson:

Case #2012-0991 (entered on 10/16/13)

Case #2014-0672 (entered on 7/1/15)

Case #2017-0327 (entered on 6/11/18)

Third District Court of Appeals, Judgments Affirmed Against Olson:

Siskiyou Co. #2010-1640, Appeal #C069332 (affirmed on 6/26/13)

Siskiyou Co. #2010-1699, Appeal #C071549 (affirmed on 4/2/14)

Siskiyou Co. #2012-0991, Appeal #C075122 (affirmed on 7/25/17)

Siskiyou Co. #2017-0327, Appeal #C086760 (affirmed on 7/15/19)

Plaintiff Olson has been declared a vexatious litigant in California state court.  (See Exhibit 3 of JSD Declaration, Vexatious Litigant Prefiling Order)  Additionally, Plaintiff's ex-husband and former volunteer assistant manager for HCSD, Peter T. Harrell and a former district board member by the name of Roger J. Gifford, began waging a private war against HSCD by filing numerous lawsuits naming the District, its board members, employees, contractors, consultants and even its former legal counsel.  (See e.g. C.A.E.D. Dkts. 2-14-cv-01595-KJM-GGH, 2:15-cv-1274-MCE-AC-PS, 2:16-cv-0955 KJM-GGH).

In a court order dated August 14, 2017, in the case of *Harrell v. Hornbrook Community Services District,* 2:14-cv-01595 KJM-GGH, Hon. Gregory G. Hollows, U.S. Magistrate Judge of the Eastern District of California, stated "The instant case is an example of a purposeful overloading of the court with pleadings which take up more than warranted judicial attention, but which simultaneously demonstrate a desire to wage a war of attrition on the opposing parties. There seems to be no desire on plaintiff's part to ever reach the merits of a viable claim; rather, there seems to be much desire to use the litigation process per se as an end in itself."  (See *Harrell v.*

SPINELLI, DONALD
& NOTT

RESPONSE TO OBJECTIONS OF PLAINTIFF KIMBERLY R. OLSON TO FINDINGS AND
RECOMMENDATIONS OF MAGISTRATE JUDGE DENNIS M. COTA

*Hornbrook*, 2017 WL 3493636, ECF No. 157)

This case filed by Plaintiff Olson, and most recently, her thirty-five (35) page Objection to Magistrate Judge Cota's Findings and Recommendations is simply a continuation of prior litigation efforts against HCSD.  Notably, <u>Judge Cota recommended that Plaintiff Olson's water service be restored.</u>  As such, it appears that Plaintiff Olson is frivolously objecting to Judge Cota's recommendation that HSCD be ordered to return Olson's water meter and attach a flow restrictor to it.  Plaintiff Olson also objects that HCSD be permitted to take regular readings of Olson's water meter and undertake any routine or emergency maintenance necessary.  Lastly, Plaintiff Olson objects that she be ordered not to tamper with or obstruct her water meter or the attached flow regulator, and she objects to being ordered not to interfere with HCSD officials undertaking its lawful, routine duties concerning her water meter.  Plaintiff Olson's Objection is patently frivolous.

## II.   NO SURREPLY WAS PROVIDED; ALLOWANCE OF ROBERT PUCKETT'S DECLARATION AND ORAL TESTIMONAY WAS NOT PREJUDICIAL ERROR

Plaintiff argues that Magistrate Judge Cota improperly allowed Defendants to file a sur-reply.  No sur-reply was provided.  Instead, Defendants brought a declaration on behalf of Robert Puckett.  (ECF No. 26)  The court scanned and transmitted Puckett's declaration to Plaintiff along with the accompanying exhibits.  (See Exhibit 1 of JSD Declaration, Transcript of Hearing, pp. 11-14)  Plaintiff was given an opportunity to review Puckett's declaration and the exhibits.  The Court then allowed Puckett to provide oral testimony on the contested factual issues and allowed Plaintiff to cross-examine Puckett on everything that was discussed in the declaration and his oral testimony.  (See Exhibit 1, pp. 22- 32, see also ECF No. 40 pp. 8-9)  The subject matter of Puckett's declaration and live testimony concerned factual contentions brought to the court's attention by Plaintiff's allegations regarding her lack of proper notice.

Allowance of Puckett's declaration and live testimony was not prejudicial error.  The Court has discretion to receive oral testimony on a contested issue of fact in a motion hearing.  (FRCP 43(c), ED CA Rule 230(h), see Archdiocese of Milwaukee v. Doe (7th Cir. 2014) 743 F.3d 1101, 1109.  Oral testimony can be particularly helpful "[w]here factual questions not readily

SPINELLI, DONALD
& NOTT

3

RESPONSE TO OBJECTIONS OF PLAINTIFF KIMBERLY R. OLSON TO FINDINGS AND
RECOMMENDATIONS OF MAGISTRATE JUDGE DENNIS M. COTA

ascertainable from the declarations of witnesses or *questions of credibility predominate." United*
*Comm'l Ins. Service, Inc. v. Paymaster Corp*. (9th Cir. 1992) 962 F.2d 853, 858 (emphasis added).

Based on the court's review of the declaration, all of the papers previously submitted by
Plaintiff, the live testimony of Puckett and argument offered by Plaintiff, the court "[did] not find
Plaintiff's testimony to be credible on the issue of receiving notice from the Defendant district."
(ECF No. 29, p. 11:16-17 of Findings and Recommendations of Judge Cota.)  Plaintiff was not
prejudiced.  She had an opportunity to review the documents at issue and she cross-examined
Puckett extensively during the motion hearing.

### III.   PLAINTIFF'S CONTENTION THAT SHE WAS PREJUDICED DUE TO TECHNICAL MALFUCNTIONS AND HER DISABILITY IS A RED HERRING

Plaintiff's contention that she was prejudiced due to technical malfunctions is a red herring.
Plaintiff requested and the court granted her leave to attend the hearing via telephone.  For no
apparent reason after she became emotional early in the proceedings, she appears to have dropped
off.  (Exhibit 1, p. 5)  However, no questions were pending at the time as she was explaining her
disability and the court was able to call back, reconnect and there was never any indication of a
problem during the remainder of the hearing.  She never asked for anything to be repeated, she
never stated that she could not hear or understand a question once the testimony of Puckett was
happening.  At one point, she did tell the court to "hold on", but she explained this because she
dropped her medication and was trying to pick it up.  (Exhibit 1, pp. 37-38)

Lastly, although Plaintiff claims that her disability prejudiced her somehow during the
hearing, she has not explained how her incontinence impaired her ability to hear, process
information and to speak.  Likewise, Plaintiff has failed to explain how the medications she takes in
any way impacted her ability to state her position at the time of hearing.  Moreover, Plaintiff did not
inform the court of any of these concerns during the hearing, or request a continuance.

### IV.   THE DECLARATION OF RANDALL SCHEIMER IS IRRELEVANT TO THE COURT'S CONCLUSIONS

There is no grounds for Plaintiff to contend that Magistrate Judge Cota did not consider

SPINELLI, DONALD
& NOTT

4

RESPONSE TO OBJECTIONS OF PLAINTIFF KIMBERLY R. OLSON TO FINDINGS AND
RECOMMENDATIONS OF MAGISTRATE JUDGE DENNIS M. COTA

Randall Scheimer's Declaration.  More importantly, there is nothing contained in Randall Scheimer's Declaration that has any bearing on the main issues before this court.  Scheimer's Declaration did not provide any substantive evidence in support of 1) Plaintiff's allegations that HCSD violated the law, 2) whether or not Plaintiff had adequate notice of the nature and extent of the violation she committed, and 3) the procedures followed by HCSD in cutting off her water meter.  Finally, the information that Scheimer learned from the news is impermissible hearsay, and not admissible evidence.

## V.   PLAINTIFF'S COMPLAINTS ABOUT LACK OF NOTICE ARE CONTRADICTORY

Plaintiff contends that she did not receive proper notice in advance of HCSD cutting off her water, and that she was entitled to personal service or service by USPS mail.  Due to fact that Plaintiff kept her gate locked (preventing access to Plaintiff's mailbox), notices were taped to her fence and were also placed in the window of the car parked on top of the District's meter.  (See ECF No. 26, p.3:22-25)  Plaintiff does not dispute these efforts by HCSD to give her notice. Instead, Plaintiff stated that she did not receive these notices because she cannot get outside of her house.  (See Exhibit 1, pp. 26-27, 34:12-17).  However, if Plaintiff is unable to go outside of her house, she similarly would not be able to check her mailbox or receive personal service.

Likewise, Plaintiff contends that she does not have reliable internet service so email service is inadequate, ignoring the fact that Plaintiff regularly files documents electronically with the court for not only this case, but her other prior and existing federal cases.  (See Exhibit 1, p. 38) Moreover, in a letter dated September 9, 2021, Plaintiff requested for Defendants' counsel to contact her by email and represented that her "disability interferes with her use of the phone to some degree, so [she] will not invite [us] to communicate with [her] in that manner." Attached as Exhibit 2 to the Declaration of J. Scott Donald is a copy of this letter.  As such, Plaintiff cannot claim that she did not receive proper notice from HCSD.

## VI.   PLAINTIFF HAS OBSTRUCTED HCSD'S RIGHT TO ACCESS WATER METERS IN VIOLATION OF HCSD'S RULES AND REGULATIONS

Throughout Plaintiff's Objection, she refers to the water meter on her property as "her

SPINELLI, DONALD
& NOTT

RESPONSE TO OBJECTIONS OF PLAINTIFF KIMBERLY R. OLSON TO FINDINGS AND RECOMMENDATIONS OF MAGISTRATE JUDGE DENNIS M. COTA

meter". For instance, Plaintiff stated "That Plaintiff's privately-owned water meter, and her water service, were seized by Defendants…" (ECF No. 40, p. 32:13-15) The water meter, while on Plaintiff's property, belongs to HCSD. The District's ownership over its water meters, and the District's rights to access these meters are specifically delineated in the District's Rules and Regulations, dated June 6, 2013 (See ECF No. 34, pp. 9-11)

Section 4.16 Responsibility for Equipment on Customer Premises states:

"All facilities installed by the District on private property for the purpose of rendering water service shall remain the property of the District and may be maintained, repaired or replaced by the Water Department without consent or interference of the owner or occupant of the property. The property owner shall use reasonable care in the protection of the facilities."

Section 4.24 Ingress and Egress states:

"Representatives from the District shall have the right of ingress and egress to the customer's premises at reasonable hours for any purpose reasonably connected with the furnishing of water service."

Section 4.25 Installation of Services states in relevant part:

"Only duly authorized employees or agents of the District shall be authorized to install service connections. All service connections shall comply with the specifications of the District. Meters will be installed in the parkway area, and shall be owned by the District." (Emphasis added)

Section 4.29 Access to Meters states in relevant part:

"The District reserves the right to enter upon the applicant's premises for the purpose of reading, repairing or replacing the water service meter."

Based on the foregoing Rules and Regulations, HCSD is not obligated to seek permission from Plaintiff to read, repair, or replace its water meters. Conversely, Plaintiff is obligated not to interfere with HCSD's reasonable access to its meters, by for instance, parking a car on top of the meter so that the meter cannot be accessed. Magistrate Cota's Findings and Recommendations reflects an understanding of the circumstances leading to Plaintiff's water being turned off, including the multiple instances where a car was parked on top of the meter to completely block HCSD from reading it.

SPINELLI, DONALD & NOTT

## VII.   CONCLUSION

Based on the forgoing, it's respectfully requested that this court sustain Magistrate Judge Cota's Findings and Recommendations.

Dated: October 14, 2021                **SPINELLI, DONALD & NOTT**


By   /s/  J. Scott Donald
 J. SCOTT DONALD
 Attorney for Defendants
 ROBERT PUCKETT, SR., CLINT
 DINGMAN, MICHELE HANSON,
 MELISSA TUELLEDO and HORNBROOK
 COMMUNITY SERVICES DISTRICT

SPINELLI, DONALD
& NOTT

7

RESPONSE TO OBJECTIONS OF PLAINTIFF KIMBERLY R. OLSON TO FINDINGS AND
RECOMMENDATIONS OF MAGISTRATE JUDGE DENNIS M. COTA