**SPINELLI, DONALD & NOTT**
A Professional Corporation
J. SCOTT DONALD, SBN: 158338
JEFFREY C. CHIAO, SBN: 236781
601 University Avenue, Suite 225
Sacramento, CA 95825
Telephone: (916) 448-7888
Facsimile: (916) 448-6888

Attorneys for Defendants
ROBERT PUCKETT, SR., CLINT
DINGMAN, MICHELE HANSON,
MELISSA TUELLEDO and HORNBROOK
COMMUNITY SERVICES DISTRICT

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY R. OLSON,<br><br>   Plaintiff,<br><br>vs.<br><br>ROBERT PUCKETT, SR., CLINT DINGMAN; MICHELE HANSON; MELISSA TUELLEDO; HORNBROOK COMMUNITY SERVICES DISTRICT; BRUCE'S TOWING/RADIATOR & DISMANTLING; and DOES 1 through 20, inclusive,<br><br>   Defendants. | Case No.: 2:21-cv-1482-KJM-DMC (PS)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO Fed. R. Civ. P. 12(b)(6)**<br><br>Date:        January 5, 2022<br>Time:        10:00 am<br>Courtroom:   304, 3rd floor<br>Judge:       Hon. Dennis M. Cota<br><br>Complaint Filed: August 18, 2021<br>First Amended Complaint Filed: October 6, 2021<br>Trial Date: TBD |

**I.     INTRODUCTION AND PROCEDURAL BACKGROUND**

   **A.     <u>Kimberly Olson's Prolific Pro Se Litigation Background</u>**

   Plaintiff Kimberly Olson ("Plaintiff Olson") is a former elected board member of Defendant Hornbrook Community Service District ("HSCD"). Hornbrook, California, is a small community in Siskiyou County, near the Oregon border. This case is but one in an ongoing saga of lawsuits that this Plaintiff has brought against government entities, officials, and private individuals in Hornbrook and Siskiyou County. For the past fifteen years, Plaintiff Olson has unleashed a barrage

of litigation in the state of Oregon and California.

Plaintiff Olson has filed, in propria persona, the following seven (7) unsuccessful actions in the Superior and Appellate Courts of Siskiyou County:

<u>Siskiyou Co. Superior Court, Trial Court Final Judgments Against Olson</u>:

Case #2012-0991 (entered on 10/16/13)

Case #2014-0672 (entered on 7/1/15)

Case #2017-0327 (entered on 6/11/18)

<u>Third District Court of Appeals, Judgments Affirmed Against Olson</u>:

Siskiyou Co. #2010-1640, Appeal #C069332 (affirmed on 6/26/13)

Siskiyou Co. #2010-1699, Appeal #C071549 (affirmed on 4/2/14)

Siskiyou Co. #2012-0991, Appeal #C075122 (affirmed on 7/25/17)

Siskiyou Co. #2017-0327, Appeal #C086760 (affirmed on 7/15/19)

As a result of Plaintiff's propensity to file baseless lawsuits, Plaintiff Olson has been declared a vexatious litigant in California state court. (See Decl. of J. Chiao, ¶ 2)  Plaintiff Olson is a prolific pro se litigant in state and federal court alike.  For instance, besides this case against HCSD, Plaintiff Olson's recently filed cases in the Eastern District of California include actions against Siskiyou County Adult and Children's Services and Siskiyou County Clerk-Registrar of Voters. (See e.g. C.A.E.D Dkts. *Olson v. Carter*, 2:21-cv-00929-JAM-CKD-PS and *Olson v. Bynum*, 2:20-cv-02481-TLN-DMC.)

**B.      Privity of Interest between Kimberly Olson and Peter Harrell**

Plaintiff Kimberly Olson's court filings bear a striking similarly in style and substance with the court filings of her ex-husband Peter T. Harrell, who was a former volunteer assistant manager for HCSD.  The privity of interest between Kimberly Olson, Peter Harrell, and Roger G. Gifford was recently noted in *Gifford v. Hornbrook Fire Protection District* 2021 WL 4168532, 2:16-cv-0596-JAM-DMC, Sept. 14, 2021, fn. 4 "(By 'other' citizens, Plaintiff presumably means Kimberly Olson and Peter Harrell mentioned in his first complaints.")

Peter Harrell and Kimberly Olson's close relationship throughout the years can be demonstrated on the record of their own pleadings in federal district court.

On or about October 4, 2004, Peter Harrell filed a lawsuit on behalf of himself and Kimberly Olson in Oregon U.S. District Court. (*Harrell v. Kepreos* 2005 WL 730639 (March 30, 2005)  Plaintiff's Complaint alleged that he resided with and provided personal care and assistance to Kimberly Olson, alleging that:

"[I]n exchange for housing, Plaintiff [Harrell] provides personal care and assistance to Kimberly Olson, a disabled person and resident of unit #50 in the Cove Mobile Villa mobile home park located in Yreka, California.  All actions by the defendants giving rise to this Complaint occurred in or about this residence.  "Defendants, from the period of April 28, 2004, through and including the current date, did engage in a pattern of harassment, intimidation, verbal abuse, abuse of process, and breaches of contract (the cove Mobile Villa rental agreement and "park rules") against Kimberly Olson, Plaintiff's disabled charge…"  (See Decl. of J. Chiao, ¶ 4)

On March 30, 2005, Magistrate Judge Cooney recommended that Defendants' motion to dismiss on the ground that the court lacks personal jurisdiction over defendants should be granted, and for the action to be dismissed.  (See Decl. of J. Chiao, ¶5)

On or about October 21, 2008, Peter Harrell filed a lawsuit in Oregon U.S. District Court against Costco alleging civil rights claims under 42 U.S.C. §1983 and state law claims.  (*Harrell v. Costco* 2009 WL 1322324 (May 12, 2009).  Plaintiff alleged that he and his companion, Kimberly Olson, attempted to exchange a defective drill set at the Costco warehouse in Medford.  Plaintiff specifically alleged that "<u>Ms. Olson, who was an authorized user of both Plaintiff Harrell's Costco account, and his American Express credit card account</u>…presented her Costco membership card and credit card as requested by the customer service representative for payment…"  (Emphasis added)  (See Decl. of J. Chiao, ¶6)  As a result of Peter Harrell and Kimberly Olson's ensuing actions at Costco, Peter Harrell was charged with attempted theft.  Harrell was later acquitted on this charge, which prompted Harrell to file suit against Costco, the City of Medford, and several individual Defendants.  The case was eventually resolved on March 18, 2011, when the Ninth Circuit Court of Appeals affirmed the district court's decision granting summary judgment in favor of Defendants.  (See Decl. of J. Chiao, ¶7)

On September 15, 2006, Kimberly Olson filed a lawsuit in the Eastern District of California

alleging civil rights claims under 42 U.S.C. §1983 and state law claims against Siskiyou County Sheriff's Department and the United States of America. (*Olson v. Oreck,* CIV S-06-2064 MCE-CMK) Consistent with Harrell's allegations in *Harrell v. Kepreos,* Olson alleged that she and Harrell resided together so that Harrell could provide in-home care and assistance to her in exchange for room and board. Plaintiff Olson further alleged that Defendants arrived at Olson and Harrell's abode with a purported legal warrant to search the premises and illegally seized Olson and Harrell's personal property. (See Decl. of J. Chiao, ¶8) On May 3, 2007, Peter Harrell filed a lawsuit in the Eastern District of California repeating in verbatim the same allegations from Olson's action. (*Harrell v. Oreck*, CVS-07-847) (See Decl. of J. Chiao, ¶9) Notably, during these years, not only did Olson and Harrell reside together, but Olson and Harrell's court filings also shared the same mailing address of PO Box 1731, Yreka, CA 96097. Both cases were eventually resolved on March 5, 2009, when the Ninth Circuit Court of Appeals affirmed the district court's dismissal under FRCP 12(b)(6). (See Decl. of J. Chiao, ¶10)

### C.     Harrell and Olson's Litigation Against HSCD

Plaintiffs' Olson, Harrell, and Gifford have been waging a private war against HSCD by filing numerous lawsuits naming the District, its board members, employees, contractors, consultants and even its former legal counsel Robert Winston. (See C.A.E.D. Dkts. 2-14-cv-01595-KJM-GGH, 2:15-cv-1274-MCE-AC-PS, 2:16-cv-0955 KJM-GGH, 2:19-cv-00031-KJM-AC).

In *Harrell v. Hornbrook Community Services District,* 2:14-cv-01595 KJM-GGH (*Harrell I*), Plaintiff alleged that HCSD was in violation of constitutional law, was not operating "within the bounds of the laws", and HCSD's water plant had numerous safety hazards in violation of Cal OHSA regulations and the Water Code. (*Harrell I*, ECF No. 1, p. 5) Additionally, Plaintiff alleged that HCSD interfered with "the Duties of Kimberly Olson ("Olson") as Secretary of the HCSD, as mandated by the HCSD Bylaws" and amongst wrongful actions, acted illegally to "revoke HCSD rates and charges and policies". (*Harrell I*, ECF No. 1, p. lns. 1-13) (See Decl. of J. Chiao, ¶11)

In his Findings and Recommendations on August 14, 2017, Hon. Gregory G. Hollows, U.S. Magistrate Judge of the Eastern District of California, stated that while "the action began in part as a suit alleging that he was terminated from his employment in retaliation for his exercise of his First

Amendment rights, [it] has since morphed into a muddied and muddled conglomeration of claims, both federally and state based, challenging the manner in which [HCSD] is run in general, its hiring practices, its failure to adhere to the State's opening meeting law, and its claim to operate as a water company in violation of nearly every law and regulation applicable to such an enterprise." (*Harrell I*, ECF No. 157, p. 2)  The Court further noted that "[t]he instant case is an example of a purposeful overloading of the court with pleadings which take up more than warranted judicial attention, but which simultaneously demonstrate a desire to wage a war of attrition on the opposing parties. There seems to be no desire on plaintiff's part to ever reach the merits of a viable claim; rather, there seems to be much desire to use the litigation process per se as an end in itself." (*Harrell I,* No. 157, pp. 1-2)  Based on the "contumacious behavior of plaintiff", the Court recommended that Plaintiff's Second Amended complaint be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b) for failure to obey a court order, or in the alternative pursuant to Rule 12(b)(6) for failure to state a claim." (*Harrell I*, ECF No. 157, p. 15)  (See Decl. of J. Chiao, ¶12)

      Peter T. Harrell and Roger J. Gifford appealed the Eastern District's adverse rulings against them, including the decision in *Harrell I*.  The Ninth Circuit concluded that Peter Harrell's appeal No. 17-17191 was frivolous and therefore revoked Harrell's in forma pauperis status for appeal No. 17-17191 and dismissed the appeal as frivolous.  The Ninth Circuit also dismissed cross-appeals No. 17-17209 and 17-17313 as frivolous and denied Roger Gifford's motion to proceed in forma pauperis. (*See Harrell v. Hornbrook Community Services District*, 2018 WL 6039097, Decl. of J. Chiao, ¶15)

      In *Harrell v. Dingman*, 2:19-cv-00031-KJM-AC (*Harrell II*), Plaintiff again sought relief against HCSD for constitutional violations, including deprivation of due process, equal protection, and unlawful seizure, violations of the Clean Water Act, deprivations of right to due process and equal protection regarding gifts of public funds, and pendent state claims, including violations of HCSD bylaws, self-dealing, gifts of public funds, improperly unbilled fees and charges, and waste of public funds. (*Harrell II*, ECF No. 1 and 17) (See Decl. of J. Chiao, ¶13)  In her Findings and Recommendations on May 29, 2019, Hon. Allison Claire noted that the Court had rejected prior iterations of Plaintiff's complaint on the basis of res judicata and failure to comply with Rule 8, and

that the underlying dispute appears to involve the quality and quantity of water provided by the District to plaintiff's property in Siskiyou county. (*Harrell II*, ECF No. 19, pp.1 and 3)  The Court found that the majority of Plaintiff's Second Amended Complaint was identical to the First Amended Complaint and initial complaint, and stated that "[t]he sheer quantity of factual allegations and legal assertions in plaintiff's complaint makes it impossible for the court, and therefore for defendants, to determine whether any cognizable claim is presented, what legal wrong may have been done to plaintiff, by whom and when, or how any alleged harm is connected to the relief plaintiff seeks. (Harrell II, ECF No. 19, p.4)  Accordingly, Magistrate Judge Claire recommended that Plaintiff's Second Amended Complaint be dismissed with prejudice. (See Dec. J. Chiao, ¶14)

This case filed by Plaintiff Olson on August 18, 2021, is simply a continuation of prior litigation efforts against HCSD.  Like *Harrell I* and *Harrell II*, Plaintiff' First Amended Complaint alleges that HCSD is willfully, negligently, recklessly, and dangerously "failing to undertake diagnostics needed to competently operate the water facilities, and to make needed and necessary repairs to the HCSD water production, storage, and distribution systems- in part to create the false perception of an "emergency" so as to wrongfully acquire public funds in the form of grants from California and USDA…"  (ECF No. 44, p. 11, ¶24)  Plaintiff filed a Motion for Temporary Restraining Order on August 18, 2021 (ECF No. 3)  A hearing was held with Magistrate Judge Dennis Cota on Plaintiff's Motion on September 14, 2021, and Judge Cota issued Findings and Recommendations on September 17, 2021. (ECF No. 29)  Predictably, Plaintiff filed Objections to Judge Cota's Findings and Recommendations.  (ECF No. 40)  Defendants filed a Response to Plaintiff's Objections accordingly.  (ECF No. 45)

## II. <u>STANDARD OF REVIEW</u>

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Dismissal under Rule 12(b)(6) is appropriate when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *Bell v. Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Dismissal is warranted under Rule 12(b)(6) where it presents a cognizable legal theory yet fails to plead essential facts to

support that theory. *Neitzke v. Williams*, 490 U.S. 319, 326 (1989). "Conclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim." *McGlinchy v. Shell Chme. Co.*, 845 F.2d 802, 810 (9th Cir. 1988).

A plaintiff is required to allege "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007). In order to survive dismissal for failure to state a claim, a complaint must contain more than a "formulaic recitation of the elements of a claim for relief", it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Id*. Pleadings must contain more than mere labels and unsupported conclusions and conclusory allegations are not entitled to be assumed true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677-83 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A court is not required to "accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

### III.     LEGAL ARGUMENT

Plaintiff's First Amended Complaint, rife with conclusory allegations made without any plausible supporting facts, cannot withstand a 12(b)(6) motion. Plaintiff's Complaint should be dismissed on the basis of res judicata, failure to comply with Rule 8, and failure to state a claim.

#### A.     Res Judicata

As demonstrated above, Plaintiff brings several claims that have already been litigated in the closed cases *Harrell v. Hornbrook Community Services District,* 2:14-cv-01595 KJM-GGH (E.D. Cal.) (*Harrell I*) and *Harrell v. Dingman*, 2:19-cv-00031-KJM-AC (E.D.Cal.) (*Harrell II*). Both *Harrell I* and *Harrell II*, were dismissed in its entirety, with prejudice, and the dismissals were affirmed by the Ninth Circuit. (*Harrel I* at ECF NO. 157, 159, 207) (*Harrel II* at ECF No. 19, 29) Large portions of the current action overlap with the issues presented and adjudicated in *Harrell I and II*, and are therefore barred by res judicata.

The legal doctrine of res judicata "bars repetitious suits involving the same cause of action once a court of competent jurisdiction has entered a final judgment on the merits." *United States v. Tohono of Odham Nation*, 131 S. Ct. 1723, 1730 (2011) (internal quotations omitted). Res judicata

prevents the litigation of claims for, defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding. *Chicot Country Drainage Dist. v. Baxter State Bank*, 308 U.S. 371, 378 (1940). "Res judicata is applicable whenever there is (1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties." *Tahoe-Sierra Preservation Council Inc. v. Tahoe Regional Planning Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003) (internal quotations omitted).

Here, Defendants HCSD, Robert Puckett, Sr., Michele Hanson, and Clint Dingman, appear in *Harrell I and II*. Where the parties in both actions are identical, they are "quite obviously in privity." *Tahoe-Sierra Pres. Council, Inc.*, 322 F.3d at 1081. In *Harrell I and II*, as well as this current action, Plaintiff brought claims against HCSD, Puckett, Sr., Hanson, and Dingman, over a series of alleged incidents that result in the named Defendants being civilly liable to Plaintiff for various constitutional violations, unlawful violations of the HCSD bylaws, self-dealing, and general conspiracy allegations. (Compare ECF No. 44 with *Harrell I* ECF No. 1, *Harrell II* ECF No. 1) Each Complaint charges HCSD with failure to properly and legally operate and maintain Hornbrook's water production, storage, and distribution system, as well as wrongful waste and profit of public funds. (Compare ECF No. 44, p.3 ¶5-6 with Harrell II, ECF No. 17, p. 3-4, ¶8-9) While the allegations in each respective complaint (and amended complaint) are difficult to parse, it is clear that Plaintiff's present complaint is at least partially barred. (See also *Harrell II*, ECF No. 8, p. 5)

Plaintiff may contend that there is no privity between Olson and Harrell. However, even when the parties are not identical, privity may exist if "there is 'substantial identity between the parties, that is, when there is sufficient commonality of interest." *In re Gottheiner*, 703 F.2d 1136, 1140 (9th Cir. 1983) (citation omitted); see also *Stratosphere Litigation*, 298 F.3d at 1142 n.3 (finding privity when a party is "so identified in interest with a party to former litigation that he represents precisely the same right in respect to the subject matter involved") (citation omitted); *Shaw v. Hahn*, 56 F.3d 1128, 1131-32 (9th Cir. 1995) (finding privity when the interests of the party in the subsequent action were shared with and adequately represented by the party in the former action); *United States v. ITT Rayonier*, Inc. 627 F.2d 996, 1003 (9th Cir. 1980) ("[A] 'privy' may

include those whose interests are represented by one with authority to do so.")  The Ninth Circuit has held that privity is a flexible concept dependent on the particular relationship between the parties in each individual set of cases:

Federal courts have deemed several relationships "sufficiently close" to justify a finding of "privity" and, therefore, preclusion under the doctrine of res judicata: "First, a non-party who has succeeded to a party's interest in property is bound by any prior judgment against the party. Second, a non-party who controlled the original suit will be bound by the resulting judgment. Third, federal courts will bind a non-party whose interests were represented adequately by a party in the original suit."  In addition, "Privity" has been found where it is a "substantial identity" between the party and nonparty, where the nonparty "had significant interest and participated in the prior action," and where the interests of the nonparty and party are "so closely aligned as to be virtually representative."  Finally, a relationship of privity can be said to exist when there is an "express and implied legal relationship by which parties to the first suit are accountable to non-parties who file a subsequent suit with identical issues."  In re *Schimmels*, 127 F.3d 875, 881 (9th Cir. 1997) (citations omitted).

Here, Olson and Harrell's privity of interest is demonstrated by their well-documented personal and litigation history.  Based upon just Olson Harrell's pleadings with the federal courts throughout the years, it is apparent that Olson and Harrell shared the same credit card, residence, and post office box.  Moreover, both Olson and Harrell (as well as Gifford) were affiliated with HCSD, and then became disgruntled and now harbor ill-well and resentment towards HCSD and its individual members.  Olson and Harrell have had significant interest and participation in the others legal actions, both historically and with respect to actions against HCSD.  For example, in *Harrell I*. Plaintiff specifically alleged that HCSD violated Kimberly Olson's rights.  (*Harrell I*, ECF No. 1, p. lns. 1-13)  Lastly, Olson and Harrell's pleadings share a striking similarity in style and substance, including a shotgun approach to listing a constellation of both federal and state causes of action, and liberal use of single-spaced footnotes in order to elude the court's page limit requirements.  As such, a privity of interest exists between Olson and Harrell and res judicata bars Plaintiff's current action against HCSD.

### B. <u>Plaintiff's Complaint Does Not Comply With Rule 8(a)</u>

Plaintiff Olson's First Amended Complaint does not contain a short and plain statement as required by Rule 8(a). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. *Jones v. Community Redev. Agency,* 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff's Complaint plainly does not comply with Federal Rule 8(a)'s requirement of a "short and plain statement showing the plaintiff is entitled to relief." *See United States ex rel. Cafaasso v. Gen. Gynamics C4 Sys. Inc.* 637 F. 3d 1047, 1059 (9th Cir. 2011). The federal rules contemplate brevity. Plaintiff's claims must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1)

Here, Plaintiff's twenty-nine (29) page First Amended Complaint alleges numerous constitutional violations of the 1st Amendment, 4th/5th Amendment Search and Seizure, Conspiracy under 42 USC §1983, violations of Due Process and Equal Protection, Unlawful Retaliation, as well as violations of the ADA. Plaintiff's fact allegations are general and conclusory, however, and Plaintiff does not provide specific supporting facts for each of these federal causes of action. For example, Plaintiff's First Amended Complaint alleges that Defendants participated in a scheme to retaliate against Plaintiff, and falsely apply for and wrongfully profit from government grants. (ECF No. 44, p. 3 ¶5-6) No facts are alleged in support of this purported scheme. Instead, despite the length of Plaintiff's First Amended Complaint, the exact nature of what happened to Plaintiff is obscured by several vague and disconnected events and allegations. Each of the Defendants cannot discern what legal wrong was done to Plaintiff, by whom and when, or how any alleged harm is connected to the relief Plaintiff seeks.

### C. <u>Plaintiff's "Shotgun Pleading" Does Not Contain Any Factual Allegations of Wrongful Activity By Defendant</u>

Federal Rule of Civil Procedure 12(b)(6) authorizes a motion to dismiss for "failure to state a claim upon which relief can be granted." For the purpose of Rule 12(b)(6), "claim" means a set of facts that, if established, entitled the pleader to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Servs.*, 622

F.3d 1035, 1041 (9th Cir. 2010).

Here, the First Amended Complaint is devoid of any facts showing that Plaintiffs are entitled to relief from the Defendants. In particular, besides providing conclusions without any supporting facts that certain activities were "wrongful" or "false" the complaint does not identify or explain how any of Defendant's activities purportedly constitute a violation of federal law. Simply stated, the complaint contains no factual basis for any of the causes of action asserted against the Defendants.

It is important to note that Plaintiff's lack of specificity when it comes to her constitutional claims is exacerbated by her use of "shotgun pleading", which renders the complaint effectively unanswerable. Shotgun pleadings are pleadings that overwhelm defendants with an unclear mass of allegations and make it difficult or impossible for defendants to make informed responses to plaintiff's allegations. *See Harrell v. Hornbrook Cmty. Servs. Dist.*, 2015 WL 5329779 at *10 (E.D. Cal. 2015 (Hollows, M.J.), adopted as modified, 2016 WL 1117752 (E.D.Cal. 2016) (Mueller, K.), *Gifford v. Puckett*, 2016 WL 3019413 (E.D.Cal. 2016) (Claire, A.)  Federal pleading standards require that plaintiffs give the defendants a clear statement about what each defendant allegedly did wrong. *See Mendiondo v. Centinela Hosp. Med. Ctr.,* 521 F.3d 1097, 1104 (9th Cir. 2008) (Under Rule 8(a), the plaintiff must give the defendant fair notice of what the…claim is and the grounds upon which it rests") (internal quotation marks omitted).

One common type of shotgun pleading is where the Plaintiff recites a collection of general allegations toward the beginning of the complaint, and then each count incorporates every antecedent allegation by reference. *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001). "The result is that each count is replete with factual allegations that could not possibly be material to that specific count, and that any allegations that are material are buried beneath innumerable pages of rambling irrelevancies." *Id.*  This is exactly what Plaintiff has done in her First Amended Complaint.

In sum, rather than provide a short and concise statement, Plaintiff has provided a complaint that is strikingly similar to prior complaints filed by Peter Harrell that have been dismissed by the Eastern District under Rule 8(a), as well as affirmed by the Ninth Circuit.

SPINELLI, DONALD & NOTT

11
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PURSUANT TO Fed. R. Civ. P. 12(b)(6)

### D. <u>Plaintiff's First Amended Complaint Fails to State A Claim</u>

The First Amended Complaint does not contain sufficient factual allegations to state a valid federal claim for relief. In order to state a claim for relief, a plaintiff must link the defendants to the harm suffered by setting forth the specific actions or omissions of those defendants that plausibly show they are liable for the alleged violations. Plaintiff's legal conclusions about the Defendants' conduct do not suffice to state a claim because legal conclusions are not taken as true in the same way that well-pleaded factual allegations are taken as true. While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 556 U.S. at 678. Courts "are not required to indulge unwarranted inferences[.]" *Doe I v. Wal-Mart Stores, Inc*., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

### E. <u>Plaintiff Fails To Allege A 4th/5th Amendment Search and Seizures Without Warrant Claim Against Defendants</u>

A seizure of property occurs for the purposes of the Fourth Amendment when "there is some meaningful interference with an individual's possessory interests in that property." *Lavan v. City of Los Angeles*, 693 F.3d 1022, 1027 (9th Cir. 2012)  The question of whether a seizure itself violated the Fourth Amendment requires the Court to examine the reasonableness of the seizure. *Soldal v. Cook Cty., III*., 506 U.S. 56, 71 (1992).

Here it, is entirely incomprehensible how Plaintiff's vague and conclusory allegation regarding her property interest in her domestic water service or the towing of vehicles (that obstructed from the reading of Plaintiff's water meter) constitutes a taking of Plaintiff's driveway constitutes an unreasonable search and seizure. As such, Plaintiff's unconstitutional search and seizure claim is subject to dismissal.

### F. <u>Plaintiff Fails To Allege A 42 U.S.C. §1985 Claim Against Defendants</u>

A claim for conspiracy brought under  *section 42 U.S.C. §1985(2*) requires a direct or indirect purpose to deprive any persons of the equal protection of the laws, or the equal privileges or immunities under the laws and a class race-based animus. See *Kush v. Rutledge*, 460 U.S. 719 (1983), 103 S.Ct. 1483; *Griffin v. Breckenridge,* 403 U.S. 88, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971); *Bretz v. Kelman,* 773 F.2d 1026, 1028 (9th Cir.1985) (en banc). To be actionable, the

SPINELLI, DONALD & NOTT

12
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PURSUANT TO Fed. R. Civ. P. 12(b)(6)

conspiracy must result in overt acts, done in furtherance of the conspiracy, that are both the cause in fact and proximate cause of plaintiffs' injuries. *See Arnold v. IBM,* 637 F.2d 1350, 1355 (9th Cir.1981).

The Ninth Circuit applies a heightened standard to claims and bare allegations that a defendant conspired with another are insufficient to state a claim.  See *Harris v. Roderick*, 126 F.3d 1189, 1195 (9th Cir. 1997); *Burns v. County of King*, 883 F.2d 819, 821 (9th Cir. 1989) (To survive a motion to dismiss, the plaintiff must plead specific facts to support the existence of the alleged conspiracy.).  Vague and conclusory allegations of a conspiracy are insufficient to state a claim. *See Karim–Panahi v. Los Angeles Police Department,* 839 F.2d 621, 626 (9th Cir.1988).

Here, Plaintiff's allegations regarding conspiracy are entirely conclusory, lack facts, and lack the required specificity.  Plaintiff failed to allege what each Defendant did to carry out any overt acts in furtherance of the alleged conspiracy.  Plaintiff also does not allege how the Defendants conspired together to commit wrongful acts.  Thus, Plaintiff fails to allege specific facts that are necessary to establish a §1985 claim, and Plaintiff's claim of conspiracy fails to satisfy the pleading requirements.

Moreover, a racial, or other class-based, invidiously discriminatory animus is an indispensable element of a section 1985(3) claim.  *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 267-69 (1993).   Plaintiff does not allege a racial or other class-based invidiously discriminatory animus.  Plaintiff's claim of conspiracy fails on this basis as well.

### G. Plaintiff Fails to Allege a §1983 claim based on a violation of due process or equal protection

#### 1. Procedural Due Process

To establish a §1983 claim based on a violation of procedural due process, a plaintiff must establish (1) a protected liberty or property interest, and (2) a denial of adequate procedural protection. *Pinnacle Armor, Inc. v. United States*, 638 F.3d 708, 716 (9th Cir. 2011).  To determine whether the City provided Plaintiff adequate opportunity to be heard, the Court must balance: (1) the private interest that will be affected by the action; (2) the risk of an erroneous deprivation of that interest through the procedures used and the value of additional or alternative safeguards; and (3)

SPINELLI, DONALD & NOTT

13
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PURSUANT TO Fed. R. Civ. P. 12(b)(6)

the government's interest, including the additional costs and administrative burdens that additional procedures would entail. *Buckingham v. Sec'y of U.S. Dep't of Agr.*, 603 F.3d 1073, 1081-1082 (9th Cir. 2010). The fundamental requirement of procedural due process is the opportunity to be heard "at a meaningful time and in a meaningful manner." *Mathews v. Eldridge*, 42 U.S. 319, 333 (1976). "[D]ue process is flexible and calls for such procedural protections as the particular situation demands." Id. at 334.

Here, Plaintiff has only alleged that Defendants wrongfully cut off the domestic water supply to Plaintiff's home without alleging any of the facts or circumstances prior to the discontinuation of her water service. "[C]onsideration of what procedures due process may require under any given set of circumstances must begin with a determination of the precise nature of the government function involved as well as of the private interest that has been affected by governmental action." *Goldberg v. Kelly*, 397 U.S. 254, 263 (1970). Merely stating that a due process violation occurred is conclusory and does not suffice to state a valid claim.

### 2. Substantive Due Process

Substantive due process is violated by "executive abuse of power…which shocks the conscience." Id. at 846; accord *Costanich v. Dep't of Soc. And Health Servs.*, 627 F.3d 1101., 1111 (9th Cir. 2010). "When executive action like a discrete permitting decision is at issue, only 'egregious official conduct can be said to be arbitrary in the constitutional sense': it must amount to an 'abuse of power' lacking any reasonable justification in the service of a legitimate governmental objective.'" *Shanks v. Dressel*, 540 F.3d 1082, 1088 (9th Cir. 2008).

Here, similar to Plaintiff's failure to allege procedural due process, Plaintiff has also failed to allege facts in support of egregious official conduct that constituted an abuse of power. As such, Plaintiff's substantive due process claim likewise is subject to dismissal.

### 3. Equal Protection

The Equal Protection Clause guarantees that "No state shall…deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, §1. Plaintiff's Equal Protection claim appears to be based on the "class of one" theory- that Plaintiff was singled out by Defendants and treated differently from other, similarly situated property owners, and did so

SPINELLI, DONALD & NOTT

14
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PURSUANT TO Fed. R. Civ. P. 12(b)(6)

without a rational basis. *Gerhart v. Lake Cnty., Montana*, 637 F.3d 1013, 1022 (9th Cir. 2011). Plaintiff's mere allegation that defendants discriminated against her as a "class of one" is a legal conclusion, however. To state a claim as a class of one, a plaintiff must articulate to whom she is similarly situated to and how they are similar. See *McCollum v. California Dept. Of Corrections and Rehabilitation*, 647 F.3d 870, 880-81 (9th Cir. 2011).

Plaintiff has not included factual allegations that she was treated differently from other people with whom she was similarly situated and that there was no rational basis for the difference in treatment. Plaintiff has not alleged facts demonstrating irrational or arbitrary actions on the part of Defendants. As such, Plaintiff has failed to present an Equal Protection claim sufficient to withstand a motion to dismiss.

### H. Plaintiff Fails to Allege Unlawful Retaliation for Exercise of Constitutional Rights

Plaintiff alleges that her First Amendment rights to free speech and petitioning were violated when Defendants retaliated against her. The First Amendment forbids government officials from retaliating against individuals for speaking out. *Hartman v. Moore*, 547 U.S. 250, 256 (2006). To recover under section 1983 for retaliation in violation of the First Amendment, a plaintiff must establish the following: (1) she engaged in constitutionally protected activity; (2) as a result, she was subjected to adverse action by the defendant that would chill a person of ordinary firmness from continuing to engage in the protected activity; and (3) there was a substantial causal relationship between the constitutionally protected activity and the adverse action. *Blair v. Bethel Sch. Dist.*, 608 F.3d 540, 543 (9th Cir. 2010).

Here, Plaintiff has not established any of the foregoing elements. Instead, Plaintiff relies upon "shotgun pleading" and she does not allege any facts in support of her retaliation claim. Without additional factual specificity, a retaliation is not cognizable. See *Iqbal*, 556 U.S. at 678 (a claim has the requisite facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged).

//

SPINELLI, DONALD & NOTT

15
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PURSUANT TO Fed. R. Civ. P. 12(b)(6)

### I. Plaintiff Fails to Allege An ADA Claim against Defendants

For standing purposes, an ADA plaintiff needs to allege sufficient facts to demonstrate that an accessibility barrier "interfere[s] with [his]'full and equal enjoyment' of the facility" in question. *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 947 (9th Cir. 2011) (en banc). A barrier "will only amount to such interference if it affects the plaintiff's full and equal enjoyment of the facility on account of his particular disability." *Id, see also Strojnik v. Bakersfield Convention Hotel I, LLC* 436 F.Supp.3d 1332, 1340 (E.D. Cal. 2020) (holding Plaintiff's photographs and captions were bare legal conclusions that did not allege "how his disabilities relate to the barriers he encountered"). The ADA Accessibility Guidelines ("ADAAG") "establish[] the technical standards required for 'full and equal enjoyment.'" *Chapman*, 631 F.3d at 947.

Here, Plaintiff uses only conclusory language in attempting to state a claim under the ADA. Plaintiff does not set forth any non-conclusory factual allegations that she was discriminated against based upon her disabilities. Plaintiff has also failed to allege facts as to what accessibility barriers Plaintiff encountered or to explain how any alleged barriers relate to her particular disability. Plaintiff's bare legal conclusions are insufficient to satisfy standing and the ADA's pleading requirements. As such, Plaintiff's ADA claim must be dismissed.

### J. Plaintiff Fails to Allege A *Monell* Claim against HCSD

A municipality cannot be held liable for violation of civil rights solely because its employee is a tort-feasor; a municipality cannot be held liable under the Civil Rights Act of 1871 on a respondeat superior theory. 42 U.S.C. §1983. A plaintiff bringing a § 1983 claim against a municipality must allege that his or her injury was caused by an official "policy or custom" as set forth in *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658 (1978), *Fed'n of African Am. Contractors v. City of Oakland*, 96 F.3d 1204, 1205 (9th Cir. 1996). To bring a *Monell* claim, Plaintiffs must establish that "the local government had a deliberate policy, custom, or practice that was the 'moving force' behind the constitutional violation [they] suffered." *Whitaker v. Garcetti*, 486 F.3d 572, 581 (9th Cir. 2007); see also *AE ex rel. Hernandez v. County of Tulare*, 666 F.3d 631, 636-38 9 9th Cir. 2012).

To survive a motion to dismiss, Plaintiff's allegations concerning the policy or custom at

SPINELLI, DONALD & NOTT

16
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PURSUANT TO Fed. R. Civ. P. 12(b)(6)

issue and the official's role in applying that policy or custom must be more than conclusory, and must bring the claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. Here, Plaintiff alleges that HCSD is a public entity providing domestic water to the community of Hornbrook. (ECF No. 44, FAC, ¶2) However, the First Amended Complaint fails to demonstrate that HCSD had a "policy or custom" of deliberately engaging in retaliation and violations of clearly established constitutional rights.

### K. Plaintiff Fails to Allege Claims Against the Individual Defendants

The individual Defendants are not proper parties in their individual capacities and Plaintiffs have not stated a claim against them. When a named defendant holds a supervisory position, the causal link between it and the constitutional violation must be specifically alleged. *Faye v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1972.) Vicarious liability is inapplicable to §1983 actions and thus "government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Ashcroft v. Iqbal* 557 U.S. 662, 676 (2009).

In addition, an official capacity action is not against the public employee personal, "for the real party in interest is the entity." *Kentucky v. Graham*, 473 U.S. 159, 165-166 (1985). "An official capacity suit against a municipal officer is equivalent to a suit against the entity." *Center for Bio-Ethical Reform, Inc. v. Los Angeles County Sheriff*, 533 F.3d 780, 799 (9th Cir. 2008). When both an officer and the local government entity are named in a lawsuit and the officer is named in official capacity only, the officer is a redundant defendant and may be dismissed." *Luke v. Abbott*, 954 F.Supp. 202, 203 (C.D. Cal. 1997) (citing *Vance v. County of Santa Clara*, 928 F.Supp. 993, 996 (N.D.Cal. 1996).

Here, Plaintiff has failed to allege any specific facts pertaining to the individual liability of Defendants Robert Puckett, Sr., Clint Dingman, Michele Hanson, and Melissa Tulledo. Moreover, an action against these individuals in their official capacity is duplicative and subject to dismissal. As such, the named individual defendants should be dismissed from this action.

### L. This Court Lacks Jurisdiction To Grant the Injunctive Relief Requested In Plaintiff's Complaint, Additionally the Complaint Is Barred by the Eleventh Amendment

The First Amended Complaint alleges that HCSD is a public entity operating wholly within

the County of Siskiyou, a political subdivision of the State of California. (ECF No. 1, Complaint, ¶2) The Complaint seeks injunctive and declaratory relief that is equivalent to seeking mandamus relief, and this Court lacks mandamus jurisdiction to compel a state official to perform his or her duties. The Court's mandamus power, as set forth in 28 U.S.C. §1361, extends only to federal officials. *See Amisub (PSL), Inc. v. Colo. Dep't of Soc. Servs.*, 879 F.2d 789, 790 (10th Cir. 1989) ("No relief against state officials or state agencies is afforded by §1361."); *see also Williams v. Va. Supreme Court*, 457 Fed. Appx. 228, 229 (4th Cir. 2011) ("[F]ederal courts do not have jurisdiction to grant mandamus relief against state officials").

This action also is barred by the Eleventh Amendment. The Eleventh Amendment bars courts from entertaining suits brought by a private party against a state, an arm of the state, its instrumentalities, or its agencies. *Los Angeles Brach NAACP v. Los Angeles Unified Sch. Dist.*, 714 F.2d 946, 950 (9th Cir. 1983). *In Ex Parte Young*, 209 U.S. 123 (1908), the Supreme Court recognized a limited exception to Eleventh Amendment immunity, permitting suits for prospective declaratory and injunctive relief against state officers "who threaten and are about to commence proceedings" to enforce an alleged unconstitutional act. Here, the limited exception does not apply since no such prospective proceedings are contemplated by HCSD.

### M. Plaintiff's State Law Claims

Plaintiff's move to dismiss Plaintiff's state law claims for failure to state a cause of action and noncompliance with Rule 8(a). Alternatively, given that Plaintiff has failed to state a federal law claim, Defendants request that the Court decline to exercise supplemental jurisdiction over Plaintiff's remaining state claims pursuant to 28 U.S.C.§1367(c)(3) (a district court may "decline to exercise supplemental jurisdiction" over state law claims if it "has dismissed all claims over which it has original jurisdiction"); *see also Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010).

### IV. CONCLUSION

For the foregoing reasons, Defendants respectfully request that this motion to dismiss be granted and that Plaintiff's First Amended Complaint be dismissed.

//

SPINELLI, DONALD & NOTT

18
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PURSUANT TO Fed. R. Civ. P. 12(b)(6)

1  Dated:  October 20, 2021    SPINELLI, DONALD & NOTT

2
                                                By:    /s/ *Jeffrey Chiao*
3                                                       J. SCOTT DONALD
                                                        JEFFREY C. CHIAO
4                                                       Attorneys for Defendants

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SPINELLI, DONALD & NOTT

19
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PURSUANT TO Fed. R. Civ. P. 12(b)(6)