**SPINELLI, DONALD & NOTT**
A Professional Corporation
J. SCOTT DONALD, SBN: 158338
JEFFREY CHIAO, SBN: 236781
601 University Avenue, Suite 225
Sacramento, CA 95825
Telephone: (916) 448-7888
Facsimile: (916) 448-6888

Attorneys for Defendants
ROBERT PUCKETT, SR., CLINT DINGMAN, MICHELE HANSON, MELISSA TUELLEDO and HORNBROOK COMMUNITY SERVICES DISTRICT

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY R. OLSON,<br><br>    Plaintiff,<br><br>vs.<br><br>ROBERT PUCKETT, SR., CLINT DINGMAN; MICHELE HANSON; MELISSA TUELLEDO; HORNBROOK COMMUNITY SERVICES DISTRICT; BRUCE'S TOWING/RADIATOR & DISMANTLING; and DOES 1 through 20, inclusive,<br><br>    Defendants. | Case No.: 2:21-cv-1482-KJM-DMC (PS)<br><br>**OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE PORTIONS OF DEFENDANT PUCKETT'S 12(B)(6) MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>Date:         January 5, 2022<br>Time:        10:00 a.m.<br>Courtroom: 25, 8th Floor<br>Judge:       Hon. Kendall J. Newman<br><br>Complaint Filed: December 16, 2020<br>Trial Date: TBD |

SPINELLI, DONALD & NOTT

1

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE PORTIONS OF DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED R. CIV. PROC. 12(B)(6)

## I. INTRODUCTION

Defendant Robert Puckett Sr., Clint Dingman, Michele Hanson, Melissa Tulledo, and Hornbrook Community Services District ("Defendants") hereby submits this opposition to Plaintiff Kimberly Olson's ("Plaintiff") Motion to Strike Portions of Defendant's 12(b)(6) Motion to Dismiss Plaintiff's First Amended Complaint. Plaintiff's motion to strike is improper as not legally supportable and even if it was, it is untimely. Thus, it must be denied.

## II. BACKGROUND

Plaintiff filed her Complaint on or about August 18, 2021. (ECF No. 1). Service of Summons and Complaint on Defendant Bynum was completed on August 26, 2021. (ECF No. 15) Defendants filed a 12(b)(6) motion to dismiss on September 17, 2021 (ECF No. 30). Instead of opposing Defendants' motion, Plaintiff filed a First Amended Complaint on October 6, 2021. (ECF No. 44) Defendant Bynum filed a 12(b)(6) motion to dismiss Plaintiff's First Amended Complaint on October 20, 2021. (ECF No. 47) On December 1, 2021, Plaintiff filed the instant Motion to Strike Portions of Defendants' motion to dismiss. (ECF No. 51)

## III. LEGAL ARGUMENT

### A. **PLAINTIFF'S MOTION TO STRIKE IS UNTIMELY**

As an initial matter, Plaintiff's motion to strike is untimely. A party may file a motion to strike within 21 days after the filing of the pleading under attack. Fed.R.Civ.P. 12(f)(2), See *Sliger v. Prospect Mrtg., LLC*, 789 F.Supp.2d 1212 (E.D. Cal. May 27, 2011). Here, Defendants filed their 12(b)(6) motion to dismiss Plaintiff's First Amended Complaint on October 20, 2021, and the deadline for Plaintiff to file her motion to strike was November 10, 2021. Plaintiff did not file the instant Motion to Strike Portions of Defendant Bynum's motion to dismiss until December 1, 2021, which is outside the time permitted under Rule 12(f). Plaintiff did not request an extension or enlargement of time to file her Motion to Strike. As such, Plaintiff's Motion to Strike should be denied on this basis.

### B. **MATTERS OUTSIDE THE PLEADINGS ARE NORMALLY NOT CONSIDERED ON A MOTION TO STRIKE**

Plaintiff may not use Rule 12(f) to attack Defendants' 12(b)(6) motion to dismiss. Matters

SPINELLI, DONALD & NOTT

2

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE PORTIONS OF DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED R. CIV. PROC. 12(B)(6)

outside the pleadings are normally not considered on a motion to strike. *Custom Foam Works, Inc. v. Hydrotech Systems, Ltd.,* 2010 WL 4386710, *1 (S.D.Ill. October 29, 2010).  The function of a Rule 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial.  *Whittlestone, Inc. v. Handi-Craft Co.,* 618 F.3d 970, 973 (9th Cir. 2010).  As such, motions to strike pursuant to Rule 12(f) are appropriate only to strike matters contained in the pleadings.  *Harris v. Rios*, 2014 WL 1247082 (E.D.Cal. March 25, 2014).

Here, Defendants' motion to dismiss is not a pleading.  There is no purpose or value in striking portions of Defendants' motion.  If the court finds certain portions of the motion to be irrelevant, then the court may simply disregard it in its consideration of the merits of the motion.  As such, Plaintiff's motion to strike portions of Defendants' motion to dismiss should be denied on this basis as well.

**C.  THE PORTIONS OF DEFENDANT'S MOTION THAT PLAINTIFF SEEKS TO STRIKE ARE NOT REDUNDANT, UNNECESSARY, IMPERTINENT, OR SCANDALOUS**

Motions to strike are generally viewed with disfavor and will usually be denied unless the allegations in the pleading have no possible relation to the controversy and may cause prejudice to one of the parties.  See *Hanna v. Lane*, 610 F.Supp. 32, 34 (N.D.Ill. 1985).  If the court is in doubt as to whether the challenged matter may raise an issue of fact or law, the motion to strike should be denied, leaving an assessment of the sufficiency of the allegations for adjudication on the merits. See *Whittestone, Inc. v. Handi-Craft Co*., 618 F.3d 970 (9th Cir. 2010).  Here, Plaintiff's motion does not identify any legitimate, substantive basis for striking the challenged materials.

Rule 12(f) authorizes the court to order stricken from <u>any pleading</u> "any redundant, immaterial, impertinent, or scandalous matter."  FRCP Rule 12(f)  (Emphasis added)  A matter is immaterial if it "has no essential or important relationship to the claim for relief or the defenses being pleaded. *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993).  A matter is impertinent if it consists of statements that do not pertain to and are not necessary to the issues in question.  *Id.*  Redundant matter is defined as allegations that "constitute a needless repetition of other averments or are foreign to the issue." *Wilkerson v. Butler*, 229 F.R.D. 166, 170

SPINELLI, DONALD & NOTT

3

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE PORTIONS OF DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED R. CIV. PROC. 12(B)(6)

(E.D.Cal.2005).

Defendant's motion to dismiss argues that res judicata bars Plaintiff's claims. The privity of interest between Peter Harrell and Plaintiff is a necessary element to establishing res judicata. Plaintiff's motion seeks to strike portions of Defendant's motion that demonstrate the privity of interest between Mr. Harrell and Plaintiff. As such, Plaintiff is requesting the court to strike portions of Defendant's motion that go to the heart of Defendant's argument that res judicata bars Plaintiff's complaint. Clearly, this matter is both pertinent and necessary.

Scandalous matter is that which improperly casts a derogatory light on someone, most typically on a party to the action. It is not enough that the matter offends the sensibilities of the objecting party." 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure §1382 (1990) (quotation marks omitted). Granting a motion to strike scandalous matter is aimed, in part, at avoiding the prejudice that might arise if a jury were permitted to see the offensive matter. *Id*. Here, despite strong rhetoric, Plaintiff has not demonstrated that her litigation conduct as revealed through court filings with the Eastern District of California is scandalous. Moreover, the jury will not be seeing Defendant's motion, so Plaintiff cannot demonstrate any prejudice.

Additionally, Plaintiff argues that the court should not consider matters outside of the pleadings. Plaintiff also argues that res judicata based on privity of interest is in violation of the due process clause. These arguments go to the merits of Defendant's res judicata argument; they should be made in an opposition to Defendant's motion to dismiss, not in a motion to strike.

Lastly, Plaintiff argues that the presentation of these materials was not part of a proper request for judicial notice. However, Federal Rules of Evidence 201(c)(d) allows the court to take judicial on its own, and at any stage of the proceeding. The Court may take judicial notice of matters in the public record, here documents filed with and by the Court, and in the other actions filed by Plaintiff insofar as they aid the Court in the resolution of this matter. See *MGIC Indem. Comp. v. Weisman*, 803 F.2d 50, 504 (9th Cir. 1986) (taking judicial notice of other court documents filed in the public record); *Day v. Moscow*, 955 F.2d 907, 811 (2d Cir. 1992) (explaining that a court may take judicial notice of its own records), see also FRE 201(b).

Here, Defendant is not requesting that the court take judicial notice of arguments or disputed

SPINELLI, DONALD
& NOTT

4

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE PORTIONS OF DEFENDANTS'
MOTION TO DISMISS PURSUANT TO FED R. CIV. PROC. 12(B)(6)

facts from prior cases, and Plaintiff does not cite any authority for the proposition that the Court cannot take judicial notice of matters in the public record, including cases and judicial orders filed with the Eastern District of California.  Since Defendants would like the court to recognize the existence of these cases, Defendants will be filing a request for judicial notice.  In any event, these issues again go to the merits of the motion to dismiss, which is highly improper for a motion to strike.

### IV. CONCLUSION

Based on the foregoing, Defendants respectfully request that Plaintiff's motion to strike be denied.

Dated:  December 15, 2021				SPINELLI, DONALD & NOTT

						By:	/s/ *Jeffrey Chiao*
							JEFFREY CHIAO
							Attorneys for Defendants

SPINELLI, DONALD & NOTT

5

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE PORTIONS OF DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED R. CIV. PROC. 12(B)(6)