Kimberly R. Olson
PO Box 243, Hornbrook, CA 96044
kimberlyrenee@yahoo.com (email not for service)
(530) 475-3669



FILED

DEC 22 2021

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
         DEPUTY CLERK

THE UNITED STATES DISTRICT COURT

IN AND FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Kimberly R. Olson,<br><br>    Plaintiff,<br><br>vs.<br><br>Robert Puckett, Sr., et al,<br>    Defendants, | Case No: 2:21-cv-1482 KJM DMC (PS<br><br>REPLY TO OPPOSITION TO MOTION TO STRIKE PORTIONS OF THE RULE 12(b) MOTION TO DISMISS BY ROBERT PUCKETT, ET AL<br><br>Date: January 5, 2022<br>Time: 10:00 a.m.<br>Place: Redding Courthouse |

Plaintiff Kimberly R. Olson ("Plaintiff" or "Olson"), does hereby Reply to the Opposition (ECF #53) of Defendants Puckett, Dingman, Hanson, Tulledo, and HCSD ("Defendants") to Plaintiff's FRCivP 12(f) Motion to Strike (ECF #51) certain portions of the Rule 12(b) Motion to Dismiss ("12b Motion"), ECF #47, filed by Defendants against Plaintiff's First Amended Complaint ("FAC"), ECF #44.

**1. TIMELINESS**

Plaintiff's Motion to Strike was timely filed in compliance with FRCivP 12(f)(2), which provides that a motion to strike be filed prior to any "response" to a pleading. Alternatively, this Court may strike pleadings at any time per FRCivP 12(f)(1). Finally, the Motion to Strike was filed in compliance with EDCA Local Rule 230(e).

**2. MATTERS OUTSIDE THE PLEADINGS**

It is difficult to ignore the irony associated with the argument on page 3 of the Opposition complaining about Plaintiff's discussing matters outside the pleadings, when the entire purpose of Plaintiff's Motion to Strike is to remove large swaths of just that sort of superfluous, irrelevant matter from the 12b Motion, and to prevent the reoccurrence of bombarding this Court, and Plaintiff, with similar materials, and distracting, low-value matters in the future.

Reply to Opposition to Motion to Strike Portions of 12(b) Motion of Defendants - 1

As argued in Plaintiff's Motion to Strike, it is improper to attempt to collect and present evidence of other cases in an attempt to assert what is essentially an affirmative defense by way of a 12b motion. It is also improper to attempt to present purported evidence of alleged "privity" between Plaintiff and another non-party to this action by resort to using judicial notice in a way that defies the jurisprudence of this Circuit, while the materials themselves are completely irrelevant as a matter of law, are largely hearsay, etc.

Moreover, in this case, <u>which is limited in time to events occurring beginning in July of 2021</u>, it is simply **impossible** to establish any res judicata[1] application to the current proceedings arising from those previous cases the Defendants have improperly packed the Court's file with.

Even if one were to assume Plaintiff was somehow "in privity" with some other pro se persons who filed legal actions long ago, none of the matters adjudicated in those actions could possibly have dealt with the matters in this action - even those that Defendants might claim are "ongoing". That is because the doctrine of res judicata does not necessarily preclude all future actions with regard even to <u>continuing</u> conduct simply because a previous action may have sought prospective relief. The doctrine of res judicata extends only to the facts and conditions as they existed at the time the judgment was rendered, <u>and to the legal rights and relations of the parties as fixed by the facts determined in the judgment</u>[2]. *Colvig v. RKO General, Inc.*, 232 Cal.App.2d 56, 42 Cal.Rptr. 473, 485 (1965). When other facts or conditions intervene, forming a new basis for a claim, the issues are no longer the same and res judicata does not apply. *Id.*; see *Melendres v. City of Los Angeles*, 40 Cal.App.3d 718, 730, 115 Cal.Rptr. 409, 417 (1974).

### 3. THE OPPOSITION'S CLAIMS OF RELEVANCY ARE SPECIOUS

The Opposition at pages 3-5 seems to wilfully ignore the targeted materials discussed in Plaintiff's Motion to Strike in favor of an indignant defence of improperly dragging in materials relating to a large number of cases to which neither Plaintiff, nor any of these Defendants were parties, and as to those few that did have some of these Defendants as parties, there is no rational connection to any of <u>Plaintiff's</u> rights, or legal interests.

---

[1] Res Judicata is an affirmative defense that cannot be raised by 12b motion, and must instead be raised in Answer, thus making all of this material even more irrelevant, and ripe for being stricken. (FRCivP 8(c), 12(b)(1-7); *Moch v. East Baton Rouge Parish School Board*, 548 F.2d at 596 n. 3; *Guam Investment Co. v. Central Building, Inc.*, 288 F.2d 19, 24 (9th Cir. 1961).

[2] And here, despite literally reams of paper being dumped on Plaintiff and the Court, the Defendants have failed to produce even a <u>single</u> judgment from **any** court finding any privity of interest relating to Plaintiff in any cases other than her own.

Reply to Opposition to Motion to Strike Portions of 12(b) Motion of Defendants - 2

However, Plaintiff was quite specific in what she actually asked for in her Motion to Strike, and why. Most of the materials that Plaintiff targeted for striking were not even supported by any items of requested judicial notice[3] (ECF #47, pp.1-3:9),

### 4. DEFENDANTS' REQUESTS FOR JUDICIAL NOTICE ARE IMPROPER

Plaintiff notes that the Defense continually makes improperly overbroad requests for judicial notice, while also ignoring its duties relating to such requests as found in the FRCivP. See Fed. R. Evid. 201(c)(2) (party requesting judicial notice must supply necessary information to guide court's determination of whether facts are subject to judicial notice).

Also, while Federal courts may take judicial notice of the proceedings from other courts, including judgments, orders, and minutes (*Trigueros v. Adams*, 658 F.3d 983, 987 (9th Cir. 2011); *Quackenbush v. Allstate Ins. Co.*, 121 F.3d 1372, 1377 n.3 (9th Cir. 1997)), facts and factual findings contained within such court documents generally are not the proper subject of judicial notice, so it is improper for the Defense to continually cite to these materials, and/or extrapolate from them in their motions and pleadings. See *Altus Finance*, 344 F.3d 931 & n.8 (9th Cir. 2003); *Wyatt v. Terhune*, 315 F.3d 1108, 1114 n.5 (9th Cir. 2003); *Cactus Corner LLC v. U.S. Dept. of Agriculture*, 346 F. Supp. 2d 1075, 1099-1100 (E.D. Cal. 2004). Certainly this is even more true of the Defense's request that this Court take judicial notice of documents such as the purported pleadings of Plaintiff and other persons in another court (and those of non-parties to this action in this Court) - which are themselves completely composed of matters in dispute.

Moreover, many of the items that Plaintiff has requested stricken that were not the subject of any request for judicial notice, and many of those items that the Defence has proffered under the rubric of "judicial notice", are actually not properly subject to judicial notice under

---

[3] Plaintiff notes that Defendants have now late-filed a request for Judicial Notice as ECF #54 involving yet another 2/3 of a ream of irrelevant material. Plaintiff also objects to this filing as being untimely in relation to the Defendants' 12b Motion (filed on October 20, 2021), and since it was filed over two months after the FAC. While Plaintiff does not concede that the Court should take judicial notice as Defendants request, even if the Court is inclined to take judicial notice of Defendants' proposed exhibits, as with evidence generally, the matter to be judicially noticed must be relevant to the issues in the case. Fed. R. Evid. 402; see Latino Food Marketers, LLC v. Ole Mexican Foods, Inc., 407 F.3d 876, 881 (7th Cir. 2005) (The court did not err by refusing to take judicial notice of FDA standards for impeachment purposes when defendant never claimed its products met the standards). In this case, Defendants seek judicial notice of several exhibits that are many pages long, but fails to pinpoint what it is in these documents is supposedly evidence. Plaintiff contends the purpose for which Defendants seeks to admit the exhibits is ultimately not relevant to the issues in this case.

Reply to Opposition to Motion to Strike Portions of 12(b) Motion of Defendants - 3

Rule 201 of the Federal Rules of Evidence - particularly as to exhibits from (or relating to) individual(s) not a party to the present action. The Defense does not merely ask this Court to acknowledge the filing of these materials, but repeatedly cites to the contents thereof for the truth of the matter asserted therein as providing evidentiary support for their 12b Motion, and the Opposition. See, i.e., 12b Motion (ECF #47, pp.2-3).

In the Ninth Circuit, it is well established that "[a]s a general rule, a court may not take judicial notice of proceedings or records in another cause so as to supply, without formal introduction of evidence, facts essential to support a contention in a cause then before it." *M/V American Queen v. San Diego Marine Construction Corp.*, 708 F.2d 1483, 1491 (9th Cir. 1983); accord, *Wyatt v. Terhune, supra,* (factual findings in one case not admissible for their truth in another case through judicial notice); *Pollstar v. Gigmania LTD.*, 170 F. Supp. 2d 974, 978-79 (E.D. Cal. 2000) ("Because there is no authority for judicial notice of pleadings in an unrelated case, the court declines to take judicial notice of the [other court] pleadings.") Nor does Fed. R. Evid. 201 allow for judicial notice of how these Defendants (or their Counsel) believes court proceedings should be interpreted. "A court may not take judicial notice of one party's opinion of how a matter of public record should be interpreted." *United States v. Southern Cal. Edison Co.*, 300 F.Supp.2d 964, 974 (E.D. Cal. 2004). yet, that is exactly what the Defense is asking this Court to do here by putting the contents of its requests for judicial notice before the Court.

This established Ninth Circuit rule is consistent with the leading treatises on the Federal Rules of Evidence. "[A] court may not take judicial notice of the truth of an evidentiary record in another action tried in the same court where there is no conclusive affect to the judgment noticed . . . . It is not permissible to bind a party a party to the evidence in that record except where the party was joined in or privy to the action. Furthermore, although a court may take judicial notice of a prior proceeding, a court cannot take judicial notice of the testimony given at that prior proceeding, as such testimony is hearsay." 29 Am. Jur. 2d, Evidence § 134 (Aug. 2005) (internal footnotes omitted); see also, 21B Fed. Prac. & Proc., Evidence 2d § 5106.4 ("It seems clear that a court cannot notice pleadings or testimony as true simply because these statements are filed with the court."); 31A C.J.S. Evidence, § 58 (June 2005).

Thus, while judicial notice may be taken of the existence and authenticity of public and quasi-public documents, the facts contained within those documents which are subject to reasonable dispute may not be judicially noticed. See *California ex rel. RoNo, LLC v. Altus Finance S.A.*, 344 F.3d 920, 931 & n.8 (9th Cir. 2003); *Cactus Corner, LLC v. United States Dep't of Agric., supra.*

Reply to Opposition to Motion to Strike Portions of 12(b) Motion of Defendants - 4

Therefore, Defendants' citations to the contents of these materials in an effort to use the statements of the court(s) and of the parties to those proceedings as evidence for their character-smearing assertions in this case (12b Motion, pp.2-3) is black letter hearsay.

Rule 801 of the Federal Rules of Evidence defines hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Hearsay is not admissible absent an applicable exception. Fed. R. Evid., R. 801. No possible exception to the hearsay rule applies in the instant case. The statements contained in the 12b Motion, and the exhibits of the Defense requests for judicial notice, each meet the definition of hearsay, as not a single one was made while testifying before this Court. Because the sole purpose of the Defense attempt to introduce these excerpted statements and exhibits to the Court is to prove the truth of the allegations contained therein[4], and in their 12b Motion[5], each constitutes inadmissible hearsay. Therefore, Plaintiff respectfully requests the actual, and implied, Request(s) for Judicial Notice be denied, and the repeated citations to these materials be stricken from the record.

## 5. THE ISSUE OF VEXATIOUSNESS WAS ABANDONED BY THE DEFENSE IN THE OPPOSITION

The Defense failed to explain, or address in any way Plaintiff's attacks upon the specious vexatious litigant remarks, and irrelevant (to this action) long-past state court case citations. The Court should therefore assume there is no Opposition to the Motion to Strike on the issue, and grant Plaintiff's Motion to Strike them.

## 6. CONCLUSION

Litigations involving other plaintiffs and defendants have nothing to with this case. The Defense should stick to issues that are actually before this Court - rather than bogging everyone down with huge piles of unrelated materials having no bearing on any actual claims or defenses.

The materials in the 12b Motion pertaining to non-parties, or other lawsuits in which Plaintiff was not a party, are clearly introduced for the purpose of harassing and embarrassing Plaintiff, and for distracting her, and the Court, from the actual issues of this action, so cannot be presented in good faith. The Defendants are free to use this material as permitted by law as raised in Answer as an affirmative defense, and a proper motion for summary judgment. the

---

[4] The Defendants admit this is so in the Opposition (ECF #53) at p.4:2-7.
[5] Which is another canard, as a 12b Motion is not supposed to go outside the pleadings and involve the taking of evidence anyway - instead, such affirmative defenses must be raised by Answer.

Reply to Opposition to Motion to Strike Portions of 12(b) Motion of Defendants - 5

materials are completely inappropriate in a 12b Motion. This Court should grant Plaintiff's Motion to Strike, and admonish Counsel concerning flooding the file with dross that wastes resources of the parties, and this Court.

Respectfully submitted this 19th day of December, 2021.   _____
Kimberly R. Olson, Plaintiff Pro Se

## CERTIFICATION AND PROOF OF SERVICE

I, Kimberly R. Olson affirm under penalty of perjury under the laws of the United States that I served the appearing Defendants a true copy of the foregoing document via US Mail to their counsel of record, at the address(es) below, on December 19, 2021 as follows:

Jeffrey Chiao
601 University Ave., Ste. 225
Sacramento, CA 95825

Dated this 19th day of December, 2021.

_____
Kimberly R. Olson, Plaintiff Pro Se

Reply to Opposition to Motion to Strike Portions of 12(b) Motion of Defendants - 6