**SPINELLI, DONALD & NOTT**
A Professional Corporation
J. SCOTT DONALD, SBN: 158338
JEFFREY C. CHIAO, SBN: 236781
601 University Avenue, Suite 225
Sacramento, CA 95825
Telephone: (916) 448-7888
Facsimile: (916) 448-6888

Attorneys for Defendants
ROBERT PUCKETT, SR., CLINT DINGMAN, MICHELE HANSON, MELISSA TUELLEDO and HORNBROOK COMMUNITY SERVICES DISTRICT

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY R. OLSON,<br><br>     Plaintiff,<br><br>vs.<br><br>ROBERT PUCKETT, SR., CLINT DINGMAN; MICHELE HANSON; MELISSA TUELLEDO; HORNBROOK COMMUNITY SERVICES DISTRICT; BRUCE'S TOWING/RADIATOR & DISMANTLING; and DOES 1 through 20, inclusive,<br><br>     Defendants. | Case No.: 2:21-cv-1482-KJM-DMC (PS)<br><br>**REPLY TO PLAINTIFF'S OPPOSTION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO Fed. R. Civ. P. 12(b)(6)**<br><br>Date:          January 5, 2022<br>Time:          10:00 am<br>Courtroom:  304, 3rd floor<br>Judge:         Hon. Dennis M. Cota<br><br>Complaint Filed: August 18, 2021<br>First Amended Complaint Filed: October 6, 2021<br>Trial Date:  TBD |

SPINELLI, DONALD & NOTT

1
REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO Fed. R. Civ. P. 12(b)(6)

## I. INTRODUCTION

Plaintiff Kimberly Olson's ("Plaintiff" or "Olson") lengthy opposition to Defendants' motion to dismiss provides a lot of words, but no cogent thought or analysis. Plaintiff's opposition misstates the allegations in her own FAC, relies on legal arguments that are either not applicable or cites to general case law from other circuits. Moreover, Plaintiff's opposition does not point to any well-pleaded facts or cite any authority establishing that her claims satisfy Rule 8. "The tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678.

## II. THE COURT HAS DISMISSED SIMILAR COMPLAINTS BASED ON RES JUDICATA AND FAILURE TO COMPLY WITH RULE 8

While Plaintiff would like this court to ignore her commonality of interest with Peter Harrell ("Harrell") and Roger Gifford ("Gifford"), as well as her extensive litigation history against the very same defendants in this case, these matters go to the heart of this case. It is important for the court to recognize that Plaintiff Olson is part of a trio of disgruntled former Board members for Defendant Hornbrook Community Services District ("HCSD"). Following Plaintiff Olson's removal as Secretary of HCSD and her ex-husband Peter Harrell's removal as the volunteer interim General Manager of HCSD, Plaintiff aligned herself with Harrell and Roger Gifford, another former HCSD director. Together, they have initiated at least <u>ten</u> lawsuits against HCSD alleging the same or similar claims.[1] Each of these lawsuits allege numerous state and federal claims against HCSD and its Board members.

---

[1] <u>For Roger Gifford</u>: See *Roger Gifford v. Hornbrook Community Services District*, et al., 2:15-cv-01274 filed in the United States District Court, Eastern District, ("USDC, ED") (Dismissed by the Court); Rog*er Gifford v. Robert Puckett, Sr., et al*., 2:16-cv-00955 filed in the USDC, ED (Dismissed by the Court); *Roger Gifford v. Michele Hanson*, et al., Superior Court of California, County of Siskiyou, Case No. SCCVCV17-00670 (Dismissed by the Court). Dismissals all affirmed on appeal.; *Gifford v. Kampa*, et al. 2:17-cv-02421 filed in the USDC, ED (Motion to Dismiss granted with leave to amend, Second Amended Complaint filed on December 20, 2021)

<u>For Peter Harrell</u>: See *Peter Harrell v. Hornbrook Community Services District, et al*., 2:14-cv-01595, filed in the USDC, ED (Dismissed by the Court); *Peter T. Harrell v. Clint Dingman, et al*., 2:19-cv-0031, filed in the USDC ED, (Dismissed by the Court); *Peter T. Harrell v. Hornbrook Community Services District*, 17-17191, Superior Court of California, County of Siskiyou.

<u>For Kimberly Olson</u>: See *Kimberly R. Olson v. Hornbrook Community Services District*, et al., 2:15-cv-0646, filed in the USDC, ED (Motion to dismiss pending); *Kimberly R. Olson v. Patricia Slote, et al*., 2:16-cv-956, filed in the USDC, ED (Court recommended that Plaintiff's FAC be dismissed without leave); Kimberly R. Olson v. Laura Bynum, et al., 2:20-cv-248, filed in the USDC, ED (Motion to Dismiss pending).

SPINELLI, DONALD & NOTT

2
REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO Fed. R. Civ. P. 12(b)(6)

Plaintiff takes issue with Defendants' introduction of documents that have been filed with the Eastern District of California ("EDC"). Plaintiff's objections are misguided. There is nothing improper with a court taking judicial notice of pleadings, and judicial findings, recommendations, and orders filed with the EDC. Furthermore, Plaintiff Olson contends that Olson, Harrell, and Gifford's past and current actions against HCSD, are not relevant to this case.

Plaintiff's contentions are rebutted by the very court orders that she wishes this court to ignore. On or about August 15, 2017, Magistrate Judge Gregory G. Hollows noted in his Findings and Recommendations that *Peter Harrell v. Hornbrook Community Services District, et al*., 2:14-cv-01595-KJM-GGH, has been before the court for over three years, has yet to produce a settled complaint, and yet the docket is weighted with 156 entries. The Court further noted that Harrell and Gifford often join in resisting actions by HCSD,

> "which is in itself more than suspicious of litigation game playing. The two cases together are redolent with the suggestion that the point is not to bring this matter to trial, but rather to burden the principal defendant, [HCSD] with heavy defense costs. As [HCSD] is unusually small, it is reasonably apparent that the defense costs are burdensome.[2] (*Harrell v Hornbrook Community Services District*, et al. 2:14-cv-01595-KJM-GGH, Findings & Recommendations, p. 11:21- 12:3, ECF No. 157)

On or about August 17, 2017, Magistrate Judge Gregory G. Hollows' Findings and Recommendations in *Gifford v. Puckett, Sr. et al*., 2;16-cv-0955-KJM-GGH, found that res judicata barred plaintiff's claims pre-dating June 15, 2015, and recommended Gifford's Second Amended Complaint be dismissed with prejudice. The court stated:

> "Assessing the applicability of [res judicata] under the remainder of the standard in the present case is somewhat difficult given the verbosity and organization of the plaintiff's complaints in the two cases. Nonetheless, it is clear that there is significant overlap in the substance of the two Complaints disclosed in the captions, each of which identifies the overall claims being brought." (*Gifford v. Puckett, Sr*. ECF No. 69, p. 13 lns 1-5)

Magistrate Judge Hollows' Findings and Recommendations were adopted by Chief U.S. District Court Judge Kimberly Mueller on March 28, 2018, and Plaintiff appealed. (*Gifford v. Puckett, Sr*. ECF No. 73) Following Plaintiff's appeal, Magistrate Judge Hollows issued an order stating:

---

[2] The court took judicial notice of the information on the web page of the State Water resources Control Board, Division of Drinking Water, to find that HCSD serves only a population of approximately 280 people and 141 water connections.

SPINELLI, DONALD & NOTT

3

REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO Fed. R. Civ. P. 12(b)(6)

> "The court further pointed out that plaintiff's pleadings, when compared with those found in *Harrell v. Hornbrook Community Service District*, 2:14-cv-01595-KJM-GGH, now also pending before the Circuit Court as case number 17-17209, left this court with a deep conviction that these two plaintiffs are working together to destroy the [Hornbrook Community Services District] insofar as the two complaints show a remarkable, almost carbon copy, likeness between them including the format they use and the arguments they make…In sum, the feeling of collusion raised by those similarities could not be ignored."

> "Both cases demonstrate the abuse of in forma pauperis status where for no cost to plaintiffs, and in which plaintiffs litigate from afar, defendants have to obtain counsel and expend significant resources defendant an action with multitudinous and voluminous claims which take tens or even hundreds of pages to state.

(*Gifford v. Puckett, Sr*. ECF No. 81, p. 2 lns 3-11, 20-23)

On January 8, 2019, the Ninth Circuit concluded that the appeal was frivolous and dismissed the appeal under 28 U.S.C. §1915(e)(2). (*Gifford v. Puckett, Sr.*, ECF No. 86) Despite the foregoing court orders, not only does Gifford and Harrell continue to make the same allegations against HCSD and its individual Board Members, but Kimberly Olson has likewise joined their efforts. For instance, by way of illustration, in *Gifford v. Puckett, Sr. et al.*, 2;16-cv-0955-KJM-GGH, Plaintiff alleged that:

> Dingman obtained "a 50% pay increase above [his] contracted rate, as well as a large, but unspecific increase in the number of hours above those permitted by that contract…All such excessive payments constituted a wrongful, and impermissible gift of, and waste of, public funds under California law." (*Gifford v. Puckett, Sr. et al*. Second Amended Complaint filed on February 1, 2017, p. 28 ¶29, ECF No. 14)

Including the instant case, Harrell, Gifford, and Olson each make essentially the same claim against Defendant Dingman in at least <u>four separate subsequent complaints</u> on file with the EDC:

> "Dingman wrongly billed for, and received payment for, hours which he did not actually work, and/or for which he had already been paid, or for hours and rate of pay in excess of his contract terms, and/or for alleged labor he was prohibited by law from undertaking – all in violation of the California False Claims Act, and which wrongful payments are also wrongful diversion, and/or gifts, of public funds (footnotes omitted). (*Harrell v. Dingman*, 2:19-cv-0031-KJM-AC, Second Amended Complaint filed on May 13, 2019, p. 15 ¶ 55, ECF No. 17)

> "Dingman fraudulently billed for, and as a result wrongfully received payment for, hours which he did not actually work, and/or for which he had already been paid, or for hours and rate of pay in excess of his contract terms, all also in violation of the California False Claims Act, and such wrongfully- received payments are also gifts of public funds (footnotes omitted). (*Olson v. Hornbrook Community Services,* et al. 2:15-cv-00646-KJM-DMC, Third Amended Complaint filed on July 22, 2019, p. 28 ¶59 ECF No. 40)

> "Dingman's wrongful, improper, and illegal pay increase, and extra hours, above and beyond those stated in his contract with the District, without any action by the Board of the HCSD approving such; along with the Board Defendants' and HCSD's ratification of

SPINELLI, DONALD & NOTT

4
REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO Fed. R. Civ. P. 12(b)(6)

> Dingman's false claims of pay rate, extra "jobs" and self-assigned duties, extra duties wrongfully and illegally assigned by Puckett and/or other individual Board members- all undertaken without action being taken by the Board as whole in compliance with Government Code section 61045- number of hours, and hours worked on each of his timesheets, are improper gifts of public funds, waste of public funds, and fraud (footnote omitted). (*Olson v. Puckett Sr., et al*. 2:21-cv-01482-KJM-DMC, First Amended Complaint filed on October 6, 2021, p. 16, ¶38, ECF No. 44)

> "During the time material to this complaint, in furtherance of that conspiracy, Dingman wrongfully (and fraudulently) billed for, and received payment for, hours which he did not actually work, and/or for which he had already been paid, or for hours and rate of pay in excess of his contract terms, and/or for alleged labor he was prohibited by law from undertaking – all of which payments represented the gifts of public funds (footnotes omitted). (*Gifford v. Kampa*, et al. 2:17-cv-02421-TLN-DMC, Second Amended Complaint filed on December 20, 2021, p. 19 ¶47, ECF No. 85)

Based upon the same allegation of wrongful pay increase and wrongfully assigned duties, etc., Plaintiff seeks "disgorgement by Dingman of all wasted public funds, and/or gifts of public funds received by Dingman…" in the instant case. (ECF No. 44, p. 27, lns 4-7)  This claim was not only dismissed in *Gifford v. Puckett, Sr. et al.*, 2;16-cv-0955-KJM-GGH, but was again later dismissed in *Harrell v. Dingman, et. al.*, 2:19-cv-0031-KJM-AC.

On May 29, 2019, Magistrate Judge Allison Claire's Findings and Recommendations found that plaintiff Harrell's SAC did not meet the pleading standard of Rule 8 and failed to plainly identify any claim(s) that would entitle plaintiff to relief.  As such, Magistrate Judge Claire recommended that Plaintiff's complaint be dismissed without leave to amend based on futility of amendment.  (*Harrell v. Dingman, et. al.*, 2:19-cv-0031-KJM-AC, ECF No. 19)  Magistrate Judge Claire's Findings & Recommendations were adopted in full by Chief U.S. District Court Judge Kimberly Mueller on September 24, 2019.  (*Harrell v. Dingman, et. al.*, ECF No. 22)  Harrell appealed, and the Ninth Circuit affirmed on August 14, 2020, finding that the district court did not abuse its discretion by denying Harrell leave to amend.  (*Harrell v. Dingman, et. al.*, ECF No. 29)

The U.S. Supreme Court has adopted the view that application of res judicata serves the "public policy [that] dictate[s] **that there be an end to litigation**; that those who have contested an issue shall be bound by the result of the contest; and, that matters once tried shall be considered forever settled as between the parties." *Federated Department Stores, Inc. v. Moitie*, 452 U.S. 394 (1981) (emphasis added).  The Ninth Circuit has concurred in this philosophy of rigid enforcement of this doctrine.  See *Main v. HEW, Health Care Financing Agency* 769 F.2d 590, 594 (9th Cir.

SPINELLI, DONALD & NOTT

5
REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO Fed. R. Civ. P. 12(b)(6)

1985) (holding that a party who does not appeal, or fails to perfect his appeal, has "accepted the court's final rejection of his claims in one instance without appeal, he can claim no fairness requirement that he be allowed to continue to litigate the same claims in a different courtroom.")

In the instant case, while Plaintiff contends that the operative complaint only deals with events and circumstances after July 1, 2021, this contention clearly misrepresents the actual allegations contained in Plaintiff's FAC.  For instance, Plaintiff alleged that HCSD and Board Defendants engaged in wrongful conduct by "holding non- or improperly -noticed Board meeting" during which they adopted illegal resolutions, motions, etc.  (ECF No. 44, p. 10 ¶22)  Plaintiff also alleged that HCD and Board Defendants operated HCSD in a willfully negligent, reckless, and dangerous manner by failing to undertake diagnostics needed to competently operate the water facilities, and to make needed and necessary repairs to the HCSD water production, storage, and distribution systems… (ECF No. 44, p. 11, ¶24)  Similar to Plaintiff's allegations against Defendant Dingman for waste of public funds, these allegations, among others, were made in in prior actions filed by Olson, Harrell, and Gifford.  (See, e.g. *Gifford v. Puckett Sr. et al.*, SAC, ECF No. 14, p. 9, ¶9, *Harrell v. Dingman, et. al.*, SAC, ECF No. 17, p. 11, ¶ 33, *Olson v. Hornbrook et. al*, TAC, ECF No. 40,p. 10-12).  In sum, for the last eight years, Olson, Harrell, and Gifford, have continuously filed actions against HCSD and its board members, alleging that HCSD was mismanaged, wasted public funds, and violated innumerable state and federal laws.

*Gifford v. Puckett, Sr. et al.*, 2;16-cv-0955 and *Harrell v. Dingman*, 2:19-cv-0031 were dismissed by the court on grounds of res judicata and failure to comply with Rule 8 pleadings standards.  When Olson, Harrell, and Gifford, repeatedly file complaints containing multiple, nearly identical allegations against the same Defendants, there is a "substantial identity" between the party and nonparty. *In re Schimmels*, 127 F.3d 874, 881 (9th Cir. 1997).  As such, this court should dismiss all of Plaintiff's claims that involve facts and circumstances prior to July 1, 2021.  However, it is difficult to decipher which of Plaintiff's claims can be limited to post-July 2021, events.  Moreover, given the FAC's verbose, confusing and conclusory allegations, as well as shot-gun pleading organization, to the extent that Plaintiff's claims may survive res judicata, they do not survive Rule 8.  See *McHenry v. Renne*, 84 F.3d at 1177 (district court did not abuse discretion in

SPINELLI, DONALD & NOTT

6

REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO Fed. R. Civ. P. 12(b)(6)

dismissing with prejudice on the basis of Rule 8, where the complaint was 'argumentative, prolix, replete with redundancy, and largely irrelevant"); *Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981) (dismissal under Rule 8 was proper where the complaint was "verbose, confusing, and conclusory").  Therefore, the balance of Plaintiff's FAC should be dismissed pursuant to Rule 8.

## III. PLAINTIFF'S 14TH AMENDMENT DUE PROCESS AND EQUAL PROTECTION CLAIMS FAIL

A municipal act that neither utilizes a suspect classification nor draws distinctions among individuals that implicate fundamental rights will violate substantive due process rights when it is shown that the action is not "rationally related to a legitimate governmental purpose." *Richardson v. City and County of Honolulu*, 124 F.3d 1150, 1162 (9th Cir. 1997).  We will strike down a statute on substantive due process grounds if it is arbitrary and irrational.  *Del Monte Dunes v. City of Monterey*, 920 F.2d 1496, 1508 (9th Cir. 1990).

The Supreme Court has long cautioned that the federal courts should not make "the Fourteenth Amendment a font of tort law to be superimposed upon whatever systems may already be administered by the States." *Daniels v. Williams* 474 U.S. 327, 332, 106 S.Ct. 662 (1986).  What matters is not merely the initial deprivation but whether the State has set up adequate procedural protections surrounding it.  The availability of potential state tort remedies supports the view that a Plaintiff was provided with adequate postdeprivation process.  *Miranda v. City of Casa Grande*, 2021 WL 4852128 (9th Cir.) (accepting a contrary position threatens to turn every mishap or misdeed in a state administrative process into a federal constitutional violation.")

Here, Plaintiff has not alleged a code section, ordinance, or statute that is arbitrary, irrational, and serves no legitimate governmental purpose.  In this case and in prior cases, Plaintiff has improperly turned every mishap or grievance into a federal constitutional violation.  Furthermore, since no code section, ordinance, or statute was alleged, Plaintiff has not and cannot allege what pre or post-deprivation process was available to her.  As such, Plaintiff's substantive and procedural due process claims fail as a matter of law.

//

SPINELLI, DONALD & NOTT

7
REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO Fed. R. Civ. P. 12(b)(6)

Plaintiff contends that her equal protection claim is based on a "class of one" theory – that Plaintiff was singled out by Defendants and treated differently from other, similarly situated property owners, and did so without a rational basis. *Gerhart v. Lake Cnty., Montana*, 637 F.3d 1013, 1022 (9th Cir. 2011). Plaintiff's mere allegation that Defendants discriminated against her as a "class of one" is a legal conclusion, however. To state a claim as a class of one, a plaintiff must articulate to whom she is similarly situated to and how they are similar. See *McCollum v. California Dept. of Corrections and Rehabilitation*, 647 F.3d 870, 880-81 (9th Cir. 2011).

Here, Plaintiff has not included factual allegations that she was treated differently from other people with whom she was similarly situated and that there was no rational basis for the difference in her treatment. As such, Plaintiff has failed to present an Equal Protection claim sufficient to withstand a motion to dismiss.

## IV. PLAINTIFF HAS FAILED TO ALLEGE A *MONELL* CLAIM AGAINST HCSD

Plaintiff properly alleges a §1983 action against a local government entity only if "the action that is alleged to be unconstitutional implemented or executed a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Orin v. Barclay*, 272 F.3d 1207, 1217 (9th Cir. 2001) (quoting *Monell*, 436 U.S. at 690). A single constitutional deprivation ordinarily is insufficient to establish a longstanding practice or custom. *Christie v. Iopa*, 176 F.3d 1231, 1235 (9th Cir. 1999 (citations omitted).

Defendants' 12(b)(6) motion argued that Plaintiff failed to allege a *Monell* claim against Defendant HCSD. Plaintiff failed to identify any county or municipal code, regulation, or ordinance as the "moving force" behind the constitutional violations she allegedly suffered. Since a longstanding policy or custom has not been alleged, HCSD cannot be held liable based upon a single alleged constitutional deprivation- the alleged restriction placed on Plaintiff's excessive water use.

Plaintiff's Opposition contends that she has properly alleged a *Monell* claim because she named as Defendants, the actual persons who control the operation of HCSD, and who create and implement its policies, procedures, customs, and practices. Plaintiff misunderstands the law on this

SPINELLI, DONALD & NOTT

8
REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO Fed. R. Civ. P. 12(b)(6)

point, however.

> Municipal liability attaches only where the decisionmaker possesses final authority to establish municipal policy with respect to the action ordered. The fact that a particular official- even a policymaking official- has discretion in the exercise of particular functions does not, without more, give rise to municipal liability based on an exercise of that discretion. The official must also be responsible for establishing final government policy respecting such activity before the municipality can be held liable. *Pembraur v. City of Cincinnati,* 475 U.S. 469, 481-83 (1986).

There is no allegation in the FAC as to what municipal or county policy was deprived Plaintiff of her constitutionally protected rights. Likewise, there is no allegation regarding who was responsible for establishing this unidentified government policy. Therefore, Plaintiff has failed to allege any federal civil rights claims against HCSD under *Monell*.

## V. DISMISSAL SHOULD BE WITHOUT LEAVE TO AMEND

A court need not permit an attempt to amend if "it is clear that the complaint could not be saved by an amendment." *Livid Holdings Ltd. v. Salomon Smith Barney, Inc*. 416 F.3d, 940, 946 (9th Cir. 2005); see also *Gompper v. VISX, Inc*., 298 F.3d 893, 898 (9th Cir. 2002) (leave to amend need not be granted where amendment would be futile); see also *Steckman v. Hart Brewing, Inc*., 143 F.3d 1293, 1298 (9th Cir. 1988). Here, Plaintiff Olson's past and present filings against HCSD and its Board members demonstrate that any further amendment will not lead to the assertion of a viable claim against Defendants. Plaintiff Olson has already amended its complaint once, and her Opposition stands firm on the viability of her FAC. Plaintiff has not requested any leave to amend, and thus, no leave to amend should be permitted.

## VI. CONCLUSION

For the foregoing reasons, Defendants respectfully request that this motion to dismiss be granted and that Plaintiff's First Amended Complaint be dismissed without leave to amend.

Dated:  December 29, 2021                    SPINELLI, DONALD & NOTT

By: ___/s/ *Jeffrey Chiao*___
J. SCOTT DONALD
JEFFREY C. CHIAO
Attorneys for Defendants

SPINELLI, DONALD & NOTT

9
REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO Fed. R. Civ. P. 12(b)(6)