Kimberly R. Olson
PO Box 243, Hornbrook, CA 96044
kimberlyrenee@yahoo.com (email not for service)
(530) 475-3669


FILED
JAN 0 5 2022
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

THE UNITED STATES DISTRICT COURT

IN AND FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Kimberly R. Olson, | ) Case No: 2:21-cv-1482 KJM DMC (PS |
| Plaintiff, | ) |
| vs. | ) OBJECTION TO REQUESTS FOR |
| | ) JUDICIAL NOTICE IN REPLY TO |
| Robert Puckett, Sr., et al, | ) OPPOSITION TO RULE 12(b) MOTION TO |
| Defendants, | ) DISMISS BY ROBERT PUCKETT, ET AL |
| | ) |
| | Date: January 5, 2022 |
| | Time: 10:00 a.m. |
| | Place: Redding Courthouse |

Plaintiff Kimberly R. Olson ("Plaintiff" or "Olson"), does hereby OBJECT to the Reply to her Opposition to Defendants Puckett, Dingman, Hanson, Tulledo, and HCSD's ("Defendants") Rule 12(b) Motion to Dismiss ("12b Motion"), ECF #47, filed by Defendants against Plaintiff's First Amended Complaint ("FAC"), ECF #44. True to form, Defendants have now filed with this Court yet another huge stack of irrelevant materials, and asked it to improperly take judicial notice of disputed facts, opinions, and discussions therein. Not only is such a request improper in and of itself, it is improperly brought as part of the Reply - rather than having been submitted with the initial 12b Motion.

### 1. DEFENDANTS' REQUESTS FOR JUDICIAL NOTICE ARE IMPROPER

Plaintiff notes that the Defense continually makes improperly overbroad requests for judicial notice, while also ignoring its duties relating to such requests as found in the FRCivP. See Fed. R. Evid. 201(c)(2) (party requesting judicial notice must supply necessary information to guide court's determination of whether facts are subject to judicial notice).

Also, while Federal courts may take judicial notice of the proceedings from other courts, including judgments, orders, and minutes (*Trigueros v. Adams*, 658 F.3d 983, 987 (9th Cir. 2011); *Quackenbush v. Allstate Ins. Co.*, 121 F.3d 1372, 1377 n.3 (9th Cir. 1997)), facts and factual findings contained within such court documents generally are not the proper subject of judicial notice, so it is improper for the Defense to continually cite to these materials, and/or

extrapolate from them in their motions and pleadings - as is done throughout the Reply. See *Altus Finance*, 344 F.3d 931 & n.8 (9th Cir. 2003); *Wyatt v. Terhune*, 315 F.3d 1108, 1114 n.5 (9th Cir. 2003); *Cactus Corner LLC v. U.S. Dept. of Agriculture*, 346 F. Supp. 2d 1075, 1099-1100 (E.D. Cal. 2004). Certainly this is even more true of the Defense's request that this Court take judicial notice of documents such as the purported pleadings of Plaintiff and other persons in another court (and those of non-parties to this action in this Court) - which are themselves completely composed of matters in dispute, but especially where no explanation is provided as to what the point of the "notice" is, nor what "facts" are sought to be established.

Moreover, many of the items that the Defence has proffered under the rubric of "judicial notice", are actually not properly subject to judicial notice under Rule 201 of the Federal Rules of Evidence - particularly as to exhibits from (or relating to) individual(s) not a party to the present action. The Defense does not merely ask this Court to acknowledge the filing of these materials, but repeatedly cites in the Reply to the contents thereof for the truth of the matter asserted therein as providing evidentiary support for their 12b Motion.

In the Ninth Circuit, it is well established that "[a]s a general rule, a court may not take judicial notice of proceedings or records in another cause so as to supply, without formal introduction of evidence, facts essential to support a contention in a cause then before it." *M/V American Queen v. San Diego Marine Construction Corp.*, 708 F.2d 1483, 1491 (9th Cir. 1983); accord, *Wyatt v. Terhune*, supra, (factual findings in one case not admissible for their truth in another case through judicial notice); *Pollstar v. Gigmania LTD.*, 170 F. Supp. 2d 974, 978-79 (E.D. Cal. 2000) ("Because there is no authority for judicial notice of pleadings in an unrelated case, the court declines to take judicial notice of the [other court] pleadings.") Nor does Fed. R. Evid. 201 allow for judicial notice of how these Defendants (or their Counsel) believes court proceedings should be interpreted. "A court may not take judicial notice of one party's opinion of how a matter of public record should be interpreted." *United States v. Southern Cal. Edison Co.*, 300 F.Supp.2d 964, 974 (E.D. Cal. 2004). yet, that is exactly what the Defense is asking this Court to do here by putting the contents of its requests for judicial notice before the Court.

This established Ninth Circuit rule is consistent with the leading treatises on the Federal Rules of Evidence. "[A] court may not take judicial notice of the truth of an evidentiary record in another action tried in the same court where there is no conclusive affect to the judgment noticed .... It is not permissible to bind a party a party to the evidence in that record except where the party was joined in or privy to the action. Furthermore, although a court may take judicial notice of a prior proceeding, a court cannot take judicial notice of the testimony given at

that prior proceeding, as such testimony is hearsay." 29 Am. Jur. 2d, Evidence § 134 (Aug. 2005) (internal footnotes omitted); see also, 21B Fed. Prac. & Proc., Evidence 2d § 5106.4 ("It seems clear that a court cannot notice pleadings or testimony as true simply because these statements are filed with the court."); 31A C.J.S. Evidence, § 58 (June 2005).

Thus, while judicial notice may be taken of the existence and authenticity of public and quasi-public documents, the facts contained within those documents which are subject to reasonable dispute may not be judicially noticed. See *California ex rel. RoNo, LLC v. Altus Finance S.A.*, 344 F.3d 920, 931 & n.8 (9th Cir. 2003); *Cactus Corner, LLC v. United States Dep't of Agric., supra.*

Therefore, Defendants' citations in the Reply to the contents of these materials in an effort to use the statements of the court(s) and of the parties to those proceedings generally as evidence for their assertions in this case is black letter hearsay.

Rule 801 of the Federal Rules of Evidence defines hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Hearsay is not admissible absent an applicable exception. Fed. R. Evid., R. 801. No possible exception to the hearsay rule applies in the instant case, and there is not a hearsay exception rule even for the statements of judges. The statement excerpts contained in the Reply, and the exhibits of the Defense requests for judicial notice, each meet the definition of hearsay, as not a single one was made while testifying before this Court. Because the sole purpose of the Defense attempt to introduce these excerpted statements and exhibits to the Court is to prove the truth of the allegations contained therein, and in their 12b Motion, each constitutes inadmissible hearsay. Therefore, Plaintiff respectfully requests the actual, and implied, Request(s) for Judicial Notice be denied, and the repeated citations to these materials in the Reply be stricken from the record.

## 2. THE OPPOSITION'S CLAIMS OF RELEVANCY ARE SPECIOUS

The Reply seems to habitually engage in an indignant defence of repeatedly and improperly dragging in disorganized jumbles of materials relating to a large number of cases to which neither Plaintiff, nor any of these Defendants were parties, and as to those few that did have some of these Defendants as parties, there is no rational connection to any of Plaintiff's rights, or legal interests - particularly in the current action. Thus, there is no legally-tenable basis for any "privity" between Plaintiff and other pro se plaintiffs - particularly involving those other persons' claims from many years ago. The Defendants do not point to any interest of

Plaintiff's therein (indeed, such is not even alleged), nor that Plaintiff participated in, or controlled <u>any</u> of the litigations of other pro se persons they ask this Court to wade through.

It is improper to attempt to collect and present evidence of other cases in an attempt to assert what is essentially an affirmative defense by way of a 12b motion.  It is also improper to attempt to present purported evidence of alleged "privity" between Plaintiff and any other non-party to this action by resort to using judicial notice in a way that defies the jurisprudence of this Circuit, while the materials themselves are completely irrelevant as a matter of law, are largely hearsay, and come to the case attached tot he Reply to Plaintiff's Opposition to the 12b Motion.

Moreover, in this case, <u>which is limited in time to events occurring beginning in July of 2021</u>, it is simply **impossible** to establish any res judicata[1] application to the current proceedings arising from those previous cases the Defendants have improperly packed the Court's file with.

Even if one were to <u>assume</u> Plaintiff was somehow "in privity" with some other pro se persons who filed legal actions long ago, none of the matters adjudicated in those actions could possibly have dealt with the matters in this action - even those that Defendants might claim are "ongoing".  That is because the doctrine of res judicata does not necessarily preclude all future actions with regard even to <u>continuing</u> conduct simply because a previous action may have sought prospective relief.  The doctrine of res judicata extends only to the facts and conditions as they existed at the time the judgment was rendered, <u>and to the legal rights and relations of the parties as fixed by the facts determined in the judgment</u>[2]. *Colvig v. RKO General, Inc.*, 232 Cal.App.2d 56, 42 Cal.Rptr. 473, 485 (1965). When other facts or conditions intervene, forming a new basis for a claim, the issues are no longer the same and res judicata does not apply. *Id.*; see *Melendres v. City of Los Angeles*, 40 Cal.App.3d 718, 730, 115 Cal.Rptr. 409, 417 (1974).

## 3. CONCLUSION

Plaintiff has brought this action in good faith on the basis of the acts of these Defendants - who, having dodged responsibility for actions they engaged in the past, clearly believe they should be immunized from all accountability by anyone until the end of time.  Plaintiff has endeavoured mightily to perform as instructed by this Court, and to conform to legal norms and

---

[1] Res Judicata is an affirmative defense that cannot be raised by 12b motion, and must instead be raised in Answer, thus making all of this material even more irrelevant. The Court should deny the request for judicial notice. (FRCivP 8(c), 12(b)(1-7); *Moch v. East Baton Rouge Parish School Board*, 548 F.2d at 596 n. 3; *Guam Investment Co. v. Central Building, Inc.*, 288 F.2d 19, 24 (9th Cir. 1961).

[2] And here, despite literally **reams** of paper being dumped on Plaintiff and the Court, the Defendants have failed to produce even a <u>single</u> judgment from **any** court finding any privity of interest relating to Plaintiff in any cases other than her own.

Objection to Reply to Opposition to 12(b) Motion of Defendants - 4

process in bringing her action. Litigations involving other plaintiffs and defendants have nothing to with this case. The Defense should stick to issues that are actually before this Court - rather than bogging everyone down with huge piles of unrelated, inadmissible materials having no real bearing on any actual claims or defenses. Here, Plaintiff's complaint <u>specifies</u> a time period for relevancy; the Defense has no right to try and pretend that Plaintiff actually seeks to adjudicate any events or actions taken prior to July 1, 2021 herein[3]. A 12b Motion must assume that Plaintiff's pleadings are true - the allegations therein cannot be disputed by a defendant.

The materials in the Reply pertaining to non-parties, or other lawsuits in which Plaintiff was not a party, are clearly introduced for the purpose of harassing and embarrassing Plaintiff, and for distracting her, and the Court, from the actual issues of this action, so cannot be presented in good faith. The Defendants are free to use this material as permitted by law as raised in Answer as an affirmative defense, and a proper motion for summary judgment. The materials are completely inappropriate in a 12b Motion - particularly in Reply. This Court should admonish Counsel concerning flooding the file with dross that wastes resources of the parties, and this Court.

Respectfully submitted this 3rd day of January, 2022.     *Kimberly R Olson*

                                                               Kimberly R. Olson, Plaintiff Pro Se

## CERTIFICATION AND PROOF OF SERVICE

I, Kimberly R. Olson affirm under penalty of perjury under the laws of the United States that I served the appearing Defendants a true copy of the foregoing document via US Mail to their counsel of record, at the address(es) below, on January 3, 2022 as follows:

Jeffrey Chiao
601 University Ave., Ste. 225
Sacramento, CA 95825

Dated this 3rd day of January, 2022.     *Kimberly R Olson*

                                                               Kimberly R. Olson, Plaintiff Pro Se

---

[3] Regardless, there is no legal basis for the Court to generally "dismiss all of Plaintiff's claims that involve facts and circumstances prior to July 1, 2021" (Reply, p.6:23-24), and Defendants cite to none.

Objection to Reply to Opposition to 12(b) Motion of Defendants - 5