**SPINELLI, DONALD & NOTT**
A Professional Corporation
J. SCOTT DONALD, SBN: 158338
JEFFREY CHIAO, SBN: 236781
601 University Avenue, Suite 225
Sacramento, CA 95825
Telephone: (916) 448-7888
Facsimile: (916) 448-6888

Attorneys for Defendants
ROBERT PUCKETT, SR., CLINT DINGMAN, MICHELE HANSON, MELISSA TUELLEDO and HORNBROOK COMMUNITY SERVICES DISTRICT

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY R. OLSON,<br><br>    Plaintiff,<br><br>    vs.<br><br>ROBERT PUCKETT, SR., CLINT DINGMAN; MICHELE HANSON; MELISSA TUELLEDO; HORNBROOK COMMUNITY SERVICES DISTRICT; BRUCE'S TOWING/RADIATOR & DISMANTLING; and DOES 1 through 20, inclusive,<br><br>    Defendants. | Case No.: 2:21-cv-1482-KJM-DMC (PS)<br><br>**OPPOSITION TO PLAINTIFF OLSON'S MOTION FOR CIVIL CONTEMPT AND SANCTIONS**<br><br>Date:         March 9, 2022<br>Time:        10:00 a.m.<br>Courtroom: 304, 3rd floor<br>Judge:       Hon. Dennis M. Cota<br><br>Complaint Filed: August 18, 2021<br>Trial Date: TBD<br><br>**[Filed Concurrently With Declaration of Robert Puckett, Sr.]** |

## I. INTRODUCTION

Plaintiff Kimberly Olson's ("Plaintiff or "Olson") latest motion is not an effective use of the Eastern District's limited judicial resources.  The motion relates to the court's Preliminary Injunction Order dated December 6, 2021, ordering that Defendant Hornbrook Community Services District ("HCSD") attach a flow restrictor to Plaintiff's water line limiting Plaintiff to 200 gallons of water per day, or whatever <u>generally applicable</u> use restrictions HCSD enacts in order to conserve water.  (ECF No. 52, p. 2 lns 7-9)  While labeled a civil contempt motion for failure to comply with court's order, Plaintiff's motion fails to provide any competent evidence in support of her claim that her residential water supply has been restricted in a manner that she cannot obtain at least 200 gallons/day.  Instead, Plaintiff's own declaration effectively demonstrates that Plaintiff had access to at least approximately 949 gallons of water per day.

It is evident from Plaintiff's motion that Plaintiff is simply seeking to relitigate and reverse the court's Preliminary Injunction Order, as she is demanding full restoration of her water service (without flow restrictors).  In support, Plaintiff argues that her water pressure does not comply with California's Plumbing Code.  This court's Order did not mandate minimum water pressure, nor did it mention psi or flow rate.  The Supreme Court has long cautioned that the federal courts should not make "the Fourteenth Amendment a font of tort law to be superimposed upon whatever systems may already be administered by the States." *Daniels v. Williams* 474 U.S. 327, 332, 106 S.Ct. 662 (1986).

This case should be about the Fourteenth Amendment, not California's Plumbing Code.  Moreover, Plaintiff's motion should be confined to the issue of compliance with the court's Preliminary Injunction Order.  Since Plaintiff has failed to provide clear and convincing evidence that HCSD has not complied with this court's order, Plaintiff's motion should be denied.

## II. LEGAL STANDARD

Federal courts are imbued with inherent authority to enforce compliance with their lawful orders by holding noncompliant parties in contempt.  *Spallone v. United States*, 493 U.S. 265, 276 (1990).  A court may issue an order of civil contempt against a party that "fail[ed] to take all reasonable steps within the party's power to comply" with a specific and definite court order.  *In re*

*Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993).  Willfulness on the part of the contemnor is not required.  See id.  However, if the disobedience is based on a good faith and reasonable interpretation of the court's order, no contempt shall issue.  *Vertex Distrib., Inc. v. Falcon Foam Plastics, Inc*. 699 F.2d 885, 889 (9th Cir. 1982).

The party moving for a civil contempt order must establish the contemnor's violation by clear and convincing evidence, not merely a preponderance of the evidence.  *United States v. Ayres*, 166 F.3d 991, 994 (9th Cir. 1999).  An alleged contemnor may defend against a finding of contempt by demonstrating either substantial compliance with the definite court order or a present inability to comply with the same.  *Dual-Deck Video*, 10 F.3d at 695; *Ayers,* 166 F.3d at 994.  Substantial compliance is not negated by a few technical or inadvertent violations "where every reasonable effort has been made to comply."  Id.; *Stone v. City & Cty. of San Francisco*, 968 F.2d 850, 857 (9th Cir. 1992).

Accordingly, to grant Plaintiff's Motion, the Court must find (1) by clear and convincing evidence (2) that Defendants violated the Preliminary Injunction Order (3) beyond substantial compliance; and (4) that the violation was not based on a good faith and reasonable interpretation of the court's Order.

**III. COURT PRELIMINARY INJUNCTION ORDER**

On September 17, 2021, the Honorable Dennis M. Cota submitted findings and recommendations to the U.S. District Judge assigned to the case.  (ECF No. 29)  On September 29, 2021, Plaintiff Olson filed Objections to Judge Cota's findings and recommendations.  (ECF No. 40)  On October 14, 2021, Defendants filed a Response to Plaintiff's Olson's Objections.  (ECF No. 45)  On December 6, 2021, U.S. District Judge Kimberly J. Mueller adopted Judge Cota's findings and recommendations in full.  (ECF No. 52)  Judge Mueller's order stated that "Within 10 days of the date of this order, HCSD is ordered to return Olson's water meter and attach a flow restrictor to it, limiting Olson to 200 gallons of water per day, or whatever generally applicable use restrictions HCSD enacts in order to conserve water."

**IV. HCSD'S ENFORCEMENT OF RESOLUTION NO. 2021-02**

On or about July 16, 2021, HCSD passed Resolution No. 2021-02 "Declaration of Water

1  Shortage Emergency" restricting residential water use to 200 gallons per household per day.

2  (Puckett Decl. ¶2, Exh. 1)  Six customers of HCSD, including Olson had flow restrictors installed

3  due to Resolution No. 2021-02. (Puckett Decl. ¶4)  Initially, flow restrictors allowed 240 gallons of

4  water a day.  This is 40 gallons in excess of the 200 gallons allowed by the court's Preliminary

5  Injunction Order.  (Puckett Decl. ¶3)  However, following Olson's complaints of insufficient water

6  pressure, HCSD changed all flow restrictors on October 10, 2021, to a restrictor that allowed 720

7  gallons of water per day.  (Puckett Decl. ¶5)  Despite the change, Olson continued to complain

8  about water pressure issues.  As such, on or about November 20, 2021, HCSD changed all flow

9  restrictors to one that allowed 2100 gallons per day.  (Puckett Decl. ¶6)

10       In sum, HCSD's residential water use restrictions are generally applicable to all of its

11 customers, and water flow restrictors were placed on five other customers' residences besides

12 Olson.  Moreover, by the time the Preliminary Injunction Order at issue came in effect in December

13 6, 2021, Olson's water restrictor allowed 2100 gallons of water per day.

14       **V. OLSON DECLARATION AND SUPPORTING EVIDENCE**

15       Plaintiff Olson contends that HCSD has failed to comply with the court's order by

16 restricting Plaintiff's water use to dramatically less than 200 gallons per day.  (ECF No., p. 3, lns

17 18-20)  Plaintiff's contention is undermined by her own declaration.  Paragraph 3 of Olson's

18 Declaration states that she gets approximately almost 2/3 of a gallon of water per minute.  (ECF No.

19 67, p.9, lns 1-9)  There are 1440 minutes in a day (24 hrs x 60 minutes).  Assuming that Plaintiff

20 allows her water to run nonstop for an entire day, Plaintiff's water usage would potentially be

21 approximately 949 gallons per day.  In other words, Plaintiff's own declaration demonstrates that

22 her water use was not restricted below 200 gallons per day.

23       Additionally, Plaintiff attaches her water bills as Exhibit D, demonstrating that her water

24 usage was 1640 gallons in November 2021 and 1180 gallons in December 2021.  These water bills

25 show Plaintiff Olson's actual water usage; they do not show what Plaintiff's water restrictions were.

26 The bills do not indicate by clear and convincing evidence that HCSD violated the court's

27 Preliminary Injunction Order by restricting Plaintiff's water usage to below 200 gallons per day.

28       Lastly, Plaintiff cites California's Plumbing Code and California's Waterworks Standards,

arguing that she does not have adequate water pressure.  However, the court's Preliminary Injunction Order ordered that HCSD attach a flow restrictor to Plaintiff's water line limiting Plaintiff to 200 gallons of water per day.  The court's Order did not mandate minimum water pressure, nor did it mention psi or flow rate.  As such, rather than provide evidence and argument that HCSD has substantially failed to comply with court order, Plaintiff is instead arguing to expand the court's order.[1]  Again, Plaintiff's own declaration demonstrates that her water line can deliver approximately 949 gallons per day, which is significantly in excess of the court's order.  Plaintiff's civil contempt motion must be denied.

## VI. CONCLUSION

Based on the forgoing, Defendant HCSD respectfully requests that this court deny Plaintiff Olson's Motion for Civil Contempt and Sanctions in its entirety.

Dated: February 23, 2022          **SPINELLI, DONALD & NOTT**

By  /s/ *Jeffrey Chiao*
JEFFREY CHIAO
Attorney for Defendants
ROBERT PUCKETT, SR., CLINT DINGMAN, MICHELE HANSON, MELISSA TUELLEDO and HORNBROOK COMMUNITY SERVICES DISTRICT

---

[1] Plaintiff also fails to present any clear and convincing evidence that her water pressure was below 20 pounds per square inch.