1  **SPINELLI, DONALD & NOTT**
   A Professional Corporation
2  J. SCOTT DONALD, SBN: 158338
   JEFFREY CHIAO, SBN: 236781
3  601 University Avenue, Suite 225
   Sacramento, CA 95825
4  Telephone:  (916) 448-7888
   Facsimile:   (916) 448-6888
5
   Attorneys for Defendants
6  ROBERT PUCKETT, SR., CLINT
   DINGMAN, MICHELE HANSON,
7  MELISSA TUELLEDO and HORNBROOK
   COMMUNITY SERVICES DISTRICT
8

9              UNITED STATES DISTRICT COURT

10            EASTERN DISTRICT OF CALIFORNIA

11

12 KIMBERLY R. OLSON,                    Case No.:  2:21-cv-1482-KJM-DMC (PS)

13            Plaintiff,                 **DECLARATION OF ROBERT
                                         PUCKETT, SR. IN SUPPORT OF
14       vs.                             OPPOSITION TO PLAINTIFF OLSON'S
                                         MOTION FOR CIVIL CONTEMPT AND
15 ROBERT PUCKETT, SR., CLINT            SANCTIONS**
   DINGMAN; MICHELE HANSON;
16 MELISSA TUELLEDO; HORNBROOK           Date:          March 9, 2022
   COMMUNITY SERVICES DISTRICT;          Time:          10:00 a.m.
17 BRUCE'S TOWING/RADIATOR &             Courtroom:     304, 3rd floor
   DISMANTLING; and DOES 1 through 20,   Judge:         Hon. Dennis M. Cota
18 inclusive,

19            Defendants.               Complaint Filed: August 18, 2021
                                        Trial Date:  TBD
20

21

22

23

24

25

26

27

28

1
DECLARATION OF ROBER PUCKETT, SR. IN SUPPORT OF OPPOSITION TO PLAINTIFF OLSON'S MOTION
FOR CIVIL CONTEMPT AND SANCTIONS

## DECLARATION OF ROBERT PUCKETT

I, Robert Puckett, Sr. declare as follows:

1.      I currently serve on the Board of Directors of Hornbrook Community Services District ("HCSD") as its President.  I have direct and personal knowledge of the facts set forth herein and, if called and sworn as a witness, I could and would competently testify to the same.

2.      On or about July 16, 2021, Hornbrook Community Services District ("HCSD") passed Resolution No. 2021-02 "Declaration of Water Shortage Emergency" restricting residential water use to 200 gallons per household per day.  Attached as **Exhibit 1** is a true and correct copy of Resolution No. 2021-02.

3.      On or about September 20 or 21, 2021, Clint Dingman, our water master, went to Kimberly Olson's house to re-install her meter.  A 10 gallon/hour flow restrictor was installed that allowed 240 gallons a day.  This is 40 gallons in excess of the 200 gallons allowed by the court's Preliminary Injunction Order.

4.      Including Kimberly Olson, 6 customers of HCSD have flow restrictors installed.  2 out of the 6 customers with flow restrictors have them because they had water leaks that were not taken care of despite our warnings.  We are trying to be fair to everyone.

5.      After installation of the restrictors, Kimberly Olson complained about the water pressure not being enough.  As such, HCSD changed all flow restrictors to one that was 30 gallons per hour on October 10, 2021.  In a 24-hour period that would be 720 gallons a day.  The customer would be responsible for limiting their own usage and could use up to 300 gallons per day.  Despite the change, Ms. Olson continued to complain.

6.      On November 20, 2021, I informed Kimberly Olson that her water was being shut off temporarily to change the 30 gallon an hour flow restrictor to a 90 gallon an hour flow restrictor, which would allow 2100 gallons of water through in a 24-hour period.  The customer would be responsible for not going over the now 300 gallon a day limit.  After installation of the 90 gallon an hour flow restrictor, Ms. Olson is the only customer complaining of water pressure.

//

//

SPINELLI, DONALD & NOTT

2
DECLARATION OF ROBER PUCKETT, SR. IN SUPPORT OF OPPOSITION TO PLAINTIFF OLSON'S MOTION FOR CIVIL CONTEMPT AND SANCTIONS

1       I declare under penalty of perjury under the laws of the United States of America that the

2   foregoing is true and correct, and executed on this 23rd day of February, 2022, in Hornbrook,

3   California.

4

5                                           /s/ *Robert Puckett, Sr.*

6                                        ROBERT PUCKETT, SR.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF ROBER PUCKETT, SR. IN SUPPORT OF OPPOSITION TO PLAINTIFF OLSON'S MOTION
FOR CIVIL CONTEMPT AND SANCTIONS

# EXHIBIT 1

## HORNBROOK COMMUNITY SERVICES DISTRICT

### Resolution No. 2021-02
### Declaration of Water Shortage Emergency

**WHEREAS,** drought conditions and water demand in the year 2021 have contributed to a water shortage emergency severely affecting and disrupting the supply of water within the Hornbrook Community Services District such that there is insufficient water for human consumption, sanitation, and fire protection unless emergency water conservation and restriction measures are implemented immediately; and

**WHERAS,** Water Code Section 350 requires that the governing body of a distributor of a public water supply declare a water shortage emergency condition to prevail within the area served by such distributor whenever it finds and determines that the ordinary demands and requirements of water consumers cannot be satisfied without depleting the water supply of the distributor to the extent that there would be insufficient water for human consumption, sanitation, and fire protection; and

**WHEREAS,** the above described drought conditions and water demands have caused a failure to the District's ability to supply water and constitutes an emergency which requires immediate action to be taken; and

**WHEREAS,** pursuant to Water Code Section 351, under the current circumstances the failure of the District water supply qualifies the District to be exempt from causing notice of this Declaration of Water Shortage Emergency to be published in accordance with applicable statutory requirements set forth at Water Code Section 352 and the public hearing process set forth at Water Code Section 351; and

**WHEREAS,** Water Code Section 353 states that when the governing body has so determined and declared the existence of an emergency condition of water shortage within its service area, it shall thereupon adopt such regulations and restrictions on the delivery of water and the consumption within said area of water supplied for public use as will in the sound discretion of such governing body conserve the water supply for the greatest public benefit with particular regard to domestic use, sanitation, and fire protection; and

**WHEREAS,** Water Code Section 354 states that after allocating and setting aside the amount of water which in the opinion of the governing body will be necessary to supply water needed for domestic use, sanitation, and fire protection, the regulations may establish priorities in the use of water for other purposes and provide for the allocation, distribution, and delivery of water for such other purposes, without discrimination between consumers using water for the same purpose or purposes; and

**WHEREAS,** Water Code Section 355 states that such regulations and restrictions shall thereafter be and remain in full force and effect during the period of the emergency and until the supply of water available for distribution within such area has been replenished or augmented; and

**WHEREAS,** Water Code Section 356 states that such regulations and restrictions may include the right to deny applications for new or additional service connections, and provision for their enforcement by discontinuing service to consumers willfully violating the regulations and restrictions; and

1

**WHEREAS,** Water Code Section 357 states that if the regulations and restrictions on delivery and consumption of water adopted pursuant to the above mentioned Water Code Sections conflict with any law establishing the rights of individual consumers to receive either specific or proportionate amounts of the water supply available for distribution within such service area, the regulations and restrictions adopted pursuant to said Water Code Sections shall prevail over the provisions of such laws relating to water rights for the duration of the period of emergency.

NOW, THEREFORE, BE IT RESOLVED BY THE BOARD OF DIRECTORS OF THE HORNBROOK COMMUNITY SERVICES DISTRICT AS FOLLOWS:

1. That the foregoing recitals are true and correct and are incorporated by this reference as fully set forth herein.

2. The Board of Directors finds and determines, pursuant to Water Code Section 350, that the ordinary demands and requirements of water consumers cannot be satisfied without depleting the water supply of the District to the extent that there would be insufficient water for human consumption, sanitation, and fire protection.

3. The Board of Directors finds and determines, pursuant to Water Code Section 351, that the District's water supply has failed and there exists an immediate emergency to the water supply of the District to the extent that there is insufficient water for human consumption, sanitation, and fire protection and that a such an immediate emergency exempts the District from the noticed published hearing process set forth at Water Code Sections 351 & 352.

4. The Board of Directors declares a Water Shortage Emergency for the year 2021, to take effect immediately upon adoption of this Resolution.

5. The Board of Directors is hereby authorized to adopt such regulations and restrictions on the delivery of water and the consumption within the District of water supplied for public use as will in the sound discretion of such governing body to restrict and conserve the water supply for the greatest public benefit with particular regard to domestic use, sanitation, and fire protection, pursuant to Water Code Section 353.

6. The Board of Directors finds and determines that due to the failure of a reliable water supply to the District, the following restrictions shall immediately apply:

    a. All residential water users shall be restricted to 200 gallons of water per household per day. The District Board of Directors reserves the right to make further adjustments as needed to protect the health and safety of the public.

    b. No new water service connections or commitments for new water service shall be put in place.

    c. Outdoor watering is prohibited, including watering and irrigation of any landscaping, gardens, plants, shrubs, trees, ground cover, turf, grass, and lawn.

2

d.  No new or expanded landscaping, gardens, planting of trees, shrubs, plants, ground cover, turf grass shall be planted, hydroseeded, or laid.

e.  The use of running water from a hose, pipe, or faucet for the purpose of cleaning buildings and outdoor hardscape surfaces is prohibited.

f.  Filling pools and spas is prohibited.

g.  The operation of, and introduction of water into, ornamental fountains is prohibited.

h.  Washing of boats, vehicles, and equipment shall be prohibited.

i.  Operators of hotels, motels, restaurants and other commercial establishments shall post notice at their establishment or work site a notice of water shortage emergency and shall serve water only upon request.

j.  During this declared water shortage emergency the District shall impose other or further regulations, which the District Board of Directors determines to be necessary to ensure that water supply is used only to meet public health and safety needs.

k.  In the event that the District observes that water use is in violation of these Declaration of Water Shortage Emergency regulations is occurring at a customer's premises, the District may, after a written warning to the customer, authorize installation of a flow-restricting device on the service line for any customer observed by the District to be willfully violating any of the regulations and restrictions on water use set forth in this Declaration of Water Shortage Emergency. In the event that a further willful violation is observed by the District, the District may discontinue service. Charges for the installation of flow-restricting devices or restoring service may be fixed by the District Board of Directors from time to time.

l.  Water waste, as defined below in Section 6(m) of this Declaration of Water Shortage Emergency, is prohibited.

m. "Water waste" means:

    i.   Residential water use that exceeds the 200 gallons per household per day limit set above at Section 6(a) of this Declaration of Water Shortage Emergency.
    ii.  Water use that violates any water restriction set forth in this Declaration of Water Shortage Emergency.
    iii. Causing or permitting excessive water to discharge, flow, or run to waste into any drain, gutter, sanitary sewer, watercourse, or storm drain, or to any adjacent property, from any tap, hose faucet, pipe,

3

    ii.    Water use that violates any water restriction set forth in this Declaration of Water Shortage Emergency.

    iii.    Causing or permitting excessive water to discharge, flow, or run to waste into any drain, gutter, sanitary sewer, watercourse, or storm drain, or to any adjacent property, from any tap, hose faucet, pipe, sprinkler, or nozzle. In the case of irrigation, "discharge," "flow," or "run to waste" means that the earth intended to be irrigated has been saturated with water to the point that excess water flows over the earth to waste.

    iv.    Allowing water fixtures or heating or cooling devices to leak or discharge excessively.

    v.    Backwashing so as to discharge to waste from swimming pools, decorative basins or ponds in excess of the frequency necessary to ensure the healthful condition of the water or in excess of that required by standards for professionally administered maintenance or to address structural considerations.

    vi.    Operation of an irrigation system that applies water to an impervious surface or that is in disrepair.

    vii.    Outdoor watering or irrigation of landscaping.

    viii.    Any other factors as determined by the District Board of Directors.

7. If any provision of this Declaration of Water Shortage Emergency is held illegal or unenforceable in a judicial proceeding, such provision shall be severed and shall be inoperative, and the remainder of this Declaration of Water Shortage Emergency shall remain operative and binding.

Passed and adopted by the Board of Directors of the Hornbrook Community Services District at their meeting held on this _16_ th day of July 2021, by the following vote:

AYES: *Puckett, Mellon, Tulledo, HANSON*

NOES: 0

ABSENT: 1, *DUNCAN*

                                     *Robert Puckett*

                                     President of the Board

ATTEST:       *Michele Hanson*

                  Secretary of the Board