**SPINELLI, DONALD & NOTT**
A Professional Corporation
J. SCOTT DONALD, SBN: 158338
JEFFREY CHIAO, SBN: 236781
601 University Avenue, Suite 225
Sacramento, CA 95825
Telephone: (916) 448-7888
Facsimile: (916) 448-6888

Attorneys for Defendants
ROBERT PUCKETT, SR., CLINT DINGMAN, MICHELE HANSON, MELISSA TUELLEDO and HORNBROOK COMMUNITY SERVICES DISTRICT

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY R. OLSON,<br><br>Plaintiff,<br><br>vs.<br><br>ROBERT PUCKETT, SR., CLINT DINGMAN; MICHELE HANSON; MELISSA TUELLEDO; HORNBROOK COMMUNITY SERVICES DISTRICT; BRUCE'S TOWING/RADIATOR & DISMANTLING; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No.: 2:21-cv-1482-KJM-DMC (PS)<br><br>**OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Hearing on Motion vacated by court order on March 3, 2022 (ECF No. 71)<br><br>Complaint Filed: December 16, 2020<br>Trial Date: TBD |

SPINELLI, DONALD
& NOTT

**TABLE OF CONTENTS**

I. INTRODUCTION .................................................................................................................1

II. PROCEDURAL BACKGROUND .......................................................................................1

III. FACTUAL CONTENTIONS PERTAINING TO PLAINTIFF'S MOTION ........................1

IV. STANDARD OF REVIEW ...................................................................................................3

V. LEGAL ARGUMENT ...........................................................................................................4

    A. Plaintiff's Motion is Unsupported by Evidence ..........................................................4

    B. Plaintiff's Motion is Premature ....................................................................................5

    C. Plaintiff's Motion for Summary Judgment Must be Denied Because HCSD had Authority to Disconnect Plaintiff's Water ....................................................................7

    D. Plaintiff's Motion for Summary Judgment on the Procedural Due Process Claim Should be Denied .........................................................................................................9

    E. Plaintiff's Motion for Summary Judgment on the Substantive Due Process Claim Should be Denied ....................................................................................................... 10

    F. Plaintiff's Motion for Summary Judgment on the Fourth Amended Search and Seizure Claim should be Denied ................................................................................ 11

    G. Plaintiff's Motion for Summary Judgment on the Fifth Amended Takings Clause Clair Should be Denied .............................................................................................. 12

VI. CONCLUSION .................................................................................................................... 12

# TABLE OF AUTHORITIES

*Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1969) ............................................................... 5

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) .................................................. 4

*Bd. Of Regents of State Colleges v. Roth*, 408 U.S. 564, 569-70 (1972) .............................. 9

*Board of Regents v. Right*, 408 U.S. 564, 577 (1972) .......................................................... 9

*Burlington N. Santa Fe R.R. Co. v. Assiniboine & Sioux Tribes of Fort Peck Reservation*, 323 F.3d 767, 773 (9th Cir. 2003) ............................................................................................... 6

*C.A.R. Transportation Brokerage Co., Inc. v. Darden Restaurants, Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) ......................................................................................................................... 4

*Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986) ......................................................... 3, 4

*Cleveland v. Policy Management Sys. Corp.*, 526 U.S. 795, 805-06 (1999) ........................ 4

*Dawson v. United States*, 549 F.Supp.2d 736, 745 (D.S.C. 2008) ....................................... 6

*Espinosa v. United Student Air Funds, Inc.* 553 F.3d 1193, 1202 (9th Cir. 2008) .............. 10

*Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993) ................................................... 4

*Kelo v. City of New London, Conn.,* 545 U.S. 469 (2005) .................................................. 12

*Mathews v. Eldridge*, 424 U.S. 319, 334 (1976) ................................................................ 10

*Miller v. Glenn Miller Prods., Inc.*, 454 F.3d 975, 987 (9th Cir. 2006) ................................. 4

*Mohamed v. Jeppesen Dataplan, Inc.*, 579 F.3d 943, 961, n.9 (9th Cir. 2009) .................... 6

*Moore v. Hubbard*, 2009 WL 688897, at *1 (E.D. Cal. 2009) ............................................. 6

*Morrissey v. Brewer*, 408 U.S. 471, 481 (1972) ................................................................... 9

*Nissho-Iwai American Corp. v. Kline*, 845 F.2d 1300, 1307 (5th Cir. 1988) ........................ 4

*Nozzi v. Hous. Auth*. 806 F.3d 1178, 1191 (9th Cir. 2015) ................................................... 9

*S.A. Empresa, Etc. v. Walter Kiddle & Co.*, 690 F.2d 1235 (9th Cir. 1982) ......................... 4

*Shanks v. Dressel*, 540 F.3d 1082, 1088 (9th Cir. 2008) ................................................... 11

*Soldal v. Cook County,* 506 U.S. 56, 61, (1992) ................................................................ 11

*Turner v. County of San Diego,* 2016 WL 6804998 *7 (S.D. Cal. Sept. 30, 2016) ............... 6

*United States v. Dibble*, 429 F.2d 598, 601 (9th Cir. 1970) ................................................. 5

*Vince v. Barrett*, 345 F.3d 1083, 1089 (9th Cir. 2003) ...................................................... 12

1    *Vining v. Runyon*, 99 F.3d 1056, 1058 (11th Cir. 1996)..........................................................6

2    *Washington v. Glucksberg*, 521 U.S. 702, 721 (1997) ....................................................... 11

3    *Willims v. Yuan Chen,* NO. S-10-1292 CKD P, 2011 WL 4354533 at *3 (E.D. Cal.

4    Sept. 16, 2011).........................................................................................................................6

**Statutes:**

Chapter 6.6, Title 54, Div. 2 of the Government Code...................................................................7

Fed. R. Civ. P. 56............................................................................................................................3

Fed. R. Civ. P. 56(a) .......................................................................................................................4

Fed R. Civ. P. 56(b) ........................................................................................................................6

Fed R. Civ. P. 56 (c) .......................................................................................................................5

Fed. R. Civ. P. 56(c)(2)....................................................................................................................5

Federal R. Civ. P. 56(e) ..................................................................................................................4

Government Code Section 54773 ...................................................................................................7

Government Code Section 61064 ...................................................................................................2

**Other Authorities:**

California Constitution Article X, Section 2...................................................................................7

Division 12 of the Water Code .......................................................................................................7

Water Code Sections 31026, 375-277 and 1009.............................................................................7

Water Code Section 31027 .............................................................................................................7

## I. INTRODUCTION

Plaintiff Kimberly Olson ("Plaintiff" or "Olson") moves for partial summary judgment (Dkt. 68)  The Court should deny this motion because Plaintiff has failed to submit any evidence supporting her request for summary judgment, and Plaintiff's Motion for Partial Summary Judgment is premature.  Additionally, Plaintiff has disregarded this court's Standing Order placing a page limit for motions to twenty (20) pages on all initial moving papers. Lastly, as explained in detail as follows, Plaintiff's motion for summary judgment fails on the substantive merits.

## II. PROCEDURAL BACKGROUND

Plaintiff Kimberly Olson filed her Complaint on or about August 18, 2021.  (ECF No. 1). Service of Summons and Complaint on Defendants was completed on August 26, 2021.  (ECF No. 15)  Defendants filed a 12(b)(6) motion to dismiss on September 17, 2021 (ECF No. 30).  Instead of opposing Defendants' motion, Plaintiff filed a First Amended Complaint on October 6, 2021.  (ECF No. 44)  Defendants filed a 12(b)(6) Motion to Dismiss Plaintiff's First Amended Complaint on October 20, 2021.  (ECF No. 47)  On December 1, 2021, Plaintiff filed a Motion to Strike Portions of Defendants' Motion to Dismiss.  (ECF No. 51)  On December 28, 2021, this Court took Defendants' Motion to Dismiss and Plaintiff's Motion to Strike off calendar and deemed the matters submitted on the record without oral argument.  (ECF No. 59)  On February 4, 2022, Plaintiff filed a Motion for Civil Contempt Sanctions.  (ECF No. 67)

On February 22, 2022, Plaintiff filed the instant Motion for Partial Summary Judgment.  On March 3, 2022, this court provided a briefing schedule for the parties, setting the deadline for Defendants' opposition to Plaintiff's Motion for Partial Summary Judgment as May 2, 2022.  (ECF No. 71)

## III. FACTUAL CONTENTIONS PERTAINING TO PLAINTIFF'S MOTION

Plaintiff's motion is primarily based on two main points from her Separate Statement.  First, Plaintiff contends that "[A]t some point, on or about July 20-23, 2021, Plaintiff's water service to her home was terminated by the direct actions of the HCSD, Puckett, and Dingman- culminating in the removal of Plaintiff's water meter."  (Plaintiff's UMF #4)  Second, Plaintiff contends that "Plaintiff's water service, was during the period of the month of July 2021, and is, a

Constitutionally-protected property interest, and the HCSD is required, as a matter of law, to abide by its own Rules and Regulations, policies, practices, customs, Resolutions, and Bylaws in administering and delivering Plaintiff's water service to her." (Plaintiff's UMF #15)

Plaintiff's Separate Statement fails to mention any of the events that actually led to her water being disconnected.

On July 14, 2021, the Siskiyou County Office of Emergency Services sent out an "urgent message" asking all customers of the district to conserve water due to a finding that the storage tanks were nearly empty and that the current level of water usage was beyond the available supply to adequately replenish the system. This notice was posted on the district website and distributed to all customers by hand. Decl. Puckett ¶2, Exh. B.

On July 16, 2021, HCSD passed and adopted through its board of directors Resolution No. 2021-02 "Declaration of Water Shortage Emergency". Under the terms of this resolution, which was enacted as a response to an extreme water shortage brought about by the drought and determined necessary under the California Water Code to address a determination that the ordinary demands and requirements of water consumers within the district could not be satisfied without depleting the water supply of the district to the extent that there would be insufficient water for human consumption, sanitation and fire protection. In furtherance of the ordinance, the district's customers were restricted to 200 gallons per household per day during the emergency. Decl. Puckett ¶3, Exh. C.

On July 17, 2021, a public notice declaring an emergency water use reduction and boil water notice was issued and hand delivered to all customers and posted at business and on the district website. At that time, all meters were read to keep an eye on water usage. Decl. Puckett ¶4 On July 19, 2021the water meter for Kimberly Olson could not be accessed because a car had been parked on top of the meter making it impossible for the meter to be read. Decl. Puckett ¶5, Exh. D It was also observed and Plaintiff Olson was cited for violating Resolution 2021-02 for outdoor watering. Decl. Puckett ¶5, Exh. E.

On July 20, 2021, a second notice of violation for tampering and obstruction of the water meter siting Government Code Section 61064 and District Rules & Regulations 4.11 and 4.12 were

issued to Kimberly Olson.  Decl. Puckett ¶6, Exh. F.

On July 22, 2021, Ms. Olson's meter was read and it was shown that she was significantly exceeding the water use restriction of 200 gallons per day.  At that time, she was ordered to immediately cease and desist exceeding the allotting amount and that a result of a violation of her meter would be the removal and discontinuance of service.  Decl. Puckett ¶7, Exh. G.

On July 23, 2021, Ms. Olson was issued another violation for obstruction and outside watering and at that time the sheriff was called out to have her remove the obstruction which she refused to do.  It was explained to her that if she did not remove the car which she had again parked on top of the meter, that it would be towed away by the sheriff's office.  When she refused again, her car was towed.  Her car was retrieved that same day and again parked back on the meter along with a van and a very large water tank, all of which obstructed the reading of her meter.  Decl. Puckett ¶9.

For the month of July, and while a restriction on use was in place for households to limit their use to 200 gallons per day, **Ms. Olson was utilizing 6,200 gallons per day**.  In addition to utilizing motor vehicles to block her meter from being read, Ms. Olson poured kitty litter over it and placed the board over it.  Decl. Puckett ¶10.  Due to the multiple violations and overuse of water and after being placed on notice that her water would in fact be turned off if she continued such actions.  On July 23, 2021, Ms. Olson was issued with another violation to remove an obstruction of her water meter and placed on notice that if the obstruction was not removed that her water would be disconnected and her meter removed.  Due to her refusal to the District, the sheriff's department was called out and after she refused to comply with the sheriff's request and remove the obstruction, the vehicles obstructing the meter were towed away and her water was disconnected and meter removed.  Decl Puckett ¶11.

## IV.   STANDARD OF REVIEW

Summary judgment is appropriate on all or any part of a claim in the absence of a genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56; see also *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  The moving party bears the initial burden of establishing the absence of a genuine issue of material fact.  *Celotex*, 477 U.S. at

323. A dispute about a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). One of Rule 56's principal purposes is to dispose of factually unsupported claims or defenses. C*elotex*, 477 U.S. at pp. 323-24.

When the party seeking summary judgment would bear the burden of proof at trial, he must come forward with evidence that would entitle him to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transportation Brokerage Co., Inc. v. Darden Restaurants, Inc*., 213 F.3d 474, 480 (9th Cir. 2000). A moving party cannot establish a sufficient basis for summary judgment simply with argumentative assertions in legal memoranda, and generalized references to evidence are likewise insufficient. *S.A. Empresa, Etc. v. Walter Kiddle & Co*., 690 F.2d 1235 (9th Cir. 1982); *Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993); *Nissho-Iwai American Corp. v. Kline*, 845 F.2d 1300, 1307 (5th Cir. 1988); Federal Rule of Civil Procedure 56(e).

In contrast, the denial of summary judgment is appropriate when the moving party fails to make a showing sufficient to establish the existence of an element essential to his case and on which he will bear the burden of proof at trial. *Miller v. Glenn Miller Prods., Inc*., 454 F.3d 975, 987 (9th Cir. 2006) (quoting *Cleveland v. Policy Management Sys. Corp*., 526 U.S. 795, 805-06 (1999).

## V. LEGAL ARGUMENT

### A. Plaintiff's Motion is Unsupported by Evidence

"A party may move for summary judgment … [and] [t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party asserting the absence of a genuine issue of material fact "must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not

establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed R. Civ. P. 56 (c).

"[S]ummary judgment is neither a method of avoiding the necessity for proving one's case nor a clever procedural gambit where a claimant can shift to his adversary his burden of proof on one or more issues." *United States v. Dibble*, 429 F.2d 598, 601 (9th Cir. 1970) citing (*Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1969). Rather, the party moving for summary judgment "must offer evidence sufficient to support a finding upon every element of his claim for relief, except those elements admitted by his adversary in his pleadings, or by stipulation, or otherwise during the course of pretrial. A plaintiff seeking summary judgment who has failed to produce such evidence on one or more essential elements of his cause of action is no more 'entitled to judgment' than is a plaintiff who has fully tried his case and who has neglected to offer evidence sufficient to support a finding on a material issue upon which he bears the burden of proof." *Id.* (internal citation omitted).

Plaintiff Olson has not provided any evidence in support of her motion. Plaintiff has not even submitted a single sworn statement in support of her Separate Statement of Undisputed Facts. Instead, Plaintiff states that her motion for summary judgment "relies on documents and pleadings already submitted to the Court and does not submit any further declarations or affidavits at this time." This is insufficient. Plaintiff cannot rely on legal arguments, and bare and general factual conclusions to prevail on a motion for summary judgment. Plaintiff has not met her burden of proof showing the absence of a genuine issue of material fact as to whether Defendants violated her civil rights. Fed. R. Civ. P. 56(c)(2). Plaintiff's motion for summary judgment fails on this basis alone.

**B.     Plaintiff's Motion is Premature**

Plaintiff's Motion is premature because the pleadings are not settled and Defendants' 12(b)(6) Motion to Dismiss the Complaint is still pending before the Court. As such, Defendants are not required and have therefore not filed an Answer to the Complaint. Additionally, although Rule 56 allows a motion for summary judgment to be filed "at any time until 30 days after the close of all discovery," the rule contemplates that the opposing party be allowed the opportunity to pursue

discovery prior to responding to a motion for summary judgment. Fed R. Civ. P. 56(b). Here, a scheduling order has not been issued and discovery has not yet commenced. A joint discovery plan has not been prepared or approved by the court.

A motion for summary judgment should not be made before Defendants are required to answer the complaint. Filing a summary judgment motion at such an early stage will make it "uncertain which allegations are in dispute, much less which disputes might raise genuine issues of material fact." *Mohamed v. Jeppesen Dataplan, Inc.*, 579 F.3d 943, 961, n.9 (9th Cir. 2009). Thus, courts routinely deny motions for summary judgment filed before answers are filed or discovery is conducted. See, e.g., *Turner v. County of San Diego,* 2016 WL 6804998 *7 (S.D. Cal. Sept. 30, 2016) (denying as premature a plaintiff's motion for summary judgment because "Plaintiff filed his summary judgment motion before the County filed its answer or discovery opened."); *Dawson v. United States*, 549 F.Supp.2d 736, 745 (D.S.C. 2008) (holding that a "motion for summary judgment was premature since no answer has been filed and no discovery has been conducted."); *Willims v. Yuan Chen,* NO. S-10-1292 CKD P, 2011 WL 4354533 at *3 (E.D. Cal. Sept. 16, 2011) (denying the plaintiff's motion for summary judgment as premature where the defendant had not yet filed an answer and the court had not issued a discovery order);

Plaintiff's motion is also premature until Defendants have had an opportunity to conduct discovery. See, e.g., *Moore v. Hubbard*, 2009 WL 688897, at *1 (E.D. Cal. 2009) (recommending that pre-discovery motion for summary judgment be denied as premature; *see also Burlington N. Santa Fe R.R. Co. v. Assiniboine & Sioux Tribes of Fort Peck Reservation*, 323 F.3d 767, 773 (9th Cir. 2003) (stating that when a "summary judgment motion is filed so early in the litigation, before a party has had any realistic opportunity to pursue discovery relating to its theory of the case," district courts should permit discovery relating to its theory of the case," district courts should permit discovery to be taken prior to considering motion for summary judgment); *see also Vining v. Runyon*, 99 F.3d 1056, 1058 (11th Cir. 1996) ("A premature decision on summary judgment impermissibly deprives the [defendants] of their right to utilize the discovery process to discover the facts necessary to justify their opposition to the motion.").

In sum, the Court should deny Plaintiff's motion because Plaintiff's Motion is premature.

### C. Plaintiff's Motion for Summary Judgment Must be Denied Because HCSD had Authority to Disconnect Plaintiff's Water

Under the authority of Government Code Section 54773, Defendant Hornbrook Community Services District ("HCSD") was formed in 1978 to provide safe drinking water and sewer services for the community. HCSD adopted Resolution Policy No. 13-01, dated June 6, 2013, pursuant to Division 12 of the Water Code and Chapter 6.6, Title 54, Div. 2 of the Government Code. HSCD is further authorized by Water Code Section 31027 to prescribe and define by Resolution those restrictions, prohibitions, and exclusions it may determine to be necessary pursuant to the California Constitution Article X, Section 2 and Water Code Sections 31026, 375-277 and 1009 to restrict the use of district water during threatened or existing water shortages. The purpose of Resolution Policy No. 13-01 was to establish procedures and policies necessary to the orderly administration of a water conservation program to prohibit waste and to restrict the use of water during a water shortage emergency. See Puckett Decl., Exh. H, HCSD Rules and Regulations 2.03 "Enabling Statutes". Accordingly, the rules and regulations promulgated by HCSD is authorized by statute and the California Constitution and are no different than municipal ordinances.

The basis for Plaintiff's motion for summary judgment is that HCSD disconnected Plaintiffs' water at her residence at 408 Henley Hornbrook Rd., Hornbrook CA 96044, after HCSD found that Plaintiff was in violation of multiple HCSD Rules and Regulations. HCSD's actions, however, were authorized by HCSD's Rules and Regulations. Pursuant to HCSD Rules and Regulations 4.06, as an alternative method of enforcing the provisions of this or any other Resolution, resolution rule or regulation of the District, the District shall have the power to disconnect the user or subdivision water service from the water mains of the District. Pursuant to HCSD Rules and Regulations 4.15, no customer shall knowingly permit leaks or waste of water. Where water is wastefully or negligently used on a customer's premises, the District may discontinue the service if such conditions are not corrected after giving notice of violation. Pursuant to HCSD Rules and Regulations 4.22, service may be discontinued if necessary to protect the District against fraud or abuse. See Decl Puckett ¶8, Exh. H. Thus, as a matter of law, HCSD had the authority to disconnect water from Plaintiff's property when HCSD found Plaintiff in

violation of its Rules and Regulations, provided Plaintiff with multiple notices requesting her to correct her violations and warning her of potential actions HCSD could take, including the disconnection of her water service.

Plaintiff further contends that her vehicle should not have been towed, even though the vehicle was blocking access to HCSD's meter.  Here again, HCSD's actions were authorized by HCSD's Rules and Regulations.  Pursuant to HCSD Rules and Regulations 4.24 Ingress and Ingress: "Representatives from the District shall have the right of ingress and egress to the customer's premises at reasonable hours for may purpose reasonably connected with the furnishing of water service."  Additionally, Pursuant to HCSD Rules and Regulations 4.29: "The District reserves the right to enter upon the applicant's premises for the purpose of reading, repairing, or replacing the water service meter."  Decl Puckett ¶8, Exh. H.  In short, HCSD had authority to request for Plaintiff's vehicles to be towed, especially since Plaintiff refused to remove the vehicle after multiple warnings and notices.  Notably, HCSD itself did not tow Plaintiff's vehicle.  Instead, it was the Siskiyou County Sheriff that towed Plaintiff's vehicles.  See Decl Chiao, Exhibit I, p. 19, lns 7-24.

Lastly, Plaintiff contends that she should have received a hearing prior to the disconnection of her water service.  Plaintiff neglects to mention that HCSD has dispute resolution provisions under Section 13 "Complaints and Disputed Bills".  Section 13 allows the customer to set up a meeting with HCSD's General Manager and/or appear before HCSD's Board of Directors.  See Decl Puckett ¶8, Exh. H.  As such, HCSD's Rules and Regulations does provide their customers with due process rights.  Section 13 does not, however, provide that a customer is entitled to a hearing prior to HCSD disconnecting a customer's water for rules violations.  Such a requirement for a hearing would not be reasonable when HCSD is responsible for water conservation during a water shortage emergency and providing water for all of its customers.

Under these circumstances, Plaintiffs have not stated a claim for relief against HCSD under any legal theory and Plaintiff's motion for summary judgment must be denied.

/ / /

/ / /

### D. Plaintiff's Motion for Summary Judgment on the Procedural Due Process Claim Should be Denied

Procedural due process protects established liberty or property rights. *Bd. Of Regents of State Colleges v. Roth*, 408 U.S. 564, 569-70 (1972). "To have a property interest in a benefit a person must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." *Roth*, at 577 "The property interest that due process protects extends beyond tangible property and include anything to which a plaintiff has a 'legitimate claim of entitlement'." *Id*. at 576-77. A legitimate claim of entitlement is created and its dimensions are defined by existing rules or understandings that stem from an independent source such as state law- rules or understandings that secure certain benefits that support claims of entitlement to those benefits." *Nozzi v. Hous. Auth*. 806 F.3d 1178, 1191 (9th Cir. 2015) quoting *Board of Regents v. Right*, 408 U.S. 564, 577 (1972) Moreover, even if it is determined that the protections of procedural due process apply, the question still remains what process is due. *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972).

Here, Plaintiff's First Amended Complaint and her Motion for Summary Judgment have not established facts showing that Plaintiff was deprived of any protected property interests, and even if they were, that they were deprived of sufficient process. Plaintiff complains about the temporary disconnection of her water service in July 2021 due to alleged water use violations. Plaintiff further complains that she was not provided with adequate notice of her violations. Lastly, Plaintiff complains that she was not afforded a hearing prior to the disconnection of her water service.

To begin with, Plaintiff's complaints are undermined by her own admissions. For instance, Plaintiff admits that HSCD provided her with notices of alleged water use violations via email and by the taping of notices to her fence or gate. (ECF No. 68, p. 39 lns 3-9) Plaintiff contends that this is not proper "personal service" and also that Defendants did not attempt to give her telephone notice or notice via US Post Office. In other words, Plaintiff did receive notice of her water use violations, just not in the manner that she prefers. Plaintiff does not cite to any rule or regulation that mandates that Defendant HCSD contact its customers by telephone prior to discontinuation of service. Plaintiff's contentions are further undermined by her own refusal to open her door and

come outside to receive personal service.  See Exh. I, p. 26, lns 17-21.  Plaintiff cannot argue lack of due process when she herself obstructs HCSD's efforts to provide her with proper service.

"The standard for what amounts to constitutionally adequate notice…is fairly low." *Espinosa v. United Student Air Funds, Inc*. 553 F.3d 1193, 1202 (9th Cir. 2008).  Thus, "[i]f a party is adequately notified" of the pending proceedings against him or her, he or she "is deemed to know the consequences of responding or failing to respond." Id. at 1203.  Plaintiff's rigid and technical contention that she was not personally served because she was not within normal speaking distance from the person delivering the documents is clearly insufficient to establish a due process violation under the Fourteenth Amendment.  Due process is flexible, calling for such procedural protections as the particular situation demands.  *Mathews v. Eldridge*, 424 U.S. 319, 334 (1976).

Plaintiff contentions also fail she does not specifically identify any rule or regulation that entitles her to a hearing prior to the discontinuation of her water service.  Moreover, Plaintiff's motion fails to mention that she received multiple notices of violations from HCSD and that she repeatedly parked vehicles on top of the HCSD's meters to obstruct the HSCD from reading the meters.  When Plaintiff's meter was finally read, it showed that Plaintiff was **utilizing 6,200 gallons of water per day**, which is well over the allotted 200 gallons per day that HCSD water customers needed to abide by.  As such, HCSD acted within its authority as specified in HCSD's Rules and Regulations (Exh. H) in disconnecting Plaintiff's water.

In sum, Plaintiff does not state any facts establishing that Plaintiff held a legitimate claim of entitlement- i.e., a property interest- in continued water service where she is flagrantly disregarding and refusing to comply with HCSD's water use rules and regulations, as well as obstructing HCSD's efforts to read her meters.  For the same reasons, Plaintiff's procedural due process claim under the California Constitution likewise fails.  Plaintiff's procedural due process claims under the Fourteenth Amendment and the California Constitution fails as a matter of law and Plaintiff is not entitled to summary judgment.

   **E.**  **Plaintiff's Motion for Summary Judgment on the Substantive Due Process Claim Should be Denied**

Substantive due process protects those fundamental rights and liberties that are objectively

deeply rooted in our nation's history and implicit in the concept of ordered liberty. *Washington v. Glucksberg*, 521 U.S. 702, 721 (1997). A substantive due process claim requires a "careful description" of the asserted fundamental liberty interest. *Id*. Additionally, substantive due process violations must amount to an 'abuse of power' lacking any reasonable justification in the service of a legitimate governmental objective. *Shanks v. Dressel*, 540 F.3d 1082, 1088 (9th Cir. 2008).

The Complaint and Plaintiff's Motion for Summary Judgment fails to state a substantive due process claim because it fails to identify a fundamental liberty interest of which Plaintiff was deprived. Instead, the Complaint complains about disconnection of water service (when Plaintiff is flagrantly disregarding HCSD's Rules and Regulations), being served by email instead of USPS mail, and the like. These allegations do not implicate any fundamental liberty interests protected by substantive due process. Moreover, Defendant has demonstrated that it had reasonable justification and a legitimate government objective in seeking to conserve water so that all of its residents could have water available to them. Plaintiff's substantive due process claim fails as a matter of law and Plaintiff is not entitled to summary judgment.

### F. Plaintiff's Motion for Summary Judgment on the Fourth Amendment Search and Seizure Claim Should be Denied

Under the Fourth Amendment, a seizure results if "there is some meaningful interference with an individual's possessory interests in [his or her] property. *Soldal v. Cook County,* 506 U.S. 56, 61, (1992). The government's interference with an individual's possessory interests in property must be reasonable under the circumstances. *Id*. at 63.

To begin with, Plaintiff Olson does not allege that she is the owner of the vehicle that was towed. As such, she lacks standing to assert a Fourth Amendment seizure claim with respect to the vehicle(s) towed. Likewise, Plaintiff Olson does not own the water meter that was removed. As stated in HCSD's Rules and Regulations 4.25, "[water] meters will be installed in the parkway area, and shall be owned by the District." (Exh. H)

Moreover, Plaintiff's First Amended Complaint and her Motion for Summary Judgment fails to state facts showing that the towing of the vehicle obstructing HCSD's ability to read its water meter was unreasonable. Defendant HCSD issued multiple notices requesting Plaintiff to

move the vehicle and informed Plaintiff that the vehicle would be towed if necessary. (Exh. D and F) Despite HCSD's warnings and notices, Plaintiff ignored and/or refused to move the vehicle obstructing HCSD's ability to access and read its meter. As such, HCSD's actions were reasonable under the circumstances. Plaintiff's Fourth Amendment search and seizure claim fails as a matter of law and Plaintiff is not entitled to summary judgment.

### G. Plaintiff's Motion for Summary Judgment on the Fifth Amendment Takings Clause Claim Should be Denied

The Takings Clause under the Fifth Amendment provides that no "private property [shall] be taken for public use, without just compensation. U.S. Const. amend. V. The Fifth Amendment "limits the government's ability to confiscate property without paying for it…" *Vince v. Barrett*, 345 F.3d 1083, 1089 (9th Cir. 2003). Any taking of property under the Fifth Amendment must be for the public use. *Kelo v. City of New London, Conn.,* 545 U.S. 469 (2005).

Here, Plaintiff does not state any facts that Defendant HCSD confiscated her vehicle for public use. Rather, it was towed and she temporarily lost custody of the vehicle because the vehicle obstructed HCSD's ability to access its water meter. The vehicle that was towed was not utilized in any way for public use. As such, Plaintiff's Fifth Amendment takings claim fails as a matter of law and Plaintiff is not entitled to summary judgment.

## VI. CONCLUSION

Based on the foregoing, Defendants respectfully request that Plaintiff's motion for partial summary judgment be denied in its entirety.

Date: May 2, 2022                              SPINELLI, DONALD & NOTT

                                               By: /s/ *Jeffrey Chiao*
                                                   J. SCOTT DONALD
                                                   JEFFREY CHIAO
                                                   Attorneys for Defendants
                                                   HORNBROOK COMMUNITY
                                                   SERVICES DISTRICT