**SPINELLI, DONALD & NOTT**
A Professional Corporation
DOMENIC D. SPINELLI, SBN: 131192
J. SCOTT DONALD, SBN: 158338
JEFFREY CHIAO, SGN: 236781
601 University Avenue, Suite 225
Sacramento, CA 95825
Telephone: (916) 448-7888
Facsimile:  (916) 448-6888

Attorneys for Defendants
ROBERT PUCKETT, SR., CLINT DINGMAN, MICHELE HANSON,
MELISSA TUELLEDO and HORNBROOK COMMUNITY SERVICES DISTRICT

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY R. OLSON,<br><br>  Plaintiff,<br><br>vs.<br><br>ROBERT PUCKETT, SR., CLINT DINGMAN; MICHELE HANSON; MELISSA TUELLEDO; HORNBROOK COMMUNITY SERVICES DISTRICT; BRUCE'S TOWING/RADIATOR & DISMANTLING; and DOES 1 through 20, inclusive,<br><br>  Defendants. | Case No.: 2:21-cv-1482-KJM-DMC (PS)<br><br>**DEFENDANT'S STATEMENT OF DISPUTED FACTS IN SUPPORT OF OPPOSITION TO MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Hearing on Motion vacated by court order on March 3, 2022 (ECF No. 71)<br><br>Complaint Filed: December 16, 2020<br>Trial Date:  TBD |

//
//
//
//
//


| # | UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|---|
| 1. | The HCSD is an entity of local government, operating as a political subdivision of the State of California, and a Special District subject to the provisions of Government Code Section 61000 et seq, that provides water to the community of Hornbrook, California, and to Plaintiff's home.<br><br>ECF #4, p.1: 16-18, #44, p.2 | Undisputed for purposes of this motion. |
| 2. | The HCSD maintains a copy of its currently-effective Rules and Regulations which govern its operations, as an enactment of a government entity, and a public record, on its website, located at: https://hornbrocsd.specialdistrict.org/operation-policies  A true copy of those Rules and Regulations was lodged with his Court as ECF #34 | Undisputed for purposes of this motion. |
| 3. | Defendants Puckett and Dingman are officers and employees of the HCSD.<br><br>ECF #17-1, p.1; #17-5, p.1;#36, pp.18:2-7, #41, p.2:19-22 | Undisputed for purposes of this motion. |
| 4. | At some point, on or about July 20-23, 2021, Plaintiff's water service to her home was terminated by the direct actions of the HCSD, Puckett, and Dingman- culminating in the removal of Plaintiff's water meter.<br><br>ECF #4, p.2:5-8, #26, p.3:15-21; #29, pp.11:18-22, #36, pp.19:1-24, #41, pp.2:20-3:11, #44, pp.2-3 | Disputed.  Plaintiff has not presented any admissible evidence in support of her undisputed fact.<br><br>On July 14, 2021, the Siskiyou County Office of Emergency Services sent out an "urgent message" asking all customers of the district to conserve water due to a finding that the storage tanks were nearly empty and that the current level of water usage was beyond the available supply to adequately replenish the system.  This notice was posted on the district website and distributed to all customers by hand. Decl. Puckett ¶2, Exh. B<br><br>On July 16, 2021, HCSD passed and adopted through its board of directors Resolution No. 2021-02 "Declaration of Water Shortage Emergency".  Under the terms of this resolution, which was enacted as a response to an extreme water shortage brought about by the drought and determined necessary under the California Water Code to address a determination that |

| # | UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|---|
|   |   | the ordinary demands and requirements of water consumers within the district could not be satisfied without depleting the water supply of the district to the extent that there would be insufficient water for human consumption, sanitation and fire protection. In furtherance of the ordinance, the district's customers were restricted to 200 gallons per household per day during the emergency.<br>Decl. Puckett ¶3, Exh. C<br><br>On July 17, 2021, a public notice declaring an emergency water use reduction and boil water notice was issued and hand delivered to all customers and posted at business and on the district website.  At that time, all meters were read to keep an eye on water usage.<br>Decl. Puckett ¶4<br><br>On July 19, 2021 the water meter for Kimberly Olson could not be accessed because a car had been parked on top of the meter making it impossible for the meter to be read.<br>Decl. Puckett ¶5, Exh. D<br><br>It was also observed and Plaintiff Olson was cited for violating Resolution 2021-02 for outdoor watering.<br>Decl. Puckett ¶5, Exh. E<br><br>On July 20, 2021, a second notice of violation for tampering and obstruction of the water meter siting Government Code Section 61064 and District Rules & Regulations 4.11 and 4.12 were issued to Kimberly Olson.<br>Decl. Puckett ¶6, Exh. F<br><br>On July 22, 2021, Ms. Olson's meter was read and it was shown that she was significantly exceeding the water use restriction of 200 gallons per day.  At that time, she was ordered to immediately cease and desist exceeding the allotting amount and that a result of a violation of her meter would be the removal and discontinuance of service.<br>Decl. Puckett ¶7, Exh. G |

| # | UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|---|
| | | On July 23, 2021, Ms. Olson was issued another violation for obstruction and outside watering and at that time the sheriff was called out to have her remove the obstruction which she refused to do.  It was explained to her that if she did not remove the car which she had again parked on top of the meter, that it would be towed away by the sheriff's office.  When she refused again, her car was towed.  Her car was retrieved that same day and again parked back on the meter along with a van and a very large water tank, all of which obstructed the reading of her meter. Decl. Puckett ¶9<br><br>For the month of July, and while a restriction on use was in place for households to limit their use to 200 gallons per day, **Ms. Olson was utilizing 6,200 gallons per day**.  In addition to utilizing motor vehicles to block her meter from being read, Ms. Olson poured kitty litter over it and placed the board over it. Decl. Puckett ¶10<br><br>Due to the multiple violations and overuse of water and after being placed on notice that her water would in fact be turned off if she continued such actions.  On July 23, 2021, Ms. Olson was issued with another violation to remove an obstruction of her water meter and placed on notice that if the obstruction was not removed that her water would be disconnected and her meter removed.  Due to her refusal to the district, the sheriff's department was called out and after she refused to comply with the sheriff's request and remove the obstruction, the vehicles obstructing the meter were towed away and her water was disconnected and meter removed. Decl Puckett ¶11<br><br>Pursuant to HCSD Rules and Regulations 4.06, as an alternative method of enforcing the provisions of this or any other Resolution, resolution rule or regulation of the District, the District shall have the power to disconnect the user or subdivision water service from the water mains of the District. |

| # | UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|---|
|  |  | Decl Puckett ¶8, Exh. H<br><br>Pursuant to HCSD Rules and Regulations 4.15, no customer shall knowingly permit leaks or waste of water. Where water is wastefully or negligently used on a customer's premises, the District may discontinue the service if such conditions are not corrected after giving notice of violation.<br>Decl Puckett ¶8, Exh. H<br><br>Pursuant to HCSD Rules and Regulations 4.22, service may be discontinued if necessary to protect the District against fraud or abuse.<br>Decl Puckett ¶8, Exh. H.<br><br>Pursuant to HCSD Rules and Regulations 4.25, all service connections shall comply with the specifications of the District. Meters will be installed in the parkway area, and shall be owned by the District.<br>Decl Puckett ¶8, Exh. H, |
| 5. | All of the "notices" concerning alleged "violations" by Plaintiff Olson that are the subject of this action were created by the HCSD and its President, Defendant Puckett, and were only transmitted to Plaintiff by means of email and/or by taping them to the fence (or gate) surrounding Plaintiff's home and property. Further, at no time prior to the removal of Plaintiff's water meter, and termination of the water service to Plaintiff's residence, did the HCSD or Puckett attempt to provide any of those "notices", or information about their contents, to Plaintiff Olson via the US Post Office, or by telephone.<br><br>ECF #26, p.3:22-25, and pp.16-25, #36, pp.9:11-12, 26:15-27:25, 28:10-18. | Disputed. Plaintiff has not presented any admissible evidence in support of her undisputed fact.<br><br>Defendant Puckett made attempts to personally service notices to Plaintiff Olson, but she will not answer or door or come outside to receive service. Therefore, Mr. Puckett taped the notice to the front of Plaintiff Olson's gate facing her house. Mr. Puckett also served notice via email.<br><br>Chiao Decl. Exh. I, Hrg. Transcript ppp. 26, lns 17-21 |
| 6. | Two of the "notices" created and sent to Plaintiff Olson by the HCSD and its President, Defendant Puckett, stated that Plaintiff was accused of criminal conduct, and that certain actions would be taken against her on that basis.<br><br>ECF #26, pp.2:21-23, 22, and 25. | Disputed. Plaintiff has not presented any admissible evidence in support of her undisputed fact.<br><br>HCSD's notice stated<br><br>"Parking a vehicle over a district water meter and willfully refusing to move it so |

| # | UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|---|
| | | the district can read the meter is a violation of District Rule 4.11. You are in violation of District Rule 4.11 if you refuse to move the vehicle you would also be subject to a misdemeanor under Government Code section 61064 and Penal Code section 19 and the Sheriff will be called to issue a misdemeanor violation and your car will be towed away at your expense if you refuse to move it. If the meter is obstructed again your water will be shut off per district rules."<br><br>Decl. Robert Puckett, Sr. Paragraph 6-7, Exh. F & G |
| 7. | None of the "notices" purportedly provided to Plaintiff by the HCSD and Defendant contain any notice of the date and time of any impending "hearing", nor do any of the notices contain any direction as to how Plaintiff might request a hearing, to contest the allegations of an "notice". The notices also do not provide the name of any employee of the HCSD.<br><br>ECF #26, pp. 16-25. | Disputed and immaterial. Plaintiff has not established that she is entitled to a hearing under the circumstances. Among other violations, Plaintiff parked a vehicle on top of the water meter, thereby making it impossible for her meter to be read. Plaintiff received notice that her actions were in violation of HCSD Rule 4.11 and warned that the vehicle may be towed and her water may be shut off if she continued to refuse to allow her meter to be read.<br><br>Decl. of Puckett ¶5-8, Exh. D-H. |
| 8. | At no time prior to the termination of her water service by the HCSD, Puckett, and Dingman, was Plaintiff ever given any hearing(s) by the HCSD and/or Puckett at which she had opportunity to put on evidence and otherwise contest the allegations of "violation(s)" set forth in the "notices" generated by the HCSD and Defendant Puckett.<br><br>ECF #26, pp.16-25, ECF #36 | Disputed and immaterial. Plaintiff has not established that she is entitled to a hearing under the circumstances. Among other violations, Plaintiff parked a vehicle on top of the water meter, thereby making it impossible for her meter to be read. Plaintiff received notice that her actions were in violation of HCSD Rule 4.11 and warned that the vehicle may be towed and her water may be shut off if she continued to refuse to allow her meter to be read.<br><br>Decl. of Puckett ¶5-8, Exh. D-H. |
| 9. | The normal policy and practice of the HCSD is to read the water meters of customers once each month, and to do so at or near the same day each month.<br><br>HCSD Rules and Regulations, ECF #34, Section 12.07. | Disputed and immaterial. HCSD declared a Water Shortage Emergency on July 16, 2021.<br>The Board of Supervisors finds and determines, pursuant to Water Code Section 351, that the District's water supply has failed and there exists an immediate |

| # | UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|---|
| | | emergency to the water supply of the District to the extent that there is insufficient water for human consumption, sanitation, and fire protection. On July 17, 2021, a public notice declaring an emergency water use reduction and boil water notice was issued and hand delivered to all customers and posted at business and on the district website.  At that time, all meters were read to keep an eye on water usage. Puckett Decl. ¶ 3-4, Exh. C. |
| 10. | During the period of July 16, 2021, through July 23, 2021, no written notice was provided to any of the customers of the HCSD (including Plaintiff) that water meters would be read at any time other than the normal reading period (the 25th through the 30th of each mont), and/or read in a manner contrary to HCSD Rules and Regulations, Section 12.07  (ECF #4, #26, #36, #41, #44) | Disputed and immaterial.  HCSD declared a Water Shortage Emergency on July 16, 2021. The Board of Supervisors finds and determines, pursuant to Water Code Section 351, that the District's water supply has failed and there exists an immediate emergency to the water supply of the District to the extent that there is insufficient water for human consumption, santiation, and fire protection. On July 17, 2021, a public notice declaring an emergency water use reduction and boil water notice was issued and hand delivered to all customers and posted at business and on the district website.  At that time, all meters were read to keep an eye on water usage. Puckett Decl. ¶ 3-4, Exh. C. |
| 11. | The HCSD does not hold any easement to any portion of Plaintiff's real property in Hornbrook, CA for any purpose. | Disputed and immaterial. Pursuant to HCSD Rules and Regulations 4.24 Ingress and Ingress: "Representatives from the District shall have the right of ingress and egress to the customer's premises at reasonable hours for may purpose reasonably connected with the furnishing of water service." Additionally, Pursuant to HCSD Rules and Regulations 4.29: "The District reserves the right to enter upon the applicant's premises for the purpose of reading, repairing, or |

| # | UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|---|
|  |  | replacing the water service meter." Puckett Decl. ¶8, Exh. H. |
| 12. | The Findings and Recommendations issued by the Hon. Dennis M. Cota on 9/17/21 as ECF #29 were adopted in full by the Hon. Kimberly J. Mueller, Chief Judge, on 12/6/21 as ECF #52. | Undisputed. |
| 13. | To any extent that they conflict with the provisions of the Constitution and laws of the State of California, andy of the HCSD's, and/or Puckett's policies, procedures, customs, practices, and/or Urles and Regulations, are preempted by sate laws and therefore violate Article XI Section 7 of the California Constitution.  "Under article XI, section 7 of the California Constitution, 'a county or city may make and enforce within its limits all local, police, sanitary, and other ordinances and regulations not in conflict with general state laws.'  If otherwise valid local legislation conflicts with state law, it is preempted by such law and is void.  A conflict exists if the local legislation (1) duplicates, (2) contradicts, or (3) enters an area fully occupied by general law, either expressly or by legislative implication." *O'Connell v. City of Stockton*, 41 Cal.4th 1061, 1067(2007)(citations an dinternal punctuation omitted, numbering added). | Disputed, immaterial, and legal argument. |
| 14. | Plaintiff's water service, was during the period of the month of July 2021, and is, a Constitutionally-protected property interest; that the HCSD is prohibited from terminating that water service "at will"; and, that Due Process considerations attach to the actions of the HCSD, Puckett, and Dingman relating to: the provision of, interference with, notices concerning, and/or termination of, Plaitniff's water service to her home. ECF #29, pp.14-16:15. | Disputed, immaterial, and legal argument. Plaintiff's water service was not terminated "at will".  In short, Plaintiff received multiple notices of violations.  Plaintiff repeatedly parked vehicles on top of the HCSD's meters to obstruct the HSCD from reading the meters.  When Plaintiff's meter was finally read, it showed that Plaintiff was utilizing 6,200 gallons of water per day, which is well over the allotted 200 gallons per day. See also Disputed Fact #4.  Puckett Decl. ¶2-8.  Exh. A-H.  Chiao Decl. Exh. I, Hrg. Transcript ppp. 19, lns 7-24 |

| # | UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|---|
| 15. | Plaintiff's water service, was during the period of the month of July 2021, and is, a Constitutionally-protected property interest, and the HCSD is required, as a matter of law, to abide by its own Rules and Regulations, policies, practices, customs, Resolutions, and Bylaws in administering and delivering Plaintiff's water service to her. | Disputed, immaterial, and legal argument.<br><br>Plaintiff is not entitled to continuously violate HCSD's Rules and Regulations. In short, Plaintiff received multiple notices of violations. Plaintiff repeatedly parked vehicles on top of the HCSD's meters to obstruct the HSCD from reading the meters. When Plaintiff's meter was finally read, it showed that Plaintiff was utilizing 6,200 gallons of water per day, which is well over the allotted 200 gallons per day.<br><br>See also Disputed Fact #4. Puckett Decl. ¶2-8. Exh. A-H. Chiao Decl. Exh. I, Hrg. Transcript ppp. 19, lns 7-24 |
| 16. | There are no provisions in the Rules and Regulations of the HCSD that permit the towing of otherwise lawfully-parked vehicles located over a customer's water meter. | Disputed and immaterial. The vehicle towed was unlawfully parked on top of HCSD's meter.<br><br>Pursuant to HCSD's Rules and Regulations 4.11: "no one, except an employee or representative of the District, shall at any time in any manner operate the curb cosk or valves, main cocks, gates or valves of the District's system; or interface with meters or their connections, street mains or other parts of the water system."<br><br>Pursuant to HCSD's Rules and Regulations 4.16: "All facilities installed by the District on private purpose for the purpose of rendering water service shall remain the property of the District and may be maintained, repaired or replaced by the Water Department without consent or interference of the owner or occupant of the property. The property owner shall use reasonable care in the protection of the facilities."<br><br>Pursuant to HCSD's Rules and Regulations 4.25: "Meters will be installed in the parkway area, and shall be owned by the District."<br><br>Pursuant to HCSD's Rules and Regulations: 4.29: "The District reserves the right to |

| # | UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|---|
|  |  | enter upon the applicant's premises for the purpose of reading, repairing or replacing the water service meter." <br><br> Puckett Decl. ¶8, Exh. H |
| 17. | There are no provisions in the Rules and Regulations of the HCSD that permit the towing of otherwise lawfully parked vehicles without a warrant. | Disputed and immaterial. The vehicle towed was unlawfully parked on top of HCSD's meter. <br><br> Pursuant to HCSD's Rules and Regulations 4.11: "no one, except an employee or representative of the District, shall at any time in any manner operate the curb cosk or valves, main cocks, gates or valves of the District's system; or interface with meters or their connections, street mains or other parts of the water system." <br><br> Pursuant to HCSD's Rules and Regulations 4.16: "All facilities installed by the District on private purpose for the purpose of rendering water service shall remain the property of the District and may be maintained, repaired or replaced by the Water Department without consent or interference of the owner or occupant of the property. The property owner shall use reasonable care in the protection of the facilities." <br><br> Pursuant to HCSD's Rules and Regulations 4.25: "Meters will be installed in the parkway area, and shall be owned by the District." <br><br> Pursuant to HCSD's Rules and Regulations: 4.29: "The District reserves the right to enter upon the applicant's premises for the purpose of reading, repairing or replacing the water service meter." <br> Puckett Decl. ¶8, Exh. H |
| 18. | There are no provisions in the Rules and Regulations of the HCSD providing that any notices given to customers of an alleged "violation" contain information on how to request a hearing to contest any "violation". | Disputed and immaterial. <br><br> HCSD Rules and Regulations Section 13 "Complaints and Disputed Bills" provides a dispute resolution process. <br><br> Puckett Decl. ¶8, Exh H. |

| # | UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|---|
| 19. | There are no provisions in the Rules and Regulations of the HCSD providing that any notices given to customers of an allged "violation" contain information as to the name and phone number of an HCSD employee that the customer may call to discuss the notice, and/or any "violation", or to whom they can speak with directly to obtain information on contesting any "violation". | Disputed and immaterial.  Contact information of HCSD's board of directors can be found at:<br><br>Schedule of board meetings can be found at: https://hornbrookcsd.specialdistrict.org/regular-board.<br><br>Plaintiff provides this website in her UMF #2. |

Dated:  May 2, 2022

SPINELLI, DONALD & NOTT

By:  /s/ *Jeffrey Chiao*
    JEFFREY CHIAO
    Attorneys for Defendants
    HORNBROOK COMMUNITY
    SERVICES DISTRICT