Kimberly R. Olson, In Pro Per
PO Box 243
Hornbrook, CA 96044
530-475-3669

FILED

MAY 06 2022

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
        DEPUTY CLERK

THE UNITED STATES DISTRICT COURT

IN AND FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Kimberly R. Olson,<br>  Plaintiff,<br><br>vs.<br><br>Robert Puckett, Sr., et al,<br><br>  Defendants, | Case No: 2:21-cv-1482 KJM DMC (PS)<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR CONTEMPT AGAINST DEFENDANT HORNBROOK COMMUNITY SERVICES DISTRICT; DECLARATION OF KIMBERLY R. OLSON**<br><br>**Date:** June 29, 2022<br>**Time:** 10:00 a.m.<br>**Place:** Redding Courthouse<br>        2986 Bechelli Ln., Redding, CA |

TO DEFENDANT HORNBROOK COMMUNITY SERVICES DISTRICT, AND THEIR ATTORNEYS OF RECORD; PLEASE TAKE NOTICE that on June 29, 2022 at 10:00 a.m. at the Federal Courthouse located at 2986 Bechelli Ln., Redding, CA, the Plaintiff, Kimberly R. Olson, will, and does, respectfully move the Court for entry of an order of civil contempt, pursuant to FRCivP 45(g), against Defendant Hornbrook Community Services District ("HCSD") for failing to respond to, and/or comply with, a subpoena issued by this Court's Clerk.

Plaintiff certifies to this Court that prior to service of the subpoena upon the HCSD, she served a true copy of the subpoena and its attachments upon Counsel for the HCSD, along with a proof of service memorandum. A true copy of these documents are collectively attached as Exhibit A. Furthermore, once the date of compliance with the subpoena had come and gone, and after additional time to allow for mailing or other delays, and prior to filing and serving this Motion for Contempt ("Motion" hereinafter), Plaintiff contacted the HCSD directly by phoning its President, Robert Puckett, Sr., on Monday May 2, 2022 to inquire as to the intention of the HCSD in regards to the subpoena. President Puckett informed Plaintiff that he had decided the HCSD would not be responding to the subpoena because he had "shown it to a couple of lawyers, and they said it wasn't a real subpoena." Despite Plaintiff pointing out to him that the

subpoena had been signed and stamped by the Court Clerk for CAED, Puckett remained adamant that the HCSD was not going to respond.

This Motion will be based upon: the incorporated Memorandum of Points and Authorities in support of the Motion, as well as any and all attached Exhibits; this Court's prior findings and Orders, as well as the Court's files, and all of the documents filed by the parties contained therein; all declarations and exhibits submitted by any party in support or opposition of the Motion; all documents, records, and other matters of which this Court may take judicial notice; and any further items of admissible evidence or arguments the Court may permit. The grounds for this motion are that:

1) The HCSD, on April 16, 2022 was served a subpoena issued by this Court's Clerk for Plaintiff Kimberly R. Olson, for certain records and documents pertaining to various allegations made by the Parties in their pleadings, and which the HCSD has been wrongfully and unconstitutionally withholding from Plaintiff by denying her (for the past nine [9] months) any hearing, or other opportunity, to challenge the allegations made against her by the HCSD in July of 2021 pertaining to the water service to her home[1]. The subpoena requested production of documents by April 26, 2022 within one (1) mile of the HCSD facilities, and of the residence of President Puckett, and HCSD Secretary, Melissa Puckett-Tulledo. A true copy of the subpoena, it's rider/attachment, page of instructions, and proof of service are attached hereto as Exhibit B.

2) No response was made to the subpoena by the HCSD, nor was any motion to quash the subpoena, nor any objections to the subpoena, filed with this Court.

3) On May 2, 2022, Plaintiff called HCSD President, and Defendant herein, Robert Puckett, Sr., and inquired as to if the HCSD would be responding to the subpoena that had been served on April 16, 2022. Puckett informed Plaintiff that he had met with two attorneys, both of

---

[1] See ECF #26; c.f. *Memphis Light, Gas & Water Div. v. Craft*, 436 U.S. 1 (1978); *Kash Enterprises, Inc. v. City of Los Angeles*, 19 Cal.3d 294 (1977). See also ECF #42 at item 7; ECF #67, pp.2, 16-20; ECF #72-1, p.8; ECF #73, pp.1-2. Despite refusing to allow any hearing on these issues, the Defendants continue to claim the mere untested (and mostly hearsay/lacking foundation) allegations of violations, and other unsupported and unproven claims made by Puckett relating thereto, are instead actual facts. See, i.e., ECF #87-1, pp.2-4; ECF #87-3, pp.4-10. This sort of logical fallacy/hiding the ball nonsense is exactly why citizens are guaranteed due process, in the form of **proper** notice, ***and*** meaningful **pre-deprivation** hearings, before a government agency may act against their property interests - be they water service under Memphis; cars allegedly "illegally parked"; the right to exclude persons from land; or, seizing a private water meter for agency use because the "rules" say they can. See, i.e., *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 313 (1950); 7 *Boddie v. Connecticut*, 401 U.S. 371, 379 (1971); and, *Menefee & Son v. Dep't of Food & Agric.*, 245 Cal. Rptr. 166, 170 (Ct. App. 1988).

whom told him the subpoena "wasn't a real subpoena", and so the HCSD would not make any response to the subpoena at all.

    I, Kimberly R. Olson, the Plaintiff in this matter appearing Pro Se, do hereby certify under penalty of perjury of the laws of the United States, that the above-stated facts and events are true to the best of my knowledge and recollection. Executed at Hornbrook, CA this date.

Dated: 5-3-22       _Kimberly R. Olson_
                                             Kimberly R. Olson, Plaintiff Pro Se

## ARGUMENT

    Pursuant to Federal Rule of Civil Procedure 45(g), failure to obey a subpoena or an order related to it, "without adequate excuse," is conduct punishable by contempt. The party "seeking contempt must demonstrate by clear and convincing evidence that the individual 'violated a definite and specific order of the court requiring him to perform or refrain from performing a particular act or acts with knowledge of the court's order." *Faison v. State Farm Fire and Cas. Co.*, No. 13-cv-15014, 2015 WL 4274882, at *2 (E.D. Mich. June 18, 2015) (citing *M&C Corp. v. Erwin Behr GmbH & Co.*, 289 F. App'x 927, 935 (6th Cir. 2008)). The burden then "shifts to the individual charged with contempt to make a categorical and detailed showing that compliance is impossible." *Id.* (citing *U.S. v. Rylander*, 460 U.S. 752, 757 (1983) and *U.S. v. Conces*, 507 F.3d 1028, 1043 (6th Cir. 2007)).

    The Court should therefore find Defendant HCSD in contempt of this Court's subpoena, Order immediate compliance therewith, and impose additional sanctions as appropriate.

Dated: 5-3-22       _Kimberly R. Olson_
                                             Kimberly R. Olson, Plaintiff Pro Se

## CERTIFICATION AND PROOF OF SERVICE

    I, Kimberly R. Olson affirm under penalty of perjury under the laws of the United States that I served the appearing Defendants a true copy of the foregoing document via US Mail to their counsel of record, at the address(es) below, on May __3__, 2022 as follows:

Jeffrey Chiao
601 University Ave., Ste. 225
Sacramento, CA 95825

Dated this 3rd day of May, 2022.       _Kimberly R. Olson_
                                                       Kimberly R. Olson, Plaintiff Pro Se

# EXHIBIT A

# EXHIBIT A

Kimberly R. Olson
PO Box 243, Hornbrook, CA 96044
kimberlyrenee@yahoo.com (email not for service)
(530) 475-3669

THE UNITED STATES DISTRICT COURT

IN AND FOR THE EASTERN DISTRICT OF CALIFORNIA

Kimberly R. Olson,            )
                              ) Case No: 2:21-cv-1482 KJM DMC (PS
        Plaintiff,            )
                              ) PLAINTIFF'S PROOF OF SERVICE
vs.                           )
                              )
Robert Puckett, Sr., et al,   )
        Defendants,           )

## CERTIFICATION AND PROOF OF SERVICE FOR:

**1. SUBPOENA TO THE HORNBROOK COMMUNITY SERVICES DISTRICT**
Issued 4/13/2022 by the Clerk of the USDC, CAED
Commanding production of documents and records

I, Kimberly R. Olson affirm under penalty of perjury under the laws of the United States that I served the Defendants in this action a true copy of the foregoing documents via US Mail in Hornbrook, CA, to their counsel of record, at the address below, on April 16 16th, 2022, at 1:00p.m. as follows:

Jeffrey Chiao
601 University Ave., Ste. 225
Sacramento, CA 95825

Dated this 16th day of April, 2022.

Kimberly R. Olson, Plaintiff Pro Se

Plaintiff's Proof of Service for Subpoena to the HCSD - 1

| | |
|---|---|
| Kimberly R. Olson <br> *Plaintiff* <br> v. <br> Robert Puckett, Sr., et al <br> *Defendant* | ) ) ) ) ) ) ) Civil Action No. 2:21-cv-1482 KJM DMC (PS) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: **Hornbrook Community Services District**
*(Name of person to whom this subpoena is directed)*

☒ *Production:* YOU ARE COMMANDED to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: **See "Rider/Attachment A-1", attached hereto.**

| Place: **408 Henley-Hornbrook Rd., Hornbrook, CA 96044** <br> **—or by USPS to PO Box 243, Hornbrook, CA 96044** | Date and Time: **by April 26, 2022 @ 5:00 p.m.** |
|---|---|

☐ *Inspection of Premises:* YOU ARE COMMANDED to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: **4/13/2022**

CLERK OF COURT

OR

*Signature of Clerk or Deputy Clerk*    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____, who issues or requests this subpoena, are:

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:21-cv-1482 KJM DMC (PS)

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Case 2:21-cv-01482-KJM-DMC Document 90 Filed 05/06/22 Page 8 of 16

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# RIDER/ATTACHMENT A-1 TO SUPOENA OF THE UNITED STATES DISTRICT COURT FOR T EASTERN DISTRICT OF CALIFORNIA - FRCivP 45

**Case Name:** Olson v. Puckett, et al;   **CAED Case No.** #2:21-cv-1482 KJM DMC (PS)

To Defendant Hornbrook Community Services District ("HCSD"):

    Pursuant to the FRCivP 45, and the attached Subpoena issued by the Clerk of the United States District Court for the Eastern District of California, Plaintiff Kimberly R. Olson ("Plaintiff") demands the production the following documents and records in your control and/or custody.  In lieu of physical production of actual hard-copy documents and records, Plaintiff agrees to accept true, <u>fully legible,</u> unmarred copies delivered to P.O. Box 243, Hornbrook, CA 96044 by the date indicated.  As to those documents and records that are stored electronically, or are electronic in nature (for example, emails, SMS "text" messages, cell phone logs/records, etc), Plaintiff requests that <u>in addition</u> to printed copies of such material, that she be provided direct electronic copies of that material either by directly forwarding that material to her at kimbrlyrenee@yahoo.com (along with a statement by the sender specifying that the forwarded material is in response to this subpoena request), or by placing that material onto a compact disc, "DVD", or flash storage drive, and then delivering that item to her either personally, or by USPS to P.O. Box 243, Hornbrook, CA 96044 by the date indicated on the Subpoena.

## DEFINITONS

    The term "documents" shall mean all written, typewritten, recorded, printed or graphed material, original or copy, including but not limited to: any correspondence, communications, handwritten notes, calendar or Day-Timer entries, SMS "text messages", voice mail messages, computer printout or stored information, audio recordings, video recordings, photos (electronic or film), tangible information produced by any nonparty, agreements, drafts, drafts of agreements, invoices, bills, receipts, billing statements, invoices of vendors, maps, plans, proposed contracts, proposals, applications, transcript of hearings, minutes of meetings, agendas, notes, notes of meetings, environmental studies, water production logs, water plant logs, weekly drought technical reports, water plant meter logs, well logs, well meter logs, notes of telephone conversation, agreements, contracts, insurance policies, memoranda, diaries, logs, invoices, ledgers, journals, telegrams, telexes, reports, letters, invoices, requests, requests for bids, requests for quotes, statements, papers, books, and includes original or any copies or drafts thereof or any other form of "writing" as defined by *F.R. Evid.*, Rule 401 or *Cal. Evid. Code* §250.

    The term "documents" shall also mean and refer to any and all "public records" as that term is defined at *Cal. Gov. Code* §6252(g).  The term "documents" shall also mean each copy which is not identical to the original or to any other identified copy, and all drafts and notes (whether typed, handwritten or otherwise) made or prepared in connection with such documents, whether used or not.

    The term "communications" shall mean any contact or exchange of information, whether in person or otherwise, whether orally or in writing, and whether attempted or completed.

    The terms "related to" or "relating to" shall mean containing, consisting of, referring to, reflecting, including, being, supporting, evidencing, or constituting evidence of, or being logically or factually connected with the matter discussed in whole or in part.

    The terms "you" and "your" shall mean the Hornbrook Community Services District, also referred to herein as the "HCSD", in any capacity, including any of its agents, other entities, departments, officers, employees, attorneys, representatives, independent contractors, and any other person purporting to act on its behalf, both implicitly and expressly. The term shall expressly refer to, but is not limited to, any past or present member of the HCSD Board of Directors, and Clint Dingman.

    The term "person" shall mean any natural living human being, or an entity in the form of a limited liability partnership, general partnership, limited partnership, government agency, limited liability company, corporation, dba, sole proprietorship, or joint venture of any kind.

    For purposes of these requests, the term "to, from, or between " shall <u>also</u> include any letters, emails or other communications and documents requested herein in which the name(s) of any of the persons or entities named in "1)" below appear in the "cc" or "bcc" field, or are designated as "cc" on the document. This request **also** seeks any and all attachments or enclosures as to each communication or responsive record.

    Pursuant to the provisions of the attached Supoena, and FRCivP 45, Plaintiff requests you to produce:

1) All documents and records of, or pertaining to the production and measurement of output of each or any of the HCSD's wells, and of the water plant - including, but not limited to, any and all logs, and reports pertaining thereto sent to the SWRCB, all for the period of April 1, 2020, through and including April 15, 2022;

2) All documents of, <u>or pertaining to</u>, readings taken of Plaintiff's water meter at 408 Henley Hornbrook Rd., Hornbrook, CA 96044 for the period of February 1, 2021 through April 15, 2022

3) All documents of, <u>or pertaining to</u>, meter readings of every customer of the HCSD for the period of April 1, 2021 through December 1, 2021;

4) All records of, and/or relating to, any Drought Technical Reports created by the HCSD during the months of August, 2021 through and including April, 2022;

5) All documents and records of, or pertaining to, any meeting of the Board of the HCSD where any motion, resolution, or ordinance was adopted by the Board granting Robert Puckett, Sr. any authority to: enforce any provision of HCSD Resolutions 2021-02 and/or 2021-09; sign any document pertaining to enforcement of HCSD Resolutions 2021-02 and/or 2021-09; impose any sanction and/or punishment against any customer of the HCSD pursuant to the provisions of HCSD Resolutions 2021-02 and/or 2021-09; and/or, to provide any declaration and/or testimony concerning any legal matter in which the HCSD is or was a party;

    I look forward to the HCSD's anticipated prompt compliance with the Subpoena in this matter, and timely production of the above referenced documents as instructed above.

Dated this __16th__ day of April, 2022.

                                                    Kimberly R. Olson, Plaintiff Pro Se
                                                    PO Box 243
                                                    Hornbrook, CA 96044
                                                    (530) 475-3669

# EXHIBIT B

# EXHIBIT B

UNITED STATES DISTRICT COURT
for the
Eastern District of California

| | | |
|---|---|---|
| Kimberly R. Olson | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 2:21-cv-1482 KJM DMC (PS) |
| Robert Puckett, Sr., et al | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: **Hornbrook Community Services District**
*(Name of person to whom this subpoena is directed)*

☒ *Production:* YOU ARE COMMANDED to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: **See "Rider/Attachment A-1", attached hereto.**

| Place: 408 Henley-Hornbrook Rd., Hornbrook, CA 96044 — or by USPS to PO Box 243, Hornbrook, CA 96044 | Date and Time: by April 26, 2022 @ 5:00 p.m. |
|---|---|

☐ *Inspection of Premises:* YOU ARE COMMANDED to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 4/13/2022

CLERK OF COURT

_____    OR    _____
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____, who issues or requests this subpoena, are:

---

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Case 2:21-cv-01482-KJM-DMC Document 90 Filed 05/06/22 Page 13 of 16

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:21-cv-1482 KJM DMC (PS)

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* **Kimberly R. Olson, Plaintiff**
on *(date)* **April 16, 2022**

☒ I served the subpoena by delivering a copy to the named person as follows: **Personally delivering a true copy to HCSD President Robert Puckett, Sr. AND HCSD Secretary Melissa Puckett-Tulledo at their residence** on *(date)* **April 16, 2022**; at **15009 Oregon Rd., Hornbrook, CA**

☐ I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ **NA — document subpoena only**

My fees are $ _____ for travel and $ **20.00** for services, for a total of $ **20.00**.

I declare under penalty of perjury that this information is true.

Date: **4/16/2022**

_____
Server's signature

**Roger Gifford, citizen of CA**
Printed name and title

**15226 Hornbrook Rd., Hornbrook, CA**
Server's address

Additional information regarding attempted service, etc.:

Case 2:21-cv-01482-KJM-DMC   Document 90   Filed 05/06/22   Page 14 of 16

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# RIDER/ATTACHMENT A-1 TO SUPOENA OF THE UNITED STATES DISTRICT COURT FOR T EASTERN DISTRICT OF CALIFORNIA - FRCivP 45

**Case Name:** Olson v. Puckett, et al;   **CAED Case No.** #2:21-cv-1482 KJM DMC (PS)

To Defendant Hornbrook Community Services District ("HCSD"):

Pursuant to the FRCivP 45, and the attached Subpoena issued by the Clerk of the United States District Court for the Eastern District of California, Plaintiff Kimberly R. Olson ("Plaintiff") demands the production the following documents and records in your control and/or custody. In lieu of physical production of actual hard-copy documents and records, Plaintiff agrees to accept true, fully legible, unmarred copies delivered to P.O. Box 243, Hornbrook, CA 96044 by the date indicated. As to those documents and records that are stored electronically, or are electronic in nature (for example, emails, SMS "text" messages, cell phone logs/records, etc), Plaintiff requests that in addition to printed copies of such material, that she be provided direct electronic copies of that material either by directly forwarding that material to her at kimbrlyrenee@yahoo.com (along with a statement by the sender specifying that the forwarded material is in response to this subpoena request), or by placing that material onto a compact disc, "DVD", or flash storage drive, and then delivering that item to her either personally, or by USPS to P.O. Box 243, Hornbrook, CA 96044 by the date indicated on the Subpoena.

## DEFINITONS

The term "documents" shall mean all written, typewritten, recorded, printed or graphed material, original or copy, including but not limited to: any correspondence, communications, handwritten notes, calendar or Day-Timer entries, SMS "text messages", voice mail messages, computer printout or stored information, audio recordings, video recordings, photos (electronic or film), tangible information produced by any nonparty, agreements, drafts, drafts of agreements, invoices, bills, receipts, billing statements, invoices of vendors, maps, plans, proposed contracts, proposals, applications, transcript of hearings, minutes of meetings, agendas, notes, notes of meetings, environmental studies, water production logs, water plant logs, weekly drought technical reports, water plant meter logs, well logs, well meter logs, notes of telephone conversation, agreements, contracts, insurance policies, memoranda, diaries, logs, invoices, ledgers, journals, telegrams, telexes, reports, letters, invoices, requests, requests for bids, requests for quotes, statements, papers, books, and includes original or any copies or drafts thereof or any other form of "writing" as defined by *F.R. Evid.*, Rule 401 or *Cal. Evid. Code* §250.

The term "documents" shall also mean and refer to any and all "public records" as that term is defined at *Cal. Gov. Code* §6252(g). The term "documents" shall also mean each copy which is not identical to the original or to any other identified copy, and all drafts and notes (whether typed, handwritten or otherwise) made or prepared in connection with such documents, whether used or not.

The term "communications" shall mean any contact or exchange of information, whether in person or otherwise, whether orally or in writing, and whether attempted or completed.

The terms "related to" or "relating to" shall mean containing, consisting of, referring to, reflecting, including, being, supporting, evidencing, or constituting evidence of, or being logically or factually connected with the matter discussed in whole or in part.

   The terms "you" and "your" shall mean the Hornbrook Community Services District, also referred to herein as the "HCSD", in any capacity, including any of its agents, other entities, departments, officers, employees, attorneys, representatives, independent contractors, and any other person purporting to act on its behalf, both implicitly and expressly. The term shall expressly refer to, but is not limited to, any past or present member of the HCSD Board of Directors, and Clint Dingman.

   The term "person" shall mean any natural living human being, or an entity in the form of a limited liability partnership, general partnership, limited partnership, government agency, limited liability company, corporation, dba, sole proprietorship, or joint venture of any kind.

   For purposes of these requests, the term "to, from, or between " shall <u>also</u> include any letters, emails or other communications and documents requested herein in which the name(s) of any of the persons or entities named in "1)" below appear in the "cc" or "bcc" field, or are designated as "cc" on the document. This request **also** seeks any and all attachments or enclosures as to each communication or responsive record.

   Pursuant to the provisions of the attached Supoena, and FRCivP 45, Plaintiff requests you to produce:

1) All documents and records of, or pertaining to the production and measurement of output of each or any of the HCSD's wells, and of the water plant - including, but not limited to, any and all logs, and reports pertaining thereto sent to the SWRCB, all for the period of April 1, 2020, through and including April 15, 2022;

2) All documents of, <u>or pertaining to</u>, readings taken of Plaintiff's water meter at 408 Henley Hornbrook Rd., Hornbrook, CA 96044 for the period of February 1, 2021 through April 15, 2022

3) All documents of, <u>or pertaining to</u>, meter readings of every customer of the HCSD for the period of April 1, 2021 through December 1, 2021;

4) All records of, and/or relating to, any Drought Technical Reports created by the HCSD during the months of August, 2021 through and including April, 2022;

5) All documents and records of, or pertaining to, any meeting of the Board of the HCSD where any motion, resolution, or ordinance was adopted by the Board granting Robert Puckett, Sr. any authority to: enforce any provision of HCSD Resolutions 2021-02 and/or 2021-09; sign any document pertaining to enforcement of HCSD Resolutions 2021-02 and/or 2021-09; impose any sanction and/or punishment against any customer of the HCSD pursuant to the provisions of HCSD Resolutions 2021-02 and/or 2021-09; and/or, to provide any declaration and/or testimony concerning any legal matter in which the HCSD is or was a party;

   I look forward to the HCSD's anticipated prompt compliance with the Subpoena in this matter, and timely production of the above referenced documents as instructed above.

Dated this __16th__ day of April, 2022.

                    *Kimberly Olson*
                    Kimberly R. Olson, Plaintiff Pro Se
                    PO Box 243
                    Hornbrook, CA 96044
                    (530) 475-3669