**SPINELLI, DONALD & NOTT**
A Professional Corporation
J. SCOTT DONALD, SBN: 158338
JEFFREY C. CHIAO, SBN: 236781
601 University Avenue, Suite 225
Sacramento, CA 95825
Telephone: (916) 448-7888
Facsimile:   (916) 448-6888

Attorneys for Defendants
ROBERT PUCKETT, SR., CLINT DINGMAN, MICHELE HANSON, MELISSA TUELLEDO and HORNBROOK COMMUNITY SERVICES DISTRICT

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY R. OLSON,<br><br>           Plaintiff,<br><br>     vs.<br><br>ROBERT PUCKETT, SR., CLINT DINGMAN; MICHELE HANSON; MELISSA TUELLEDO; HORNBROOK COMMUNITY SERVICES DISTRICT; BRUCE'S TOWING/RADIATOR & DISMANTLING; and DOES 1 through 20, inclusive,<br><br>           Defendants. | Case No.: 2:21-cv-1482-KJM-DMC (PS)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO QUASH PLAINTIFF'S SUBPOENA TO PRODUCE DOCUMENTS TO HORNBROOK COMMUNITY SERVICES DISTRICT**<br><br>Date:          June 29, 2022<br>Time:          10:00 am<br>Courtroom:  304, 3rd Floor<br>Judge:         Hon. Dennis M. Cota<br><br>Complaint Filed: August 18, 2021<br>FAC filed: October 6, 2021<br>Trial Date:  TBD |

## I. INTRODUCTION

At issue in this motion is a subpoena issued by Plaintiff Kimberly Olson, in pro per, to Defendant Hornbrook Community Services District ("HCSD") seeking production of documents. As set forth below, the subpoena is invalid on its face and should be quashed by this Court pursuant to Federal Rules of Civil Procedure, Rule 45.

## II. RELEVANT FACTUAL AND PROCEDURAL HISTORY

Plaintiff Kimberly Olson filed her Complaint on or about August 18, 2021. (ECF No. 1). Service of Summons and Complaint on Defendants was completed on August 26, 2021. (ECF No. 15) Plaintiff concurrently filed a Motion for Temporary Restraining Order and Preliminary Injunction with her Complaint. (ECF No. 3) Defendant's filed written Opposition on September 3, 2021. (ECF No. 17) A hearing on Plaintiff's Motion was held on September 14, 2021. On September 17, 2021, the Honorable Dennis M. Cota submitted findings and recommendations to the U.S. District Judge assigned to the case. (ECF No. 29) On September 29, 2021, Plaintiff Olson filed Objections to Judge Cota's findings and recommendations. (ECF No. 40) On October 14, 2021, Defendants filed a response in opposition to Plaintiff's Olson's Objections. (ECF No. 45) On December 6, 2021, U.S. District Judge Kimberly J. Mueller adopted Judge Cota's findings and recommendations in full. (ECF No. 52)

Defendants filed a 12(b)(6) motion to dismiss on September 17, 2021 (ECF No. 30). Instead of opposing Defendants' motion, Plaintiff filed a First Amended Complaint on October 6, 2021. (ECF No. 44) Defendants filed a 12(b)(6) Motion to Dismiss Plaintiff's First Amended Complaint on October 20, 2021. (ECF No. 47) On December 1, 2021, Plaintiff filed a Motion to Strike Portions of Defendants' Motion to Dismiss. (ECF No. 51) On December 28, 2021, this Court took Defendants' Motion to Dismiss and Plaintiff's Motion to Strike off calendar and deemed the matters submitted on the record without oral argument. (ECF No. 59) A decision on Defendants' Motion to Dismiss is pending.

In addition, Plaintiff Olson filed a Motion for Civil Contempt Sanctions and Further Injunction on February 4, 2022. (ECF No. 67) Defendants filed written opposition to Plaintiff's Motion for Civil Contempt Sanctions on February 23, 2022. (ECF No. 69) On February 22, 2022, Plaintiff filed a Motion for Partial Summary Judgment. (ECF No. 68) Defendants filed written opposition to this premature summary judgment motion on May 2, 2022. On March 17, 2022, Plaintiff filed the instant

1  Motion for Preliminary Injunction.  Defendants filed written opposition against this motion on April 12,
2  2022.
3       As detailed above, Plaintiff has now filed five (5) motions in this case, including three motions
4  for preliminary injunction and a motion for summary judgment.  On or about April 13, 2022, Plaintiff
5  Olson issued the subpoena at issue, seeking production of documents from Defendant HCSD.  (Decl.
6  Puckett, Exh. A)  The subpoena is entirely in Plaintiff Olson's handwriting, and Plaintiff prints and signs
7  the name "H. Huang" in the section reserved for the Clerk of Court.

**III.    LEGAL ARGUMENT**

    **A.    The Subpoena Is Facially Invalid Because It Was Not Properly Issued**

A subpoena may be issued by the clerk of the court or an attorney by signing the subpoena. FRCP 45(a)(3).  See also *Cramer v. Target Corp*. No. 1:08-CV-1693-WW-SKO, 2010 WL 1791148, at *1 (E.D. Cal. May 4, 2010) (noting that a pro se plaintiff" was not an officer of the Court authorized to sign and issue a subpoena pursuant to Fed.R.Civ.P.45(a)(3); *Gonzalez v. Alameida*, No. CV F 06 1417 OWW WMW P, 2008 WL 161996, at *1 (E.D. Cal. Jan. 16, 2008) ("[A] party appearing in pro per cannot issue a subpoena.")

Here, the subpoena in question clearly was not signed by an attorney or the Clerk of the Court. Instead, the handwriting of the document appears the same throughout and Plaintiff Olson filled out and forged the signature of the Clerk of the Court.  The subpoena does have a court seal or stamp.  Since Plaintiff Olson cannot issue a subpoena, the subpoena was not properly issued and must be quashed.

    **B.    Discovery May Not Be Served Before the Rule 26(f) Case Management Conference**

Discovery is not permitted without a court order before the parties have had a Rule 26(f) conference pursuant to Federal Rule of Civil Procedure 26(f).  Fed.R.Civ.P.26(d)(1).  "Generally, a plaintiff is not entitled to discovery to obtain the facts necessary to establish a claim that is plausible on its face…" *Felder v. Wash. Metro. Area Transit Auth*., 105 F.Supp.3d 52, 59 (D.D.C. 2015) (citing *New Albany Tractor, Inc. v. Louisville Tractor, Inc.,* 650 F.3d 1045, 1051 (6th Cir. 2011)).

Presently, no Rule 26(f) case management conference has been held or scheduled.  Furthermore, the pleadings are not yet at issue and the court has not permitted any discovery to be taken.  The court is

still in the process of ruling on Defendant HCSD's 12(b)(6) Motion to Dismiss as well as several motions filed by Plaintiff Olson. In short, since Plaintiff's Complaint has not survived 12(b)(6) Motion to Dismiss, Plaintiff's invalid subpoena must be quashed for this additional reason.

## IV.   CONCLUSION

For the foregoing reasons, Defendants respectfully request that this court quash Plaintiff Olson's invalid subpoena to Defendant HCSD.

Dated: May 9, 2022                    **SPINELLI, DONALD & NOTT**


By   /s/  Jeffrey Chiao
    JEFFREY C. CHIAO
    Attorney for Defendants
    ROBERT PUCKETT, SR., CLINT
    DINGMAN, MICHELE HANSON,
    MELISSA TUELLEDO and HORNBROOK
    COMMUNITY SERVICES DISTRICT