Kimberly R. Olson, In Pro Per
PO Box 243
Hornbrook, CA 96044
530-475-3669

**FILED**

MAY 1 8 2022

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
            DEPUTY CLERK

THE UNITED STATES DISTRICT COURT

IN AND FOR THE EASTERN DISTRICT OF CALIFORNIA

Kimberly R. Olson,                    )   Case No: 2:21-cv-1482 KJM DMC (PS)
                Plaintiff,            )
                                      )   **PLAINTIFF'S OPPOSITION TO**
        vs.                           )   **DEFENDANTS' MOTION TO QUASH**
                                      )   **SUBPOENA TO PRODUCE**
Robert Puckett, Sr., et al,           )   **DOCUMENTS TO HCSD;**
                                      )   **DECLARATION OF KIMBERLY R.**
        Defendants,                   )   **OLSON**
                                      )
                                      )
                                      )   **Date:** June 29, 2022
                                      )   **Time:** 10:00 a.m.
                                      )   **Place:** Redding Courthouse
                                      )            2986 Bechelli Ln., Redding, CA

        Plaintiff, Kimberly R. Olson, files this Opposition to Defendant Hornbrook Community

Services District's ("HCSD") ECF #91 Motion to Quash ("Motion") a documents subpoena

issued by this Court's Clerk, and served upon the HCSD via its President, Robert Puckett, Sr.;

and, its Secretary, Melissa Puckett-Tulledo, on April 16, 2022.  The Opposition shall be based

upon the facts that:

        1) The HCSD's Motion is untimely, having been filed on May 9, 2022 (outside the time

of compliance with the Subpoena, which was April 26, 2022), and due to the failure to make any

timely objections to the Subpoena prior to its compliance date.  (ECF #91.)

        2) The accusation in the Motion - that Plaintiff essentially forged the Subpoena - is

grossly irresponsible[1], and totally false; and,

        3) The avenue of argument in the Motion, that Plaintiff "seeks discovery" concerning the

long-submitted Rule 12(b) motion by the HCSD, is incorrect and unavailing.  Given the time of

_____

[1] Counsel, as a member of the Bar and an Officer of this Court, has a duty to at least make reasonable
inquiry into facts (e.g., Rule 11) before recklessly filing accusations of criminal conduct against another
Party.  In this case, as Counsel had weeks to do so before finally filing his Motion, he at the least should
have phoned the Clerk for confirmation of the issuance of the subpoena, as Plaintiff provided him a copy
of it herself before the HCSD was served with it (albeit earlier on the same day).  See ECF #90, pp.5-10.

service of the Subpoena (4/16), the date set therein for compliance (4/26), and the original 4/27 date of hearing on Plaintiff's pending Motion for Preliminary Injunction (ECF #72), it should have been obvious to Counsel that the narrowly-drafted subpoena - primarily seeking records of water meter readings - was directed at impeachment evidence concerning the multiple false statements by HCSD President Puckett concerning Plaintiff's meter readings, and water use as are now (again) found throughout ECF #69, and #87[2].  Furthermore, the information sought by the Subpoena was actually promised by Puckett and Counsel Donald to be given to the Court (and to Plaintiff) last year, but then it was never delivered, which failure has turned out to be extremely, and ongoingly, prejudicial to Plaintiff.  (ECF #36, p.37:9-14.)

## 1. INITIAL OBJECTION TO SCANDALOUS MATTER IN ECF #91.

Scandalous, inflammatory, and untrue statements in filings before this Court, such as Counsel's claim that Plaintiff forged a Clerk's signature on a subpoena (ECF #91, p.2; #91-1, p.3:6-18), should be stricken outright *sua sponte* as being consistent with the Court's inherent powers to protect the decorum of proceedings before it.  See FRCivP 12(f); *Chambers v. NASCO, Inc.,* 501 U.S. 32, 43 (1991) (quoting *Anderson v. Dunn,* 6 Wheat. 204, 227 (U.S. 1821)).

As stated in 5C C. Wright and A. Miller, Federal Practice and Procedure (Civil) 2d § 1382, at 465 (2004); "'Scandalous' matter is that which improperly casts a derogatory light on someone, most typically on a party to the action.") (footnote omitted); see also 2 Moore's Federal Practice § 12.37[3] at 12-97 ("'Scandalous' generally refers to any allegation that unnecessarily reflects on the moral character of an individual or states anything in repulsive language that detracts from the dignity of the court.") (footnote omitted).

Furthermore, "...scandalous allegations and matter of this type often will be stricken from the pleadings in order to purge the court's files and protect  the person who is the subject of the allegations."  5C C. Wright and A. Miller, Federal Practice and Procedure (Civil) 2d § 1382, at 466-67 (2004).  The striking of offensive material is particularly appropriate when  the offensive

---

[2] This document (the HCSD's Opposition to Plaintiff's Partial MSJ) and its attachments were filed a week after the production date on the Subpoena, and a week prior to the HCSD's Motion herein. ECF #87-3 is particularly relevant in this regard, as it repeatedly references the unsupported, hearsay statement of Puckett that Plaintiff "was utilizing 6,200 gallons per day", and that this determination arose because Plaintiff's water meter was supposedly read and indicated that amount (despite the fact that Puckett never actually states that anywhere in the record, and never says that he, personally, read Plaintiff's meter at any time). See ECF #87-3, pp.3:23-25, 4:12-13, 7:7-19, 8:23-25, 9:8-9. C.f., hearsay/lack of foundation in Puckett Decl., ECF #26, @ items #7 and #9, and (unsigned) Ex. G; transcript, ECF #36, p.37:9-14 (Counsel Donald promising to provide meter readings, etc to the Court and Plaintiff - never happened).

Plaintiff's Opposition to Motion to Quash Subpoena by Defendant HCSD

material constitutes an inappropriate attempt to abuse the Court's process to attack an individual personally. See, e.g., *Pigford v. Veneman*, 215 F.R.D. 2, 4-5 (D.D.C. 2003) (striking unfounded accusations that opposing counsel was racist); *Murray v. Sevier*, 156 F.R.D. 235, 258 (D. Kan. 1994) (striking allegation that defendant and his counsel "bought off" and paid "hush money" to prospective witnesses).

## 2.  THE SUBPOENA WAS DULY AND PROPERLY ISSUED BY THE CLERK.

It is true that both Plaintiff and the Clerk's Office - neither having a great deal of experience with pro Se Parties obtaining and utilizing subpoenas - experienced some initial confusion over the process (see ECF #77; c.f., true copy of Clerk's letter of 4/4/2022 as Exhibit "A" to the Declaration of Kimberly R. Olson, which is attached hereto).

Nonetheless, everyone persevered through a few false starts, and eventually a proper subpoena was issued to Plaintiff by this Court's Clerk pursuant to Rule 45 on April 13, 2022 (see true copy of Clerk's letter of 4/13/2022 as Exhibit "B", and one of the blank subpoenas issued by the Clerk (prior to its being filled in, but showing the Clerk's stamp and signature), a true copy of which is attached as Exhibit "C".

Once the date of compliance with the subpoena had come and gone, and after additional time to allow for mailing or other delays, Plaintiff contacted the HCSD directly by phoning its President, Robert Puckett, Sr., on Monday May 2, 2022 to inquire as to the intention of the HCSD in regards to the subpoena.  President Puckett informed Plaintiff that he had decided the HCSD would not be responding to the subpoena because he had "shown it to a couple of lawyers, and they said it wasn't a real subpoena."  Despite Plaintiff pointing out to him that the subpoena had been signed and stamped by the Court Clerk for CAED, Puckett remained adamant that the HCSD was not going to respond.  At no time did Puckett inform Plaintiff that he had been told (or believed himself) that the Subpoena was "forged".  (C.f., ECF #91-1, p.3:6-18.)

## 3.  HCSD's MOTION TO QUASH IS UNTIMELY, AND MUST BE DENIED.

To be timely, a motion to quash a subpoena must be made prior to the return date of the subpoena. See, e.g., *Amtrust N. Am., Inc. v. Safebuilt Ins. Servs., Inc.*, No. 2:16-MC-0145 KJM AC, 2016 WL 5469257, at *2 (E.D. Cal. Sept. 29, 2016).  Here, HCSD's Motion To Quash is untimely, since it was filed two weeks after the original return date of April 26, 2022. *Id.*; see also, Moore's Federal Practice, Civil § 45.50[1] & n.3 (collecting cases); c.f., ECF #91-2, p.4, and ECF #90, pp.6, 12.

The HCSD also failed to make any <u>objections</u> to the Subpoena in time, so it may not do so now by way of a (late) Motion to Quash.  Rule 45 of the Federal Rules of Civil Procedure authorizes the issuance of a subpoena to command a person to "produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control. . . ."  FRCivP 45(a)(1)(A)(iii).  In response to the subpoena, the person served <u>must</u> serve any objections to the request before the earlier of the time specified for compliance, or fourteen days after the subpoena is served.  (FRCivP 45(d)(2)(B.)  Failure to serve objections in a timely fashion means <u>all objections are waived</u> (see *Moore v. Chase, Inc.*, 2015 WL 4393031, at *5 (E.D. Cal. July 17, 2015); *Application of Sumar*, 123 F.R.D. 467,472 (S.D.N.Y. 1988)).

## 4. HCSD's MOTION DOES NOT MEET ANY RULE 45 STANDARD FOR RELIEF.

HCSD does not contend that the subpoena should be quashed under Rule 45(c)(3), nor does it allege sufficient facts in its memorandum to satisfy Rule 45(c)(3)'s standard. The motion should, therefore, be denied as to any consideration of that potential basis.

The HCSD also does not allege--nor can it--that it will suffer any undue burden or any hardship by printing out and producing a few pages of records that it clearly keeps in the ordinary course of its operations, that it has already promised to provide to the Court and Plaintiff (but has failed to do so for the past eight months), and which it keeps touting to this Court as establishing its outlandish claims of "excessive" (and clearly magical) water use by Plaintiff's home and farm during a time when no usable amounts of water actually existed in the system. (ECF #26, pp.2-3; ECF #36, pp.25, 37; ECF #41.)

Further, the burden of proving that a subpoena imposes an undue burden is on the person seeking to have it quashed.   9A Fed. Prac. & Proc. Civ. §2459 (3d ed. 2013);  see also *Green v. Baca*, 226 F.R.D. 624, 653 (C.D. Cal. 2005) (the burden of persuasion in a motion to quash a subpoena issued in the course of civil litigation is borne by the movant).  That burden is impossible to meet, of course, if a person fails to even make the objection in the first place, as is the case here.  Although Rule 45 does not specify what constitutes "undue burden", the Advisory Committee's notes focus on the travel expenses and preventing the enforcement of irrelevant subpoenas issued for vexatious reasons. See FRCivP 45 advisory committee's note subdivision (c) (amend. 1991).  Here, Plaintiff and HCSD President Puckett live a couple of blocks apart in a tiny town of a few hundred residents with only <u>122</u> water hookups.  (ECF #36, p.8:11-22.)

Besides repeatedly falsifying evidence and supposedly factual "representations" to this Court (see, e.g., outline at ECF #68, pp.12-16; and, #91-1, p.3:6-18), the Defendants are

wrongfully, unconstitutionally, and prejudicially withholding these records and true facts from Plaintiff by denying her (for the past <u>nine</u> [9] months) **<u>any</u>** hearing (pre- or post-deprivation), or other opportunity, to challenge any evidence, and/or the allegations made by the HCSD in July of 2021 pertaining to the water service to her home[3].

None of these issues, nor the documents sought by the Subpoena, <u>have any bearing at all</u> on the HCSD's Rule 12(b) Motion (ECF #91-1, pp.3-4[4]), instead pertaining only to Plaintiff's attempt to correct highly prejudicial, unsavory tactics of the Defense by getting evidence they have been claiming they had since <u>July 2021</u>, and that they would be (enthusiastically) providing to the Court and to Plaintiff anyway (ECF #36, p.37). Moreover, the Motion does <u>not</u> argue that the Subpoena is inappropriate in any way in light of the pending Motion for Partial Summary Judgment, and/or the Motion for Preliminary Injunction. (See ECF #91, p.2; and, #91-1, pp.3-4.)

Plaintiff has thus met her low burden to show "good cause" here (and in ECF #90) in regards to those issues, as well as the relation of the requested documents to her pending motions for Civil Contempt (ECF #67), Partial Summary Judgment (ECF #68), and the Motion for Preliminary Injunction (ECF #72). See *United States v. American Optical Co.* , 39 F.R.D. 580, 583 (N.D. Cal. 1966) (a party seeking production must show "good cause," - that is, that the requested documents are necessary to establish a claim or defense, or that denial of production would be prejudicial).

Respectfully submitted: 5-15-22        Kimberly R. Olson, Plaintiff Pro Se

---

[3] See ECF #26; c.f. *Memphis Light, Gas & Water Div. v. Craft*, 436 U.S. 1 (1978); *Kash Enterprises, Inc.* v. *City of Los Angeles,* 19 Cal.3d 294 (1977). See also ECF #42 at item 7; ECF #67, pp.2, 16-20; ECF #72-1, p.8; ECF #73, pp.1-2. Despite refusing to ***ever*** allow <u>any</u> hearing on these issues, the Defendants continue to claim the mere untested (and mostly hearsay/lacking foundation/no <u>personal</u> knowledge) allegations of violations, and other unsupported and unproven claims by Puckett relating thereto, are instead actual facts. See, i.e., ECF #87-1, pp.2-4; ECF #87-3, pp.4-10. This sort of logical fallacy/hiding the ball nonsense is exactly *why* citizens are guaranteed due process, <u>in the form of *proper* notice, **and** meaningful **pre-deprivation** hearings (or at least a warrant)</u>, before a government agency may act against their property interests - be they water service under *Memphis*; cars allegedly "illegally parked", etc. See, i.e., *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 313 (1950); *7 Boddie v. Connecticut*, 401 U.S. 371, 379 (1971); and, *Menefee & Son v. Dep't of Food & Agric.*, 245 Cal. Rptr. 166, 170 (Ct. App. 1988). This ongoing, prejudicial, denial of due process, and the contamination of pending motions and other processes in this action with questionable/tainted "evidence" and testimony, is "good cause" for Plaintiff to have been issued the Subpoena by this Court, and to seek these records of the HCSD. Surely the Court itself must be perplexed at this point as to <u>why</u> these critically probative items <u>have not already</u> been attached to the pleadings, motions, etc filed by Defendants in the past nine months?
[4] Plaintiff also notes that a subpoena issued by the Court's Clerk actually <u>is</u> a "court order". C.f., ECF #91-1, p.3:22.

## DECLARATION OF KIMBERLY R. OLSON

I, Kimberly Olson, the undersigned Plaintiff in this action appearing Pro Se, make the following declarations in support of my Opposition to the Motion to Quash of the HCSD, under penalty of perjury, and under the provisions of 28 USC §1746. I have personal knowledge of all the facts stated herein, and if called as a witness, I could, and would, fully testify thereto:

1) Attached is a true copy of the letter of 4/4/2022 sent to me by the CAED Court's Clerk as Exhibit "A";

2) Attached is a true copy of the letter of 4/13/2022 sent to me by the CAED Court's Clerk as Exhibit "B";

3) Attached is a true copy of the blank subpoena sent me by the Clerk with the letter of 4/13/2022 (prior to being filled in, but showing Clerk's stamp and signature), as Exhibit "C". I did not write the Clerk's name on the subpoena - that was done by the Clerk, at the Court offices.

4) The Subpoena from the Clerk, that I filled out as instructed and as provided by the Rules, and which was served upon the HCSD on April 16, 2022, requested production of documents by April 26, 2022 to my home address at 408 Henley Hornbrook Rd., Hornbrook, CA, which is within one (1) mile of the HCSD facilities, and of the residence of President Puckett, and his daughter, HCSD Secretary Melissa Puckett-Tulledo (who I know live together at 15009 Oregon Rd., Hornbrook, CA). (ECF #91-2, pp.4-7[5].)

5) The HCSD didn't respond tot he Subpoena, nor was any motion to quash, nor any objections to, the subpoena, served upon me, or filed with this Court on or before April 26, 2022.

6) On May 2, 2022, I contacted by telephone HCSD President, and Defendant herein, Robert Puckett, Sr., and inquired as to if the HCSD would be responding to the subpoena that had been served upon it on April 16, 2022. Puckett informed me that he had met with two attorneys, both of whom told him the subpoena "wasn't a real subpoena", and so the HCSD would not make any response to the subpoena at all.

I, Kimberly R. Olson, do hereby certify under penalty of perjury of the laws of the United States, that the above-stated facts and events are true to the best of my knowledge and recollection. Executed at Hornbrook, CA this date.

Dated: 5-15-22        _Kimberly R Olson_
                       Kimberly R. Olson, Plaintiff Pro Se

---

[5] Plaintiff notes that the Defense copy of the Subpoena lacks the blank proof of service page that was part of the subpoena packet. C.f., ECF #90, p.7.

1

2

3

4

## CERTIFICATION AND PROOF OF SERVICE

5        I, Kimberly R. Olson affirm under penalty of perjury under the laws of the United States
that I served the appearing Defendants a true copy of the foregoing document via US Mail to
6   their counsel of record, at the address(es) below, on May __15__, 2022 as follows:
        Jeffrey Chiao
7       601 University Ave., Ste. 225
        Sacramento, CA 95825
8
        Dated this __15th__ day of May, 2022.           _Kimberly R Olson_
9                                                        Kimberly R. Olson, Plaintiff Pro Se

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

# EXHIBIT A

# EXHIBIT A

# UNITED STATES DISTRICT COURT

Eastern District of California
Keith Holland, Clerk
Jenna Nelson, Chief Deputy

## CLERK'S NOTICE

☐ **REPLY TO:**
Divisional Office
2500 Tulare St. #1-500
Fresno, California 93721

☒ **REPLY TO:**
Office of the Clerk
501 I Street #4-200
Sacramento, CA 95814

TO:
Kimberly R. Olson
P.O. Box 243
Hornbrook, CA 96044

Case Number:

RE:   Pleadings and/or Correspondence received on :   4/4/2022

☐ **CASE NUMBER:** The Eastern District case number could not be identified for the attached filing. You must write your case number on all documents submitted to the court.

☐ **FILING FEE:** The filing fee of $402.00 was not received ($5.00 for habeas petitions), nor was an application to proceed In Forma Pauperis. Enclosed is an Application to Proceed In Forma Pauperis along with your original documents. Please resubmit your documents with the completed application or filing fee.

☐ **COPYWORK:** The Clerk's Office will provide copies of documents and of the docket sheet at $0.50 per page. Checks in the exact amount are made payable to "Clerk, USDC." Please Note: In Forma Pauperis status does not include the cost of copies. Copies of documents in cases may also be obtained by printing from the public terminals at the Clerk's Office or by contacting Cal Legal Support Group at: 3104 "O" Street, Suite 291, Sacramento, CA 95816, phone 916-822-2030, fax 916-400-4948.

☐ **NAME SEARCHES:** The Office of the Clerk requires a $31.00 charge, per name, to perform a records/name search. This fee must be paid in advance by check or money order to "Clerk, USDC." The search covers 1976 to present and includes civil, criminal, miscellaneous, and magistrate cases.

☐ **CONFORMED COPIES:** The Court requires the original plus one copy of most pleadings. See Local Rule 133 (d) (2). If you wish to have a conformed copy returned to you, you must file an original plus two copies and provide the court with a self-addressed stamped envelope with the correct postage.

☐ **CASE STATUS INQUIRES:** The Court will notify you as soon as any action is taken in your case. Due to the large number of civil actions pending before the court, THE CLERK IS UNABLE TO RESPOND IN WRITING TO INDIVIDUAL INQUIRIES REGARDING THE STATUS OF YOUR CASE. As long as you keep the court apprised of your current address, you will receive all court decisions which might affect the status of your case.

☐ **DISCOVERY DOCUMENTS:** Pursuant to Local Rule 250.2 (c), Interrogatories, responses and proofs of service shall not be filed with the clerk of court until there is a proceeding in which the interrogatories, production of documents or requests for admission are AT ISSUE.

☐ **LOCAL RULES:** The Eastern District of California Local Rules are available on the court website at www.caed.uscourts.gov.

☐ **LEGAL ADVICE:** The court can not give legal advice.

☐ **EVIDENCE SUBMITTED:** The court cannot serve as a repository for the parties' evidence. The parties may not file evidence with the court until the course of litigation brings the evidence into question.

☐ **CHECKS SUBMITTED TO THE COURT:** We are returning your check or money order for the following reason:

    ☐ We have no record of your case. Please return the funds with the appropriate case number, new complaint or petition.

    ☐ Your check or money order is not complete. Please return the check made payable to "Clerk, USDC" and the appropriate and exact amount for the item requested.

    ☐ The Clerk's office is not able to accept post-dated or altered checks. Please return payment made with an appropriately dated and/or unaltered check or money order.

☐ **REQUESTED FORMS:** Your requested forms are enclosed.

☐ **DOCUMENTS NOT SUBMITTED IN ENGLISH:** All documents submitted for filing must be written in English. Documents submitted in a language other than English cannot be translated.

☐ **E-FILING** : Pursuant to Standing Order of the Chief District Judge entitled "In Re: Procedural Rules for Electronic Submission of Prisoner Litigation filed by Plaintiffs Incarcerated at [Selected Institutions]", the document(s) can not be filed because your institution participates in the e-filing program with the court. Per the Standing Order, the document(s) is (are) returned unfiled and must be filed under E-Filing procedure with the Litigation Coordinator.

☒ **OTHER:**

The only portion of the subpoena that can be completed before the Clerk issues it, is the top portion with the case name and case number. Everything else must be left blank for the Clerk to issue.

Thank you for your future attention to this matter.

| KZ | 4/7/2022 |
|---|---|
| Deputy Clerk | Date |

Revised 01/06/2020

# EXHIBIT B

# EXHIBIT B

# UNITED STATES DISTRICT COURT
## Eastern District Court of California
### Keith Holland, Clerk
### Jenna Nelson, Chief Deputy

## CLERK'S NOTICE

☐ **REPLY TO:**
Divisional Office
2500 Tulare St. #1-500
Fresno, California 93721

☒ **REPLY TO:**
Office of the Clerk
501 I Street #4-200
Sacramento, CA 95814

TO:
Kimberly Olson
PO Box 243
Hornbrook, CA 96044

Case Number: 2:21-cv-1482-KJM-DMC (PS)

RE: Pleadings and/or Correspondence received on : 4/13/2022

☐ **CASE NUMBER:** The Eastern District case number could not be identified for the attached filing. You must write your case number on all documents submitted to the court.

☐ **FILING FEE:** The filing fee of $402.00 was not received ($5.00 for habeas petitions), nor was an application to proceed In Forma Pauperis. Enclosed is an Application to Proceed In Forma Pauperis along with your original documents. Please resubmit your documents with the completed application or filing fee.

☐ **COPYWORK:** The Clerk's Office will provide copies of documents and of the docket sheet at $0.50 per page. Checks in the exact amount are made payable to "Clerk, USDC." Please Note: In Forma Pauperis status does not include the cost of copies. Copies of documents in cases may also be obtained by printing from the public terminals at the Clerk's Office or by contacting Cal Legal Support Group at: 3104 "O" Street, Suite 291, Sacramento, CA 95816, phone 916-822-2030, fax 916-400-4948.

☐ **NAME SEARCHES:** The Office of the Clerk requires a $31.00 charge, per name, to perform a records/name search. This fee must be paid in advance by check or money order to "Clerk, USDC." The search covers 1976 to present and includes civil, criminal, miscellaneous, and magistrate cases.

☐ **CONFORMED COPIES:** The Court requires the original plus one copy of most pleadings. See Local Rule 133 (d) (2). If you wish to have a conformed copy returned to you, you must file an original plus two copies and provide the court with a self-addressed stamped envelope with the correct postage.

☐ **CASE STATUS INQUIRES:** The Court will notify you as soon as any action is taken in your case. Due to the large number of civil actions pending before the court, THE CLERK IS UNABLE TO RESPOND IN WRITING TO INDIVIDUAL INQUIRIES REGARDING THE STATUS OF YOUR CASE. As long as you keep the court apprised of your current address, you will receive all court decisions which might affect the status of your case.

☐ **DISCOVERY DOCUMENTS:** Pursuant to Local Rule 250.2 (c), Interrogatories, responses and proofs of service shall not be filed with the clerk of court until there is a proceeding in which the interrogatories, production of documents or requests for admission are AT ISSUE.

☐ **LOCAL RULES:** The Eastern District of California Local Rules are available on the court website at www.caed.uscourts.gov.

☐ **LEGAL ADVICE:** The court can not give legal advice.

☐ **EVIDENCE SUBMITTED:** The court cannot serve as a repository for the parties' evidence. The parties may not file evidence with the court until the course of litigation brings the evidence into question.

☐ **CHECKS SUBMITTED TO THE COURT:** We are returning your check or money order for the following reason:

    ☐ We have no record of your case. Please return the funds with the appropriate case number, new complaint or petition.

    ☐ Your check or money order is not complete. Please return the check made payable to "Clerk, USDC" and the appropriate and exact amount for the item requested.

    ☐ The Clerk's office is not able to accept post-dated or altered checks. Please return payment made with an appropriately dated and/or unaltered check or money order.

☐ **REQUESTED FORMS:** Your requested forms are enclosed.

☐ **DOCUMENTS NOT SUBMITTED IN ENGLISH:** All documents submitted for filing must be written in English. Documents submitted in a language other than English cannot be translated.

☐ **E-FILING** : Pursuant to Standing Order of the Chief District Judge entitled "In Re: Procedural Rules for Electronic Submission of Prisoner Litigation filed by Plaintiffs Incarcerated at [Selected Institutions]", the document(s) can not be filed because your institution participates in the e-filing program with the court. Per the Standing Order, the document(s) is (are) returned unfiled and must be filed under E-Filing procedure with the Litigation Coordinator.

☒ **OTHER:**

Please find your requested subpoenas enclosed.

Thank you for your future attention to this matter.

| hh | 4/13/2022 |

Deputy Clerk      Date

Revised 01/06/2020

# EXHIBIT C

# EXHIBIT C

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
Eastern District of California

| | |
|---|---|
| Kimberly R. Olson | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 2:21-cv-1482 KJM DMC (PS) |
| Robert Puckett, Sr., et al | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:

*(Name of person to whom this subpoena is directed)*

❏ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: | Date and Time: |
|---|---|
| | |

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: **4/13/2022**

CLERK OF COURT

OR

_____          _____
Signature of Clerk or Deputy Clerk                         *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____, who issues or requests this subpoena, are:

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).