**SPINELLI, DONALD & NOTT**
A Professional Corporation
J. SCOTT DONALD, SBN: 158338
JEFFREY C. CHIAO, SBN: 236781
601 University Avenue, Suite 225
Sacramento, CA 95825
Telephone: (916) 448-7888
Facsimile:  (916) 448-6888

Attorneys for Defendants
**ROBERT PUCKETT, SR., CLINT**
**DINGMAN, MICHELE HANSON,**
**MELISSA TUELLEDO and HORNBROOK**
**COMMUNITY SERVICES DISTRICT**

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY R. OLSON,<br><br>                    Plaintiff,<br><br>          vs.<br><br>ROBERT PUCKETT, SR., CLINT DINGMAN;<br>MICHELE HANSON; MELISSA TUELLEDO;<br>HORNBROOK COMMUNITY SERVICES<br>DISTRICT; BRUCE'S TOWING/RADIATOR &<br>DISMANTLING; and DOES 1 through 20,<br>inclusive,<br><br>                    Defendants. | Case No.: 2:21-cv-1482-KJM-DMC (PS)<br><br>**DEFENDANTS' OPPOSITION TO**<br>**PLAINTIFF OLSON'S MOTION FOR**<br>**CONTEMPT AGAINST DEFENDANT**<br>**HORNBROOK COMMUNITY SERVICES**<br>**DISTRICT**<br><br>Date:          June 29, 2022<br>Time:          10:00 am<br>Courtroom:  304, 3rd Floor<br>Judge:         Hon. Dennis M. Cota<br><br>Complaint Filed: August 18, 2021<br>FAC filed: October 6, 2021<br>Trial Date:  TBD |

I.    __INTRODUCTION__

        Plaintiff Kimberly Olson's ("Plaintiff" or "Olson") latest motion is not an effective use of the

court's limited judicial resources.  Plaintiff's motion relates to a subpoena served by Plaintiff Kimberly

Olson, in pro per, to Defendant Hornbrook Community Services District ("HCSD") seeking production

of documents.  As set forth below and in Defendant's motion to quash, the subpoena is unauthorized,

invalid, and should be quashed by this Court pursuant to Federal Rules of Civil Procedure,

Fed.R.Civ.P.26(d)(1) and 45.  Moreover, a court may issue an order of civil contempt against a party that "fail[ed] to take all reasonable steps within the party's power to comply" **with a specific and definite court order**.  *In re Dual-Deck Video Cassette Recorder Antitrust Litig*., 10 F.3d 693, 695 (9th Cir. 1993).  Here, there is no court order.  As such, there is no basis for granting Plaintiff's frivolous motion.

## II.   RELEVANT FACTUAL AND PROCEDURAL HISTORY

Plaintiff Kimberly Olson filed her Complaint on or about August 18, 2021.  (ECF No. 1).  Service of Summons and Complaint on Defendants was completed on August 26, 2021.  (ECF No. 15)  Plaintiff concurrently filed a Motion for Temporary Restraining Order and Preliminary Injunction with her Complaint.  (ECF No. 3)  Defendants filed written Opposition on September 3, 2021.  (ECF No. 17)  A hearing on Plaintiff's Motion was held on September 14, 2021.  On September 17, 2021, the Honorable Dennis M. Cota submitted findings and recommendations to the U.S. District Judge assigned to the case.  (ECF No. 29)  On September 29, 2021, Plaintiff Olson filed Objections to Judge Cota's findings and recommendations.  (ECF No. 40)  On October 14, 2021, Defendants filed a response in opposition to Plaintiff Olson's Objections.  (ECF No. 45)  On December 6, 2021, U.S. District Judge Kimberly J. Mueller adopted Judge Cota's findings and recommendations in full.  (ECF No. 52)

Defendants filed a 12(b)(6) motion to dismiss on September 17, 2021 (ECF No. 30).  Instead of opposing Defendants' motion, Plaintiff filed a First Amended Complaint on October 6, 2021.  (ECF No. 44)  Defendants filed a 12(b)(6) Motion to Dismiss Plaintiff's First Amended Complaint on October 20, 2021.  (ECF No. 47)  On December 1, 2021, Plaintiff filed a Motion to Strike Portions of Defendants' Motion to Dismiss.  (ECF No. 51)  On December 28, 2021, this Court took Defendants' Motion to Dismiss and Plaintiff's Motion to Strike off calendar and deemed the matters submitted on the record without oral argument.  (ECF No. 59)  A decision on Defendants' Motion to Dismiss is pending.

In addition, Plaintiff Olson filed a Motion for Civil Contempt Sanctions and Further Injunction on February 4, 2022.  (ECF No. 67)  Defendants filed written opposition to Plaintiff's Motion for Civil Contempt Sanctions on February 23, 2022.  (ECF No. 69)  On February 22, 2022, Plaintiff filed a Motion for Partial Summary Judgment. (ECF No. 68)  Defendants filed written opposition to this premature summary judgment motion on May 2, 2022.  On March 17, 2022, Plaintiff filed another

Motion for Preliminary Injunction.  Defendants filed written opposition against this motion on April 12, 2022.

Lastly, on or about April 16, 2022, Plaintiff Olson served the subpoena at issue, seeking production of documents from Defendant HCSD.  (Decl. Puckett, Exh. A)  The subpoena is in Plaintiff Olson's handwriting and does not show a stamp from the Court.  (Decl. Puckett, ¶ 2)  On May 6, 2022, Plaintiff filed the instant motion for contempt.  (ECF No. 90)

In sum, Plaintiff has now filed six (6) motions in this case, which includes three motions for preliminary injunction, two motions for contempt, and a motion for summary judgment.  Plaintiff has filed these motions even though Defendants' 12(b)(6) motion to dismiss is still pending.  The case is less than a year old, without a viable, settled Complaint, and yet the docket is now weighted with approximately ninety (90) entries.

## III.   LEGAL ARGUMENT

### A.   Defendant has not Disobeyed any Court Order so Plaintiff's Motion is Frivolous

Federal courts are imbued with inherent authority to enforce compliance with their lawful orders by holding noncompliant parties in contempt.  *Spallone v. United States*, 493 U.S. 265, 276 (1990).  A court may issue an order of civil contempt against a party that "fail[ed] to take all reasonable steps within the party's power to comply" with a specific and definite court order.  *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993).  If the disobedience is based on a good faith and reasonable interpretation of the court's order, no contempt shall issue.  *Vertex Distrib., Inc. v. Falcon Foam Plastics, Inc.* 699 F.2d 885, 889 (9th Cir. 1982).

The party moving for a civil contempt order must establish the contemnor's violation by clear and convincing evidence, not merely a preponderance of the evidence.  *United States v. Ayres*, 166 F.3d 991, 994 (9th Cir. 1999).  An alleged contemnor may defend against a finding of contempt by demonstrating either substantial compliance with the definite court order or a present inability to comply with the same.  *Dual-Deck Video*, 10 F.3d at 695; *Ayers,* 166 F.3d at 994.  Substantial compliance is not negated by a few technical or inadvertent violations "where every reasonable effort has been made to comply."  Id.; *Stone v. City & Cty. of San Francisco*, 968 F.2d 850, 857 (9th Cir. 1992).

Accordingly, to grant Plaintiff's Motion, the Court must find (1) by clear and convincing evidence (2) that Defendants violated a Court Order (3) beyond substantial compliance; and (4) that the violation was not based on a good faith and reasonable interpretation of the Court's Order.  Here, Plaintiff's motion does not refer to any Court Order that Defendant HCSD is in violation of.  Therefore, Plaintiff's motion does not have any legal basis and must be denied.

### B.    The Subpoena Is Facially Invalid Because It Was Not Properly Issued

A subpoena may be issued by the clerk of the court or an attorney by signing the subpoena. FRCP 45(a)(3).  See also *Cramer v. Target Corp*. No. 1:08-CV-1693-WW-SKO, 2010 WL 1791148, at *1 (E.D. Cal. May 4, 2010) (noting that a pro se plaintiff was not an officer of the Court authorized to sign and issue a subpoena pursuant to Fed.R.Civ.P.45(a)(3); *Gonzalez v. Alameida*, No. CV F 06 1417 OWW WMW P, 2008 WL 161996, at *1 (E.D. Cal. Jan. 16, 2008) ("[A] party appearing in pro per cannot issue a subpoena.")

Here, the subpoena in question is in Plaintiff's handwriting and does not have a court seal or stamp.  Without a proper seal or stamp from the Court, Defendant HCSD reasonably interpreted that the subpoena was not properly issued by the Clerk of the Court and is facially invalid.  More importantly, even assuming that Plaintiff's subpoena was properly issued by the court clerk, Plaintiff's subpoena is invalid and unenforceable pursuant to Fed.R.Civ.P.26(d)(1).

### C.    Discovery May Not Be Served Before the Rule 26(f) Case Management Conference

Unless authorized by a court order, a party is prohibited from seeking discovery before the parties have held a FRCP Rule 26(f) case management conference.  Fed.R.Civ.P.26(d)(1).  "Generally, a plaintiff is not entitled to discovery to obtain the facts necessary to establish a claim that is plausible on its face…"  *Felder v. Wash. Metro. Area Transit Auth*., 105 F.Supp.3d 52, 59 (D.D.C. 2015) (citing *New Albany Tractor, Inc. v. Louisville Tractor, Inc.,* 650 F.3d 1045, 1051 (6th Cir. 2011)).  In rare circumstances, "courts have made exceptions, permitting limited discovery to ensue after filing of the complaint to permit the plaintiff to learn the identifying facts necessary to permit service on the defendant."  *Columbia Ins. v. seescandy.com*, 185 F.R.D. 573, 577 (N.D. Cal. 1999) (citing *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980).)

1  In the present case, a Rule 26(f) case management conference has not been held or scheduled.

2  The court is still in the process of ruling on Defendant HCSD's 12(b)(6) Motion to Dismiss as well as

3  the above referenced motions filed by Plaintiff Olson.  Since Plaintiff's operative complaint has not yet

4  survived Defendants' 12(b)(6) motion, the pleadings are not yet at issue.  This court has not issued any

5  orders allowing any discovery to be taken.  Without a Rule 26(f) case management conference, or a

6  court order allowing early discovery, Plaintiff's subpoena is invalid and unenforceable.

7  **IV.     <u>CONCLUSION</u>**

8  For the foregoing reasons, Defendants respectfully request that this court deny Plaintiff's motion

9  for contempt.

11  Dated: <u>May 20, 2022</u>                    **SPINELLI, DONALD & NOTT**

13                                         By: ___/s/  Jeffrey Chiao_____
14                                              JEFFREY C. CHIAO
15                                              Attorney for Defendants
                                                ROBERT PUCKETT, SR., CLINT
16                                              DINGMAN, MICHELE HANSON,
                                                MELISSA TUELLEDO and HORNBROOK
                                                COMMUNITY SERVICES DISTRICT

DEFENDANTS' OPPOSITION TO PLAINTIFF OLSON'S MOTION FOR CONTEMPT AGAINST DEFENDANT
HORNBROOK COMMUNITY SERVICES DISTRICT

1

**PROOF OF SERVICE**

2

COURT:              U.S. District Court, Eastern District of California
CASE NO.:          2:21-cv-1482-KJM-DMC (PS)

3

CASE NAME:      *Olson v. Puckett, Sr., et al.*

4

     I am a citizen of the United States, employed in the County of Sacramento, State of California.  My business address is 601 University Avenue, Suite 225, Sacramento, CA 95825.  I

5

am over the age of 18 and not a party to the above-entitled action.

6

     I am readily familiar with Spinelli, Donald & Nott's practice for collection and processing of correspondence for mailing with the United States Postal Service.  Pursuant to said practice, each

7

document is placed in an envelope, the envelope is sealed, the appropriate postage is placed thereon and the sealed envelope is placed in the office mail receptacle.  Each day's mail is collected and

8

deposited in a U.S. mailbox at or before the close of each day's business.  (Code Civ. Proc., § 1013a(3) or Fed.R.Civ.P.5(a) and 4.1.)

9

     On the date set forth below, I caused the within **DEFENDANTS' OPPOSITION TO**

10

**PLAINTIFF OLSON'S MOTION FOR CONTEMPT AGAINST DEFENDANT HORNBROOK COMMUNITY SERVICES DISTRICT** the originals of which were produced

11

on recycled paper, to be served via:

12

**[X]     FIRST-CLASS MAIL**
     Placed in the United States Mail at Sacramento, California in an envelope with postage

13

     thereon fully prepaid to the person(s) at the address(es) set forth below:

14

| Kimberly R. Olson<br>P.O. Box 243<br>Hornbrook, CA 96044<br>530-475-3669 | *Plaintiff*<br>**IN PRO PER** |
|---|---|

15

16

17

18

     I declare under penalty of perjury under the laws of the State of California that the foregoing

19

is true and correct.  Executed on May 20, 2022, at Sacramento, California.

20

                                         /s/ *Kate Pirgaru*

21

                                       Kate Pirgaru

22

23

24

25

26

27

28

SPINELLI, DONALD
& NOTT

1