SPINELLI, DONALD & NOTT
A Professional Corporation
J. SCOTT DONALD, SBN: 158338
JEFFREY CHIAO, SBN: 236781
601 University Avenue, Suite 225
Sacramento, CA 95825
Telephone:  (916) 448-7888
Facsimile:   (916) 448-6888

Attorneys for Defendants
**ROBERT PUCKETT, SR., CLINT DINGMAN, MICHELE HANSON, MELISSA TUELLEDO and HORNBROOK COMMUNITY SERVICES DISTRICT**

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY R. OLSON,<br><br>          Plaintiff,<br><br>     vs.<br><br>ROBERT PUCKETT, SR., CLINT DINGMAN; MICHELE HANSON; MELISSA TUELLEDO; HORNBROOK COMMUNITY SERVICES DISTRICT; BRUCE'S TOWING/RADIATOR & DISMANTLING; and DOES 1 through 20, inclusive,<br><br>          Defendants. | Case No.:  2:21-cv-1482-KJM-DMC (PS)<br><br>**REPLY IN SUPPORT OF DEFENDANTS' MOTION TO QUASH PLAINTIFF'S SUBPOENA TO PRODUCE DOCUMENTS**<br><br>Date:         June 29, 2022<br>Time:         10:00 a.m.<br>Courtroom: 304, 3rd floor<br>Judge:        Hon. Dennis M. Cota<br><br>Complaint Filed: August 18, 2021<br>Trial Date:  TBD<br><br>**[Filed Concurrently With Declaration of Robert Puckett, Sr.]** |

## I. **INTRODUCTION**

Plaintiffs Kimberly Olson ("Plaintiff" or "Olson"), Peter Harrell, and Roger Gifford have been waging a private war against Defendant Hornbrook Community Services District ("HCSD") by filing numerous lawsuits naming the District, its board members, employees, contractors, consultants and even its former legal counsel Robert Winston.  (See C.A.E.D. Dkts. 2-14-cv-01595-KJM-GGH, 2:15-cv-1274-MCE-AC-PS, 2:16-cv-0955 KJM-GGH, 2:19-cv-00031-KJM-AC).

In his Findings and Recommendations on August 14, 2017, Hon. Gregory G. Hollows, U.S. Magistrate Judge of the Eastern District of California, stated that "[t]he instant case is an example of a purposeful overloading of the court with pleadings which take up more than warranted judicial attention, but which simultaneously demonstrate a desire to wage a war of attrition on the opposing parties. There seems to be no desire on plaintiff's part to ever reach the merits of a viable claim; rather, there seems to be much desire to use the litigation process per se as an end in itself."  (See *Harrell v. Hornbrook*, 2017 WL 3493636, ECF No. 157)

Judge Hollows further noted that "[t]his case has been before the court for over three years and has yet to produce a settled complaint.  Nonetheless, the docket is weighted with 156 entries, most of them involved with contentions that ultimately have no bearing on the merits of the litigation and advance the matter not at all…the point is not to bring this matter to trial, but rather to burden the principal defendant, Hornbrook Community Services District with heavy defense costs.  As the District is unusually small…it is reasonably apparent that the defense costs are burdensome."[1]

In the present case, Plaintiff's Complaint was filed on August 18, 2021.  Thus, this case is less than a year old, and the docket is now weighted with approximately ninety (90) entries.  Plaintiff's most recent motion for contempt (ECF No. 90) is now her sixth motion in the case.  Moreover, this case has not yet produced a viable, settled complaint, as Defendant's 12(b)(6) motion to dismiss Plaintiff's First Amended Complaint ("FAC") is still pending.  If Plaintiff is allowed to circumvent Rule 26, additional

---

[1] Judge Hollows noted that the HCSD was a tiny water district, serving only a population of approximately 280 people and 141 water connections. *Harrell v. Hornbrook*, 2017 WL 3493636, ECF No. 157, p.2 fn. 2.

discovery motions can be anticipated.

## II. GOOD CAUSE EXISTS TO GRANT DEFENDANT HCSD'S MOTION

Discovery is not permitted without a court order before the parties have had a FRCP Rule 26(f) conference. Fed.R.Civ.P.26(d)(1). "Generally, a plaintiff is not entitled to discovery to obtain the facts necessary to establish a claim that is plausible on its face…" *Felder v. Wash. Metro. Area Transit Auth.*, 105 F.Supp.3d 52, 59 (D.D.C. 2015) (citing *New Albany Tractor, Inc. v. Louisville Tractor, Inc.,* 650 F.3d 1045, 1051 (6th Cir. 2011)). In rare circumstances, "courts have made exceptions, permitting limited discovery to ensue after filing of the complaint to permit the plaintiff to learn the identifying facts necessary to permit service on the defendant." *Columbia Ins. v. seescandy.com*, 185 F.R.D. 573, 577 (N.D. Cal. 1999) (citing *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980).)

In the present case, since Plaintiff's operative complaint has not yet survived Defendants' 12(b)(6) motion, the pleadings are not yet at issue and a Rule 26(f) conference has not yet been held or even scheduled. Plaintiff has not provided any grounds why Rule 26(d)(1) would not apply to this case. Plaintiff also has not obtained a court order permitting early, limited discovery based on an exception. It is also indisputable that Plaintiff's subpoena to produce documents is a discovery request. As such, Plaintiff's subpoena is invalid and unenforceable as a matter of law.[2] Good cause exists to grant this motion.

Rather than address the substance of Defendant HCSD's motion, Plaintiff instead argues that the motion to quash was untimely under Federal Rule of Civil Procedure 45. But in the subpoena duces tecum context, courts have given leeway that is also appropriate here. Specifically, courts considering objections to subpoena duces tecum have stated that "[i]n unusual circumstances and for good cause," that "the failure to act timely will not bar consideration of objections." *Friedman v. Old Republic Home Protection Company*, Inc. 2014 WL 12845131 (C.D. Cal. June 24, 2014) citing *Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 48 (S.D.N.Y. 1996). Likewise, Federal Rule of Civil

---

[2] As asserted in Defendant HCSD's moving papers, Plaintiff's subpoena did not bear a stamp or seal from the Eastern District of California, which also renders the subpoena invalid. (Decl. Puckett ISO Reply, ¶2, Exh. A.)

1  Procedure 26(c), governing the granting of a protective order, allows for such an order when the moving
2  party establishes "good cause" for the order and "justice requires [a protective order] to protect a party
3  or person from annoyance, embarrassment, oppression, or undue burden or expense…" Fed.
4  R.Civ.P.26(c).  Under Rule 26(c), the court may sua sponte grant a protective order for good cause
5  shown.  See M*cCoy v. S.W. Airlines Co., Inc*. 211 F.R.D. 381, 385 (C.D.Cal. Nov 7, 2002) (quoting
6  *Lesal Interiors, Inc. v. Resolution Tr. Corp*., 153 F.R.D 552, 558 n. 4 (D.N.J. Jan. 11, 1994).

7        It has been held that "[w]hen a subpoena should not have been issued, literally everything done
8  in response to it constitutes "undue burden or expense" within the meaning of Civil Rule 45(c)(1).
9  *CareToLive v. von Eschenbach*, No. 2:07-cv-729, 2008 WL 552431, at 3 (S.D. Ohio Feb. 26 2008),
10 quoting *Builders Ass'n of Greater Chicago v. City of Chicago*, supra at 4 (N.D. Ill. May 13, 2002), see
11 also *Molefi v. Oppenheimer Trust*, Case No. 03-cv-5631 (FB)(WP), 2007 WL 538547 (E.D.N.Y. Feb.
12 15, 2007).

13       Plaintiff's actions in this case must be taken as a whole.  Plaintiff has now filed six (6) motions
14 in this case, which includes three motions for preliminary injunction, two motions for contempt, and a
15 motion for summary judgment, all of which required Defendant HCSD to prepare written opposition
16 against.  Plaintiff has filed these motions even though Defendant's 12(b)(6) motion to dismiss is still
17 pending.  The case is less than a year old, without a viable, settled Complaint, and yet the docket is now
18 weighted with approximately ninety (90) entries.  After having inflicted all the foregoing litigation
19 expenses on HCSD, Plaintiff is now seeking to inflict additional expenses in initiating discovery,
20 without first having obtained a court order for early, limited discovery, in flagrant disregard for
21 Fed.R.Civ.P.26(d)(1).

22 **III.     CONCLUSION**

23       For the foregoing reasons, Defendants respectfully request that this court quash Plaintiff
24 Olson's invalid subpoena to Defendant HCSD.  Alternatively, Defendant HCSD requests that the court
25 grant a protective order for good cause to protect HCSD from further undue burden and expense.
26 / / /
27 / / /
28 / / /

4
REPLY IN SUPPORT OF DEFENDANTS' MOTION TO QUASH PLAINTIFF'S SUBPOENA TO PRODUCE DOCUMENTS

Dated: May 27, 2022 **SPINELLI, DONALD & NOTT**

By: /s/ *Jeffrey Chiao*
J. SCOTT DONALD
JEFFREY C. CHIAO
Attorney for Defendants
ROBERT PUCKETT, SR., CLINT DINGMAN, MICHELE HANSON, MELISSA TUELLEDO and HORNBROOK COMMUNITY SERVICES DISTRICT