1  **SPINELLI, DONALD & NOTT**
A Professional Corporation
2  J. SCOTT DONALD, SBN: 158338
JEFFREY C. CHIAO, SBN: 236781
3  601 University Avenue, Suite 225
Sacramento, CA 95825
4  Telephone: (916) 448-7888
Facsimile:   (916) 448-6888
5
Attorneys for Defendants
6  ROBERT PUCKETT, SR., CLINT
DINGMAN, MICHELE HANSON,
7  MELISSA TUELLEDO and HORNBROOK
COMMUNITY SERVICES DISTRICT
8

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY R. OLSON,<br><br>              Plaintiff,<br><br>      vs.<br><br>ROBERT PUCKETT, SR., CLINT DINGMAN; MICHELE HANSON; MELISSA TUELLEDO; HORNBROOK COMMUNITY SERVICES DISTRICT; BRUCE'S TOWING/RADIATOR & DISMANTLING; and DOES 1 through 20, inclusive,<br><br>              Defendants. | Case No.: 2:21-cv-1482-KJM-DMC (PS)<br><br>**DECLARATION OF ROBERT PUCKETT, SR. IN SUPPORT OF DEFENDANTS' REPLY TO PLAINTIFF OLSON'S OPPOSITION TO MOTION TO QUASH**<br><br>Date:         June 29, 2022<br>Time:         10:00 am<br>Courtroom:  304, 3rd Floor<br>Judge:        Hon. Dennis M. Cota<br><br>Complaint Filed: August 18, 2021<br>FAC filed: October 6, 2021<br>Trial Date:  TBD |

1  I, Robert Puckett, Sr., hereby declare:

2      1.    A Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action directed towards Hornbrook Community Services District was dropped off at my house with my grandchildren on April 16, 2022.

    2.    The Subpoena did not bear a stamp or seal from the Eastern District of California. A copy of the Subpoena is attached as **Exhibit A** to this Declaration.

I declare under penalty of perjury, in the State of California, that the foregoing matters are true and correct and executed on this 27th day of May, 2022 in Hornbrook, California.

                                                               /s/ *Robert Puckett, Sr.*
                                                               ROBERT PUCKETT, SR.

DECLARATION OF ROBERT PUCKETT, SR. IN SUPPORT OF DEFENDANTS' REPLY TO PLAINTIFF OLSON'S OPPOSITION TO MOTION TO QUASH

# EXHIBIT A

for the
Eastern District of California

| | |
|---|---|
| Kimberly R. Olson ) | |
| *Plaintiff* ) | |
| v. ) | Civil Action No. 2:21-cv-1482 KJM DMC (PS) |
| Robert Puckett, Sr., et al ) | |
| ) | |
| *Defendant* ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: **Hornbrook Community Services District**
*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: **See "Rider/Attachment A-1", attached hereto.**

| Place: 408 Henley-Hornbrook Rd. Hornbrook, CA 96044 — or by USPS to PO Box 243, Hornbrook, CA 96044 | Date and Time: by April 26, 2022 @ 5:00 p.m. |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached — Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: **4/13/2022**

CLERK OF COURT

OR

H. Huang
*Signature of Clerk or Deputy Clerk*                              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
_____, who issues or requests this subpoena, are:

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

Case 2:21-cv-01482-KJM-DMC Document 94-1 Filed 05/27/22 Page 5 of 7

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# RIDER/ATTACHMENT A-1 TO SUPOENA OF THE UNITED STATES DISTRICT COURT FOR T EASTERN DISTRICT OF CALIFORNIA - FRCivP 45

**Case Name:** Olson v. Puckett, et al;  **CAED Case No.** #2:21-cv-1482 KJM DMC (PS)

To Defendant Hornbrook Community Services District ("HCSD"):

Pursuant to the FRCivP 45, and the attached Subpoena issued by the Clerk of the United States District Court for the Eastern District of California, Plaintiff Kimberly R. Olson ("Plaintiff") demands the production the following documents and records in your control and/or custody. In lieu of physical production of actual hard-copy documents and records, Plaintiff agrees to accept true, fully legible, unmarred copies delivered to P.O. Box 243, Hornbrook, CA 96044 by the date indicated. As to those documents and records that are stored electronically, or are electronic in nature (for example, emails, SMS "text" messages, cell phone logs/records, etc), Plaintiff requests that in addition to printed copies of such material, that she be provided direct electronic copies of that material either by directly forwarding that material to her at kimbrlyrenee@yahoo.com (along with a statement by the sender specifying that the forwarded material is in response to this subpoena request), or by placing that material onto a compact disc, "DVD", or flash storage drive, and then delivering that item to her either personally, or by USPS to P.O. Box 243, Hornbrook, CA 96044 by the date indicated on the Subpoena.

## DEFINITONS

The term "documents" shall mean all written, typewritten, recorded, printed or graphed material, original or copy, including but not limited to: any correspondence, communications, handwritten notes, calendar or Day-Timer entries, SMS "text messages", voice mail messages, computer printout or stored information, audio recordings, video recordings, photos (electronic or film), tangible information produced by any nonparty, agreements, drafts, drafts of agreements, invoices, bills, receipts, billing statements, invoices of vendors, maps, plans, proposed contracts, proposals, applications, transcript of hearings, minutes of meetings, agendas, notes, notes of meetings, environmental studies, water production logs, water plant logs, weekly drought technical reports, water plant meter logs, well logs, well meter logs, notes of telephone conversation, agreements, contracts, insurance policies, memoranda, diaries, logs, invoices, ledgers, journals, telegrams, telexes, reports, letters, invoices, requests, requests for bids, requests for quotes, statements, papers, books, and includes original or any copies or drafts thereof or any other form of "writing" as defined by *F.R. Evid.*, Rule 401 or *Cal. Evid. Code* §250.

The term "documents" shall also mean and refer to any and all "public records" as that term is defined at *Cal. Gov. Code* §6252(g). The term "documents" shall also mean each copy which is not identical to the original or to any other identified copy, and all drafts and notes (whether typed, handwritten or otherwise) made or prepared in connection with such documents, whether used or not.

The term "communications" shall mean any contact or exchange of information, whether in person or otherwise, whether orally or in writing, and whether attempted or completed.

The terms "related to" or "relating to" shall mean containing, consisting of, referring to, reflecting, including, being, supporting, evidencing, or constituting evidence of, or being logically or factually connected with the matter discussed in whole or in part.

1

The terms "you" and "your" shall mean the Hornbrook Community Services District, also referred to herein as the "HCSD", in any capacity, including any of its agents, other entities, departments, officers, employees, attorneys, representatives, independent contractors, and any other person purporting to act on its behalf, both implicitly and expressly. The term shall expressly refer to, but is not limited to, any past or present member of the HCSD Board of Directors, and Clint Dingman.

The term "person" shall mean any natural living human being, or an entity in the form of a limited liability partnership, general partnership, limited partnership, government agency, limited liability company, corporation, dba, sole proprietorship, or joint venture of any kind.

For purposes of these requests, the term "to, from, or between " shall <u>also</u> include any letters, emails or other communications and documents requested herein in which the name(s) of any of the persons or entities named in "1)" below appear in the "cc" or "bcc" field, or are designated as "cc" on the document. This request **also** seeks any and all attachments or enclosures as to each communication or responsive record.

Pursuant to the provisions of the attached Supoena, and FRCivP 45, Plaintiff requests you to produce:

1) All documents and records of, or pertaining to the production and measurement of output of each or any of the HCSD's wells, and of the water plant - including, but not limited to, any and all logs, and reports pertaining thereto sent to the SWRCB, all for the period of April 1, 2020, through and including April 15, 2022;

2) All documents of, <u>or pertaining to</u>, readings taken of Plaintiff's water meter at 408 Henley Hornbrook Rd., Hornbrook, CA 96044 for the period of February 1, 2021 through April 15, 2022

3) All documents of, <u>or pertaining to</u>, meter readings of every customer of the HCSD for the period of April 1, 2021 through December 1, 2021;

4) All records of, and/or relating to, any Drought Technical Reports created by the HCSD during the months of August, 2021 through and including April, 2022;

5) All documents and records of, or pertaining to, any meeting of the Board of the HCSD where any motion, resolution, or ordinance was adopted by the Board granting Robert Puckett, Sr. any authority to: enforce any provision of HCSD Resolutions 2021-02 and/or 2021-09; sign any document pertaining to enforcement of HCSD Resolutions 2021-02 and/or 2021-09; impose any sanction and/or punishment against any customer of the HCSD pursuant to the provisions of HCSD Resolutions 2021-02 and/or 2021-09; and/or, to provide any declaration and/or testimony concerning any legal matter in which the HCSD is or was a party;

I look forward to the HCSD's anticipated prompt compliance with the Subpoena in this matter, and timely production of the above referenced documents as instructed above.

Dated this 16th day of April, 2022.

Kimberly R. Olson, Plaintiff Pro Se
PO Box 243
Hornbrook, CA 96044
(530) 475-3669

2