Kimberly R. Olson, In Pro Per
PO Box 243
Hornbrook, CA 96044
530-475-3669

FILED
JUL 11 2022
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
DEPUTY CLERK

THE UNITED STATES DISTRICT COURT

IN AND FOR THE EASTERN DISTRICT OF CALIFORNIA

| Kimberly R. Olson, | ) | |
|---|---|---|
| Plaintiff, | ) | Case No: 2:21-cv-1482 KJM DMC (PS) |
| vs. | ) | |
| Robert Puckett, Sr., et al, | ) | PLAINTIFF'S OBJECTIONS TO |
| | ) | DECLARATION OF ROBERT PUCKETT, |
| Defendants, | ) | SR. IN SUPPORT OF OPPOSITION TO |
| | ) | PLAINTIFF'S MOTION FOR PARTIAL |
| | ) | SUMMARRY JUDGMENT; REQUEST TO |
| | ) | STRIKE OBJECTIONABLE PORTIONS OF |
| | ) | PUCKETT DECLARATION |
| | ) | |

Date: June 10, 2022 (submission due)
Time: Set by Judge Cota as ECF #101
Location: Redding Federal Courthouse

---

Plaintiff Kimberly R. Olson does hereby Object to the Declaration of Defendant Robert Puckett, Sr., and each of its attached exhibits (ECF #87-1) submitted to this Court in Opposition to her Motion for Partial Summary Judgement ("Motion", ECF #68), and requests the Court strike that Declaration, as follows:

**INTRODUCTION**

Rule 56(e) of the Federal Rules of Civil Procedure permits motions for summary judgment to be supported by competing declarations.[1] The rule places three straightforward requirements upon declarations that are filed in support of a motion for summary judgment – the declaration must be based upon personal knowledge, it must set forth admissible evidence, and it must show affirmatively that the declarant is competent to testify as to the facts/assertions set forth therein. Defendants' Opposition (ECF #87) to Plaintiff's Motion for Partial Summary

---

[1] Pursuant to 28 U.S.C. §1746, declarations may substitute for sworn affidavits so long as the declaration includes an averment that the statement is true and correct "under penalty of perjury."

Plaintiff's Objections to Declaration of Puckett in Support of Opposition to Partial MSJ - 1

Judgment (ECF #68) is supported primarily by the declaration filed by Robert Puckett, Sr. ("Puckett"). His declaration fails to satisfy all three requirements of Rule 56(e)[2] and so Plaintiff objects to Puckett's Declaration in its entirety, and as to each paragraph and assertion therein (save for #3), and requests that Puckett's declaration be stricken, along with all of the unauthenticated, and non-self-authenticating documents that Puckett attaches to his ECF #87-1 Declaration as exhibits..

## ARGUMENT

### 1. Puckett's Declaration Cannot be Considered as Admissible Evidence in Support of the Opposition to Plaintiff's Motion, and Should Be Stricken Because Each Statement Therein (Save for part of #3) Fails to Satisfy the Requirements of Rule 56(e)

**A. Rule 56(e) Legal Standards**

Rule 56(e) of the Federal Rules of Civil Procedure requires that "[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." In reviewing motions for summary judgment, courts may not consider affidavits or declarations that do not comply with these requirements. *El Deeb v. Univ. of Minnesota*, 60 F.3d 423, 428 (8th Cir. 1995); *School Dist. 1J v. AC and S*, 5 F.3rd 1255, 1261 (9th Cir. 1993), *cert. denied*, 512 U.S. 1236 (1983); *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 585 (6th Cir. 1992); *Friedel v. City of Madison*, 832 F.2d 965, 970 (7th Cir. 1987); *United States v. M.E. Dibble*, 429 F.2d 598 (9th Cir. 1970).

<u>All</u> matters set forth in declarations must be based on <u>personal knowledge</u> and statements in a declaration are inadmissible unless the declaration itself affirmatively demonstrates that the declarant has personal knowledge of <u>each</u> those facts. *Love v. Commerce Bank of St. Louis, N.A.*, 37 F.3d 1295, 1296 (8th Cir. 1994); *Gagne v. Northwestern Nat'l Ins. Co.*, 881 F.2d 309, 315-16 (6th Cir. 1989) (holding that statements in affidavits that are not based on personal knowledge and personal observation do not contain facts that are admissible evidence for summary judgment purposes); *El Deeb*, 60 F.3d at 428 (affidavits "shall be made on personal knowledge" <u>and must include specific facts</u> "to show the affiant possesses that knowledge.") *Dibble*, 429 F.2d at 602.

Here, Puckett does not even bother to identify himself, or to explain in <u>any way</u> how he

---

[2] Plaintiff also objects to the complete lack of even an attempt at proper authentication by Puckett of each of the documents he attaches to his Declaration.

Plaintiff's Objections to Declaration of Puckett in Support of Opposition to Partial MSJ - 2

might have come into possession of the knowledge of the things he says in the Declaration, and there are no statements demonstrating personal knowledge of <u>anything</u> in his Declaration, or which is attached to it, save (part[3]) of #3, and the "passage" of Resolution 2021-02 (Puckett Decl. Ex. C). Besides completely failing to identify himself, and explain his involvement in the described events of his Declaration, <u>none</u> of the statements in Puckett's Declaration even contain the pronoun "I". As a result, they are so vague, and so conclusory that it is impossible to discern if he is trying to claim that he saw, heard, or did something himself, or if he observed someone else do so - or maybe read it in the newspaper, because he never explains <u>how</u> he came to "know" anything he states in the Declaration.

    To be admissible to support or oppose a motion for summary judgment, declarations must also set out <u>specific facts</u> – not mere conclusory allegations, speculation, conjecture, or hearsay. *Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 888 (1990) (holding that the object of Rule 56 is not to replace conclusory averments in a pleading with conclusory allegations in an affidavit); *Mitchell*, 964 F.2d at 585 (holding that "conclusory allegations and subjective beliefs ... are wholly insufficient evidence...."); *O'Shea v. Detroit News*, 887 F.2d 683 (6th Cir. 1989) (holding that conclusory allegations are not admissible evidence).

    In addition, Rule 56(e) requires that declarations contain statements that would be otherwise "admissible in evidence," so declarations cannot contain hearsay. *Hal Roach Studios v. Richard Frier & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1984); *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Mitchell*, 964 F.2d at 585 (holding that affidavit based on hearsay "is not a proper Rule 56(e) affidavit because it was not made on personal knowledge and did not set forth 'facts' that would be admissible into evidence"); *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996), *cert. denied* 519 U.S. 1055 (1997)(hearsay evidence may not be considered on a motion for summary judgment). See also *United States v. Leak*, 123 F.3d 787, 796 & n.4 (4th Cir. 1997) (hearsay evidence in affidavits is not admissible to oppose motion

---

[3] Plaintiff concedes Puckett was present and passed the Resolution with the other members of the Board. She does not concede that Puckett can testify to the state of mind or motivations for doing so of the other Board members, nor as to the factual basis underlying its passage - since the Board did not in fact receive and/or consider any specific evidence in support of that resolution when it was passed. This complete lack of any supporting facts/documentation is reflected in the agenda and associated documents for that July 16, 2021 meeting maintained on the HCSD's website at:
https://hornbrookcsd.specialdistrict.org/2021-07-16-special-board-emergency-meeting-of-the-board-of-directors
To any extent necessary, Plaintiff requests that the Court take judicial notice of each of the three HCSD public records of enactments as maintained on that page (which are obviously already in the Defendants' possession).

Plaintiff's Objections to Declaration of Puckett in Support of Opposition to Partial MSJ - 3

for summary judgment); *Evans v. Technologies Applications & Serv. Co.*, 80 F.3d 954, 962 (4th Cir. 1996); *United States v. One Parcel of Real Estate*, 963 F.2d 1496, 1501 (11th Cir. 1992); *Visser v. Packer Eng'g Ass'n*, 924 F.2d 655, 659 (7th Cir. 1991).

Declarations are admissible only to prove facts that are within the declarant's <u>personal</u> knowledge and based on facts cited that support the conclusion that he or she is competent to testify, and as to those specific facts particularly. *Local Union No. 490 v. Kirkhill Rubber Co.*, 367 F.2d 956 (9th Cir. 1966). Unless the declarant has <u>first-hand</u> knowledge, no insistence on his part, not even his declaration, can have probative force on a motion for summary judgment. *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1261 (9th Cir.) (affirmed summary judgment because attorney affidavit did not provide facts or authenticated documents to support allegations), *cert. denied*, 512 U.S. 1236 (1993); *Inter-Ocean (Free Zone), Inc. v. Manaure Lines, Inc.*, 615 F. Supp. 710 (S.D. Fla. 1985); see also 10B C. Wright, M. Miller & M. Kane, Federal Practice and Procedure § 2738 (1998).

While it is true that a court may exercise discretion in dealing with deficiencies in declarations, "leniency does not stretch so far that Rule 56(e) becomes meaningless." *School Dist. No. 1J*, 5 F.3d at 1261, citing *Peterson v. United States*, 694 F.2d 943, 945 (3rd Cir. 1982) (lack of personal knowledge and failure to attach authenticated document violated rule 56(e) and made summary judgment improper). Lacking personal knowledge of a specific fact, a declarant is not qualified to testify as to that fact, nor anything <u>dependent upon that fact</u>. *Canada v. Blain's Helicopters, Inc.* 831 F.2d 920, 925 (9th Cir. 1987).

HCSD President Puckett, his powers limited by the application of <u>Government Code</u> sections 61045, 61050, and 61051, is plainly testifying in ECF #87-1 as to matters outside his personal knowledge, and merely offering conclusory, factually-imprecise speculation, and statements that he has not established competency to make, and which seem more appropriately directed to the contested hearing that the HCSD <u>should have</u> granted Plaintiff long ago as to the alleged "violations" that the Defense repeatedly claim in the Opposition excuse them from following Constitutional and statutory mandates of due process, warrants, seizures of property, etc (see, i.e., Opp., pp.7-8).

Instead of going through that process, the Defense continues to assert to this court that those *accusations* are settled facts - which is not true since <u>no</u> hearing(s) has yet to occur - despite the passage of ten (11) months. Indeed, many of Puckett's statements in his prior Declaration (ECF #26), which have been cut and pasted into its present (inadmissible) incarnation as ECF #87-1, <u>have been attacked as outright falsehoods</u> (and provably so) in

Plaintiff's Motion, at ECF #68, pp.12-17. However, in the latest Declaration, Puckett adds **another falsehood** as item #8 by stating that: "Ms. Olson's water was temporarily disconnected..." when the truth is that the disconnection was permanent, and her water was not restored until the HCSD was ordered to do so by this Court's Orders. (ECF #29, and ECF #52.)

Puckett also improperly refers to factually unsupported hearsay, and various unauthenticated documents attached to his Declaration (and which are not self-authenticating under Federal Rule of Evidence 902), and those documents should be stricken.

The Declaration of Defendant Robert Puckett, Sr., ECF #87-1, does not state facts demonstrating personal knowledge of the declarant for each claimed "fact"; there is a lack of foundation for many of the assertions made therein, thus rendering them conclusory, and/or speculative; some statements are impermissibly argumentative; and, some statements contain, or are completely themselves, hearsay of various levels. None of the statements contain any indication that Puckett *himself* engaged in <u>any</u> of the actions alleged (e.g., reading meters, personally distributing flyers "to all customers [of the District] by hand"[4]", etc), nor that he personally perceived the events described. "Bald conclusions, opinions, and hearsay without supporting specific facts are not admissible...." *Williams v. Hager Hinge Co.*, 916 F.Supp. 1163, 1168 (M.D. Ala. 1995) (citing *Evers v. General Motors Corp.*, 770 F.2d 984, 986 (11th Cir. 1985).

Unfortunately, this is unsurprising, given Puckett's oft-demonstrated propensity to make vague/generalized, foundationless, conclusory/speculative statements concerning alleged events, terminology, actions attributed to Plaintiff (or others[5]), actions by agencies other than the HCSD,

---

[4] Clearly that did not happen with Plaintiff, anyway, since Puckett complains throughout his pleadings, and testified at the hearing held on September 14, 2021 that Plaintiff never comes outside her home when people are standing at her fence line yelling at her house (regardless of if they know she is home or not), so he instead "tapes" documents "to the fence". (ECF #36, pp.28-30.) Given Plaintiff's significant mobility disabilities (ECF #41, #4), one would think simply mailing her the document as provided in HCSD Rules and regulations §2.10 would be simpler and more effective - and the Defense has never bothered to explain why Puckett would not do so as a matter of course.

[5] For example, Puckett is not competent to testify as to any actions he baldly alleges were undertaken by the Sheriff, other agencies, other persons, or "the district" (ECF #87-1, pp.1-4). He may only testify to those things he personally did, saw, or heard. If the testimony is an attempt to describe some official action by the Board that Puckett took part in, then <u>foundational facts,</u> such as a statement that he was present, the meeting date/time, the actual contents of any motion or resolution adopted directing (somebody) to do something, etc, must be presented. Since this was done in the case of "Resolution 2021-02" (ECF #69-1, pp.2, #2; 4-8), clearly Counsel and Puckett know how to do so when it suits them. The fact that they have **not** done so on <u>each</u> occasion of Puckett's claim of official action should be of some concern to the Court - but at the least, it is an example of their habit of submitting declarations suffering from lack of foundation.

Plaintiff's Objections to Declaration of Puckett in Support of Opposition to Partial MSJ - 5

technical knowledge, and specialized terminology without actually having any first-hand knowledge about any of it. Puckett also often takes impermissible shortcuts in his declarations by talking about what <u>other</u> people did, or supposedly are doing (or what he <u>thinks</u> they did, or are doing) - but without describing <u>how he knows</u> about **any** of it (if he does). See ECF #87-1, pages 1-4.

Additionally, given that this witness has previously filed declarations with this Court containing what have been demonstrated as false statements[6], it is only fair that he be made to explain in exacting detail all the proper foundational facts for his statements, conclusions, speculation, assumptions, and claimed familiarity with equipment, processes, Rules, procedures, and/or technical expertise/knowledge. It is improper, and extremely prejudicial, for the Court to assume important foundational facts in order to admit what is otherwise clearly inadmissible testimony, and/or unauthenticated documents .

### A. Most of Puckett's ECF #87-1 Declaration Lacks Foundational Facts Demonstrating Personal Knowledge, and Should be Stricken.

"An affidavit must be stricken when it is a conclusory argument rather than a statement of fact, or when the affidavit is not based on personal knowledge." *Story v. Sunshine Foliage World, Inc.*, 120 F.Supp. 2d 1027, 1031-1032 (M.D. Fla. 2000). Furthermore, declarations "asserting personal knowledge must include enough factual support to show that the [declarant] possesses that knowledge." *El Deeb v. Univ. of Minn.*, 60 F.3d 423, 428 (8th Cir. 1995) (citations omitted); and, the "requisite personal knowledge must concern facts as opposed to conclusions, assumptions, or surmise." *Livick v. The Gillette Co.*, 524 F.3d 24, 28 (1st Cir. 2008) (citation omitted). Personal knowledge may include *basic* inferences <u>only as long as</u> they are "grounded in observation or other first-hand personal experience" and are not "speculations, hunches, intuitions, or rumors about matters remote from that experience." *Visser v. Packer Eng'g Assocs., Inc.*, 924 F.2d 655, 659 (7th Cir. 1991) (citations omitted).

Fed. R. Evid. 602 permits a witness to testify to a matter "only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." See also *Argo v. Blue Cross & Blue Shield of Kan., Inc.*, 452 F.3d 1193, 1200 (10th Cir. 2006) (affidavits to be made on personal knowledge; Fed. R. Evid. 602 may be relied on in striking part of

---

[6] That **deliberate** falsity (<u>and</u> that of Puckett's Counsel in certain representations to the Court) was demonstrated by Puckett's own testimony. See Motion, ECF #68, pp.12-17, and portions of the record (ECF #26, and ECF #36) cited therein.

Plaintiff's Objections to Declaration of Puckett in Support of Opposition to Partial MSJ - 6

affidavit). No evidence has been presented that Puckett has <u>any</u> personal knowledge of anything contained in ECF #87-1 other than part of paragraph 3, and its Exhibit.

Examination of the Declaration of Defendant Robert Puckett (ECF #87-1, pp.1-4), reveals a number of sweeping, vague, misleading generalizations about (alleged) facts outside of his personal knowledge; uses vague and conclusory terminology that renders his statements speculative in several particulars (i.e., use of the terms "refused", and "refusal") and does not state a single fact demonstrating (or even simply claiming) that he, <u>personally,</u> has personal knowledge of any facts. Nor does he otherwise explain <u>who</u> actually undertook the alleged actions described (including making any "observation", or calculations and the like - nor how those calculations were undertaken or what they were based upon). Indeed, the ECF #87-1 Declaration fails to even make the customary rote statement that he has personal knowledge of the facts stated therein, and could and would competently testify to those facts

Puckett also fails to state that he, <u>personally,</u> took any of the *actions* described in the Declaration, or that he <u>personally</u> observed anything, heard anything, spoke to Plaintiff, heard Plaintiff speak to someone else, etc. Puckett fails to state that he performed <u>any</u> of the actions he describes happening, or that he <u>personally</u> saw or heard someone else do <u>any</u> of those things. Details such as times, durations, and locations are totally absent (ECF #87-1, pp.1-4.)

Likewise, he does not state therein that he was <u>personally present</u> during <u>any</u> event, communication, purported statement by someone (or identified group of persons), or implied observation, or that he <u>personally</u> saw any act, or took the stated action. Such statements - those not demonstrably based on the Declarant's <u>own</u> observation of concrete facts - are inadmissible, because such statements, to be admissible evidence, must be grounded in <u>first-hand experience</u> and not based on hearsay or speculation. *Hill v. Southeastern Freight Lines, Inc.*, 877 F. Supp. 2d 375, 382 (M.D.N.C. 2012); see also *Visser, supra* 924 F.2d at 659 (citations omitted).

Puckett does not provide any of the expected official records of investigations or other evidence (such as photos, HCSD records, or police reports of the alleged July 19-23, 2021 events) to support his assertions, conclusions, speculations, and assumptions in his Declaration, or those argued for in the Opposition, nor does he explain how he obtained any item of this supposedly factual information set forth in the Declaration, or why he is qualified to testify to these purported facts.

//////

## 2. Puckett's Declaration Leaves Out Critical Foundational Facts, so has no Value to the Motions Proceedings as Evidence.

Puckett's Declaration does not serve to challenge any of Plaintiff's factual allegations in the Motion for Partial Summary Judgment (ECF #68), nor set forth any facts in support of those arguments made in the Opposition thereto (ECF #87). Puckett does not use his Declaration as an opportunity to inform this Court as to any exigent or other special circumstances or events that would explain what is otherwise clearly improper, warrantless, due-process-wanting conduct on the part of himself, Defendant Dingman, and the HCSD. (Motion, ECF #68, pp.5-12.) Instead, Puckett generally restates the HCSD's untested, <u>unproven</u>, year-old allegations against Plaintiff (without mentioning that no hearings relating to those accusations have been afforded Plaintiff over the past year, so they remain just allegations), and once again leaves out basic facts demonstrating his competency to testify thereto (ECF #87-1, pp.1-4).

Instead of presenting facts based upon personal knowledge, Puckett refers to factually unsupported hearsay[7], and repeatedly makes vague, foundationless statements that omit describing the "who, what, when" and "how do you know this" factors establishing witness competency. These statements thus also impermissibly require the reader to **infer** foundational facts - such as if he personally heard a statement made by a person, or read a communication from someone.

The evils of assuming the missing foundational facts in Puckett's Declaration are exemplified by the false statement by Counsel in the Opposition (ECF #87) at pages 2:13-16, and 10:15-16, claiming that the 6,200 gallon/day usage claimed by Puckett <u>came from an actual meter read</u>, and cites to item #10 of Puckett's Declaration. In reality, <u>there is no meter read information</u> provided by the HCSD at all, and the amount stated in #10 of Puckett's Declaration <u>is not even claimed to have come from a meter reading</u> (instead turning out to be foundationless speculation). Neither is there any sort of documentary evidence attached to the Declaration providing Counsel with a good faith foundation for such a claim - as one would expect to result from any official investigation in these times after almost a <u>year</u> (or at least a record of the "meter reading"). It is improper, and extremely prejudicial, for the Court to assume important

---

[7] Such as actions attributed to other agencies, undefined persons, or conversations he didn't witness (such as his speculative, alleged "refusals" by Plaintiff Olson "to the District" and/or "the Sheriff" - which turn out to be his interpretation of her not coming out of her home), etc. C.f., ECF 87-1, at #9, and #11; ECF #36, pp.29-30; Declaration of Marci Buttram, ECF #41, at #7-9; Declaration of Kimberly R. Olson, ECF #42, at #4.

Plaintiff's Objections to Declaration of Puckett in Support of Opposition to Partial MSJ - 8

foundational facts (another here would be who read <u>any</u> meter, since Puckett does not ever state he did so) in order to admit what is otherwise clearly inadmissible testimony presented for the sole purposes of inflaming the passions of the Court, harassing Plaintiff, and prejudicing her.

However, even in the context of the swamp into which the Opposition is attempting to drive these Motion proceedings, and while Puckett's declaration <u>does not provide admissible evidence for opposition to the allegations and argument of the Motion</u>, the Declaration also fails to set forth foundational facts affirmatively showing that Puckett is competent to testify about the topic of each statement, including:

> #1. This statement talks about documents that Puckett did not personally create or deliver to Plaintiff when attempting to claim that Plaintiff received such documents, and/or that they were "sent out...by hand delivery" by unspecified persons (or agency) to "all customers of the district" (since he doesn't explain how he knows/verified this). Also, the "flyer" is not properly authenticated, nor self-authenticating;

> #2. This statement fails to explain how Puckett is competent to testify as to Documents that were prepared and distributed by any agency other than the HCSD, and which he did not personally deliver to Plaintiff when attempting to claim that Plaintiff received such documents, and/or that such receipt occurred when they were "distributed to all customers by hand". Further, the statements in #2 are almost pure hearsay - particularly the "message". Even if they weren't, there are no foundational facts for the many conclusory and speculative statements therein (i.e., "storage tanks were nearly empty", "current level of water usage", and "beyond the available supply to replenish the system");

> #3. Puckett may not testify to the Legislative motivations and/or reasoning of the other Board members; nor to speculations and conclusions "extreme water shortage brought about by the drought and determined necessary under the California Water Code to address a determination that the ordinary demands and requirements of water consumers within the district could not be satisfied without depleting the water supply of the district to the extent that there would be insufficient water for human consumption, sanitation and fire protection." Likewise, Puckett fails to establish any expertise in "drought" effects, or explain any <u>evidence</u> considered at the July 16, 2021 HCSD Board Meeting, sufficient to demonstrate any factual basis for any "determination" of anything related thereto (particularly the basis for the 200 gal/person water restriction) - and about all of which Puckett alleges <u>no</u> actual *facts* (rendering those statements inadmissibly conclusory and/or speculative);

> #4. This statement lacks foundation as to who, or what agency "issued" a "public notice declaring an emergency water use reduction; purported "hand delivery" of the notice to "all customers" (of somebody - Puckett doesn't say who), and who read "all meters" (and when).

> #5. This statement completely fails to explain how Puckett came to know the things he talks about, and he doesn't mention who "observed" the "outdoor watering" and when - nor any of that information concerning the process of "citing" Plaintiff for that offence, and again the attached corresponding document (Exhibit E) is not properly authenticated,

Plaintiff's Objections to Declaration of Puckett in Support of Opposition to Partial MSJ - 9

nor self-authenticating. He also fails to properly describe and identify the "notice" mentioned therein that he states is attached to the Declaration as Exhibit D (which "notice" is unsigned, and otherwise not self-authenticating). It is notable that both of the notices (Exhibits D and E) have differing/inconsistent dates at different points on them, making them inherently unreliable without proper foundation and authentication.

#6. This statement lacks foundation as to who, or what agency "issued" the "second notice" concerning (speculative/conclusory) "tampering and obstruction" of "the water meter" to Kimberly Olson, as well as how, where, and when the "issuing" took place. Puckett does not relate any foundational facts demonstrating he undertook those actions personally, and/or was personally present to witness those purported events/actions/etc undertaken by someone else.

#7. This statement absolutely fails to explain how Puckett came to know the things he talks about, he doesn't mention who "read" "Ms. Olson's meter", or to whom it was "shown" to that she was (speculative/conclusory) "significantly" exceeding 200 gallons per day. There is also no foundational information concerning who, by what authority, and how Ms. Olson was "ordered" to "cease and desist", and none for the "result of a violation of her meter" resulting in "discontinuance of service". Again the attached corresponding document (Exhibit G) is not properly authenticated, nor self-authenticating.

#8. This statement completely lacks foundational facts demonstrating personal knowledge for claims it makes, and events it describes. It is conclusory and speculative (i.e., "continuing refusal"), argumentative, vague and misleading ("temporarily disconnected").

#9. This extremely vague statement completely fails to explain how Puckett came to know of any of the things he talks about. He doesn't mention who "observed" the "outdoor watering" and when - nor is any of that information provided concerning the process of "issuing" Plaintiff "another violation" for those offences. His alleged knowledge of the interactions involving the "sheriff" being "called out" are not explained, and it is not specified if the "sheriff" contacted Olson, and how, when, and to whom Olson "refused" to "remove the obstruction". Further, Puckett does not present facts illuminating by whom, or how (was it in-person? on the phone? in a letter?) "it was explained" to Plaintiff that she had to "remove the car" or it would be towed, and there is no explanation as to who observed (and when) Plaintiff driving it to "again park on top of the meter". It is not specified how, when, and to whom Olson "refused again" to "remove the car", who towed the car, or how Puckett knows it was "her car". he also fails to explain how "her car", a van, and a "very large water tank" could possibly all be "parked" on "the meter". No mention of why Plaintiff's meter needed to be read every day is present.

#10. This statement completely lacks foundational facts demonstrating personal knowledge for claims it makes, and events it describes. It is also conclusory and speculative (i.e., "using 6,200 gallons per day", "utilizing motor vehicles to block her meter from being read"), argumentative, vague and misleading.

Plaintiff's Objections to Declaration of Puckett in Support of Opposition to Partial MSJ - 10

#11. This statement completely lacks foundational facts demonstrating personal knowledge for claims it makes, and events it describes. It is also very vague, misleading conclusory, and speculative - i.e., "overuse of water", "continued such actions", "her refusal to the district", "refused to comply with the sheriff's request").

12. This statement completely lacks foundational facts demonstrating personal knowledge for claims it makes, and events it describes (it also leaves out important details such as times, locations, etc). It is also very vague, misleading conclusory, and speculative - i.e., "received notification of all the violations", "hand-delivery of the notices" (which also is claimed to mean being "taped to the fence").

13. This statement completely lacks foundational facts demonstrating personal knowledge for claims it makes, and events it describes. It is also very vague, misleading conclusory, and speculative - i.e., "result of the drought", "persistent misuse of water", "the district is concerned", "it is expected", "grossly excessive use of water", and "purposeful interference".

It is misleading in the extreme, and improper in a declaration, for Puckett to be claiming that Plaintiff said or did things (or "refused" to do things), when Puckett does not say that he saw or heard Plaintiff do so (because she was not actually present at the time, Puckett was not present when they occurred, or otherwise; c.f., ECF #36, pp.28-30, and particularly noting page 30:8-10)

Each of the paragraphs of Puckett's Declaration, save the first sentence of #3, and the verification of the HCSD's Rules and Regulations at #8, is conclusory, speculative, lacks foundational facts demonstrating personal knowledge and competence to testify, and/or contains unsubstantiated hearsay while lacking any reference to the factual record. All of these paragraphs should be stricken for failing to satisfy Rule 56(e) requirements.

Besides lacking a factual basis for almost <u>every</u> statement of his declaration[8], Puckett's statements on their face are vague and misleading, without any objective criteria or hard facts (such as numbers relating to water production, usage over time, etc). Instead, the Declaration is overflowing with inflammatory, hyperbolic, scandalous terminology and rhetoric that lacks any factual underpinning whatsoever - <u>even **ten (10) months** after the injunction hearing held on September 14, 2021</u>. All of these issues appear to be outside Puckett's personal knowledge and his declaration ***does not affirmatively set forth the <u>factual</u> basis for his statements***, as required by Rule 56(e), and is thus deficient and should be stricken for purposes of Plaintiff's Motion.

---

[8] The exception being the first sentence of item #3. Despite the fact that Puckett neglects to state he was actually present when the Board of the HCSD passed Resolution 2021-02, his signature does appear on the resolution itself, and so, despite this *faux pas*, Plaintiff stipulates that Puckett *is* competent to testify as to the first sentence of item #3 of his Declaration (ECF #87-1) - <u>only</u>.

Plaintiff's Objections to Declaration of Puckett in Support of Opposition to Partial MSJ - 11

Each of the statements in Puckett's Declaration are conclusory, and speculative while being unsubstantiated by any factual support and should be stricken because he has not alleged facts specific enough show that he has personal knowledge about the allegations in the paragraph. Also, most are lacking any reference to the factual record.

The statements are inadmissible because Puckett lacks personal knowledge and has not specified facts sufficient to show that he has actual knowledge of relevant facts, and so they should be stricken because they fail to satisfy Rule 56(e) requirements. Further, much of this cut-and-past Declaration, a copy of the previous ECF #26, was debunked by Puckett's own testimony at the September 14, 2021 hearing, so is also irrelevant for being inaccurate, at least. See analysis at Motion, pages 12-16.

### 3. Puckett's Declaration is Immaterial and Irrelevant to the Motion for Partial Summary Judgment, While Being Unduly Prejudicial Against Plaintiff (FRE 402, 403).

More importantly from the perspective of Plaintiff's Motion, even if they had proper foundation and were admissible, none of the statements in Puckett's Declaration concerning **alleged**, unadjudicated "violations" against Plaintiff have any relevance whatsoever in relation to the Motion's <u>actual</u> topics - which topics are:

1. Those policies, customs, and practices relating to defective due process procedures of the HCSD and Puckett towards persons accused of one or more "violations"; e.g., "notices" concerning potential water shut-off that do not conform <u>in content</u> with the dictates of *Memphis Light, Gas Water Div. v. Craft*, 436 U.S. 1, (1978)[9], combined with the **total** failure to provide <u>hearings</u> to persons desiring to contest the alleged "violations" prior to HCSD's terminating - or even *after* terminating - water service[10]). (Motion, ECF #68, pp.2-5, 17-23, and 36-37; see also Declaration of Matt Post, ECF #95-1, p.3.)

---

[9] The Court held that the "notices" provided by the utility company **failed the due process test** because <u>they did not provide any information about a hearing</u>, nor how to obtain one. The Court went on to specify that the "hearing" mandated by due process required, <u>at a minimum</u>, information and an "opportunity for a meeting with a responsible employee empowered to resolve the dispute." *Id*. at 14, 18.

[10] The Supreme Court has described "the root requirement" of the Due Process Clause as being "that an individual <u>be given an opportunity for a hearing before</u> he is deprived of any significant property interest." 7 *Boddie v. Connecticut*, 401 U.S. 371, 379 (1971) (emphasis added). The right to notice and an opportunity to be heard protects the individual not just from mistaken deprivations; these rights protect a person's right to make a record for later review, and against unfair deprivations as well. *Fuentes v. Shevin*, 407 U.S. 67 (1972). This Court has already determined that the water service provided by the HCSD is a significant property interest under state and federal law, so that customers such as Plaintiff are entitled to the full panoply of due process prior to termination of service - inclusive of pre-deprivation

2. The unreasonable invasion and seizure of the curtilage of Plaintiff's home for the purpose of investigating purportedly criminal violations of the HCSD Rules and regulations - as well as unlawfully seizing vehicles, Plaintiff's privately-owned water meter, and her privately owned water pipes <u>on her property</u> by locking the ends off so Plaintiff could not get alternative water service) - all without any warrant, nor any just compensation to Plaintiff. (Motion, ECF #68, pp.5-12);

3. The violation of Plaintiff's due process rights by Puckett, the HCSD, and their Counsel by the submission of false evidence to this Court on multiple occasions. (Motion, ECF #68, pp.12-17)

4. The failure by the HCSD, Dingman, and Puckett to comply with the HCSD's own Rules and Regulations pertaining to the methodologies of giving notice (and/or "serving" that notice), granting at least two "working" days for opportunity to correct a "violation"). (Motion, ECF #68, pp.33-36.);

5. The reckless indifference to Plaintiff's civil rights by Puckett, Dingman, and the HCSD (Motion, ECF #68, pp.31-33.);

6. *Monell* liability of the HCSD for the actions of Puckett and Dingman. (Motion, ECF #68, pp.24-29.); and,

7. The violation of Plaintiff's rights under the California Constitution. (Motion, ECF #68, pp.36-37.).

The refusal to fully engage Plaintiff's Motion head-on in the Opposition, coupled with Puckett's almost completely defective, immaterial, and/or irrelevant Declaration demonstrates that the Defendants are once more attempting to violate Plaintiff's due process rights by turning these federal court proceedings into a proxy HCSD administrative contested hearing; one that Plaintiff cannot personally attend, cannot have her neighbors and other customers of the HCSD appear for and testify, cannot properly cross-examine Puckett and Dingman, etc - all based upon their completely unsubstantiated, evidence-and-due-process-free "violations" allegations[11]. This

---

hearings, so those determinations are also "the law of the case". (ECF #29, pp.15-16; *Jeffries v. Wood*, 114 F.3d 1484, 1489 (9th Cir. 1997).)

[11] The US District Court is not an arm of the HCSD, and its motions proceedings are **not** a lawful substitute for the proper <u>pre-deprivation</u> notice and hearing the <u>HCSD</u> must provide under the US Constitution, which, among other benefits, allows for a showing of all adversarial evidence, and the opportunity to create an administrative record for judicial review. (*Memphis Light, Gas & Water Div. v. Craft* (1978) 436 U.S. 1, 13-14; *Kash Enterprises, Inc.* v. *City of Los Angeles* (1977) 19 Cal.3d 294, 306-309.) Neither does the USDC have jurisdiction to adjudicate <u>administrative allegations</u> of HCSD

Plaintiff's Objections to Declaration of Puckett in Support of Opposition to Partial MSJ - 13

misdirection of the case is also one that allows the HSCD to "complain" against Plaintiff without actually filing a complaint that Olson could then attack. More absurd is the fact that the Defense is engaging in this bad faith subversion when the HCSD's "violation" allegations against Olson are completely immaterial and irrelevant to the issues raised in the Motion.

This is because it is the methodology the HCSD, Puckett, and Dingman used in their actions against Plaintiff, their failures to obey Constitutional mandates, failure to follow the laws, and failure to afford due process, coupled with a willful disregard for their own Rules and Procedures, that is the basis for the claims for which they are being sued - not for simply accusing Plaintiff of any (or all) of the "violations". For their part, the Defendants do not explain what the evidentiary purpose is of submitting these unadjudicated accusatory claims against Plaintiff in the context of the pending Motion, so there is no support for diverting resources to deal with distracting, highly prejudicial "case within a case" of questionable probative value.

By doing this disservice to the interests of justice, the Defense is unchained to engage in scandalous character assassination to try and distract from the Defendants' own culpable conduct - without having to produce any meter readings, water production tables, or any other pre-hearing discovery that would be Plaintiff's due if she was afforded the administrative hearing required by *Memphis, supra*. Meanwhile the HCSD's minions and officers are also completely safe from any confrontational cross examination by Plaintiff.

This Court should not permit this ten-month odyssey into obfuscation, distraction, dishonesty, and "hiding the ball" to continue - particularly since, even at this late juncture, the Defendants have produced **no** actual, admissible evidence of any of their allegations; nor, any explanations of facts as to why they did not obtain warrants[12]. Also, by denying Plaintiff her due

---

customer violations of the Rules and Regulations, and/or violations of Resolution 2021-02 in the first place. Rather, federal courts are courts of limited jurisdiction and lack inherent or general subject matter jurisdiction. Federal courts can adjudicate only those cases authorized by the United States Constitution and Congress. Generally, those cases involve diversity of citizenship or a federal question, or cases in which the United States is a party. *Kokkonen v. Guardian Life Ins. Co.*, 114 S.Ct. 1673, 1677 (1994); *Finley v. United States*, 109 S.Ct. 2003, 2008 (1989). Thus, Federal courts are presumptively without jurisdiction over normal civil actions and controversies. *Kokkonen,* 511 U.S. at 377. This tactic by the HCSD and its Counsel deprives Plaintiff of due process, and prejudices her before this Court because they just keep repeating mere allegations as fact, and using trained lawyers to do it in a forum that it is improper for them to do it in.

[12] In the case of these public officer Defendants and the HCSD, they must abide by the provisions of not only Fourth Amendment jurisprudence of the Ninth Circuit, but also section 61069 of the Government Code, which provides in relevant part:
"(a) A district may request an inspection warrant pursuant to Title 13 (commencing with Section 1822.50) of Part 3 of the Code of Civil Procedure. The warrant shall state the location which it covers and shall

process hearing per *Memphis, supra* on their allegations against her <u>for the past year</u>, the Defendants have withheld the discovery they would have had to produce - if there were any.

## Conclusion

Paragraphs #1, 2, 4, 5, 6, 7, 8, 9, 10, 11, 12, and 13 of the Declaration of Robert Puckett, Sr., ECF #87-1, do not constitute evidence that is properly admissible under Rule 56(e) of the Federal Rules of Civil Procedure, because Puckett lacks personal knowledge, fails to put forth facts that would be admissible, relates hearsay, speculation, and bare conclusions, or does not provide facts affirmatively showing that he is competent to testify about matters discussed in the various paragraphs.

Furthermore, paragraphs #1, 2, 5, 6, and 7 of Puckett's Declaration are further intended to introduce documents that Puckett seeks to admit into evidence; however, those paragraphs <u>also</u> fail to satisfy the requirements of Rule 56(e) of the Federal Rules of Civil Procedure by lacking any foundation and authentication via the content of the paragraphs of Puckett's Declaration. The documents are also not signed by anyone, do not have any official markings, stamps, or seals on them, and are inadmissible as evidence. Plaintiff respectfully requests that the Court strike the objectionable contents of the declaration of Defendant Robert Puckett, Sr., submitted in support of Defendants' Opposition to Plaintiff's Motion for Partial Summary Judgment, along with those improperly unauthenticated documents attached as exhibits thereto.

Respectfully submitted this ___7th___ day of July, 2022.

*/s/ Kimberly R. Olson*
Kimberly R. Olson, Plaintiff Pro Se

**CERTIFICATION AND PROOF OF SERVICE**

I, Kimberly R. Olson affirm under penalty of perjury under the laws of the United States that I served the appearing defendants in this action, a true copy of the foregoing document via US Mail to their attorney of record at the addresses below, on the date indicated, as follows:
1) Jeffrey Chiao
   601 University Ave., Ste. 225, Sacramento, CA 95825

By: */s/ Kimberly R. Olson*

Date: 7-7-22                                 Kimberly R. Olson, Plaintiff Pro Se

---

state its purposes. A warrant may authorize district employees to enter property only to do one or more of the following:
(1) Inspect to determine the presence of public nuisances that the district has the authority to abate.
(2) Abate public nuisances, either directly or by giving notice to the property owner to abate the public nuisance.
(3) Determine if a notice to abate a public nuisance has been complied with.

Plaintiff's Objections to Declaration of Puckett in Support of Opposition to Partial MSJ - 15