**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KIMBERLY OLSON,<br><br>    Plaintiff,<br><br>    v.<br><br>ROBERT PUCKETT, SR., et al.,<br><br>    Defendants. | No. 2:21-CV-1482-KJM-DMC<br><br><br>ORDER |

Plaintiff, who is proceeding pro se, brings this civil action. Pending before the Court is Plaintiff's motion to strike, ECF No. 51, Defendants' opposition thereto, ECF No. 53, and Plaintiff's reply, ECF No. 60.

In her motion to strike, Plaintiff challenges portions of Defendants' motion to dismiss, which is otherwise fully briefed and will be addressed on the merits separately by findings and recommendations to the District Judge. The current motion to strike, which is specifically brought under Federal Rule of Civil Procedure 12(f), will be denied as an inappropriate motion.

Under Rule 12(f), the Court may strike "from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f) (emphasis added). The Court may do so on its own or on a challenging party's motion. See Fed. R. Civ. P. 12(f)(1), (2). A motion to strike must be made "either before responding to the pleading or, if a

1

response is not allowed, within 21 days after being served with the <u>pleading</u>." Fed. R. Civ. P. 12(f)(2) (emphasis added).

The federal rules distinguish "pleadings" and "motions."  Pursuant to Federal Rule of Civil Procedure 7(a) defines allowed "pleadings" as a complaint, an answer to a complaint, an answer to a counterclaim, an answer to a cross-claim, a third-party complaint, an answer to a third-party complaint, and, if the Court allows, a reply to an answer.  <u>See</u> Fed. R. Civ. P. 7(a)(1)-(7).  Motions and "other papers" are described in Rule 7(b).

Under Rule 12(f), a motion to strike is appropriate to challenge a pleading.  A motion is not a pleading.  <u>See</u> Fed. R. Civ. P. 7.  Here, Plaintiff's Rule 12(f) motion purports to challenge a motion to dismiss under Rule 12(b)(6), not a pleading listed in Rule 7(a).  Plaintiff's motion will be denied because a Rule 12(f) motion is not a proper response to a motion.  In this regard, the Court again notes that Plaintiff has separately responded to Defendants' motion to dismiss by way of an opposition on the merits.  In the interest of providing Plaintiff a full and fair opportunity to be heard, the Court will consider the arguments raised in Plaintiff's motion to strike, as well as Defendants' responses thereto, when providing the District Judge findings and recommendations to be issued separately.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion to strike, ECF No. 51, is denied as an improper response to Defendants' motion to dismiss.

Dated:  August 16, 2022

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

2