# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY OLSON, | No. 2:21-CV-1482-KJM-DMC |
| Plaintiff, | |
| v. | ORDER |
| ROBERT PUCKETT, SR., et al., | |
| Defendants. | |

Plaintiff, who is proceeding pro se, brings this civil action. Pending before the Court are the following motions: (1) Plaintiff's motion, ECF No. 90, for an order holding Defendants in contempt for failing to respond to a subpoena; and (2) Defendants' motion, ECF No. 91, to quash a subpoena issued by Plaintiff. Both motions relate to the same subpoena.

In their motion to quash, Defendants challenge a subpoena served by Plaintiff on Defendant Hornbrook Community Services District (HCSD) seeking production of documents. See ECF No. 91-1, pg. 2. According to Defendants, the subpoena should be quashed because discovery may not proceed prior to a scheduling conference pursuant to Federal Rule of Civil Procedure 26(f). See id. at 3-4. Defendants also argue that the subpoena should be quashed because it was not properly issued by the Clerk of the Court. See id. at 3.

///

///

1     The Court rejects Defendants' second argument.  Notwithstanding Defendants' contention that Plaintiff forged the signature of Deputy Clerk of Court Hilary Huang and improperly issued the subpoena without court process, Ms. Huang confirms that she did in fact issue the subpoena at issue on behalf of Plaintiff.  Court records reflect that the subpoena was issued by Ms. Huang on April 13, 2022, pursuant to Plaintiff's request.  Ms. Huang confirms that the subpoena bears her signature and is not forged.

Defendants' first argument, however, is persuasive.  Federal Rule of Civil Procedure 26(d)(1) provides that a "party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B). . . ."  Rule 26(a)(1)(B) in turn describes various categories of cases exempt from initial disclosures required by Rule 26(f).  See Fed. R. Civ. P. 26(a)(1)(B)(i)-(ix).  The current action is not described in this rule as being exempt.  Because no Rule 26(f) meet-and-confer conference or scheduling conference has occurred in this case, the Court agrees with Defendants that Plaintiff's subpoena is premature and should be quashed as such.  Given this conclusion, Plaintiff's related motion for contempt for failing to respond to the subpoena is moot.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' motion to quash, ECF No. 91, is granted;

2. The subpoena issued on April 13, 2022, directed to Defendant HCSD is quashed; and

3. Plaintiff's motion for contempt, ECF No. 90, is denied as moot.

Dated:  August 16, 2022

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE