**SPINELLI, DONALD & NOTT**
A Professional Corporation
DOMENIC D. SPINELLI, SBN: 131192
J. SCOTT DONALD, SBN: 158338
ERIC G. FERNANDEZ, SBN: 269684
601 University Avenue, Suite 225
Sacramento, CA 95825
Telephone: (916) 448-7888
Facsimile:   (916) 448-6888

Attorneys for Defendants
ROBERT PUCKETT, SR., CLINT DINGMAN, MICHELE HANSON, MELISSA TUELLEDO and HORNBROOK COMMUNITY SERVICES DISTRICT

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY R. OLSON,<br><br>Plaintiff,<br><br>vs.<br><br>ROBERT PUCKETT, SR., CLINT DINGMAN; MICHELE HANSON; MELISSA TUELLEDO; HORNBROOK COMMUNITY SERVICES DISTRICT; BRUCE'S TOWING/RADIATOR & DISMANTLING; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No.: 2:21-cv-1482-KJM-DMC (PS)<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR CLARIFICATION OF FINDINGS AND RECOMMENDATIONS OF MAGISTRATE; AND OPPOSITION TO REQUEST FOR FURTHER EXTENSION OF TIME FOR OBJECTIONS**<br><br>Date:  December 7, 2022<br>Time: 10:00 AM<br>Place: Redding Courthouse, EDCA |

## I.     INTRODUCTION

Plaintiff KIMBERLY R. OLSON's ("Plaintiff") Motion for Clarification should be denied as Plaintiff fails to identify any specific portions of the Court's Recommendations and Findings (see ECF #109) pertaining to Defendants' ROBERT PUCKETT, SR., CLINT DINGMAN, MICHELE HANSON, MELISSA TUELLEDO and HORNBROOK COMMUNITY SERVICES DISTRICT (collectively "Defendants") Motion to Dismiss and Plaintiff's Motion for Sanctions or, in the Alternative, for Further Preliminary Injunction that are patently vague or ambiguous. In fact, unlike

Plaintiff's jeremiad motion, the Court's 32-page Recommendations and Findings provides careful analysis and specifies the reason as to why Defendants' Motion to Dismiss should be granted with leave to amend and as to why Plaintiff's Motion for Sanctions or, in the Alternative, for Further Preliminary Injunction should be denied. Given the specificity of the Court's Recommendations and Findings and the lack of any ambiguity and/or vagueness as to the applicability of the Recommendations and Findings, there is **no** legal basis for Plaintiff's instant Motion for Clarification. Plaintiff's motion is nothing more than another dilatory tactic to prevent the instant action – an action that has been in the pleading stage since August 18, 2021 – from moving forward. Accordingly, Plaintiff's motion should be denied.

Additionally, Plaintiff's motion should be denied as it ***is not*** a Motion for Clarification. While titled a "Motion for Clarification", the motion is truly an improper attempt to obtain legal advice from the above-captioned Court, and an attempt by Plaintiff to re-argue her opposition to Defendants' Motion to Dismiss and seek reconsideration of the Court's proposed Findings and Recommendation. For example, page 3 of Plaintiff's motion asks that the Court "inform Plaintiff…exactly what it is that will be allowed to be pled as a claim in this court…" See ECF No. 113, pg. 3:8-9. Then, again, at page 8, Plaintiff specifically "request that the Court explain clearly: what the deficiencies are with any specific portions of [Plaintiff's] complaint and/or claim that it feels are defective." *Id.* at pg. 8:16-17. On its face, these are not requests to clarify patent ambiguity that would justify a Motion for Clarification; rather, these are bald-faced requests for legal advice! Although it is true that Plaintiff is a pro se litigant, her status as a pro se litigant is not a basis for obtaining clarification of Recommendations and Findings that are devoid of any objective ambiguity. A litigant who chooses to represent themselves does so at their own risk and are not entitled to special treatment that would not otherwise be provided to a represented party.  See *Bias v. Moynihan*, 508 F. 3d 1212, 1219 (9th Cir. 2007) citing *Jacobsen v. Filler*, 790 F. 2d 1362, 1365 n.5 (9th Cir. 1986)

Not only does Plaintiff improperly seek legal advice from the Court as to how she can draft her Second Amended Complaint to survive a Motion to Dismiss, the vast majority of the Plaintiff's motion is also dedicated to arguing why the Court's Findings and Recommendations to grant Defendants' Motion to Dismiss is "incorrect." For example, pages 12 through 16 of Plaintiff's Motion


for Clarification comprises of argument attempting to explain why her 29-page First Amended Compliant (the "FAC") properly complies with Federal Rules of Civil Procedure, Rule 8. See ECF No. 109 at pgs. 12-16.  However, such argument should have been raised in Plaintiff's opposition to Defendants' Motion to Dismiss and are improperly raised on a Motion for Clarification. A Motion for Clarification does not allow Plaintiff to re-argue substantive legal matters that are the subject of the Court's findings and recommendations. Contrary to Plaintiff's demands, there is no legal basis for the Court to "reconsider" its position with respect to its Findings and Recommendations through a Motion for Clarification.

Plaintiff's instant motion is an improper attempt at seeking legal advice from the Court and an improper attempt to re-argue Plaintiff's position.  The only purpose that Plaintiff's motion serves is to further delay litigating the instant action. To the extent that Plaintiff's motion attempts to re-argue her opposition to Defendants' Motion to Dismiss and attempts to raise her "disagreement" with the Court's Findings and Recommendations, the motion is essentially her objection to the Court's Findings and Recommendations. However, by calling her motion a "Motion for Clarification" – which it is not – so that Plaintiff can obtain more time to file objections is nothing more than a dilatory tactic that should not be condoned. Accordingly, Defendants respectfully request that the instant Motion for Clarification be denied, that Plaintiff's time to object to the Court's Findings and Recommendations be deemed waived and/or expired as any objections were due on Friday, October 28, 2022, but Plaintiff failed to file such objections, and that the District Judge move forward with adopting the Honorable Judge Cota's Findings and Recommendations.

## II.  FACTS

Plaintiff is a former elected board member of Defendant Hornbrook Community Service District ("HSCD" or "the District").  Hornbrook, California, is a small community in Siskiyou County, near the Oregon border.  Following the expiration of her term with the District, Plaintiff, her ex-husband and former volunteer assistant manager for HCSD, Peter Harrell, and a former district board member by the name of Roger Gifford, began filing numerous frivolous lawsuits naming the District, its board members, employees, contractors, consultants and even its former legal counsel. In fact, Plaintiff, Harrell and Gifford made it their stated goal to destroy the District through the

misuse of the court system by filing malicious claims against these Defendants. The present case is yet another example of Plaintiff's barrage of frivolous litigation against Defendants in the states of Oregon and California in the past 15 years.  Like all other previous actions filed by Plaintiff, the instant action lacks any merit. Accordingly, the Court's clear and unambiguous Findings and Recommendations to grant Defendants' Motion to Dismiss Plaintiff's FAC is proper and should be adopted as the Order of the Court.

### III.   PROCEDURAL HISTORY

Plaintiff filed the instant action nearly 14 months ago on August 18, 2021. (ECF No. 1.) Within the time prescribed by the Federal Rules of Civil Procedure, Defendants filed a Motion to Dismiss Plaintiff's original complaint pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6) on September 16, 2021, and an Amended Motion to Dismiss on September 17, 2021. (ECF Nos. 27 and 28, respectively.) The hearing on Defendants' Motion to Dismiss was scheduled to be heard on November 3, 2021. However, on October 6, 2021, Plaintiffs filed her FAC in an attempt to avoid having her original complaint dismissed. (ECF No. 44.) Upon receipt of Plaintiff's FAC, Defendants filed another Motion to Dismiss pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6) on October 20, 2021 with a hearing date set for January 5, 2022. On December 1, 2021, Plaintiff filed a Motion to Strike Defendant's Motion to Dismiss which was also set to be heard on January 5, 2022. (ECF No. 51.) On December 28, 2021, the Honorable Magistrate Judge Dennis M. Cota issued an Order taking Defendant's Motion to Dismiss and Plaintiff's Motion to Strike off calendar and further that the matters be submitted on the record and briefs without oral argument. (ECF No. 59.)

On February 4, 2022, Plaintiff then filed a Motion for Civil Contempt Sanctions, or in the alternative, Motion for Further Preliminary Injunction ("Motion for Civil Contempt") with a hearing date of March 9, 2022. (ECF No. 67.) On February 22, 2022, Plaintiff then filed a Motion for Partial Summary Judgment. (ECF No. 68.) Prior to the hearing on Plaintiff's Motion for Civil Contempt, Plaintiff filed a Motion for Extension of Time for her to file a reply to Defendant's opposition to her Motion for Civil Contempt. (ECF No. 70.) By March 3, 2022, Defendants Motion to Dismiss, Plaintiff's Motion to Strike Defendant's Motion to Dismiss, Plaintiff's Motion for Civil Contempt, Plaintiff's Motion for Partial Summary Judgment, and Plaintiff's Motion for Extension of Time were

all pending before the Court. In an effort to coordinate these hearings as efficiently as possible, the Court denied Plaintiff's Motion for Extension of Time, vacated all hearing dates, extended Plaintiff's time to file a reply in support of her Motion for Civil Contempt to 60 days from the date of the March 3, 2022 Order, and ordered Plaintiff's reply in support of her Motion for Partial Summary Judgment to be filed within 30 days of service of Defendant's opposition to partial summary judgment. (ECF No. 71.) As such, Plaintiff did, ultimately, receive an extension in time to file a reply.

Then, on March 16, 2022, Plaintiff filed another Motion for Preliminary Injunction with a hearing date set for April 27, 2022. (ECF No. 72.) On April 19, 2022, the Court issued an Order taking Plaintiff's April 27, 2022 Motion for Preliminary Injunction off calendar with the matter to be submitted on the record and briefs without oral argument. (ECF No. 81.) The Order also allowed Plaintiff to file a reply in support of her Motion for Preliminary Injunction by April 26, 2022. (*Id.*) On April 25, 2022, Plaintiff did file her reply but also filed a Motion to Exceed Page Limit as her reply was 20 pages long. (ECF No. 84.) On May 3, 2022, the Court denied Plaintiff's Motion to Exceed Page Limit but, *sua sponte*, provided Plaintiff with an additional 30 days from the date of the May 3, 2022 Order to file another reply brief but one that would comply with requisite page limit. (ECF No. 89.)

On May 6, 2022, Plaintiff then filed another Motion for Contempt against the District with a hearing date scheduled for June 29, 2022. (ECF No. 90.) Then, on May 31, 2022, Plaintiff filed yet another Motion for Administrative Relief requesting additional time to file a reply in support of her Motion for Partial Summary Judgment. (ECF No. 98.) On June 10, 2022, the Court granted Plaintiff's Motion for Administrative Relief and provided Plaintiff with 30 days from the date of the Order to file a reply in support of her Motion for Partial Summary Judgment. (ECF No. 101.) That same day, the Court also issued another order vacating the June 29, 2022 hearing pertaining to Plaintiff's second Motion for Contempt and ruled that the motion would be decided on record and the briefs without oral argument. (ECF No. 102.) Then on August 16, 2022, the Court denied Plaintiff's Motion to Strike as an improper response to Defendants' Motion to Dismiss; denied Plaintiff's second Motion for Contempt; and struck and terminated Plaintiff's Motion for Partial Summary Judgment/Adjudication as being procedurally premature. (ECF Nos. 106 to 108.)  As to the remaining Motion to Dismiss

filed by Defendant and Motion for Civil Contempt and Injunctive Relief filed by Plaintiff, the Honorable Magistrate Judge Cota would issue a Findings and Recommendations on August 31, 2022 for the District Judge to consider in rendering a final decision as to these motions. (ECF NO. 109.)

Pursuant to the August 31, 2022 Findings and Recommendations, Judge Cota recommended granting Defendant's Motion to Dismiss and denying Plaintiff's Motion for Civil Contempt and Injunctive Relief. (*Id.*) The Findings and Recommendations also stated that any objections needed to be filed and served within 14 days of the Findings and Recommendations. (*Id.*) Yet, despite this time limit, on September 8, 2022, Plaintiff filed a Motion for a 60-Day Extension of Time to file her objections. (ECF 110.) On September 13, 2022, the Court granted Plaintiff's request in part by extending her time to file objections to the Findings and Recommendations to 45 days from the date of the September 13, 2022 Order. (ECF 111.) Pursuant to the September 13, 2022 Order, the last day for Plaintiff to file objections to the Findings and Recommendations was October 28, 2022. Plaintiff never filed objections to the Findings and Recommendations but instead filed a Motion for Clarification on October 20, 2022. (ECF 113.) Plaintiff's present Motion for Clarification is an improper attempt to further delay adopting Judge Cota's Findings and Recommendations. Rather than file objections, Plaintiff now seeks "clarification" of a Findings and Recommendations that is unambiguous so that she can obtain more time to file objections. Given the prior multiple extensions that Plaintiff has already received throughout this action, and the filing of multiple motions to delay a ruling on Defendants' Motion to Dismiss, Plaintiff's Motion for Clarification should be denied.

### IV.   LEGAL ARGUMENT

**A. Plaintiff's Motion Should Be Denied Because It Fails to Identify Any Ambiguity with the Court's Findings and Recommendations.**

"The general purpose of a motion for clarification is to explain or clarify something ambiguous or vague, not to alter or amend." *United States v. Philip Morris USA, Inc.*, 793 F. Supp. 2d 164, 168 (D.D.C. 2011) (citation and internal quotation omitted). A Motion for Clarification should ask the Court "to construe the scope of its Order by applying it in a concrete context or particular factual situations." *Id.*   For example, a Motion for Clarification was proper when clarification was needed to specify whether a court's summary judgment order entitled plaintiff to

MEMORANDUM OF P'S AND A'S IN SUPPORT OF MOTION TO DENY PLAINTIFF'S TEMPORARY RESTRAINING ORDER OR ALTERNATIVELY CONTINUE THE BRIEFING SCHEDULE

statutory damages and attorney's fees because the order did not state whether plaintiff could recover such damages or fees. See *Knighten v. Palisades Collections, Ltd. Liab. Co.*, No. 09-CIV-20051, 2011 U.S. Dist. LEXIS 27620, at *8 (S.D. Fl. Mar. 4, 2011). A Motion for Clarification was also proper in determining whether "vague prohibitions" of a preliminary injunction order applied to a defendant's specific conduct. See *Potter v. District of Columbia*, 382 F. Supp. 2d 35, 42 (D.D.C. 2005). In these cases where a Motion for Clarification was proper, an ambiguity existed as to how the subject Court order would be applied in a concrete context.

Here, there is ***no*** ambiguity as to how the Findings and Recommendations would be applied once adopted by the District Judge. The Findings and Recommendations clearly state that Defendants' Motion to Dismiss would be granted with leave to amend. This plain and unambiguous order means that Plaintiff's FAC fails to comply with Federal Rules of Procedure, Rule 8 and if Plaintiff wishes to proceed with litigating the instant action, Plaintiff needs to file a Second Amended Complaint that does in fact comply with Rule 8. The second portion of the Findings and Recommendations is also unambiguous as it clearly states that Plaintiff's motion for sanctions or, in the alternative, for further preliminary injunction is denied. This order means that Plaintiff is not entitled to the relief she sought in her motion for sanctions or, in the alternative, for further preliminary injunction.

Moreover, Plaintiff's motion, itself, fails to identify any portion of the Court's Findings and Recommendations that are facially ambiguous or vague. In fact, there is nothing objectively vague or ambiguous with the Court's Findings and Recommendations. The Court's 32-page Findings and Recommendations provides detailed analysis of both Plaintiff and Defendants motions, and provides more than sufficient reasoning to explain why Defendant's Motion to Dismiss is granted and why Plaintiff's motion for sanctions or, in the alternative, for further preliminary injunction is denied. Any failure to understand the meaning and/or scope of the Court's Findings and Recommendations is simply due to Plaintiff not having the assistance of counsel to guide her through intricacies of litigation. However, Plaintiff's inability to understand the Court's analysis and reasoning in the Findings and Recommendations is not a proper ground for a Motion for Clarification. Furthermore, it is Plaintiff's decision to litigate *pro se*; as such, Plaintiff must accept those hazards that come with

representing oneself including the inability to understand the intricacies of a detailed Court order. See *Bias v. Moynihan*, 508 F. 3d at 1219 citing *Jacobsen v. Filler*, 790 F. 2d at 1365 n.5. The mere fact that Plaintiff has decided to litigate as a *pro se* does not mean she is entitled to greater rights, such as obtaining more explanation of an order, than what would be afforded to a litigant represented by a lawyer. *Ibid*; see also *Brock v. Hendershott*, 840 F. 2d 339, 342-43 (6th Cir. 1988) (a pro se litigant's status does not entitle pro se litigants to special treatment not given to represented parties).

### B. Plaintiff's Motion Improperly Requests that the Court Provide Her with Legal Advice

The Supreme Court has made it clear that "District judges have no obligation to act as counsel or paralegal to pro se litigants." *Pliler v. Ford*, 542 U.S. 225, 231 (2004). This rule also applies notwithstanding that courts are required to hold a pro se complaint, "however inartfully pleaded," to "less stringent standards than formal pleadings drafted by lawyers." *Hollcroft v. Dep't of Treasury, IRS*, 687 F. Supp. 510, 513 (E.D. Cal. 1988) citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972). But even in "giving liberal interpretation to a pro se complaint, the court is not permitted to supply essential elements of the claim that were not initially pled." *Ivey v. Board of Regents of Univ. of Alaska*, 673 F. 2d 266, 268 (9th Cir. 1982); see also *Inland Concrete Enters. v. Kraft*, 318 F.R.D. 383, 421 (C.D. Cal. 2016) citing *Lambert v. Mecklenburg Cty.*, 2016 U.S. Dist. LEXIS 72084, 2016 WL 3176593, *2 (W.D.N.C. June 2, 2016) ("[A]lthough district courts must liberally construe pro se complaints, ***courts cannot act as the pro se plaintiff's advocate and cannot develop claims which the plaintiff failed to clearly raise on the face of the Complaint***." Emphasis added.)

In the instant action, Plaintiff's Motion for Clarification is nothing more than a request that the Court provide Plaintiff with legal advice as to how she should draft her Second Amended Complaint. Plaintiff is not seeking clarification of a patent ambiguity with respect to the application of the Findings and Recommendations, but is seeking clarification as to what the specific Findings and Recommendations mean for her, as a layperson, so that she can draft a better pleading. However, such requests are improper as the Court cannot advocate for Plaintiff and assist her in developing her claims. As noted previously, it is Plaintiff who willfully chose to litigate as a *pro se* litigant; therefore, the hazards that come with self-representation are for her to bear.

### C. Plaintiff's Motion Should Be Denied to the Extent That It Is a Request for Reconsideration as There Is No Legal Basis for Reconsideration of the Court's Findings and Recommendations.

The Federal Rules of Civil Procedure "do not recognize a motion for reconsideration." *Captain Blythers, Inc. v. Thompson (In re Captain Blythers, Inc.)*, 311 B.R. 530, 539 (9th Cir. BAP 2004). In fact, a motion for reconsideration "is treated as a motion to alter or amend judgment under Federal Rule of Civil Procedure Rule 59(e) if it is filed within ten days of entry of judgment. Otherwise, it is treated as a Rule 60(b) motion for relief from a judgment or order." (internal citation omitted). *Circuit City Stores, Inc. v. Mantor*, 417 F. 3d 1060, 1064 (9th Cir. 2005); *United States v. Nutri-Cology, Inc.*, 982 F. 2d 394, 397 (9th Cir. 1992); *Am. Ironworks & Erectors Inc. v. N. Am. Constr. Corp.*, 248 F. 3d 892, 898-99 (9th Cir. 2001).

Here, while Plaintiff's instant motion is titled "Motion for Clarification", the overall "theme" of her motion is a request that the Court reconsider its Findings and Recommendations based on additional arguments that Plaintiff did not raise and/or failed to raise in opposition to Defendant's Motion to Dismiss. Throughout her motion Plaintiff identifies "evidence" or "arguments" that the Court failed to consider or ignored in the Findings and Recommendations. Plaintiff also identifies alleged legal errors in the Court's Findings and Recommendations. However, Plaintiff's position is an improper request that the Court reconsider her arguments against granting Defendant's Motion to Dismiss. Given that the Findings and Recommendations are neither a judgment nor an order, there is no legal basis for Plaintiff to seek reconsideration of the Court's Findings and Recommendations.

### D. Plaintiff's Motion Is an Improper Delay Tactic and Should Therefore Be Denied.

The instant action has been pending for nearly 14 months. Worst yet, Defendant's Motion to Dismiss the FAC has been pending a ruling for over a year since it was filed on October 21, 2021. Plaintiff has obtained several extensions on varying motions during the past year and had even obtained a 45-day extension to file her objections to the Findings and Recommendations which were originally due on September 14, 2022. Pursuant to the 45-day extension, Plaintiff's objections to the Findings and Recommendations were due October 28, 2022. However, Plaintiff did not file any objections, but instead filed the instant Motion for Clarification. Defendants fear that the filing of the

Motion for Clarification is an attempt to "toll" improperly Plaintiff's deadline to file objections to the Findings and Recommendations thereby allowing Plaintiff to further delay the District Judge from adopting the Findings and Recommendations. Such delay in litigating the instant action prejudices Defendants because the matter should be dismissed as Plaintiff does not have a meritorious case. Given that Plaintiff has chosen to file a Motion for Clarification instead of a timely objection to the Findings and Recommendations in an attempt to further delay the action, Defendants request that the Motion for Clarification be treated as Plaintiff's objections to the Findings and Recommendations, that the Motion for Clarification be denied, and that the Findings and Recommendations be adopted as the order of the Court. Defendants would also respectfully request that no further continuances be granted so that the matter may move forward forthwith.

## V.   CONCLUSION

Based on the forgoing, Defendants respectfully request that this court deny Plaintiff's Motion for Clarification, deem the motion as Plaintiff's objections to the Findings and Recommendations, deem Defendant's instant opposition as an opposition to Plaintiff's objections to the Findings and Recommendations, and that the District Judge adopt the Findings and Recommendations as the Order of the Court.

Dated: November 4, 2022                             **SPINELLI, DONALD & NOTT**


By   /s/ Eric G. Fernandez
     J. SCOTT DONALD
     ERIC G. FERNANDEZ
     Attorney for Defendants
     ROBERT PUCKETT, SR., CLINT
     DINGMAN, MICHELE HANSON,
     MELISSA TUELLEDO and HORNBROOK
     COMMUNITY SERVICES DISTRICT