**SPINELLI, DONALD & NOTT**
A Professional Corporation
J. SCOTT DONALD, SBN: 158338
JEFFREY ARNOLD, SBN: 307748
601 University Avenue, Suite 225
Sacramento, CA 95825
Telephone: (916) 448-7888
Facsimile: (916) 448-6888

Attorneys for Defendants
ROBERT PUCKETT, SR., CLINT DINGMAN, MICHELE HANSON, MELISSA TUELLEDO and HORNBROOK COMMUNITY SERVICES DISTRICT

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY R. OLSON,<br><br>Plaintiff,<br><br>vs.<br><br>ROBERT PUCKETT, SR., CLINT DINGMAN; MICHELE HANSON; MELISSA TUELLEDO; HORNBROOK COMMUNITY SERVICES DISTRICT; BRUCE'S TOWING/RADIATOR & DISMANTLING; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No.: 2:21-cv-1482-KJM-DMC (PS)<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S OBJECTION TO THE FINDINGS AND RECOMMENDATIONS GRANTING DEFENDANTS' 12(b)(6) MOTION TO DISMISS WITH LEAVE TO AMEND**<br><br>Date:        January 5, 2022<br>Time:        10:00 am<br>Courtroom: 304, 3rd floor<br>Judge:       Hon. Dennis M. Cota<br><br>Complaint Filed: August 18, 2021<br>First Amended Complaint Filed: 10/06/2021<br>Trial Date: TBD |

I. **INTRODUCTION**

Before the Court is Plaintiff's Objections to the Findings and Recommendations (hereinafter referred to as "F&R") granting Defendants' Rule 12(b)(6) motion to dismiss in part, but granting Plaintiff leave to amend. Plaintiff opens her objection by admitting to the Court that the "FAC could use revisions, additional facts, and clarification." Rather than take the opportunity to amend her complaint, Plaintiff has confusingly filed this lengthy objection attempting to have her self-admittedly confusing First Amended Complaint remain the operative pleading. For the reasons articulated in the F&R, and as discussed below, the Court should overrule Plaintiff's objection and adopt the magistrate's findings and recommendation. If Plaintiff believes she can cure the deficiencies in her complaint, she may file an amended complaint.

II. **PROCEDURAL BACKGROUND**

The action currently proceeds on Plaintiff KIMBERLY R. OLSON'S (hereinafter referred to as "Plaintiff") First Amended Complaint (hereinafter referred to as "FAC"). See ECF No. 44. As with the original complaint, Plaintiff names the following defendants: (1) Clint Dingman, (2) Robert Puckett, Sr., (3) Michele Hanson, (4) Melissa Tuelledo, and (5) the Hornbrook Community Services District (hereinafter collectively referred to as "Defendants"). *See Id.* at 1. Defendants Puckett, Dingman, Hanson, and Tuelledo are "the Directors and employees of Defendant Hornbrook Community Services District." *Id.* at 2. Specifically, Defendants Puckett, Hanson, and Tuelledo are respectively President, Secretary, and Director of the HCSD board, and are sometimes referred to as the "Board Defendants." *Id*. at 3. Defendant Dingman is "the HCSD's Systems Operator, shift operator, . . . and/or water plant operator." *Id*. at 3, n.8. The HCSD is "a public entity providing domestic water to the community of Hornbrook." *Id*. at 2. Plaintiff alleges that she is a "water customer of the HCSD, which supplies the only source of potable water" to her home. *Id*. She also states that she is disabled, suffering from "mobility and other disabilities as a result of spinal damage." *Id*.

Plaintiff's FAC is voluminous and difficult to summarize. See, Gen. EFC No. 44. Plaintiff has brought eight (8) federal causes of action and ten (10) state law claims which she seeks supplemental jurisdiction over. The Complaint centers around allegations that Defendants either

denied or restricted her water usage in alleged retaliation for numerous lawsuits she has commenced against Defendants.

Defendants filed a motion to dismiss Plaintiff's FAC on October 20, 2021 to the assigned magistrate, Honorable Dennis M. Cota. ECF No. 47.  Judge Cota issued his Findings and Recommendations on August 31, 2022.  Judge Cota recommended in relevant part that "Defendant's motion to dismiss, ECF No. 47, be granted **with leave to amend**." EFC No. 109 at p. 31 (emphasis added).

The findings and recommendations disagreed with some of Defendants arguments, but recommended dismissal of Plaintiff's FAC with leave to amend on the following grounds:

1) Plaintiff's FAC failed to satisfy the pleading requirements of Rule 8. EFC No. 109 at p. 15 – 17.
2) Plaintiff's FAC failed to state a claim for First Amendment retaliation. EFC No. 109 at p. 17 – 18.
3) Plaintiff's FAC failed to state a claim for civil conspiracy. EFC No. 109 at p. 23 – 24.
4) Plaintiff's FAC failed to state a claim for *Monell* liability against HCSD. EFC No. 109 at p. 24 – 26.
5) Plaintiff's FAC failed to state a claim for an ADA violation. EFC No. 109 at p. 26 – 27.

On October 20, 2022, Plaintiff filed a "motion for clarification of findings and recommendations of magistrate judge (EFC #109); Request further extension of time for objections." Plaintiff's motion for clarification was confusing and denied on November 18, 2022. EFC No. 120. Nonetheless, the Court granted Plaintiff's request for an additional extension of time and ordered that the parties may "files objections to the Court's August 31, 2022, findings and recommendations within 30 days of the date of this order [November 18, 2022]." EFC No. 120. The instant objection was not filed until December 20, 2022.[1]

### III. <u>STANDARD OF REVIEW</u>

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Dismissal under Rule 12(b)(6) is appropriate when the

---

[1] Although Plaintiff dated her pleading for December 17, 2022, the Court's file stamp and EFC marking indicate that the Court did not receive the filing until December 20, 2022.

complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *Bell v. Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Dismissal is warranted under Rule 12(b)(6) where it presents a cognizable legal theory yet fails to plead essential facts to support that theory. *Neitzke v. Williams*, 490 U.S. 319, 326 (1989). "Conclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim." *McGlinchy v. Shell Chme. Co.*, 845 F.2d 802, 810 (9th Cir. 1988).

A plaintiff is required to allege "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007).  In order to survive dismissal for failure to state a claim, a complaint must contain more than a "formulaic recitation of the elements of a claim for relief", it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Id*.  Pleadings must contain more than mere labels and unsupported conclusions, and conclusory allegations are not entitled to be assumed true.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 677-83 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A court is not required to "accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

## IV. LEGAL ARGUMENT

### A. Plaintiff's Objection is Untimely

At the outset, Plaintiff's objection should not be considered because it is untimely.  Plaintiff received a second extension of time to file an objection on November 18, 2022.  The extension required any party filing an objection to the F&R be filed within 30 days of the Court's order.  The last day for a party to file an objection per the Court's order was December 18, 2022.  Because this date fell on a Sunday, the operative last day for a party to file an objection was Monday, December 19, 2022, pursuant to Rule 6(a)(1)(C). Plaintiff did not file this objection until December 20, 2022.  Accordingly, the objection is untimely and should not be considered.  However, Defendants address the substantive nature of Plaintiff's objections below.

### B. The F&R Properly Evaluated Plaintiff's Pro Se Complaint

Plaintiff spends some time in her objection attempting to argue, essentially, that because she

filed the FAC in pro se, she is not required to meet basic pleading requirements. (EFC No. 121 p.1:18 – 3:10; 23:9 – 30:10.) This position is untenable.

The Court should construe a complaint filed in pro se liberally and should not hold a pro se litigant to the same "stringent standards [of] formal pleadings drafted by lawyers" even if the pleading is "inartful." *Erikson v. Pardus* 551 U.S. 89, 94 (2007). This rule, however, does not immune a pro se litigant from stating facts necessary to state a viable cause of action or satisfy the basic requirements of Rule 8. *Ibid*. Even if not required to be plead with the formality that a represented party's complaint must be, the pleadings still must satisfy Rule 8 and provide sufficient facts for each element of the pro se Plaintiff's causes of action. *Ibid*.

The flaw in Plaintiff's position is that the FAC is not merely inartful. Instead, as the F&R articulates, it fails to satisfy the requirements of Rule 8 and fails to allege the actual facts, inartful or otherwise, necessary to support a number of her causes of action. Plaintiff's FAC is rife with conclusory allegations made without any plausible supporting facts and cannot withstand Defendants' 12(b)(6) motion.

**C.     Plaintiff's Complaint Does Not Comply With Rule 8(a)**

The F&R dismissed Plaintiff's FAC, but with leave to amend, because it failed to satisfy the basic requirements of Rule 8. (EFC No. 109 p. 15:15 – 17:5.) Plaintiff's arguments in her Objection to the F&Rs are confusing to follow. (See EFC No. 121 p. 3-4; 23-29.)   Plaintiff appears to take issue with the F&R because it does not analyze her twenty-nine (29) page complaint line by line. See gen. *Ibid*. Rather, the F&R thoroughly analyzed the complaint and discussed the legal authority supporting the F&R's position that Plaintiff's complaint failed to "give fair notice and state the elements of [Plaintiff's] claim plainly and succinctly. (EFC No. 109 p. 15:15 – 17:5.)

Plaintiff Olson's FAC does not contain a short and plain statement as required by Rule 8(a). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. *Jones v. Community Redev. Agency,* 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff's Complaint plainly does not comply with Federal Rule 8(a)'s requirement of a "short and plain statement showing the plaintiff is entitled to relief." *See United States ex rel. Cafaasso v. Gen. Gynamics C4 Sys. Inc*. 637 F. 3d 1047, 1059 (9th Cir. 2011).

The federal rules contemplate brevity.  Plaintiff's claims must be set forth simply, concisely and directly.  Fed. R. Civ. P. 8(d)(1)

Here, Plaintiff's twenty-nine (29) page FAC alleges numerous constitutional violations of the 1st Amendment, 4th/5th Amendment Search and Seizure, Conspiracy under 42 USC §1983, violations of Due Process and Equal Protection, Unlawful Retaliation, as well as violations of the ADA.  Plaintiff's fact allegations are general and conclusory, however, and Plaintiff does not provide specific supporting facts for each of these federal causes of action.  For example, Plaintiff's FAC alleges that Defendants participated in a scheme to retaliate against Plaintiff, and falsely apply for and wrongfully profit from government grants. (ECF No. 44, p. 3 ¶5-6)  No facts are alleged in support of this purported scheme.  Instead, despite the length of Plaintiff's FAC, the exact nature of what happened to Plaintiff is obscured by several vague and disconnected events and allegations.  Each of the Defendants cannot discern what legal wrong was done to Plaintiff, by whom and when, or how any alleged harm is connected to the relief Plaintiff seeks.

Federal Rule of Civil Procedure 12(b)(6) authorizes a motion to dismiss for "failure to state a claim upon which relief can be granted."  For the purpose of Rule 12(b)(6), "claim" means a set of facts that, if established, entitled the pleader to relief.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter to state a facially plausible claim to relief."  *Shroyer v. New Cingular Wireless Servs*., 622 F.3d 1035, 1041 (9th Cir. 2010).

Here, the FAC is devoid of any facts showing that Plaintiffs are entitled to relief from the Defendants.  In particular, besides providing conclusions without any supporting facts that certain activities were "wrongful" or "false", the complaint does not identify or explain how any of Defendants' activities purportedly constitute a violation of federal law.  Simply stated, the complaint contains no factual basis for any of the causes of action asserted against the Defendants.

It is important to note that Plaintiff's lack of specificity when it comes to her constitutional claims is exacerbated by her use of "shotgun pleading", which renders the complaint effectively un-answerable.  Shotgun pleadings are pleadings that overwhelm defendants with an unclear mass of allegations, and make it difficult or impossible for defendants to make informed responses to

plaintiff's allegations. *See Harrell v. Hornbrook Cmty. Servs. Dist.*, 2015 WL 5329779 at *10 (E.D. Cal. 2015 (Hollows, M.J.), adopted as modified, 2016 WL 1117752 (E.D.Cal. 2016) (Mueller, K.), *Gifford v. Puckett*, 2016 WL 3019413 (E.D.Cal. 2016) (Claire, A.)  Federal pleading standards require that plaintiffs give the defendants a clear statement about what each defendant allegedly did wrong. *See Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008) (Under Rule 8(a), the plaintiff must give the defendant fair notice of what the…claim is and the grounds upon which it rests") [internal quotation marks omitted].

One common type of shotgun pleading is where the Plaintiff recites a collection of general allegations toward the beginning of the complaint, and then each count incorporates every antecedent allegation by reference. *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001). "The result is that each count is replete with factual allegations that could not possibly be material to that specific count, and that any allegations that are material are buried beneath innumerable pages of rambling irrelevancies." *Id.*  This is exactly what Plaintiff has done in her FAC.

### D. The F&R Correctly Found that Plaintiff Fails to Allege Unlawful Retaliation for Exercise of Constitutional Rights

The F & R also found that Plaintiff's cause of action based on an alleged First Amendment Retaliation claim was subject to dismissal. EFC No. 109 at p. 17 – 18. As the Court reasoned, Plaintiff failed to plead facts that adequately demonstrated that Defendants alleged conduct had the requisite retaliatory intent. EFC No. 109 at p. 18.

Plaintiff's FAC alleges that her First Amendment rights to free speech and petitioning were violated when Defendants retaliated against her. The First Amendment forbids government officials from retaliating against individuals for speaking out. *Hartman v. Moore*, 547 U.S. 250, 256 (2006). To recover under section 1983 for retaliation in violation of the First Amendment, a plaintiff must establish the following: (1) she engaged in constitutionally protected activity; (2) as a result, she was subjected to adverse action by the defendant that would chill a person of ordinary firmness from continuing to engage in the protected activity; and (3) there was a substantial causal relationship between the constitutionally protected activity and the adverse action. *Blair v. Bethel Sch. Dist.*, 608 F.3d 540, 543 (9th Cir. 2010).

Here, Plaintiff has not established any of the foregoing elements. Instead, Plaintiff relies upon a "shotgun pleading" and she does not allege any facts in support of her retaliation claim. Without additional factual specificity, a retaliation is not cognizable. See *Iqbal*, 556 U.S. at 678 (a claim has the requisite facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged).

Plaintiff argues in her Objection that the F&R overlooked facts plead in her complaint that would establish the intent element of her cause of action. This argument simply ignores the analysis provided in the F&R. EFC No. 109 p. 18:5-16.

As the Court noted, "the only arguable suggestion of retaliatory motive is a news article wherein Defendant Puckett refers to Plaintiff's litigation activity." The Court analyzed this factual allegation and concluded that "[t]his link, however, is too tenuous to ascribe retaliatory intent to Defendants as a whole or even to Defendant Puckett in particular."

Plaintiff's objection regurgitates the same facts analyzed by the F&R but fails to explain why these facts should lead to a different conclusion than the F&R's. Plaintiff provides pages worth of the same legal authorities the Court concisely analyzed in its F&R to argue that the facts she plead prove retaliatory intent by circumstantial evidence. However, Plaintiff's objection provides no real analysis as to why the F&R should not be adopted.

As the F&R provided, a plaintiff pleading retaliatory intent may rely on circumstantial facts to adequately state a claim, but these facts must lead to a reasonable inference of retaliation. EFC No. 109 at p. 18 (citing *Waitson v. Carter* 668 F.2d 1108, 1114 (9th Cir. 2012.). As the F&R reasoned, simply pleading facts that satisfy the first two elements of her claim, and that a single news article refenced in her prior litigation activity, does not lead to a reasonable inference of retaliatory intent.

### E. The F&R Correctly Found that Plaintiff Fails To Allege A Claim for Civil Conspiracy

Plaintiff also objects to the F&R's finding that the FAC fails to state a claim for civil conspiracy. EFC No. 109 at p. 23 – 24. Plaintiff once again provides pages worth of legal citations, but fails to demonstrate why the facts in her complaint sufficiently plead a claim for civil conspiracy. EFC No. 121 at p. 9 – 1.

A claim for conspiracy brought under *section 42 U.S.C. §1985(2*) requires a direct or indirect purpose to deprive any persons of the equal protection of the laws, or the equal privileges or immunities under the laws and a class race-based animus. See *Kush v. Rutledge*, 460 U.S. 719 (1983), 103 S.Ct. 1483; *Griffin v. Breckenridge,* 403 U.S. 88, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971); *Bretz v. Kelman,* 773 F.2d 1026, 1028 (9th Cir.1985) (en banc). To be actionable, the conspiracy must result in overt acts, done in furtherance of the conspiracy, that are both the cause in fact and proximate cause of plaintiffs' injuries. *See Arnold v. IBM,* 637 F.2d 1350, 1355 (9th Cir.1981).

The Ninth Circuit applies a heightened standard to claims and bare allegations that a defendant conspired with another are insufficient to state a claim.  See *Harris v. Roderick*, 126 F.3d 1189, 1195 (9th Cir. 1997); *Burns v. County of King*, 883 F.2d 819, 821 (9th Cir. 1989) (To survive a motion to dismiss, the plaintiff must plead specific facts to support the existence of the alleged conspiracy.).  Vague and conclusory allegations of a conspiracy are insufficient to state a claim. *See Karim–Panahi v. Los Angeles Police Department,* 839 F.2d 621, 626 (9th Cir.1988).

Here, Plaintiff's allegations regarding conspiracy are entirely conclusory, lack facts, and lack the required specificity.  Plaintiff failed to allege what each Defendant did to carry out any overt acts in furtherance of the alleged conspiracy.  Plaintiff also does not allege how the Defendants conspired together to commit wrongful acts.  Thus, Plaintiff fails to allege specific facts that are necessary to establish a §1985 claim, and Plaintiff's claim of conspiracy fails to satisfy the pleading requirements.

Moreover, a racial, or other class-based, invidiously discriminatory animus is an indispensable element of a section 1985(3) claim. *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 267-69 (1993).   Plaintiff does not allege a racial or other class-based invidiously discriminatory animus.  Plaintiff's claim of conspiracy fails on this basis as well.

As the F&R appropriately found, Plaintiff's FAC fails to allege with sufficient, specific facts to plead a claim for civil conspiracy.  Specifically, Plaintiff's claim contains no "allegations… to indicate how and/or when the alleged conspiracy occurred." As the F&R reasoned, "[w]ithout these necessary details, [Plaintiff's conspiracy] claims fail.

F.   **The F & R Correctly Found that Plaintiff Fails to Allege A *Monell* Claim against HCSD**

A municipality cannot be held liable for violation of civil rights solely because its employee is a tort-feasor; a municipality cannot be held liable under the Civil Rights Act of 1871 on a respondeat superior theory.  42 U.S.C. §1983.  A plaintiff bringing a section 1983 claim against a municipality must allege that his or her injury was caused by an official "policy or custom" as set forth in *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658 (1978), *Fed'n of African Am. Contractors v. City of Oakland*, 96 F.3d 1204, 1205 (9th Cir. 1996).  To bring a *Monell* claim, Plaintiffs must establish that "the local government had a deliberate policy, custom, or practice that was the 'moving force' behind the constitutional violation [they] suffered." *Whitaker v. Garcetti*, 486 F.3d 572, 581 (9th Cir. 2007); see also *AE ex rel. Hernandez v. County of Tulare*, 666 F.3d 631, 636-38 99th Cir. 2012).

To survive a motion to dismiss, Plaintiff's allegations concerning the policy or custom at issue, and the official's role in applying that policy or custom, must be more than conclusory and must bring the claim "across the line from conceivable to plausible."  *Twombly*, 550 U.S. at 570. Here, Plaintiff alleges that HCSD is a public entity providing domestic water to the community of Hornbrook.  (ECF No. 44, FAC, ¶2)  However, the FAC fails to demonstrate that HCSD had a "policy or custom" of deliberately engaging in retaliation and violations of clearly established constitutional rights.

The F&R thoroughly analyzed Plaintiff's *Monell* liability claims and found that the FAC only provided conclusory allegations that failed to specify the "precise policy or custom at issue and failed to even identify how the board became aware of the conduct" it allegedly ratified.  (EFC 109 26:4-8.) The Court reasoned that Plaintiff's vague and conclusory allegations do not satisfy the pleading requirements to assert a *Monell* claim.

Plaintiff's Objection the F&R's finding that the FAC failed to state facts sufficient to state a claim against the Board based on a *Monell* claim is particularly confusing.  Plaintiff repetitively argued that individual Defendants were alleged to have committed the purported wrongful conduct. Plaintiff makes conclusory allegations that these individuals were in "contact with the board" but never provides any further explanation in her objection of the FAC itself.  Simply put, without more,

the *Monell* claims fail and the FAC's causes of action against the Board were properly found by the F&R to be insufficient.

### G. The F&R Correctly Found That Plaintiff Fails to Allege an ADA Claim Against Defendants

For standing purposes, an ADA plaintiff needs to allege sufficient facts to demonstrate that an accessibility barrier "interfere[s] with [his]'full and equal enjoyment' of the facility" in question. *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 947 (9th Cir. 2011) (en banc).  A barrier "will only amount to such interference if it affects the plaintiff's full and equal enjoyment of the facility on account of his particular disability." *Id*, *see also Strojnik v. Bakersfield Convention Hotel I, LLC* 436 F.Supp.3d 1332, 1340 (E.D. Cal. 2020) (holding Plaintiff's photographs and captions were bare legal conclusions that did not allege "how his disabilities relate to the barriers he encountered"). The ADA Accessibility Guidelines ("ADAAG") "establish[] the technical standards required for 'full and equal enjoyment.'" *Chapman*, 631 F.3d at 947.

Here, Plaintiff uses only conclusory language in attempting to state a claim under the ADA. Plaintiff does not set forth any non-conclusory factual allegations that she was discriminated against based upon her disabilities.  Plaintiff has also failed to allege facts as to what accessibility barriers Plaintiff encountered or to explain how any alleged barriers relate to her particular disability. Plaintiff's bare legal conclusions are insufficient to satisfy standing and the ADA's pleading requirements.  As such, Plaintiff's ADA claim was properly dismissed.

### V. CONCLUSION

For the foregoing reasons, Defendants respectfully request that Plaintiff's objection to the F&R be overruled and that the Court adopt the Findings and Recommendations in full.

Dated:  January 3, 2023                SPINELLI, DONALD & NOTT

By:   */s/ J. Scott Donald*
         J. SCOTT DONALD
         JEFFREY C. ARNOLD
         Attorneys for Defendants

# PROOF OF SERVICE

COURT:       U.S. District Court, Eastern District of California
CASE NO.:    2:21-cv-1482-KJM-DMC (PS)
CASE NAME:   *Olson v. Puckett, Sr., et al.*

I am a citizen of the United States, employed in the County of Sacramento, State of California. My business address is 601 University Avenue, Suite 225, Sacramento, CA 95825. I am over the age of 18 and not a party to the above-entitled action.

I am readily familiar with Spinelli, Donald & Nott's practice for collection and processing of correspondence for mailing with the United States Postal Service. Pursuant to said practice, each document is placed in an envelope, the envelope is sealed, the appropriate postage is placed thereon and the sealed envelope is placed in the office mail receptacle. Each day's mail is collected and deposited in a U.S. mailbox at or before the close of each day's business. (Code Civ. Proc., § 1013a(3) or Fed.R.Civ.P.5(a) and 4.1.)

On the date set forth below, I caused the within Defendants' Opposition to Plaintiff's Objection to the Findings and Recommendations Granting Defendants' 12(B)(6) Motion to Dismiss With Leave to Amend the originals of which were produced on recycled paper, to be served via:

**[XX]   FIRST-CLASS MAIL**
Placed in the United States Mail at Sacramento, California in an envelope with postage thereon fully prepaid to the person(s) at the address(es) set forth below:

| Kimberly R. Olson<br>P.O. Box 243<br>Hornbrook, CA 96044<br>530-475-3669 | *Plaintiff*<br>**IN PRO PER** |
|---|---|

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on January 3, 2023, at Sacramento, California.

_____
Carly Stoffle