IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY OLSON, | No. 2:21-CV-01482-KJM-DMC |
| Plaintiff, | |
| v. | ORDER |
| ROBERT PUCKETT, SR., et al., | |
| Defendants. | |

    Plaintiff, who is proceeding pro se, brings this civil action. The matter was referred to a United States Magistrate Judge as provided by Eastern District of California local rules.

    On August 31, 2022, the Magistrate Judge filed findings and recommendations, which were served on the parties and which contained notice that the parties may file objections within the time specified therein. Timely objections to the findings and recommendations have been filed.

    In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. Having reviewed the file, the court finds the findings and recommendations regarding plaintiff's motion for contempt sanctions or a further preliminary injunction to be supported by the record and by the proper analysis. The court notes plaintiff does not put forward any argument objecting to the findings and recommendations' conclusion regarding that motion. In light of plaintiff's apparent concession that defendants are

currently providing sufficient water service, *see* Reply, ECF No, 73, the court **denies** the motion without prejudice to renewal.

The court otherwise **declines** to adopt the findings and recommendations in whole. There is an apparent discrepancy between the magistrate judge's discussion of whether plaintiff's complaint complies with Federal Rule of Civil Procedure 8, *see* ECF No. 109 at 15–17, and the Rule 12(b)(6) analysis of whether the complaint states a claim based on its factual allegations, *see id.* at 17–28. On the one hand, the Magistrate Judge recommends dismissal of the entire operative complaint under Rule 8 because its allegations are "vague and conclusory" and lack sufficient facts "to support any claim." *Id.* at 16. On the other hand, the Magistrate Judge specifically finds sufficient facts in the complaint to support a Fourth and Fifth Amendment claim, a Due Process claim and an Equal Protection claim when analyzing them in the context of Rule 12(b)(6). *See id.* at 20, 21–22, 22–23.

Federal Rule of Civil Procedure 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." Its inquiry is concerned with giving the defendant sufficient notice about the claim and the facts. *Conley v. Gibson*, 355 U.S. 41, 47 (1957). However, to survive a motion to dismiss under Rule 12(b)(6), a complaint must contain "[s]ufficient factual matter," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), to make the claim "plausible," *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007). To the extent there is a difference between the standards imposed by Rule 8 and Rule 12(b)(6), this court interprets the Rule 8 requirement as the lesser of the two. The court therefore concludes the Magistrate Judge's explanation for why plaintiff states sufficient facts to support a Fourth and Fifth Amendment claim, a Due Process claim and an Equal Protection claim justifies **denying the motion to dismiss those claims**. In other words, those claims may proceed.

The court thus **adopts** the Magistrate Judge's analysis on the sufficiency of plaintiff's allegations to state those three claims, *see* ECF No. 109 at 20, 21–22, 22–23, as well as the Magistrate Judge's analysis about why plaintiff's other claims are insufficiently pled, *see id.* at 17–18, 23–24, 24–25, 26–27. The court also **adopts** the Magistrate Judge's analysis rejecting defendants' jurisdictional argument, *see id.* at 27–28, and rejecting defendants' cursory argument

on plaintiff's state law claims, *see id.* at 28–29.  Because the court permits plaintiff to proceed with some federal claims, the court exercises supplemental jurisdiction over the state law claims.

Further, because plaintiff has pled sufficient facts for some but not all claims, she may choose to proceed with the sufficient claims or to amend the complaint to include those claims and add factual allegations in support of the dismissed claims.  Within thirty days, plaintiff must either notify the court she plans to proceed with her claims based on the Fourth and Fifth Amendment, Equal Protection and Due Process as well as her state law claims as pled in her current complaint or file an amended complaint.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for sanctions or, in the alternative, for a further preliminary injunction, ECF No. 67, is denied without prejudice;

2. Defendants' motion to dismiss, ECF No. 47, is denied with respect to plaintiff's Fourth and Fifth Amendment claim, Due Process claim and Equal Protection claim, as analyzed in ECF No. 109 at 20, 21–22, 22–23, and denied with respect to plaintiff's state law claims.  The motion is granted with respect to plaintiff's remaining claims, with leave to amend; and

3. Within thirty days, plaintiff must either notify the court she is only proceeding on the claims properly pled as identified above or file an amended complaint.

DATED:  March 22, 2023.

_____
CHIEF UNITED STATES DISTRICT JUDGE