**SPINELLI, DONALD & NOTT**
A Professional Corporation
J. SCOTT DONALD, SBN: 158338
JEFFREY C. ARNOLD, SBN: 307748
601 University Avenue, Suite 225
Sacramento, CA 95825
Telephone: (916) 448-7888
Facsimile:  (916) 448-6888

Attorneys for Defendants
ROBERT PUCKETT, SR., CLINT
DINGMAN, MICHELE HANSON,
MELISSA TUELLEDO and HORNBROOK
COMMUNITY SERVICES DISTRICT

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY R. OLSON,<br><br>             Plaintiff,<br><br>     vs.<br><br>ROBERT PUCKETT, SR., CLINT DINGMAN; MICHELE HANSON; MELISSA TUELLEDO; HORNBROOK COMMUNITY SERVICES DISTRICT; BRUCE'S TOWING/RADIATOR & DISMANTLING; and DOES 1 through 20, inclusive,<br><br>             Defendants. | Case No.: 2:21-cv-1482-KJM-DMC (PS)<br><br>**DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL** |

Defendants Robert Puckett, Sr., Clint Dingman, Michele Hanson, Melissa Tuelledo, and Hornbrook Community Services District, by and through their counsel, Spinelli, Donald & Nott, hereby answer the complaint of plaintiff Kimberly Olson and assert their affirmative defenses as follows:

///

///

///

///

1
DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

**JURISDICTION**

1. Denied in part; admitted in part. Paragraph one contains conclusions of law to which no response is required. Defendants admit, however, this Court has jurisdiction over the subject matter of this complaint.

**PARTIES**

2. Admitted as to the allegations related to Defendants Robert Puckett, Sr., Clint Dingman, Michele Hanson, and Melissa Tuelledo.

3. Admitted in part, denied in part. Defendants are without sufficient knowledge to form a belief as to the truthfulness of the allegations contained in paragraph 3 regarding defendant John Does. Defendants admit the remainder of the allegation.

4. Defendants deny the allegations contained in Paragraph 4 of the complaint.

5. Defendants deny the allegations contained in paragraph 5 of the complaint

6. Defendants deny the allegations contained in paragraph 6 of the complaint.

7. Defendants lack sufficient information to either affirm or deny the allegations set forth in Paragraph 7 of the complaint.  Defendants deny allegations that they ignored Plaintiff's status as a person with a disability under Title II of the Americans with Disabilities Act. Defendants further state that paragraph 7 of the complaint contains conclusions of law which now a response is required.

8. Paragraph 8 of the complaint contains conclusions of law for which no response is required.  Defendants deny that Plaintiff satisfies any requirements of law making her able to bring this action in the name of persons similarly situated.

**OVERVIEW AND BASIS FOR CLAIMS/ACTIONS**

9. Defendants deny the allegations contained in Paragraph 9 of the complaint. Defendants further state that Paragraph 9 of the complaint contains conclusions of law for which no response is required.

///

///

///

DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

10. Defendants deny the allegations contained in Paragraph 10 of the complaint. Defendants further state that Paragraph 10 of the complaint contains conclusions of law for which no response is required.

11. Defendants deny the allegations contained in Paragraph 11 of the complaint.

12. Defendants deny the allegations contained in Paragraph 12 of the complaint related to conduct of Defendants. Defendants lack sufficient information to affirm or deny allegations contained in Paragraph 12 of the complaint related to conduct of Plaintiff.

13. Denied in part; admitted in part. Defendants deny that a preliminary injunction was ordered on September 17, 2021. Defendants admit that a preliminary injunction was ordered on December 6, 2021 after Plaintiff objected to the findings and recommendations of the Magistrate Judge issued on September 17, 2021 finding in her favor. Defendants deny the order was issued as alleged in Paragraph 13 of the Complaint. Defendants further deny that there was any delay in complying with the preliminary injunction ordered on December 6, 2021. Defendants further deny that the installation of a flow restrictor was in violation of any policies or laws.

14. Defendants deny the allegations contained in Paragraph 14 of the complaint. Paragraph 14 of the complaint contains conclusions of law for which no response is required.

15. Defendants deny the allegations contained in Paragraph 15 of the complaint.

16. Defendants deny the factual allegations contained in Paragraph 16 of the complaint. Paragraph 16 of the complaint contains conclusions of law for which no response is required.

17. Defendants deny the factual allegations contained in Paragraph 17 of the complaint. Paragraph 17 of the complaint contains conclusions of law for which no response is required.

18. Defendants deny the factual allegations contained in Paragraph 18 of the complaint. Paragraph 18 of the complaint contains conclusions of law for which no response is required.

19. Defendants deny the factual allegations contained in Paragraph 19 of the complaint. Paragraph 19 of the complaint contains conclusions of law for which no response is required.

20. Defendants deny the factual allegations contained in Paragraph 20 of the complaint. Paragraph 20 of the complaint contains conclusions of law for which no response is required.

///

21. Defendants deny the factual allegations contained in Paragraph 21 of the complaint. Paragraph 21 of the complaint contains conclusions of law for which no response is required.

22. Defendants deny the factual allegations contained in Paragraph 22 of the complaint. Paragraph 22 of the complaint contains conclusions of law for which no response is required.

23. Defendants deny the factual allegations contained in Paragraph 23 of the complaint. Paragraph 23 of the complaint contains conclusions of law for which no response is required.

24. Defendants deny the factual allegations contained in Paragraph 24 of the complaint. Paragraph 24 of the complaint contains conclusions of law for which no response is required.

25. Defendants deny factual allegations contained in Paragraph 25 of the complaint. Paragraph 25 of the complaint contains conclusions of law for which no response is required.

26. Paragraph 26 of the complaint contains conclusions of law for which no response is required.

27. Defendants deny the factual allegations contained in Paragraph 27 of the complaint. Paragraph 27 of the complaint contains conclusions of law for which no response is required.

28. Defendants deny factual allegations contained in Paragraph 28 of the complaint. Paragraph 28 of the complaint contains conclusions of law for which no response is required.

29. Defendants deny the factual allegations contained in Paragraph 29 of the complaint. Paragraph 29 of the complaint contains conclusions of law for which no response is required.

30. Defendants deny the factual allegations contained in Paragraph 30 of the complaint. Paragraph 30 of the complaint contains conclusions of law for which no response is required.

31. (erroneously enumerated as 30)   Defendants deny the factual allegations contained in Paragraph 31 of the complaint.  Paragraph 31 of the complaint contains conclusions of law for which no response is required.

32. (erroneously enumerated as 31)   Defendants deny the factual allegations contained in Paragraph 32 of the complaint.  Paragraph 32 of the complaint contains conclusions of law for which no response is required.

33. (erroneously enumerated as 32)   Defendants deny the factual allegations contained in Paragraph 33 of the complaint.  Paragraph 33 of the complaint contains conclusions of law for which no response is required.

34. (erroneously enumerated as 33)   Defendants deny the factual allegations contained in Paragraph 34 of the complaint.  Paragraph 34 of the complaint contains conclusions of law for which no response is required.

35. (erroneously enumerated as 34)   Defendants deny the factual allegations contained in Paragraph 35 of the complaint.  Paragraph 35 of the complaint contains conclusions of law for which no response is required.

36. (erroneously enumerated as 35)   Paragraph 36 of the complaint contains only conclusions of law for which no response is required.

37. (erroneously enumerated as 36)   Defendants deny the factual allegations contained in Paragraph 37 of the complaint.  Paragraph 37 of the complaint contains conclusions of law for which no response is required.

38. (erroneously enumerated as 37)   Defendants deny the factual allegations contained in Paragraph 38 of the complaint.  Paragraph 38 of the complaint contains conclusions of law for which no response is required.

39. (erroneously enumerated as 38)   Defendants deny the factual allegations contained in Paragraph 39 of the complaint.  Paragraph 39 of the complaint contains conclusions of law for which no response is required.

40. (erroneously enumerated as 39)   Defendants lack sufficient knowledge to admit or deny the allegations contained within paragraph 40 of the complaint.

**CIVIL CONSPIRACY BY THE DEFENDANTS**

41. (erroneously enumerated as 40)   Defendants lack sufficient knowledge to admit or deny the allegations contained within paragraph 41 of the complaint.

42. (erroneously enumerated as 41)   Defendants deny the factual allegations contained in Paragraph 42 of the complaint.  Paragraph 42 of the complaint contains conclusions of law for which no response is required.

**FIRST CLAIM FOR RELIEF (Federal Causes of Action)**

43. (erroneously enumerated as 42)   Defendants deny the factual allegations contained in Paragraph 43 of the complaint.  Paragraph 43 of the complaint contains conclusions of law for which no response is required.

**Count I 4th/5th Amendment Violations; Searches and Seizures Without Warrant**

44. (erroneously enumerated as 43)   Defendants incorporate by reference their answers to the preceding Paragraphs as if set forth at length herein.  Defendants deny the factual allegations contained in Paragraph 44 of the complaint.  Paragraph 44 of the complaint contains conclusions of law for which no response is required.

45. (erroneously enumerated as 44)   Defendants deny the factual allegations contained in Paragraph 45 of the complaint.  Paragraph 45 of the complaint contains conclusions of law for which no response is required.

46. (erroneously enumerated as 45)   Defendants deny the factual allegations contained in Paragraph 46 of the complaint.  Paragraph 46 of the complaint contains conclusions of law for which no response is required.

**Count II Conspiracy for Deprivation of Rights; (42 USC 1983)**

47. (erroneously enumerated as 46)   This claim for relief identified as Count II in the complaint has been dismissed.

**Count III Deprivation of Due Process and Equal Protection**

48. (erroneously enumerated as 47)   Defendants deny the factual allegations contained in Paragraph 48 of the complaint.  Paragraph 48 of the complaint contains conclusions of law for which no response is required.

**Count IV Deprivation of Equal Protection of the Laws, and to Due Process of Law**

49. (erroneously enumerated as 48)   Defendants deny the factual allegations contained in Paragraph 49 of the complaint.  Paragraph 49 of the complaint contains conclusions of law for which no response is required.

///

///

DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

### Count V Unlawful Retaliation for Exercise of Constitutional Rights

50. (erroneously enumerated as 49)   This claim for relief identified as Count V in the complaint has been dismissed.

51. (erroneously enumerated as 50)   This claim for relief identified as Count V in the complaint has been dismissed.

### Count VI Violation of the ADA, and Title II as to HCSD, and Board Defendants

52. (erroneously enumerated as 51)   This claim for relief identified as Count VI in the complaint has been dismissed.

53. (erroneously enumerated as 52)   This claim for relief identified as Count VI in the complaint has been dismissed.

### Count VII Violations of 42 USC 1985(2) and (3)

54. (erroneously enumerated as 53)   This claim for relief identified as Count VII in the complaint has been dismissed.

### Count VIII: Violations of 42 USC 1986

55. (erroneously enumerated as 54)   This claim for relief identified as Count VIII in the complaint has been dismissed.

### SECOND CLAIM FOR RELIEF – PENDENT STATE CLAIMS

56. (erroneously enumerated as 55)   Defendants incorporate by reference their answers to the preceding Paragraphs as if set forth at length herein.  Defendants deny the factual allegations contained in Paragraph 56 of the complaint.  Paragraph 56 of the complaint contains conclusions of law for which no response is required.

57. (erroneously enumerated as 56)   The allegations in paragraph 57 of the complaint contain conclusions of law for which a response is not required.

58. Defendants deny the factual allegations contained in Paragraph 58 of the complaint. Paragraph 58 of the complaint contains conclusions of law for which no response is required.

59. Defendants deny the factual allegations contained in Paragraph 59 of the complaint. Paragraph 59 of the complaint contains conclusions of law for which no response is required.

///

60. Defendants deny the factual allegations contained in Paragraph 60 of the complaint. Paragraph 60 of the complaint contains conclusions of law for which no response is required.

61. Defendants deny the factual allegations contained in Paragraph 61 of the complaint. Paragraph 61 of the complaint contains conclusions of law for which no response is required.

62. Defendants deny the factual allegations contained in Paragraph 62 of the complaint. Paragraph 62 of the complaint contains conclusions of law for which no response is required.

63. Defendants deny the factual allegations contained in Paragraph 63 of the complaint. Paragraph 63 of the complaint contains conclusions of law for which no response is required.

64. Defendants deny the factual allegations contained in Paragraph 64 of the complaint. Paragraph 64 of the complaint contains conclusions of law for which no response is required.

65. Defendants deny the factual allegations contained in Paragraph 65 of the complaint. Paragraph 65 of the complaint contains conclusions of law for which no response is required.

66. Defendants deny the factual allegations contained in Paragraph 66 of the complaint. Paragraph 66 of the complaint contains conclusions of law for which no response is required.

67. Defendants deny the factual allegations contained in Paragraph 67 of the complaint. Paragraph 67 of the complaint contains conclusions of law for which no response is required.

68. Defendants deny the factual allegations contained in Paragraph 68 of the complaint. Paragraph 68 of the complaint contains conclusions of law for which no response is required.

69. Defendants deny the factual allegations contained in Paragraph 69 of the complaint. Paragraph 69 of the complaint contains conclusions of law for which no response is required.

70. Defendants deny the factual allegations contained in Paragraph 70 of the complaint. Paragraph 70 of the complaint contains conclusions of law for which no response is required.

71. Defendants deny the factual allegations contained in Paragraph 71 of the complaint. Paragraph 71 of the complaint contains conclusions of law for which no response is required.

72. Defendants deny the factual allegations contained in Paragraph 72 of the complaint. Paragraph 72 of the complaint contains conclusions of law for which no response is required.

///

///

## PRAYER FOR RELIEF

Wherefore, Defendants deny that Plaintiff is entitled to any of the relief requested in Plaintiff's prayer for relief enumerated as 1–16.

## DEMAND FOR JURY TRIAL

Defendants hereby demand a trial by jury on issues triable.

Dated: April 18, 2023                     **SPINELLI, DONALD & NOTT**

By /s/ *Jeffrey C. Arnold*
J. SCOTT DONALD
JEFFREY C. ARNOLD
Attorneys for Defendants,
ROBERT PUCKETT, SR., CLINT DINGMAN, MICHELE HANSON, MELISSA TUELLEDO and HORNBROOK COMMUNITY SERVICES DISTRICT

# PROOF OF SERVICE

COURT:         U.S. District Court, Eastern District of California
CASE NO.:      2:21-cv-1482-KJM-DMC (PS)
CASE NAME:     *Olson v. Puckett, Sr., et al.*

    I am a citizen of the United States, employed in the County of Sacramento, State of California. My business address is 601 University Avenue, Suite 225, Sacramento, CA 95825. I am over the age of 18 and not a party to the above-entitled action.

    I am readily familiar with Spinelli, Donald & Nott's practice for collection and processing of correspondence for mailing with the United States Postal Service. Pursuant to said practice, each document is placed in an envelope, the envelope is sealed, the appropriate postage is placed thereon and the sealed envelope is placed in the office mail receptacle. Each day's mail is collected and deposited in a U.S. mailbox at or before the close of each day's business. (Code Civ. Proc., § 1013a(3) or Fed.R.Civ.P.5(a) and 4.1.)

    On the date set forth below, I caused the within **DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**, the originals of which were produced on recycled paper, to be served via:

☒ **FIRST CLASS MAIL--**
Placed in the United States Mail at Sacramento, California in an envelope with postage thereon fully prepaid addressed as follows:

| Kimberly R. Olson<br>P.O. Box 243<br>Hornbrook, CA 96044 | *Plaintiff*<br>**IN PRO PER** |
|---|---|

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on April 18, 2023, at Sacramento, California.

                                    /s/ *Kari Rebar*
                                    Kari Rebar