**FILED**

Kimberly R. Olson
PO Box 243, Hornbrook, CA 96044
kimberlyrenee@yahoo.com (email not for service)
(530) 475-3669

JUN 1 2 2023

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

THE UNITED STATES DISTRICT COURT
IN AND FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Kimberly R. Olson, | ) Case No: 2:21-cv-1482 KJM DMC (PS |
| | ) |
| Plaintiff, | ) OBJECTION TO FINDINGS AND |
| | ) RECOMMENDATIONS OF MAGISTRATE |
| vs. | ) JUDGE |
| | ) |
| Robert Puckett, Sr., et al, | ) |
| Defendants, | ) |

Plaintiff Kimberly R. Olson ("Plaintiff" or "Olson"), does hereby file these Objections to the Findings and Recommendations ("F&Rs") of the Hon. Dennis M. Cota, ECF #123.

Plaintiff originally had a lengthy objection typed out in an effort to get this Motion back on the track of focusing on constitutional deprivations of due process being imposed by the HCSD via its unlawfully-adopted and implemented Resolutions, Motions, etc, but it seems to her that perhaps that is what led the Magistrate astray, as his F&Rs are gravely sidetracked into the details of Plaintiff's water service, rather than analyzing the HCSD's "no process" rules, regulations, and whimsical imposition of "violations" in a totally unconstitutional manner[1] by a member of the Board of Directors acting *ultra vires* as the *de facto* General manager of the HCSD. (C.f., Government Code §§61045, 61050, 61051.)

This motion was about halting the use and enforcement of the subject Resolutions, and the *ultra vires* behavior of HCSD President, Defendant Robert Puckett, on the basis of their being unconstitutional and unlawful.

**THE MAGISTRATE'S ANALYSIS IS DISTRACTED, INCOMPLETE, AND DOES NOT ADDRESS THE UNCONSTITUTIONAL: "VIOLATIONS", ACTS BY PUCKETT, AND THOSE OF THE HCSD BOARD WHICH THIS MOTION SOUGHT TO ENJOIN**

Plaintiff has set forth adequate allegations concerning the deprivations of substantial rights of the citizens of the HCSD in her pleadings, while deprivation of any constitutional

---

[1] That is, without <u>any</u> of the due process mandated by *Memphis Light, Gas & Water Div. v. Craft*, 436 U.S. 1, 12-16 (1978) being provided to **any** customer of the District concerning the accusations and punishments imposed by way of the "violations" given to them on forms that were created by, are handed out by, and the punishments detailed thereon imposed by, Puckett - who, it has been clearly established, is also acting as to every one of these particulars without the necessary Board approval required to be made via action taken at a public meeting in compliance with <u>Gov. Code</u> §61045.

Plaintiff's Objections to Findings and Recommendations of Magistrate Judge - 1

rights, and even just a credible *allegation* of deprivation of rights, is *alone* irreparable harm, so the Magistrate is "barking up the wrong tree" by stating that more needs to be shown/alleged[2], and in continually circling back to Plaintiff's specific injuries deriving from a different incident of infliction of harms upon her by the same set of policies as saying the issues raised in this motion have already been addressed.  See *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012); *Goldie's Bookstore, Inc. v. Superior Court*, 739 F.2d 466, 472 (9th Cir. 1984) ("An alleged constitutional infringement will often alone constitute irreparable harm.").

Here, HCSD Resolutions 2021-02, and 2021-09 - both of which Resolutions conflict with the requirements of the US Constitution *on their face*[3], and the Supreme Court's even more specific commands concerning Constitutionally-compliant notices, opportunity for a **pre-deprivation hearing**, and other Due Process regarding fundamental vested rights associated with utility service as set forth in *Memphis Light, Gas & Water Div. v. Craft*, 436 U.S. 1 (1978) ("*Memphis*").  See also *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (opportunity for hearing is required to meet basic due process requirements prior to deprivation of property interest).  This Court needs to look at the language of these local laws, and strike out those portions offensive to the Constitution - it's that simple

Furthermore, both of these Resolutions were adopted (and thereafter improperly *continued*, even to this very day) in an irregular, unlawful manner that was/is fraudulent[4], arbitrary and capricious, and unsupported by any substantial evidence - and which violated the statutory and Due Process rights of every person (including Plaintiff) residing within the HCSD's boundaries by failing to conform to the requirements Water Code §§351, and 355 (which

---

[2] This is even more puzzling since he captures the essence of at least some of the basis for injunction at the very beginning of the F&Rs - although to be sure, item #1, is actually a function of item #2, and the issue is actually "process" as opposed to the mere form of the notices.  Nowhere in the F&Rs does the Magistrate explain why Puckett's ultra vires creation, distribution, and solo enforcement of these notices is constitutionally adequate, and as the HCSD's highest officer, his conduct is fairly attributable to it insofar as an overarching, multifaceted denial of rights by way of those resolutions and motions that the Board *did* act on, but which are the result of failing to proceed as required by law, are not supported by the findings of the Board, and/or where the findings are not supported by any substantial evidence.
[3] This is also true insofar as California jurisprudence, as the imposition of local statutes such as the HCSD's, which fail to provide Due Process via a pre-deprivation/seizure hearing, are unlawful and void.  See *Kash Enterprises, Inc. v. City of Los Angeles* (1977) 19 Cal.3d 294; Cal. Const., Art. I, §7(a).
[4] Also see, i.e., Water Code §358: " Nothing in this chapter shall be construed to prohibit or prevent review by any court of competent jurisdiction of any finding or determination by a governing board of the existence of an emergency or of regulations or restrictions adopted by such board, pursuant to this chapter, on the ground that any such action is fraudulent, arbitrary, or capricious."

Plaintiff's Objections to Findings and Recommendations of Magistrate Judge - 2

includes provisions that public notice and hearing "shall" be had relating thereto unless it was found that specific conditions exist[5]). (ECF #72, pp.4-5. 9-11, 14-15, 18-23.)

Similar to the review sought here by Plaintiff, State laws provide at Section 1094.5 of the Code of Civil Procedure the process for judicial review of final administrative determinations by petitions for writ of mandate. (*Fukuda v. City of Angels* (1999) 20 Cal.4th 805, 810.) A board's decision is reviewed thereunder for an abuse of discretion. (Code Civ. Proc., § 1094.5, subd. (b).) An abuse of discretion is established if a board has not proceeded in a manner required by law, the order or decision is not supported by the findings, or the findings are not supported by the evidence. (*Ibid.*) Code of Civil Procedure section 1094.5, subdivision (c) provides: "Where it is claimed that the findings [of an administrative body] are not supported by the evidence, in cases in which the court is authorized by law to exercise its independent judgment on the evidence, abuse of discretion is established if the court determines that the findings are not supported by the weight of the evidence. In all other cases, abuse of discretion is established if the court determines that the findings are not supported by substantial evidence in the light of the whole record."

Under this subdivision "[t]here are two tests for judicial review of the evidentiary basis for the agency's decision. The 'independent judgment' rule applies when the decision of an administrative agency will substantially affect a fundamental vested right. The trial court must not only examine the administrative record for errors of law, but must also exercise its independent judgment upon the evidence disclosed in a limited trial de novo. [Citation.] The 'substantial evidence' rule applies when the administrative decision neither involves nor substantially affects a vested right. The trial court must then review the entire administrative record to determine whether the findings are supported by substantial evidence and whether the agency committed any errors of law, but need not look beyond the record of the administrative

---

[5] See Water Code §351: "Excepting in event of a breakage or failure of a dam, pump, pipe line or conduit causing an immediate emergency, the declaration shall be made only after a public hearing at which consumers of such water supply shall have an opportunity to be heard to protest against the declaration and to present their respective needs to said governing board." (*Id.*, all emphasis added.) C.f., records of the HCSD meetings of May 17 and 28, 2021 (Plaintiff's RFJN, Ex. A) with the HCSD Board planning to impose a "water shortage emergency" simply as a "way of conserving water", but without any evidentiary basis for such (such as water production reports, system usage reports, etc supporting any claimed need to do so) - much less meeting the "immediate emergency" criteria of §351.  Also see email of July 1, 2021 by Dana Barton to the State Water Resources Control Board ("SWRCB") on behalf of the HCSD seeking "training" on how to impose a "Water Code section 350 emergency declaration", attached as Exhibit "W" to Declaration of Kimberly R. Olson, ECF #72-1 ("Olson Declaration").

Plaintiff's Objections to Findings and Recommendations of Magistrate Judge - 3

proceedings." (*Mann v. Department of Motor Vehicles* (1999) 76 Cal.App.4th 312, 320, citing *Bixby v. Pierno* (1971) 4 Cal.3d 130, 143, 144.)

" 'In reviewing the agency's decision, the trial court examines the whole record and considers all relevant evidence, including evidence that detracts from the decision.' [Citation.] Substantial evidence means evidence 'of ponderable legal significance.' [Citation.] The evidence ' " ' "must be reasonable in nature, credible, and of solid value . . . ." ' " ' " (*Schafer v. City of Los Angeles* (2015) 237 Cal.App.4th 1250, 1260.)

All of this is an easy task for the Court in this instance because there is **nothing, as in zip, nada,** for this Court to so review, since the HCSD Board took **no** evidence *at all*, instead simply imposing their wills on the people after having their pliant counsel write up something for them outlining what they wanted to be able to do.  The record does reveal, though, that the HCSD also didn't bother to follow any procedural rules, while their continuing that failure years later shows contempt for the law, and of the civil rights of their citizens.  The fact that the very well-trained and expensive lawyers defending the HCSD couldn't come up with any substantial defense is also telling - and all the more reason to overrule the F&Rs to the point of granting some substantial relief, since it should be clear to this Court by now that justice for its citizens is not an interest the HCSD Board has.

Much of the Magistrate's analysis, in the echoing absence of **any** meaningful opposition or evidence contrary to Plaintiff's detailed pleadings and reams of damning documentation, often passes the "give the HCSD the benefit of the doubt" point, and begins to shade into the "make excuses and legal justifications for the Defendants that they did not even bother to make for themselves" realm[6].  Plaintiff also feels that the lack of analysis of the actual issues raised by her Motion, and instead a rather myopic fixation on her water service,[7] leads to a failure to address most of the issues raised by her evidence, and so error in the denial of the motion to enjoin the unconstitutional portions of the acts of Puckett and the HCSD (those that fail to provide notice, hearing, due process, etc - or which are simply whimsical).

/ / // / / /

---

[6] Even to the point of assuming evidence for them.  See F&Rs at page 22 speaking about a "limited water supply", when in fact no competent evidence that the HCSD's water supply even was - much less is - "limited" in any way was presented.  In fact, Olson's evidence - uncontested and detailed, shows otherwise.

[7] And again, Plaintiff accepts responsibility here, and apologizes, for distracting the Magistrate on this topic with her poor legal writing skills.

Plaintiff's Objections to Findings and Recommendations of Magistrate Judge - 4

## PLAINTIFF DID NOT "ASSERT THE RIGHTS" OF THE PUBLIC

The Magistrate at various points in the F&Rs expresses concern (or just misunderstanding) that Plaintiff is "asserting the rights of persons other than herself", but this is not true.  Plaintiff must address the "public benefit" issue of a preliminary injunction as part of her pleading, and she must also present evidence in support of her arguments of harmful effects that the HCSD Board, and Puckett's unlawful and unConstitutional actions are having on her community - as well as herself.

The actions at issue in the Motion for Preliminary Injunction are *still* going on - over two years later!  There is absolutely no accountability for the Defendants, and neither any justification (or even evidence in support of their actions) forthcoming, in all this time.  Nothing will change if this Court fails to act.  Also, contrary to the claim by the Magistrate that the "status quo" means allowing these wrongs to continue unabated for years pending trial, the actual "status quo" is the people of the HCSD being afforded their Constitutional and statutory rights as a matter of course - with the burden being upon the government to show appropriate reason to do otherwise.

Water Code section 355 provides that when a board declares a water shortage emergency condition and imposes regulations and restrictions, they shall remain in effect only until the water supply has been "replenished or augmented." Because the word "replenished" refers to a situation where, when the water shortage emergency condition was declared, the water supply had been depleted, the "emergency" terminates once the water has been restored to the state prior to the depletion. (See i.e., Olson Decl., items 13, and 15, Exhs. D, F, and O; Plaintiff's RFJN, Exhs. D, E, F.)  The Defendants have not contended, and certainly haven't produced any evidence, to the contrary, and so this Court should order a suspension of enforcement of Resolutions 2021-02 and 2021-09 pending trial.

"A law depending upon the existence of an emergency or other certain state of facts to uphold may cease to operate if the emergency ceases or the facts change even though valid when passed." *Chastleton Corp. v. Sinclair*, 264 U.S. 543, 548-49 (1924) (emphasis added). Accordingly, the HCSD's various "emergency" findings and status declarations are subject to judicial review. See *Chastleton,* 264 U.S. at 548 ("In our opinion it is open to inquiry whether the exigency still existed upon which the continued operation of the law depended").  Similarly, the California Supreme Court has "held that administrative regulations which exceed the scope of the enabling statute are invalid and have no force or life" (*Woods v. Superior Court* (1981) 28 Cal.3d 668, 680).

Plaintiff's Objections to Findings and Recommendations of Magistrate Judge - 5

The Magistrate failed to take any of this into consideration, or to undertake determinations of the application of law to the events complained of, and also is of the opinion that it is simply fine and dandy to allow various, significantly unconstitutional resolutions, policies, customs, and practices to be inflicted on Plaintiff, and other several hundred customers of the HCSD "pending trial" because she has some form of water service (which is not even the issue of this motion).  That is simply unfair, and is not the law of this Circuit, which recognizes the Courts as protectors of people's civil rights (c.f., F&Rs at pp.14-16)

"It is well established that the deprivation of constitutional rights 'unquestionably constitutes irreparable injury.'" *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012) (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976)). "[I]t is always in the public interest to  prevent the violation of a party's constitutional  rights." *Melendres*, 695 F.3d at 1002 (quotation  omitted).  See also exact same statement in accord at; *Hobby Lobby Stores v. Sebelius*, 723 F.3d 114, 1145 (10th Cir. 2013), aff'd sub nom. *Burwell v. Hobby Lobby Stores*, 573 U.S. 682 (2014) (quotations omitted).

Where, as here, the government is the opposing party, balancing of the harm and the public interest merge.  See *Nken v. Holder*, 556 U.S. 418, 435 (2009).  Thus, the Court asks whether any significant "public consequences" would result from issuing the preliminary injunction. *Winter*, 555 U.S. at 24.  Although this mandate is usually used in connection with negative affects, it is no less applicable to the potential <u>positive</u> results to "the public" from granting the injunction, of which there are several in this case.

As to the balance of harms considerations applicable to the HCSD, <u>there has been no showing whatsoever</u> that ending the enforcement of these unconstitutional and totally arbitrary and capricious Resolutions - adopted by the use of fraud, and without substantial evidence to support any of the purported findings recited therein - would work **any** harm *at all* on the District[8] - which supposedly **exists** for the purpose of providing the public with water[9].  Indeed,

---

[8] Meanwhile, documentary evidence conclusively establishes the HCSD is easily capable of meeting its traditional daily use demands of the community. See Report by SWRCB as Plaintiff's RFJN Ex.E, at page 2, showing well output capacity of 169 gallons per minute (243,360 gal/day), so each of the 122 households Counsel and Puckett assert are served by the District (ECF #36, pp.8:8-21, could be granted 1995 gal/day.  Even operating at only <u>one-third of capacity</u>, each household would enjoy 665 gal/day - more than **double** what is now allowed by Resolutions 2021-02 and 2021-09. it would be hard to argue that such increased water availability to the public affects the "balance of harms" in a negative way.
[9] See HCSD's "mission statement" at: https://hornbrookcsd.specialdistrict.org/our-mission

Plaintiff's Objections to Findings and Recommendations of Magistrate Judge - 6

1    the Opposition does not even bother to address the "balance of harms prong", nor claim

2    anywhere therein that harm to the HCSD would occur if the Motion were granted.

3    This failure was noted by the Magistrate - who himself failed to undertake proper

     complete analysis of the preliminary injunction process at that point, where relief should have

4    been granted.  See F&Rs, pp.14-18.)  Plaintiff also objects on the basis of due process at this

5    point to the Magistrate *sua sponte* taking "judicial notice"[10] of "proclamations" by the SWCRB,

6    and Executive Orders of Governor Newsom without notice, and opportunity to object being

7    given to her.  More to the point, none of those documents pertain to specific facts concerning the

     water supply of the HCSD, nor its operations, so should not be used by the Court as justifications

8    for the Defendants unconstitutional actions[11].

9    The HCSD's own records, the records of the SWRBC, and the small amount of evidence

10   Plaintiff has been able to gather thus far in the litigation, all conclusively prove that once the

11   60,662 galllons per day (42 gpm) leak[12] was repaired by the townspeople, and the system

     refilled, there was no longer even any *arguable* (legitimate/good faith) reason to continue, in a

12   manner contrary to the plain language of Water Code §355,  the supposed "emergency", nor to

13   continue to deny Plaintiff and the other District residents their right to public hearings

14   concerning findings and/or determinations of the HCSD related to the water system they rely on.

15   The fact that the HCSD, Puckett, and the other Defendants, instead of finding and repairing that

16   leak as part of routine maintenance, instead used its existence as an excuse to surreptitiously

     (and, so far, indefinitely) strip HCSD customers of their rights, and to "scam" extra tax dollars

17   from the State of California for "urgency" and "emergency" projects - that they didnt really

18

19   [10] See Fed. Rules Evid. 201(e).

20   [11] "Judicial Notice" is the court's recognition of existence of a fact without the necessity of formal proof.
     See *Castillo-Villagra v. I.N.S.*, 972 F.2d 1017, 1026 (9th Cir. 1992).  Under the FRE, the court may only

21   judicially notice facts not subject to reasonable dispute because it: (1) is generally known within the
     court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose

22   accuracy cannot reasonably be questioned.
     [12] Thus during the period of July 14-23, 2021, HCSD was producing 86,760 gallons/day, or 60.25 gpm -

23   for a difference of only 18.25 gpm that was **not** being consumed by the leak.  18.25 gpm is 26,280
     gal/day, so 788,400 gal/mo.  Since the month of July is the largest usage month for the HCSD at

24   3,129,000 (3.129M) gallons/mo (RFJN, Ex. E, p.1), or 104,300 gal/day, that left a deficit of 2,340,600
     gal/mo (78,020 gal/day).  A leak that severe, at the lowest point of the system, results in massive pressure

25   loss to individual customers.  As soon as the leak was repaired, the 60,662 gallons/day of water was
     available to the HCSDconsumers once more (at 497 gal/day *additional*) - eliminating need for rationing,
     and disproving any basis for 200/300 gallon limits.  See also SWRCB reports noting leak repair brought
     the HCSD's water system back online with full repressurization, and filling holding tanks, at Olson Decl.,
     ECF #72-1, Exhs. D and F.  thus, no "harms" can possibly befall the HCSD by properly operating its
     water system at capacity - and indeed, the Opposition could not identify, nor produce evidence for, any.

     Plaintiff's Objections to Findings and Recommendations of Magistrate Judge - 7

qualify for and never bothered to finish in a timely fashion once they had the money - is the epitome of reckless indifference, and so the clearly unnecessary, harmful Resolutions passed in furtherance of such wrongful conduct should be enjoined by this Court. (Olson Decl, ECF #72-1, item 15, and Exhs. I, J, J-1, and N-O; Plaintiff's RFJN, Exhs. A-F, and I.)

## CONCLUSION

In this bid to reign in an extreme case of Official malfeasance, both the public interest and the balance of equities favor a preliminary injunction of the Constitutional and statutory deprivations being worked against the HCSD's customers via enforcement of the Resolutions because "it would not be equitable or in the public's interest to allow the state. . . to violate the requirements of federal law, especially when there are no adequate remedies available." *Valle del Sol Inc. v. Whiting*, 732 F.3d 1006, 1029 (9th Cir. 2013). Surely the same logic applies to state laws granting substantial rights as well.

Plaintiff has also repeatedly provided firm evidence, much of it via Defendants' own testimony and Declarations to this Court, and by comparison to their own publicly-available records, that Defendants' assertions and allegations are simply unworthy of the deference and assumptions of truth that this Court has so far been affording them. In this instance, it means that in the total absence of any sincere effort to counter Plaintiff's allegations, arguments, and evidence presented in favor of her Motion, the Court should assume the wrongs complained of have been admitted, make appropriate findings, and enter the Preliminary Injunction forbidding Defendants from enforcing any provision of Resolutions 2021-02, and/or 2021-09 (or any of their progeny) upon any resident or customer of the District, pending conclusion of this action.

Respectfully submitted this ___ day of June, 2023.

Kimberly R. Olson, Plaintiff Pro Se

### CERTIFICATION AND PROOF OF SERVICE

I, Kimberly R. Olson affirm under penalty of perjury under the laws of the United States that I served the appearing Defendants a true copy of the foregoing document via US Mail to their counsel of record, at the address(es) below, on June, _____ 2023 as follows:

~~Jeffrey Chiao~~ J. Scott Donald
601 University Ave., Ste. 225
Sacramento, CA 95825

Dated this ___ day of June, 2023.

Kimberly R. Olson, Plaintiff Pro Se

Plaintiff's Objections to Findings and Recommendations of Magistrate Judge - 8