IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY R. OLSON, | No. 2:21-cv-01482-KJM-DMC |
| Plaintiff, | |
| v. | ORDER |
| ROBERT PUCKETT, SR., et al., | |
| Defendants. | |

      Plaintiff Kimberly Olson, who is proceeding pro se, brings this civil action against defendants Robert Puckett, Sr., Clint Dingman, Michelle Hanson, Melissa Tulledo and the Hornbrook Community Services District (HCSD). The matter was referred to a United States Magistrate Judge as provided by Eastern District of California local rules.

      On February 10, 2023, the Magistrate Judge filed findings and recommendations, which were served on the parties and contained notice that they may file objections within the specified time period. *See* Findings and Recommendations, ECF No. 123. Plaintiff filed untimely objections, *see* Objs., ECF No. 136 (filed June 12, 2023); Order, ECF No. 134 (granting 45-day extension of time from April 25, 2023), although she may have been confused about the deadline due to the court's amended order, *see* Am. Order, ECF No. 135 (filed May 3, 2023). The court thus considers plaintiff's objections. Defendants have responded to the objections. *See* Resp., ECF No. 137.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. Having reviewed the file, the court finds the findings and recommendations to be supported by the record and by the proper analysis.

The magistrate judge recommends denying plaintiff's motion for injunctive relief primarily because she has not shown irreparable harm. *See* Findings and Recommendations at 18–21. She seeks to enjoin defendants from enforcing provisions of HCSD Resolutions 2021-02 and 2021-09, which purportedly could permit defendants to terminate water service to plaintiff's home without notice or a hearing. *See* Mot. at 5–6, ECF No. 72. She relies in part on defendants' prior application of the Resolutions against her, which allegedly allowed defendants to restrict her water service without due process. *Id.* at 2–4.

However, the magistrate judge points out plaintiff is under court order to comply with HCSD's restrictions, Findings and Recommendations at 19–20, and the HCSD is under court order to provide plaintiff with water in compliance with applicable law, *see* Order, ECF No. 52. As a result, even if the disputed HCSD Resolutions allow defendants to cut off plaintiff's water without due process, defendants presently may not do so because court orders prohibit plaintiff and defendants from taking the antecedent actions: plaintiff must comply with HCSD restrictions and the HCSD must provide water to plaintiff. Moreover, even if the HCSD previously violated plaintiff's procedural due process rights, she has not shown the HCSD is sufficiently likely to violate her rights again; any prospect of future injury is speculative. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983) ("Absent a sufficient likelihood that [plaintiff] will again be wronged in a similar way, [plaintiff] is no more entitled to an injunction than any other citizen of [defendant's jurisdiction.]"). There is thus no risk of immediate harm. However, as the magistrate judge notes, this decision does not resolve the merits of plaintiff's due process claim; plaintiff's "arguments may wait until trial for resolution." Findings and Recommendations at 20.

In plaintiff's objections, she raises two pertinent issues. First, she claims the magistrate judge errs by focusing on "the details of Plaintiff's water service, rather than analyzing" the sufficiency of the Resolutions' process. Objs. at 1. However, the magistrate judge appropriately analyzed the details of plaintiff's water service because doing so was necessary to assess whether

she faced any immediate risk of losing water service due to inadequate process. Second, plaintiff contends she need not show a risk of losing water service because the deprivation of a constitutional right is itself irreparable harm. *See id.* at 6 (citing *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012)). In this regard, she clarifies the alleged constitutional deprivation is the insufficient process prior to termination of water service, rather than the termination of water service itself. *Id.* at 1–2, 6. This argument is unpersuasive, too. Although the deprivation of a constitutional right may constitute irreparable harm, plaintiff still must show she faces an immediate risk of a deprivation of her constitutional rights. But here, if the parties comply with the court's previous preliminary injunction, *see* Order, ECF No. 52, plaintiff has not shown she faces an imminent risk of HCSD's shutting off or reducing her water service under the HCSD Resolutions. To the contrary, on the record before the court, the parties' compliance with the court's previous order should, in effect, prohibit the enforcement of the HCSD Resolutions against plaintiff. For this reason, the court **adopts** the findings and recommendations and **denies without prejudice** plaintiff's motion for preliminary injunctive relief.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed February 10, 2023, are adopted in full;
2. Plaintiff's motion for preliminary injunctive relief, ECF No. 72, is DENIED; and
3. This matter is referred back to the Magistrate Judge for further pre-trial proceedings.

DATED: August 28, 2023.

_____
CHIEF UNITED STATES DISTRICT JUDGE

3