**SPINELLI, DONALD & NOTT**
A Professional Corporation
DOMENIC D. SPINELLI, SBN: 131192
J. SCOTT DONALD, SBN: 158338
JEFFREY C. ARNOLD, SBN: 307748
300 University Avenue, Suite 100
Sacramento, CA 95825
Telephone: (916) 448-7888
Attorneys for Defendants
ROBERT PUCKETT, SR., CLINT DINGMAN, MICHELE HANSON, MELISSA TUELLEDO and HORNBROOK COMMUNITY SERVICES DISTRICT

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY R. OLSON,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>ROBERT PUCKETT, SR., CLINT DINGMAN; MICHELE HANSON; MELISSA TUELLEDO; HORNBROOK COMMUNITY SERVICES DISTRICT; BRUCE'S TOWING/RADIATOR & DISMANTLING; and DOES 1 through 20, inclusive,<br><br>　　　　Defendants. | Case No.: 2:21-cv-1482-KJM-DMC (PS)<br><br>**DEFENDANTS' INITIAL SCHEDULING CONFERENCE REPORT**<br><br>(ECF #10 and #138) |

　　　Pursuant to Federal Rule (26(f) and this Court's order setting an Initial Status Conference (EFC No. 10 and No. 138) Defendants Robert Puckett, Sr., Clint Dingman, Michele Hanson, Melissa Tuelledo, and Hornbrook Community Services District (hereinafter referred to as "Defendants") file this scheduling conference report. Defendants have been unable to obtain a joint statement from Plaintiff, Kimberly Olson, (hereinafter "Plaintiff") who is appearing pro per. Accordingly, Defendants submit this separate status conference report.

///

Pursuant to the Court's Order Counsel for Defendants and Plaintiff appearing in pro per have met and conferred via email and by exchanging draft scheduling reports. Plaintiff indicated that due to her disability she was unable to confer over telephone.  Plaintiff also indicated concerns related to what Plaintiff described as having a "personal, unsupervised by the Court" conference process.  Plaintiff further indicated she was unwilling to engage in a telephonic confer process due to her pro se status, and she was unwilling to engage in a telephonic conference because she would be required to research anything that was discussed.  Defendants mailed a copy of their proposed scheduling conference report to Plaintiff on October 6, 2023 and sent an email copy on October 9, 2023.

a)    **Service of process:**

Defendants Robert Puckett, Sr., Clint Dingman; Michele Hanson, Melissa Tuelledo; and Hornbrook Community Services District have been served and filed an Answer.

b)    **Possible joinder:**

Plaintiff informed Defendants' counsel that she anticipates that potentially later identified defendants currently sued fictitiously as Doe Defendants may be joined.  Defendant does not anticipate the joinder of any further parties at this time.

c)    **Expected or desired amendment of pleadings:**

Plaintiff's Position:

Plaintiff informed Defendants' counsel that she does not anticipate any amendments at this time, but that this may be impacted by motions and that amendment of the Complaint may be necessary depending upon ruling(s) by the Court, and discovery of the true names of any fictitiously named Defendants via discovery. Plaintiff further informed Defendants' counsel that she reserves the right to amend for clarity of claims, and in the event discovery reveals additional torts and/or violations of statutory and/or civil rights.

Defendant's Position:

No further amendments will occur without leave of court. Plaintiff's currently operative complaint (First Amended Complaint) was subject to Defendant's Fed. Rule 12(b)(6) motion to dismiss which was granted in part with leave to amend.  Plaintiff elected not to amend her First Amended Complaint and to proceed on the causes of action that survived Defendants motion to dismiss.

Defendants object to Plaintiff's claimed reservation of "right to amend for clarity of claims" or for any other purpose. Any further amendments to Plaintiff's pleadings may only be done with leave of court.

Defendants do not anticipate any amendments to their Answer.

**d)       Jurisdiction and venue:**

This court has jurisdiction under 28 U.S.C. §1331 and §1343. The Court has supplemental jurisdiction of the state claims under 42 U.S.C. §1367. Venue is proper in this District as the matters complained of are alleged to have occurred in this District, and the Defendants are located or reside in this District.

**e)       Anticipated motions:**

Plaintiff informed Defendants' counsel that she does not anticipate any motions at this time. Defendant anticipates filing a motion for summary judgment pursuant to Fed. Rule 56.  Defendants also anticipate filing a motion declaring Plaintiff a vexatious litigant. 28 U.S.C § 1651(a); *De Long v. Hennessey* 912 F.2d 114, 1147-48 (9th Cir. 1990).

**f)       Proposed Discovery Plan:**

The parties have jointly developed a Proposed Discovery Plan pursuant to Rule 26(f).

1.     The parties agree that no changes should be made to the form or requirements for disclosures under Rule 26 (a)(1).  The statement of agreement is based on the draft statement sent to defense counsel.

2.     Scope of Discovery:

a.     Defendants are currently unaware of what Plaintiff believes the scope of discovery will be for the claims she has initiated against Defendants.

b.     The subject on which discovery may be needed by Defendants include, but are not limited to the following: Any information supporting Plaintiff's claim for damages and Plaintiff's liability claims.  Defendants anticipate exchanging written discovery following initial disclosures and deposing Plaintiff as well as percipient witnesses identified in the Complaint and individuals who may be disclosed in discovery.

**g)       Potential for settlement:**

Based on the information currently available to Defendants, Defendants do not anticipate a likely

1  settlement in this matter.

2      **h)**    **Trial Scheduling and Procedures:**

3  Plaintiff proposed the following schedule dates in her draft statement provided to Defendants'
4  counsel which Defendants do not oppose:

5      1. Simultaneous expert disclosure: June 26, 2024
6      2. Rebuttal expert disclosure: September 24, 2024
7      3. Discovery cut-off: June 30, 2025
8      4. Final dispositive motion date: February, 2026
9      5. Final pretrial conference be in May 2026
10     6. Trial in mid-August 2026

11     **i)**    **Modification of standard procedures:**

12 Plaintiff informed Defendants' counsel that she requests that trial take place in the Redding
13 courthouse.

14     **j)**    **Potentially Related cases:**

15 *Harrell v. Puckett, et al*, #2:23-cv-1448 TLN AC;

16 *Gifford v. Dingman, et al*, #2:21-CV-01726-KJM-DMC.

17     **k)**    **Settlement:**

18 The parties will stipulate to the magistrate judge assigned to this matter acting as a settlement
19 judge. This statement of stipulation by Defendants is based on Plaintiff's draft scheduling order sent to
20 Defendants' counsel.

21     **l)**    **Other matters:**

22 Plaintiff informed Defendants' counsel that she requests that all proceedings, so much as
23 practical, be conducted by US Mail, with reasonable allowance for delivery, or by telephone. Plaintiff
24 resides in Hornbrook, CA, does not own a vehicle, is disabled, suffers from severe chronic pain due to
25 spinal damage and ongoing degradation, and is low-income, such that traveling long distances subjects
26 Plaintiff to significant economic and personal hardship/danger. On this basis, Plaintiff further requests
27 that trial take place in the Redding courthouse.

28 Defendant opposes this request in so much as it prevents Defendants from reasonably defending

themselves in the litigation that Plaintiff has brought against them.  Defendants anticipate needing to take Plaintiff's deposition in person.

Dated: October 11, 2023                                **SPINELLI, DONALD & NOTT**

                                                By:      */s/  J. Scott Donald*
                                                        J. SCOTT DONALD
                                                        JEFFREY C. ARNOLD
                                                        Attorney for Defendants
                                                        ROBERT PUCKETT, SR., CLINT DINGMAN, MICHELE HANSON, MELISSA TUELLEDO and HORNBROOK COMMUNITY SERVICES DISTRICT